LEE TRAN & LIANG APLC
Enoch H. Liang (SBN 212324)
enoch.liang@ltlattorneys.com
Heather F. Auyang (SBN 191776)
heather.auyang@ltlw.com
Lisa J. Chin (SBN 259793)
lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
Telephone: (213) 612-3737
Facsimile: (213) 612-3773

Attorneys for Defendant
Biosuccess Biotech, Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. CHANG,<br><br>Plaintiff,<br><br>v.<br><br>BIOSUCCESS BIOTECH, CO. LTD., and DOES 1 through 10,<br><br>Defendants. | Case No. CV13-01340 JAK (ANx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>FED. R. CIV. P. 12(b)(7) and 19<br><br>Hon:   John A. Kronstadt<br>Date:  June 10, 2013<br>Time: 8:30 a.m.<br>Place: Courtroom 750<br><br>[Proposed] Order Filed Concurrently Herewith |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 10, 2013, at 8:30 a.m., or as soon thereafter as this matter can be heard before the Honorable John A. Kronstadt, located at Courtroom 750 – 7th Floor, United States District Court, Central District of California (Western Division), 255 East Temple Street, Los Angeles, California 90012-3332, Defendant Biosuccess Biotech, Co. Ltd. ("Biosuccess") will and hereby does move, pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure, for an order dismissing all claims against Biosuccess in this action without prejudice ("Motion").

This Motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19 on the grounds that:

    (i)    Plaintiff has failed to join a necessary party, who is a party to the contract alleged in the Complaint;

    (ii)    Plaintiff cannot join this necessary party because this Court lacks personal jurisdiction; and

    (iii)    because the absent party is also an indispensable party, this action must be dismissed in its entirety.

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities and any exhibits attached thereto, the pleadings, records and papers in this action, all matters of which the Court may take judicial notice, and such other and further evidence as may be presented at or before the hearing on this Motion.

///
///
///
///

ii

1    This Motion is made following the conference of counsel pursuant to L.R.

2    7-3, which took place on Wednesday, April 17, 2013.

3                           **LEE TRAN & LIANG APLC**

4    Dated:  April 22, 2013

5                           By:  /s/ Enoch H. Liang

6                                Enoch H. Liang
                                 Attorneys for Defendant
7                                BIOSUCCESS BIOTECH, CO., LTD.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              iii

# TABLE OF CONTENTS

**I. INTRODUCTION** …………….……………………………………………………1

**II. BACKGROUND** …………………………………………………................. 2

**III. ARGUMENT**……………………………………………………………......3

   A.  Under Fed. R. Civ. P. 19(a), a Party to a Contract is a Necessary Party……..4

   B.  Joinder is not Feasible Because this Court Cannot Exercise Personal Jurisdiction over the Necessary Party…………………………………………..6

   C.  Under Rule 19(B), Dr. Han is Clearly an Indispensable Party and this Action Cannot Proceed Without Him………………………………………………...7

**IV. CONCLUSION**………………………………………………………………....9

iv

# TABLE OF AUTHORITIES

**Cases**

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082 (9th Cir. 2000) ........7

*Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*,
  276 F.3d 1150 (9th Cir. 2002) ...............................................................4, 7

*E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir. 2010) ...........3, 4, 8

*Lomayaktewa v. Hathaway*, 520 F.2d 1324 (9th Cir. 1975)...................................4, 8

*Martin v. Wilks*, 490 U.S. 755 (1989).........................................................................5

*Northrop Corp. v. McDonnell Douglas Corp.*, 705 F. 2d 1030 (9th  Cir. 1983) ........4

*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267 (9th Cir. 1995) .................7

*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998)............................6

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (2006) ...................................................7

*Pit River Home and Agr. Co-Op Ass'n v. U.S.*, 30 F.3d 1088 (9th  Cir. 1994)...........9

*Republic of Philippines v. Pimental*, 553 U.S. 851 (2008)........................................8

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) ...............6

*Shields v. Barrow*, 58 U.S. 130 (1855) ......................................................................4

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001)............................2

**Statutes**

Cal. Civ. Pro. Code §410.10 .......................................................................................6

**Rules**

Fed. R. Civ. P. 12(b)(7) ......................................................................................1, 3, 8

