1  JEFFREY J. ZUBER (SBN 220830)
     *jzuber@zuberlaw.com*
2  **ZUBER LAWLER & DEL DUCA LLP**
     777 S. Figueroa Street, 37th Floor
3  Los Angeles, California  90017
     Telephone: (213) 596-5620
4  Facsimile: (213) 596-5621

5  Attorneys for Plaintiff RICHARD L. CHANG

6

7

8                 **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10

11  RICHARD L. CHANG,                    CASE NO. CV13-01340-JAK (ANx)

12         Plaintiff,                    **PLAINTIFF RICHARD L. CHANG'S**
                                         **OPPOSITION TO DEFENDANT'S**
13         v.                            **MOTION TO DISMISS COMPLAINT**

14  BIOSUCCESS BIOTECH, CO., LTD and
     DOES 1 through 50, Inclusive,       Date:    June 24, 2013
15                                        Time:    8:30 a.m.
           Defendants.                    Crtrm.:  750
16

17

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. DEFENDANT'S INTERFERENCE WITH CHANG'S RIGHTS ..................................... 1

    A.    Chang is the Inventor and Owner of Patent Rights ................................ 1

    B.    Defendant's contractual obligations and breach thereof. ...................... 2

    C.    No Assignment of Chang's 2013 Patent Applications ............................ 2

    D.    Defendant's Interference With Prosecution ........................................... 3

III. DEFENDANT'S MOTION TO DISMISS IS MERITLESS ........................................ 3

    A.    Han Is Not A Necessary Party ............................................................. 3

    B.    Even if Han Were A Necessary Party, He Is Not Indispensable .............. 5

        1.    There Will Be No Prejudice To Anyone ..................................... 6

        2.    Relief Will Be Limited To Chang's Ownership Interest .............. 7

        3.    Relief Will Be Adequate If Han Is Absent ................................. 7

        4.    Dismissal Would Leave Chang Without Adequate Remedy ........ 7

IV. CONCLUSION ................................................................................................ 8

1

# TABLE OF AUTHORITIES

2

**Page**

3

4

## CASES

5

*Biagro W. Sales Inc. v. Helena Chem. Co*., 160 F. Supp. 2d 1136, 1142 (E.D.Cal. 2001)............... 4

6

*Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.,* 276 F.3d 1150, 1157 (9th
   Cir. 2002) ................................................................................................................... 5

7

*Ethicon, Inc. v. U.S. Surgical Corp*., 135 F.3d 1456, 1465 (Fed. Cir. 1998) .................................. 4

8

*Gulf Ins. Co. v. Lane*, 53 F.R.D. 107, 111 (W.D. Okla. 1971)........................................................ 7

9

*Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1324 (9th Cir. 1975) .................................................. 5

10

*Northrop Corp. v. McDonnell Douglas Corp.,* 705 F. 2d 1030, 1046 ((9th Cir. 1983)............... 5, 7

11

*Pit River Home & Agr. Co-op. Ass'n v. United States*, 30 F.3d 1088 (9th Cir. 1994) ..................... 8

12

*Smith v. American Fed. of Musicians of the U.S. & Canada*, 46 F.R.D. 24, 27 (S.D.N.Y.,
   1968)............................................................................................................................ 6

13

14

*Willingham v. Star Cutter Co*., 555 F.2d 1340, 1344 (6th Cir. 1977).............................................. 4

15

16

## STATUTES

17

35 U.S.C. § 262 ..................................................................................................................... 3, 8

18

Fed. R. Civ. P. 19(a).................................................................................................................... 4

19

Fed. R. Civ. P. 19(b).................................................................................................................. 5, 8

20

21

22

23

24

25

26

27

28

I.  **INTRODUCTION**

This is an action by Richard Chang ("Chang"), to clarify his patent rights to three valuable patent applications on his inventions. Among other things, defendant Biosuccess Biotech, Co. Ltd. ("Defendant") is interfering with Chang's rights by instructing the attorneys who are prosecuting Chang's patent applications not to communicate with Chang. This dispute is solely between Chang and Defendant. Defendant's motion to dismiss is based on the absence of the other named co-inventor, Zheng Tao Han ("Han")[1]. That motion fails as a fundamental matter of patent law because co-inventors have separate and distinct ownership interests in their joint inventions. Indeed, the adjudication of Chang's distinct ownership rights will have no effect on Han's ownership rights.   Thus, Han is neither a necessary party nor an indispensable party. for determination of Chang's ownership rights to Chang's inventions.   That said, even if Han were a necessary party "equity and good conscience" require the denial of Defendant's motion so that Chang have a forum in which to pursue the requested relief.   Given that Chang properly determined not to involve Han in a matter in which Han has no interest, the Court should deny Defendant's motion to dismiss.

