LEE TRAN & LIANG APLC
Enoch H. Liang (SBN 212324)
enoch.liang@ltlattorneys.com
Heather F. Auyang (SBN 191776)
heather.auyang@ltlw.com
Lisa J. Chin (SBN 259793)
lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
Telephone: (213) 612-3737
Facsimile: (213) 612-3773

Attorneys for Defendant
Biosuccess Biotech, Co., Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. CHANG,<br><br>Plaintiff,<br><br>v.<br><br>BIOSUCCESS BIOTECH, CO. LTD., and DOES 1 through 10,<br><br>Defendants. | Case No. CV13-01340 JAK (ANx)<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT PURSUANT TO FED.R.CIV. P. 12(b)(7) AND 19**<br><br>Judge:         John A. Kronstadt<br>Hearing Date:  June 24, 2013<br>Time:          8:30 a.m.<br>Place:         Courtroom 750 |

1    The Opposition filed by Plaintiff Richard L. Chang ("Plaintiff")[1] reaffirms the
2    merits of the arguments asserted by Defendant Biosuccess Biotech, Co. Ltd.
3    ("Biosuccess") in its Motion to Dismiss pursuant to Federal Rules of Civil
4    Procedure ("FRCP") 12(b)(7) and 19 ("Motion"), namely that: (1) Biosuccess, as
5    assignee of the Assignment Agreement (Exhibit 1),[2] which has not been adjudicated
6    as breached and rescinded, has the full legal right to control the "Non-Provisional
7    Applications" at issue in this case; and (2) Plaintiff's zealous efforts to dissociate the
8    fact that he chose to co-sign the Assignment Agreement with Dr. Zheng Tao Han
9    ("Dr. Han") is an attempt to avoid an insurmountable joinder issue created by
10   Plaintiff.

11    **I. An Inventor Can Assign His Ownership Interest in his Patent**
12    **Rights, Including The Right For An Assignee To Control the**
13    **Patent Prosecution**

14    Plaintiff's Opposition attempts to sweep aside the central issue in this case by
15   erroneously focusing the majority of his Opposition on the rights of co-inventors
16   and their distinct ownership interests and that Plaintiff simply seeks an adjudication
17   of his "distinct ownership rights [that] will have no effect on Han's ownership
18   rights."  Opp. at 1.  However, the central fact at issue here is that where co-inventors
19   *jointly assign* their ownership interests, they intentionally relinquish all rights,
20   including the ability to control prosecution.  *See* 37 C.F.R. § 3.71 (one or more
21   assignees may conduct prosecution of a patent application to the exclusion of the
22   inventive entity).

23    Plaintiff's reliance on *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456

24   _____

25   [1] Plaintiff's Opposition is cited as "Opp. ___."

26   [2] Exhibit 1 or Exh. 1 refers to Exhibit 1 of the Declaration of Enoch H. Liang in
27   Support of Defendant's Motion to Dismiss.

28

1

1  (Fed. Cir. 1998) and *Willingham v. Star Cutter Co.*, 555 F.2d 1340 (6th Cir. 1977)

2  to support his misplaced position are irrelevant.  Opp. at 4-5.  Indeed, Plaintiff's

3  specific cites in both *Ethicon* and *Willingham* support Biosuccess' position that the

4  Plaintiff and Dr. Han, as co-inventors, had the right and did in fact choose to assign

5  their patent ownership rights to Biosuccess in the same Assignment Agreement.  *Id*.

6      Here, Plaintiff entered into the Assignment Agreement with Biosuccess that

7  purportedly assigns all rights to the Non-Provisional Applications.  Exhibit 1

8  (Article 11.1).  Therefore, Biosuccess has the full legal right to control the

9  prosecution of the "Non-Provisional Applications" at issue in this case.

10     Plaintiff now attempts to backtrack from his allegations in the Complaint and

11  argues that the Assignment Agreement does not cover the Non-Provisional

12  Applications by claiming that he and Dr. Han "jointly filed the 2013 [Non-

13  Provisional Applications]" and that Plaintiff "never assigned his ownership interest

14  in the 2013 [Non-Provisional Applications] to Defendant or anyone else."  Opp. at

15  2; fn. 3.  However, in the first portion of his Complaint, Plaintiff devotes *seven*

16  *paragraphs* detailing that the Assignment Agreement has been allegedly breached

17  and terminated.  Compl. ¶¶7-14.  There would be no need to raise any such

18  allegations unless the intent of the Complaint was to allege that the Assignment

19  Agreement covers the Non-Provisional Applications, but is now null and void due to

20  the alleged breach of the Assignment Agreement by Biosuccess.

21     Moreover, Plaintiff alleges that he provided notice of breach of the

22  Assignment Agreement on January 22, 2013 (Opp. at 2), yet Plaintiff inexplicably

23  had no objection to Biosuccess financing and filing the patent applications at issue

24  allegedly under his name in both 2012 and 2013, which Biosuccess would only have

25  done if it were the rightful assignee/owners under the Assignment Agreement.