Fed. R. Civ. P. 19.................................................................................................passim

Fed. R. Civ. P. 19(a) ...........................................................................................passim

Fed. R. Civ. P. 19(b) .....................................................................................3, 7

Fed. R. Civ. P. 4(k)(1)(A) ...........................................................................................6

v

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.       INTRODUCTION

This case should be dismissed in its entirety because Plaintiff Richard L. Chang ("Plaintiff") has failed to join a necessary and indispensable party, as required by Federal Rules of Civil Procedure 12(b)(7) and 19, and joinder is not feasible because the absent party is not subject to this Court's personal jurisdiction.

Plaintiff's prayer for relief seeks a judicial determination that "Mr. Chang has not assigned his interest in the Non-Provisional Applications," and that as a result Defendant "Biosuccess Biotech, Co. Ltd. has no ownership interest in the Non-Provisional Applications." Compl. Prayer for Relief ¶¶A2-3. In order for the Court to possibly grant such relief according to the allegations in Plaintiff's Complaint, Plaintiff must establish that there has been a breach and termination of the contract that purports to assign all of Plaintiff's rights in the alleged "Non-Provisional Applications" to Defendant Biosuccess Biotech, Co. Ltd. ("Biosuccess"). Accordingly, Plaintiff's Complaint recites his allegations that this assignment contract was allegedly breached by Biosuccess. Compl. ¶¶7-14.

Plaintiff commenced this action by himself, and against only Biosuccess. However, the Complaint fails to disclose that there is another essential party to the alleged assignment contract, Dr. Zheng Tao Han ("Dr. Han"). This Court would not have been aware of this undisputed fact because Plaintiff notably avoided attaching the alleged assignment contract to his Complaint.

Because Plaintiff's request for relief can only be granted if the Court finds that this alleged assignment contract has been breached and terminated, Dr. Han's rights are inextricably intertwined with the outcome of this case, and he is therefore a necessary and indispensable party. However, joinder of Dr. Han is not feasible because this Court lacks personal jurisdiction over Dr. Han. Therefore, this proceeding cannot continue without Dr. Han and should be dismissed in its entirety.

1

## II.    BACKGROUND[1]

The alleged assignment contract at the center of this dispute involves *three* parties – Plaintiff, Dr. Han, and Biosuccess – and is titled "Assignment of Patent Right & Assignment of Right of Patent Application Agreement" (the "Assignment Agreement").  Compl. ¶7; Declaration of Enoch H. Liang in Support of Motion to Dismiss, Ex. 1[2].  Biosuccess is the assignee of the rights in the Assignment Agreement.  *See* Compl. ¶¶7-8; Ex. 1 at 1.

Plaintiff and Dr. Han are the joint assignors, referred to in the Assignment Agreement as "ASSIGNOR."  Ex. 1 at 1.  "ASSIGNOR is the owner of the patents and patent applications as hereinafter defined relating to **inter alia** the use of phorbol esters for treating patients for neoplastic diseases (leukemia), for increasing white blood cell counts and for HIV/AIDS."  *Id.* (emphasis added).  Moreover, both Plaintiff and Dr. Han, *inter alia*, "do hereby assign all my/our rights and interests of under the aforesaid patent applications and patents" (*id.* at 1) and "any subsequent patents and patent applications granted for the ASSIGNOR for **other diseases or indications** would also be considered to the right and interests of and the ownership of the ASSIGNEE" (*id.* at 7 (Article 11.1) (emphasis added)).

However, the Complaint is entirely void of any mention that Dr. Han is a party to the Assignment Agreement, which he signed as an Assignor.  *Id.* at 8-9.  Dr. Han is a citizen of China, where he currently resides and works as a research scientist.  Declaration of Dr. Zheng Tao Han in Support of Motion to Dismiss ¶¶1-2

---

[1] The Background is based in part on the allegations in the Complaint, which Biosuccess assumes as true for purposes of this Motion, but which Biosuccess does not thereby admit.