II.  **DEFENDANT'S INTERFERENCE WITH CHANG'S RIGHTS**

A.  **Chang is the Inventor and Owner of Patent Rights**

Chang seeks a declaration so that he can put an end to Defendant's wrongful interference with Chang's patent ownership rights. Chang is the inventor of numerous inventions relating to the treatment of diseases, including United States Patent No. 6,063,814 ("the '814 patent") relating to treatment of leukemia (Complaint ¶ 6).  Han is a co-inventor of the '814 patent.  Additionally, in January 2013, Chang and Han filed non-provisional applications on three new inventions (Complaint ¶¶ 19-21, 24).  Chang and Han are named as joint inventors on those applications (the "2013 Patent Applications").

_____

PLAINTIFF RICHARD L. CHANG'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

### B.     Defendant's contractual obligations and breach thereof.

In October 2006, Chang and Han entered into an Agreement with Defendant (Complaint ¶ 7).  Among other things, the Agreement provided for the assignment of the '814 patent and new patent applications related to HIV/AIDS (Section 1.3, 1.4).[2]  That assignment was contingent on fulfillment of certain payment obligations by Defendant (Section 5.1), including the payment of $2 million (Section 3.1(a)) and tender of 36% of company shares (Section 3.1(b)) to Chang and Han (Complaint ¶ 8).  After the Agreement was signed, Defendant filed assignments for the '814 patent and for a patent application relating to HIV/AIDS (Complaint ¶¶ 17-18). Defendant, however, never made the required payments to Chang under Section 3.1(a) and revoked the tender of shares to Chang required by Section 3.1(b) (Complaint ¶¶ 10-11). Based on Defendant's failure to make the Section 3.1(a) payments to Chang, failure to provide the Section 3.1(b) equity to Chang, failure to pay Chang his minimal annual compensation under Section 3.2(b), and additional reasons, Chang exercised his right to terminate the Agreement pursuant to Section 5.3.  Chang provided notice of the breach on January 22, 2013 (Complaint ¶ 12).  Defendant's complete failure to fulfill any of their condition precedent obligations to Chang under the 2006 Agreement nullified any would be patent assignments from Chang to Defendant.

### C.     No Assignment of Chang's 2013 Patent Applications

Defendant's failure to pay Chang pursuant to the Agreement destroyed any continuing relationship between Chang and Defendant.

Chang and Han continued to work on inventions to cure diseases and jointly filed the 2013 Patent Applications.  Chang never assigned his ownership interest in the 2013 Patent Applications to Defendant, or to anyone else (Complaint ¶ 22).[3]  Accordingly, he remains the owner of his interest therein (Complaint ¶ 25).

---

[2] "Section numbers" refers to Sections of the 2006 Agreement, which is Exhibit 1 to the Declaration of Enoch H. Liang In Support Of Defendant's Motion To Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(7) and 19.

[3]   Notwithstanding that Defendant's failure to satisfy conditions precedent renders any assignment in the Agreement void *ab initio*, Defendant attempts to further stretch the Agreement (footnote continued)

1    Han, the other named co-inventor, has a distinct and separate ownership interest in those

2    applications, which he is free to keep or assign as he sees fit, independent of Chang.  Thus,

3    whatever Han did or may do with his ownership interest is not relevant to this dispute about

4    Chang's ownership interest.  Likewise, whatever happens to Chang's ownership interest would not

5    be relevant to Han's interest.

6           **D.       Defendant's Interference With Prosecution**

7           Patent Networks Law Group PLCC ("Patent Networks") filed the 2013 Patent Applications

8    on behalf of Chang and Han.  Although Chang still owns his interest in these applications

9    Defendant has instructed Patent Networks not to communicate with Chang concerning the

10   prosecution of these applications (Complaint ¶¶ 29-30).  Thus, Defendant is improperly interfering

11   with Chang's ability to protect his valuable property interest in his inventions (Complaint ¶¶ 32-

12   33).

13   **III.   DEFENDANT'S MOTION TO DISMISS IS MERITLESS**

14          **A.       Han Is Not A Necessary Party**

15          Chang and Han have separate and independent rights. Defendant's argument that Han is a

16   necessary party without whom the Court cannot accord complete relief fails because it rests on the

17   flawed premise that the ownership interests of Han and Chang are "inextricably intertwined"

18   (D.Br. 1, 4).