26  Thus, in order for Plaintiff to "clarify his patent rights" (Opp. at 1), he must join Dr.

27  Han in this action and seek an adjudication that the Assignment Agreement is

28

2

1    breached and rescinded.

2    **II. Plaintiff Created His Insurmountable Joinder Issue by Co-signing**
3    **the Assignment Agreement With Dr. Han**

4        Plaintiff and Dr. Han assigned their patent rights to Biosuccess.  Therefore, in
5    order to regain ownership of his patent rights, Plaintiff must seek a rescission of the
6    Assignment Agreement in this action.  As explained in Biosuccess' Motion, the law
7    is well-settled that in an action for rescission of a contract, all parties to the contract
8    are necessary and indispensable.  Motion at 9.

9        Plaintiff attempts to surmount this established legal principle by factually
10   distinguishing cases cited in the Motion.  Opp. at 5.  Plaintiff misses the point.
11   Regardless of the facts, this standing legal principle is applicable to any contract
12   action.  *See e.g.*, *Weissbard v. Potter Drug & Chemical Corp.*, 6 N.J.Super. 451, 455
13   (1949) (dismissing complaint for failure to join all parties to the contract as
14   necessary and indispensable, finding that "[a] contract may not be declared null and
15   void in the absence of a party to the contract."); *Rosenzweig v. Brunswick Corp.*,
16   Case No. 08-807 (SDW), 2008 WL 3895485, *6 (D.N.J. 2008) (dismissing
17   complaint in its entirety for failure to join a party to the contract as necessary and
18   indispensable, stating that "Multiple District Courts have long recognized that, 'a
19   contracting party is the paradigm of an indispensable party' in a contractual claim
20   action.") (citations omitted); *Fiscus v. Combus Finance AG*, Case No. 03-1328
21   (JBS), 2007 WL 4164388, *5 (D.N.J. 2007) (dismissing complaint in its entirety for
22   failure to join a party to the contract as necessary and indispensable, finding that
23   there is "substantial case law to support the proposition that 'a contracting party is
24   the paradigm of an indispensable party.'") (citations omitted).[3]

25   _____

26   [3] Although New Jersey law governs the terms of the Assignment Agreement (Exh. 1
27   at 8), California law is the same.  *See Holder v. Home Sav. & Loan Ass'n of Los*
      *Angeles*, 267 Cal. App. 2d 91, 107 (1968) (affirming dismissal for failure to join a
28   Continued on Next Page

1    Accordingly, Plaintiff's attempts to overcome the elements of FRCP 19 that
2  support joinder of Dr. Han are unpersuasive. *See* Opp. at 5-7. Here, it is undisputed
3  that Dr. Han is a party to the contract whose rights would be impaired without his
4  participation in the suit. If the Assignment Agreement is terminated, this would
5  drastically shift the contractual relations between Dr. Han and Biosuccess and no
6  partial remedy can be fashioned that would not implicate Dr. Han's interests and
7  eliminate any prejudice he would suffer. Accordingly, this action cannot proceed
8  "in equity and good conscience" without joining Dr. Han as a party.

9    Finally, Plaintiff complains that dismissal would leave him without an
10  adequate remedy. Opp. at 7-8. Setting aside the fact that Plaintiff chose to co-sign
11  the Assignment Agreement with Dr. Han, when he could have easily chosen to sign
12  a separate agreement (a common practice), Biosuccess does not carry the burden to
13  aid Plaintiff in finding a suitable forum and this factor is one of many the court
14  weighs. Moreover, the Ninth Circuit has affirmed dismissal under Fed. R. Civ. P.
15  12(b)(7) and 19, even where no alternative forum was available. *See e.g.*, *Pit River
16  Home and Agr. Co-Op Ass'n v. U.S.*, 30 F.3d 1088, 1102-03 (9th Cir. 1994)
17  (citations omitted). Furthermore, Plaintiff could still seek other contractual damages
18  for the alleged breach of the Assignment Agreement.

19  ///
20  ///
21  ///

22  —————————————
23  party to the contract, finding "[i]n an action for rescission of a contract, all parties to
    the contract are indispensable to the action"); *Miracle Adhesives Corp. v. Peninsula*
24  *Title etc. Assn.*, 157 Cal. App. 2d 591, 593-95 (finding that the party to a contract
25  had to be joined or the case dismissed stating that "[t]he United States Supreme
    Court has ordered dismissal of an action for rescission of a contract because of the
26  absence of some of the contracting parties") (*citing Shields v. Barrow*, 17 How.
27  (U.S.) 130) (1854).

28

4

For the foregoing reasons and those stated in Biosuccess' Motion, Biosuccess respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety for failure to join a necessary and indispensable party.

Dated:  June 10, 2013

**LEE TRAN & LIANG APLC**

By:  /s/ Enoch H. Liang
          Enoch H. Liang
Attorneys for Defendant
BIOSUCCESS BIOTECH, CO., LTD.

5