[2] On a Rule 12 motion, the Court may consider documents whose contents are alleged in the Complaint and whose authenticity no party questions.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

("Han Decl."). Dr. Han signed the Assignment Agreement in China. *Id*. ¶3. Dr. Han has *no* contacts with California, *e.g.*, he does not: (i) regularly travel to California; (ii) conduct any business in California; or (iii) pay any California state taxes. *Id*. ¶¶4-6.

Plaintiff's Complaint alleges that the assignment under the Assignment Agreement is contingent upon certain subsequent payments by Biosuccess (Compl. ¶7-9), that Biosuccess has failed to fulfill its payment obligations (Compl. ¶10), and therefore the assignment from Plaintiff to Biosuccess "has not been completed" (Compl. ¶14). Plaintiff then focuses on three alleged patent applications that he refers to as the "Non-Provisional Applications" (Compl. ¶24), of which he alleges to have been named as the "lead inventor" (Compl. ¶19-21, 24) and "still owns an interest" (Compl. ¶26). Plaintiff prayer for relief requests this Court declare with respect to the Non-Provisional Applications that Plaintiff has not assigned his interest, Biosuccess has no ownership interest, and Biosuccess should be enjoined from attempting to exclude him from the patent prosecution. Compl. Prayer for Relief ¶¶A2-3, B.

### III.   ARGUMENT

A court has authority to dismiss a complaint for failure to join a required party. Fed. R. Civ. P. 12(b)(7). The framework for determining whether a party is required is provided by Fed. R. Civ. P. 19. In making a Rule 19 determination, the court engages in three successive inquires. *E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010). First, the court determines whether a nonparty should be joined under Rule 19(a). *Id*. Second, if a non-party should be joined, the court must then determine whether joinder would be feasible. *Id*.

Third, if joinder is not feasible, the court must determine whether the action can proceed without the absentee party or whether the action must be dismissed under Rule 19(b). *Id*. "A nonparty in whose absence an action must be dismissed is

3

1  one who 'not only [has] an interest in the controversy, but [has] an interest of such a

2  nature that a final decree cannot be made without either affecting that interest, or

3  leaving the controversy in such a condition that its final termination may be wholly

4  inconsistent with equity and good conscience.'" *Id.* (citing *Shields v. Barrow*, 58

5  U.S. 130, 139 (1855)).  As shown below, Plaintiff cannot join Dr. Han, who is a

6  necessary and indispensable party, and therefore this action should be dismissed in

7  its entirety.

8      **A.    Under Fed. R. Civ. P. 19(a), a Party to a Contract is a Necessary**

9          **Party**

10  All parties to a contract are necessary in an action to set aside the contract.

11  *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F. 2d 1030, 1044 (9th  Cir. 1983)

12  ("all parties who may be affected by a suit to set aside a contract must be present");

13  *see Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276

14  F.3d 1150, 1161-63 (9th Cir. 2002) (affirming motion to dismiss and finding absent

15  tribe a necessary and indispensable party because it was a party to the contract);

16  *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325-27 (9th Cir. 1975) (affirming

17  motion to dismiss and finding all parties who may be affected by a suit to set aside a

18  contract are indispensable).   As discussed below, Dr. Han is a party to the

19  Assignment Agreement that Plaintiff must prove to have been breached and

20  terminated in order for the Court to grant the relief sought, and therefore Dr. Han is

21  a necessary party under Fed. R. Civ. P. 19(a).

22      Plaintiff is required to join any person whose interests are such that in his or

23  her absence, complete relief cannot be accorded among the existing parties.  Fed. R.

24  Civ. P. 19(a)(1)(A).  Plaintiff requests "a judicial determination" that "Biosuccess

25  Biotech Co., LTD has *no* ownership interest in the Non-Provisional Applications."

26  Compl. Prayer for Relief ¶A3 (emphasis added).  Dr. Han, as an Assignor, is "the

27  owner of the patents and patent applications as hereinafter defined" (Ex. 1 at 1),

28                          4

1   which includes patent applications "for other diseases or indications" (*id.* at 7).

2   Accordingly, under this contract Dr. Han is an equal owner of the patent rights.

3   Non-parties are generally not bound by a judgment, even if they knew of the action

4   and could have intervened.   *See Martin v. Wilks*, 490 U.S. 755, 765 (1989).