19          As a fundamental matter of patent law, the ownership interests of co-inventors, like Chang

20   and Han, are distinct and separate.  35 U.S.C. § 262.  "[E]ach co-inventor presumptively owns a

21   ────────────────────────

22   by extending the language "do hereby assign" from the recitals beyond it's intended meaning.  The
     purported assignment in the Recitals applies only to the '814 patent on leukemia treatment and

23   related applications (Section 1.3) and applications relating to the treatment of HIV/AIDS (Section
     1.4).  Although Section 11.1 of the Agreement states that subsequent applications relating to other

24   diseases "would be considered to be the rights of the Assignee", that Section does not contemplate
     an assignment.  The Agreement does not contemplate assignment of the 2013 Patent Applications

25   (none of which deal with leukemia or HIV/AIDS).   Defendant improperly conflates the Recitals
     reference to Sections 1.3 and 1.4 with Section 11.1, and misreads the "do hereby assign"

26   provision, to suggest that Chang assigned his interest in the 2013 applications to Defendant.  Of
     course, given Defendant's complete failure to satisfy its obligations, Chang's interest in the 2013

27   Patent Applications never vested in Defendant.

28

1   pro rata undivided interest in the entire patent, no matter what their respective contributions".

2   *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1465 (Fed. Cir. 1998).  Chang and Han thus

3   are essentially "at the mercy of each other," with each possessing the freedom to exploit "the

4   entire patent."  *Willingham v. Star Cutter Co.*, 555 F.2d 1340, 1344 (6th Cir. 1977).  Defendant's

5   motion ignores this dispositive fact.[4]

6       By his Complaint, Chang seeks relief without which he would not be able to exploit his

7   patent applications as provided by the patent laws.  Dismissing Chang's Complaint under Fed. R.

8   Civ. P. 19(a) would improperly deny Chang that relief and is therefore inappropriate.  The

9   determination of whether a complaint should be dismissed for failure to join a necessary party

10  "will be heavily influenced by the facts and circumstances of each case." *Biagro W. Sales Inc. v.*

11  *Helena Chem. Co.*, 160 F. Supp. 2d 1136, 1142 (E.D.Cal. 2001).  Here, the facts and

12  circumstances compel the conclusion that Han is ___**not**___ a necessary party.  This dispute is about

13  Chang's ownership interest, which has nothing to do with Han or Han's patent rights.[5]

14      Defendant seeks to distract the Court by pointing out that Chang and Han both entered into

15  the 2006 Agreement.  (D.Br. 4)  The Agreement is relevant here, if at all, only in that Defendant

16

17  _____

18  [4]   Although Rule 19 generally requires that all co-owners of a patent be included **in an action for**
19  **infringement of that patent**, this case is not an action for patent infringement.  Rather, this action
    concerns one co-inventor's ownership of patent rights.  Thus, the issues in this case involve the
20  "distinct and separate" ownership rights of a co-inventor of a patent, and do not give rise to
    concerns about multiple patent infringement actions by co-owners and potentially inconsistent
21  judgments.  Accordingly, the requirement to include all co-owners of a patent as parties in patent
    infringement actions does not apply here.

22

23  [5]   Defendant's argument that Chang seeks a declaration that Defendant has no ownership interest
    **in Han's rights** to these applications (Defendant's Notice Of Motion And Motion To Dismiss
24  Plaintiff's Complaint; Memorandum Of Points And Authorities In Support Thereof, pages 4-5
    ("D.Br. 4-5")) is incorrect because it is based on taking one line in Chang's prayer for relief out of
25  context (*i.e.*, "Defendant Biotech Co. LTD has no ownership interest in the Non-Provisional
    Applications").  In context, it is plain that the requested declaration pertains **only to Chang's**
26  **interest** in these application (see Complaint ¶¶ 32-39).  Whether or not Defendant has any interest
    in Han's ownership rights in these applications is not relevant to Chan's request for relief
27  concerning Chang's ownership interest.

28

PLAINTIFF RICHARD L. CHANG'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1  breached that Agreement *as to Chang*.[6] Chang's distinct and separate ownership interest as a co-
2  inventor in the 2013 Patent Applications has nothing to do with Chang and Han having both
3  entered the Agreement.