5   Therefore, even if the Court terminates the contract, Dr. Han could separately assign

6   his ownership rights to Biosuccess.   Consequently, this Court cannot grant Plaintiff

7   the complete relief he seeks, namely, that Biosuccess has *no* ownership interest in

8   the alleged Non-Provisional Applications, without joining Dr. Han.

9        Plaintiff is also required to join any person who claims an interest relating to

10   the subject matter of the action and whose absence may as a practical matter impair

11   or impede the absent person's ability to protect that interest.   Fed. R. Civ. P.

12   19(a)(1)(B)(i).   Here, Dr. Han undoubtedly claims an interest in the subject matter of

13   this action – he is a party to the contract that Plaintiff must prove is terminated in

14   order to obtain the requested relief.   If Dr. Han is not included in this suit, he will

15   not be able to assert and protect his interest in the Assignment Agreement.

16        Further, Plaintiff must join any person who claims an interest relating to the

17   subject matter of the action and whose absence may leave any of the existing parties

18   subject to a substantial risk of incurring double, multiple, or otherwise inconsistent

19   obligations. Fed. R. Civ. P. 19(a)(1)(B)(ii).   As discussed, Dr. Han is an Assignor of

20   the Assignment Agreement that forms the basis for Plaintiff's action.   Because non-

21   parties are generally not bound by a judgment (*see Martin*, 490 U.S. at 765), if Dr.

22   Han is not required to join and litigate his rights, Biosuccess will be exposed to a

23   substantial risk of incurring double, multiple, or otherwise inconsistent obligations

24   because, as one example, this action leaves open the possibility of later suit by Dr.

25   Han to enforce the Assignment Agreement that this action may potentially

26   terminate.

27

28                                             5

1
2

**B.     Joinder is not <u>Feasible</u> Because this Court Cannot Exercise**
**        Personal Jurisdiction over the Necessary Party**

3      Because valid joinder exists, the court must next address whether joinder is

4  "feasible," *i.e.*, whether Dr. Han as a citizen and current resident of China can be

5  joined.   Joinder is not feasible if the court lacks personal jurisdiction over the

6  necessary party.   Fed. R. Civ. P. 19(a)(1).   When, as here, no federal statute

7  authorizes personal jurisdiction, the court applies the law of the state in which the

8  court sits.   Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d

9  1316, 1320 (9th Cir. 1998).   California's long-arm statute, Cal. Civ. Pro. Code

10  §410.10, is coextensive with federal due process requirements, so the judicial

11  analysis is the same.   *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797,

12  800-01 (9th Cir. 2004).

13      This Court may exercise jurisdiction over Dr. Han if it has either general or

14  specific jurisdiction.   Here, it has neither.

15      The Ninth Circuit's test for general jurisdiction is:

16
17
18
19

> For general jurisdiction to exist over a nonresident defendant . . . the
> defendant must engage in "continuous and systematic general
> business contacts" that "approximate physical presence" in the forum
> state. This is an exacting standard, as it should be, because a finding
> of general jurisdiction permits a defendant to be haled into court in the
> forum state to answer for any of its activities anywhere in the world.

20  *Id*. at 800 (internal citations omitted).   Because Dr. Han is a citizen and current

21  resident of China who does not engage in continuous and systematic general

22  business contacts that approximate physical presence in California, *e.g.*, he has no

23  offices, employment, and pays no state taxes (*see* Han Decl., ¶¶1-6), this Court must

24  find that it lacks general jurisdiction.

25      In the alternative, whether a court may exercise specific jurisdiction

26  ("minimum contacts") is analyzed under a three-prong test:

27
> (1) the defendant has performed some act or consummated some
> transaction within the forum or otherwise purposefully availed himself

28

6

of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (2006) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). Here, Dr. Han does not satisfy any of the three prongs. Dr. Han is a Chinese citizen and currently resides in China, who has not engaged in business or otherwise purposefully availed himself of the privileges of conducting activities in California. Han Decl., ¶¶1-6. Plaintiff's claim does not arise out of or result from Dr. Han's activities in California, even the Assignment Agreement was signed by Dr. Han in China. Han Decl., ¶3. And, exercise of jurisdiction would be unreasonable by requiring Dr. Han to secure counsel to involuntarily litigate this matter far from home (which constitutes the hardship and unfairness that personal jurisdiction requirements exist to prevent). *See* Han Decl., ¶¶1-2. Accordingly, this Court must find that it lacks specific jurisdiction for purpose of this Motion.