4      The facts before the court do not fit with the authority cited by Defendant's.  In *Northrop*
5  *Corp. v. McDonnell Douglas Corp.,* 705 F. 2d 1030, 1046 (9th Cir. 1983), the missing party (the
6  Government) was not found to be a necessary party. In *Dawavendewa v. Salt River Project Agr.*
7  *Imp. & Power Dist.,* 276 F.3d 1150, 1157 (9th Cir. 2002), the missing and necessary party was an
8  Native American tribe with hiring preference rights intrinsic to the lease and inextricably mixed
9  with the other lease provisions.  In *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1324 (9th Cir.
10  1975), a missing Native American tribe was deemed to be necessary in an action to void a lease of
11  its land.  Han's rights in the 2013 Patent Applications, which are not even mentioned in the 2006
12  Agreement, which Agreement is itself of no effect does not rise to the level of Native American
13  tribal interest in the described lease contracts.  Han's rights will never be (cannot be) affected by
14  this action.  Accordingly, Han is not a necessary party to this action, and Defendant's motion
15  should be denied.[7]

16      **B.    Even if Han Were A Necessary Party, He Is Not Indispensable**

17      Even if Han were a necessary party (which he is not), Defendant's motion would still fail
18  because dismissal is not appropriate under Rule 19 where "in equity and good conscience, the
19  action should proceed among the existing parties." Fed. R. Civ. P. 19(b).  Rule 19 requires
20  consideration of four factors:

---

[6] Chang expresses no view as to whether Defendant has also breached the Agreement as to Han or as to what, if any, remedies may be available to Han for any such breach, other than to note the fact that Han's distinct and separate ownership rights in these applications are not affected by this action and are not relevant to this action.

[7] Because Han is not a required party under Rule 19(a) (*see supra*) and because this action should proceed "in equity and good conscience" (*see infra*), it makes no difference whether or not joinder is feasible, and Chang therefore will not burden the Court with responding to Defendant's arguments about feasibility (D.Br. 6-7).

(1)     the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2)     the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures;

(3)     whether a judgment rendered in the person's absence would be adequate; and

(4)     whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Each of these four factors weighs against dismissal, even if Han were a necessary party.

### 1.     There Will Be No Prejudice To Anyone

Defendant's naked assertion that Han's rights will somehow be "impaired without his participation in this action" (D.Br. 8) is unsupported – and it is wrong.  This action has nothing to do with Han's rights.  Instead, it concerns *only Chang's* separate ownership rights and seeks relief as between *only Chang and Defendant*.  Specifically, the Complaint seeks a declaratory judgment that Chang (and *not* Defendant) is the owner of Chang's interest (*not* of Han's interest) in the 2013 applications, and that Defendant has no right to exclude Chang from participating in the prosecution of those applications to protect his interest in the inventions (*see* Complaint p.7).  The Complaint does not seek any relief with respect to Han's ownership interest.  Accordingly, there is no basis for Defendant's contention that Han could be prejudiced by this action.

Defendant fails to provide any explanation of how Han could be prejudiced if Han is not a party to this action for the simple reason that there is no such prejudice.  Instead, Defendant resorts to unsupported speculation about prejudice.  Rule 19 requires actual prejudice to the nonparty, not just the theoretical possibility that injury might occur.  *See Smith v. American Fed. of Musicians of the U.S. & Canada*, 46 F.R.D. 24, 27 (S.D.N.Y., 1968) (noting that one of the purposes of the revision of Rule 19 of the Federal Rules of Civil Procedure was  to ensure that a court examines the practical, as opposed to theoretical, effects of a party's absence).  Indeed, Defendant's own authorities recognize that "[s]peculation about the occurrence of a future event ordinarily does not render all parties potentially affected by that future event necessary or indispensable parties under

PLAINTIFF RICHARD L. CHANG'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

1    Rule 19." *Northrop*, 705 F.2d at 1046. Given the absence of any prejudice, Biosuccess fails to

2    satisfy this factor.

3                    **2.      Relief Will Be Limited To Chang's Ownership Interest**

4            Defendant argues that if the Agreement is terminated, the contractual relationship between

5    Han and Defendant would "drastically shift" and there are no means to lessen such alleged

6    prejudice (D.Br. 8). Defendant is wrong again. The contractual relationship ***between Han and***

7    ***Defendant*** cannot be affected by Chang's action – regardless of the result – because this action

8    implicates only Chang's ownership rights, not Han's ownership rights. Thus, any relief granted in

9    this action will necessarily be limited to Chang's ownership rights. Because relief in this action

10   will necessarily be limited to Chang's ownership rights, the relief Chang requests will inherently

11   avoid prejudice to Han or to Defendant. Accordingly, there is no prejudice to lessen, and,

     Defendant also fails to satisfy this factor.