### C. Under Rule 19(B), Dr. Han is Clearly an Indispensable Party and this Action Cannot Proceed Without Him

Where joinder of a necessary party is not feasible, as is the case here, the court must determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). To make this determination, the court balances four factors: (1) the prejudice to any party or to the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether there exists an alternative forum. *Id.*; *Dawavendewa*, 276 F.3d at 1161-63 (analyzing Rule 19(b) factors to determine whether a party is

7

1   "indispensable").   These four factors are nonexclusive, and the determination

2   whether to proceed in the absence of a party is a fact-based and case-specific

3   inquiry.  *Republic of Philippines v. Pimental*, 553 U.S. 851, 862-863 (2008).

4       Importantly, parallel to Fed. R. Civ. P. 19(a), in an action to terminate a

5   contract, all parties who *may* be affected by the determination of the action are

6   indispensable.  *Lomayaktewa*, 520 F.2d at 1325 (granting motion to dismiss because

7   an indispensable party could not be joined and emphasizing that "[n]o procedural

8   principle is more deeply imbedded in the common law than that, in an action to set

9   aside a lease or a contract, all parties who may be affected by the determination of

10   the action are indispensable."); *see also E.E.O.C.*, 610 F.3d at 1082.  Here, because

11   Dr. Han is a party to the contract alleged in the Complaint that Plaintiff must prove

12   has been breached and terminated in order to obtain the requested relief, all four

13   factors favor dismissal.

14       First, as discussed above, Dr. Han should be joined because his rights would

15   be impaired without his participation in the suit.  Likewise, Biosuccess may be

16   subject to multiple obligations without the joinder of Dr. Han, who would not be

17   bound by this Court's judgment.

18       Second, there are no obvious means to lessen the prejudice to both Dr. Han

19   and Biosuccess.  If the Assignment Agreement is terminated, this would drastically

20   shift the contractual relations between Dr. Han and Biosuccess.

21       Third, no adequate remedy can be effectively awarded absent Dr. Han's

22   participation in this action.  In the first portion of his Complaint, Plaintiff devotes

23   seven paragraphs detailing that the Assignment Agreement, of which Dr. Han is an

24   Assignor, has been breached and terminated.  Compl. ¶¶7-14.  Thus, no partial

25   remedy can be fashioned that would not implicate his interest and eliminate any

26   prejudice he would suffer.  Moreover, Plaintiff asks this Court to declare that

27   Biosuccess has "*no* ownership interest in the Non-Provisional Applications"

28

8

1  (Compl. Prayer for Relief ¶A3) (emphasis added), and therefore even if Plaintiff
2  were allowed to proceed, Dr. Han as the co-owner could assign his rights to
3  Biosuccess, and thus the controversy over ownership would still exist.

4        Finally, Plaintiff could find a means to bring Dr. Han into a forum which
5  could exercise personal jurisdiction.  Regardless, even if an alternative forum is not
6  available, "We have held that the lack of an alternative forum does not automatically
7  prevent dismissal of a suit."  *Pit River Home and Agr. Co-Op Ass'n v. U.S.*, 30 F.3d
8  1088, 1102-03 (9th  Cir. 1994) (citations omitted) (affirming dismissal under Fed. R.
9  Civ. P. 12(b)(7) and 19, even though no alternative forum was available).  In short,
10  applying all four factors, this action cannot proceed "in equity and good conscience"
11  without joining Dr. Han as a party.

12                              **IV.    CONCLUSION**

13        For the foregoing reasons, Biosuccess respectfully requests that the Court
14  dismiss Plaintiff's Complaint in its entirety for failure to join a necessary and
15  indispensable party.

16
17
18  Dated:  April 22, 2013                    **LEE TRAN & LIANG APLC**
19
20                                   By:   /s/ Enoch H. Liang
21                                         Enoch H. Liang
                                           Attorneys for Defendant
                                           BIOSUCCESS BIOTECH, CO., LTD.
22
23
24
25
26
27
28                              9