12                   **3.      Relief Will Be Adequate If Han Is Absent**

13           Contrary to what Defendant argues, an adequate remedy can be awarded without Han's

14   participation in this action. Chang has a distinct and undivided interest in the patent applications.

15   Chang's action involves only Chang's ownership interest and Defendant's interference with that

16   interest. That dispute will be completely settled by this action. Han and Han's ownership

17   interests have no bearing on the issues or on Chang's claim for relief, and will not be implicated,[8]

18   while full relief can be afforded to Chang. Thus, Defendant's fails to meet this third factor, too.

19                   **4.      Dismissal Would Leave Chang Without Adequate Remedy**

20           If the dismissal of an action for non-joinder would leave a plaintiff without an adequate

21   remedy, it militates against dismissal of the action. *Gulf Ins. Co. v. Lane*, 53 F.R.D. 107, 111

22   (W.D. Okla. 1971) (noting that "the cases wherein the courts, upon a consideration of this factor

23   favor dismissal, are, in the main, instances wherein the plaintiffs had a satisfactory alternative

24   forum available").

25   _____

26   [8]    As discussed *supra* 2 n.1, Chang does not seek a declaration that Biosucces has no ownership
     interest with respect ***to Han's rights*** to the 2013 applications, but only seeks a declaration with
27   respect to Chang's rights. Defendant's repeated mischaracterization of the relief Chang seeks at
     D.Br. 8-9 fails, yet again.

28

1    Defendant's argument that Chang should be denied his right to be heard here based on

2    speculation that "Plaintiff could find a means to bring Dr. Han into a forum which could exercise

3    personal jurisdiction" (D.Br. 9) fails.  As a threshold matter, Defendant never says what that forum

4    might be.  Moreover, Defendant's reliance on *Pit River Home & Agr. Co-op. Ass'n v. United*

5    *States*, 30 F.3d 1088 (9th Cir. 1994), to argue that dismissal of this action can proceed in equity

6    and good conscience even where no alternative forum is available (D.Br. 9) is misplaced. *Pit River*

7    *Home* held that the interest in maintaining sovereign immunity of a Native American tribe and the

8    extraordinarily broad authority of Congress over Indian matters outweighed the interest in

9    litigating a claim. 30 F.3d at 1102-03.  No such consideration in favor of dismissal lies here.  To

10   the contrary, the independent rights Congress has afforded to co-inventors under the patent laws

11   compel the opposite (*i.e.*, that there should be no dismissal here).

12   Thus, each of the four factors enumerated by Rule 19(b) demonstrate that "in equity and

13   good conscience, the action should proceed among the existing parties." Accordingly, Defendant's

14   motion to dismiss should be denied, even if Han were a necessary party.

15   **IV.    <u>CONCLUSION</u>**

16   Han is not a necessary party and, even if he were, this action should proceed in equity and

17   good conscience.  Accordingly, there is no basis to dismiss this action, and Chang respectfully

18   requests that Defendant's motion be denied.

19   Dated: June 3, 2013                           Respectfully submitted:

20                                                  **ZUBER LAWLER & DEL DUCA LLP**
                                                    JEFFREY J. ZUBER
21

22

23                                         By:    */s/ Jeffrey J. Zuber*
                                                  Attorneys for Plaintiff RICHARD L. CHANG
24

25

26

27

28

1

<u>**CERTIFICATE OF SERVICE**</u>

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 777 S.

4

Figueroa Street, 37th Floor, Los Angeles, California 90017.

5

On June 3, 2013, I served true copies of the following document(s) described **PLAINTIFF RICHARD CHANG'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

6

**COMPLAINT** on the interested parties in this action as follows:

7

LEE TRAN & LIANG APLC
Enoch H. Liang (SBN 212324)

8

enoch.liang@ltlattorneys.com
Heather F. Auyang (SBN 191776)

9

heather.auyang@ltlw.com
Lisa J. Chin (SBN 259793)

10

lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 4025

11

Los Angeles, CA 90017
Telephone: (213) 612-3737

12

Facsimile: (213) 612-3773
*Attorneys for Defendant*

13

*Biosuccess Biotech, Co., Ltd.*

14

15

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set

16

forth in the service list obtained from this Court.

17

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this

18

Court at whose direction the service was made.

19

Executed on June 3, 2013, at Los Angeles, California.

20

21

_/s/ Lani Martinez_____

22

Lani Martinez

23

24

25

26

27

28