JEFFREY J. ZUBER (SBN 220830)
 *jzuber@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California 90017
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Plaintiff
RICHARD L. CHANG

Enoch H. Liang (SBN 212324)
 *enoch.liang@ltlattorneys.com*
Heather F. Auyang (SBN 191776)
 *heather.auyang@ltlw.com*
Lisa J. Chin (SBN 259793)
 *lisa.chin@ltlattorneys.com*
**LEE TRAN & LIANG APLC**
601 S. Figueroa Street, Suite 4025
Los Angeles, California 90017
Telephone: (213) 612-3737
Facsimile: (213) 612-3773

Attorneys for Defendant
BIOSUCCESS BIOTECH, CO., LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD L. CHANG,<br><br>   Plaintiff,<br><br>   v.<br><br>BIOSUCCESS BIOTECH, CO., LTD<br>and DOES 1 through 50, Inclusive,<br><br>   Defendants. | CASE NO. CV13-01340-JAK (ANx)<br><br>**JOINT RULE 16(b) REPORT**<br><br>Date: June 24, 2013<br>Time: 8:30 a.m.<br>Crtrm.: 750 |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Court's April 23, 2013 Order Setting Rule 16(b) Scheduling Conference, Plaintiff

Richard L. Chang ("Chang") and Defendant Biosuccess Biotech Co., Ltd. ("Biosuccess") submit this Joint Report in the above-referenced action. The parties, through their counsel, conferred regarding the matters addressed herein on June 12, 2013.

## A. STATEMENT OF THE CASE

This is a declaratory judgment action by Chang to clarify his patent rights to three patent applications filed in 2013 for which he is allegedly named as a co-inventor. The Complaint avers that Chang and Biosuccess entered into an assignment agreement in 2006. Chang alleges that the 2013 applications are not covered by the 2006 Agreement, and that the 2006 Agreement has, in any event been allegedly breached by Biosuccess and unilaterally terminated by Chang. The Complaint also avers that Chang has not assigned his ownership interest in any of these applications, and that he still owns his ownership interest in each of these applications. The Complaint in this case is based on Chang's claim that Biosuccess is interfering with Chang's rights to the 2013 patent applications by instructing the attorneys who are prosecuting those applications not to communicate with Chang. Biosuccess alleges that it hired those attorneys to prosecute those applications. Chang seeks a declaration (1) that he is the owner of his interest in the 2013 applications; (2) that he has not assigned is interest in the 2013 applications; (3) that Biosuccess has no ownership of Chang's interest in the 2013 applications; and (4) Biosuccess has no right to exclude Chang from participating in the prosecution of the 2013 applications.

Biosuccess has not yet answered the Complaint. On April 22, 2013, Biosuccess moved to dismiss the Complaint pursuant to Rules 12(b)(7) and 19, F.R.Civ.P., on the grounds that the Complaint does not include Zheng Tao Han ("Han"), the other allegedly named co-inventor of the 2013 applications and a party to the 2006 Agreement, as a party in this action. Biosuccess contends Han is a necessary and indispensable party.

Chang filed his opposition to Biosuccess' motion to dismiss on June 3, 2013 and Biosuccess filed its reply on June 10, 2013. The Court has ordered that Biosuccess' motion to dismiss be heard at the same time as the Scheduling Conference.

Biosuccess filed a state court action on January 31, 2013 seeking declaratory relief and damages against Chang relating to the parties' rights and obligations potentially affected under the patent assignment agreements. The parties agreed to stay that action pending a determination in this proceeding.

**B.     SUBJECT MATTER JURISDICTION**

The parties agree that the Court has underlying subject matter jurisdiction over this declaratory judgment action based on diversity of citizenship. Chang is an individual residing in New Jersey. Biosuccess is a Cayman Islands corporation with a place of business in California. Chang alleges that the value of the three patent applications that are the subject of this action exceeds $75,000.00.

**C.     LEGAL ISSUES**

The parties are not aware of any unusual legal issues in this action. For the key legal issues, *see* Paragraph A Statement of the Case.

**D.     PARTIES AND NON-PARTY WITNESSES**

The parties have identified the following parties and percipient witnesses on the main issues in this case known to the parties at this time:

1.   Richard Chang

**2.**   Biosuccess Biotech Co., Ltd. (Biosuccess has a fully owned subsidiary, Biosuccess Biotech Co., Ltd., registered in Nevada)

**3.**   Jeffrey King

**4.**   Patent Networks Law Group PLLC

**5.**   Fred Wu

**6.**   Ben Chang

      **7.**    Ku-tang Chu

      **8.**    Zheng Tao Han

### E.   DAMAGES

The parties agree that the Complaint seeks equitable relief, and does not include a claim for damages. Biosuccess reserves the right to file a counterclaim and to seek damages and attorneys' fees.

### F.   INSURANCE

The parties are not aware of any insurance coverage that is relevant to this action.

### G.   MOTIONS

Chang is considering whether to amend the Complaint to add additional claims, and potential additional parties (who are diverse), and expects to make that determination early in discovery so as not to affect any deadlines set by the Court. Chang has proposed a deadline of August 30, 2013 to amend pleadings and add parties.

Biosuccess is considering whether to file additional motions to dismiss.

### H.   MANUAL FOR COMPLEX LITIGATION

The parties agree that this is not a complex case, and that the procedures of the Manual For Complex Litigation should therefore not be used.

### I.   STATUS OF DISCOVERY

The parties agree that they will exchange their Initial Disclosures pursuant to Rule 26(a)(1), F.R.Civ.P., on June 17, 2013. The parties anticipate that they will initiate formal discovery promptly.

## J. DISCOVERY PLAN

### 1. Depositions.

At this preliminary stage of the case, Chang intends to depose Biosuccess and two (2) non-parties and Biosuccess intends to depose Richard Chang and two (2) non-parties. The parties expect that each of these depositions could normally be completed within seven hours. However, the parties agree that additional time may be required for witnesses whose native language is not English and that they will allow additional time to complete such depositions.

The parties' investigations and discovery are in their early stages, and they reserve the right to depose additional parties or non-parties if and when warranted by the facts and circumstances of the case. Nonetheless, the parties agree that the limit of 10 depositions each, as provided by Rule 30, F.R.Civ.P., is sufficient. The parties further agree that eight months should be sufficient to complete fact discovery, including all depositions that might reasonably be required in this action.

### 2. Written Discovery.

The parties anticipate that they will seek discovery by way of interrogatories, document requests and requests for admission to be served such that responses are due before the deadline for completion of fact discovery. The parties agree that a limit of 25 interrogatories, as provided by Rule 33, F.R.Civ.P., is sufficient.

### 3. Subjects Of Discovery.

The parties believe that discovery will be taken on the following subjects:

a. Ownership and assignment of the patents and patent applications for which Chang is a co-inventor or allegedly named as a co-inventor.

1913-1002 / 321891.1

5

JOINT RULE 16(b) REPORT

      b.      The 2006 Agreement alleged in the Complaint and any other assignment agreement between the parties, including performance by the parties, and Chang's notice of breach and termination of the 2006 Agreement alleged in the Complaint.

      c.      Prosecution of the patent applications for which Chang is allegedly named as a co-inventor.

      d.      The relationship between Chang and Biosuccess.

      e.      The operative patent assignment agreement between the parties, the scope thereof, and whether there was a breach by either party of the operative assignment agreement.

      f.      The contributions of Chang to the inventorship of the patents and patent applications at issue.

The parties do not believe that discovery concerning these subjects should be conducted in a phased or limited manner.

    **4.    Other Orders.**

The parties intend to submit a proposed Stipulated Protective Order to govern the treatment of confidential information in this action.

**K.    DISCOVERY CUT-OFF**

The parties propose an eight-month period for the completion of fact discovery, ending on March 28, 2014, including resolution of all discovery motions.

**L.    EXPERT DISCOVERY**

The parties currently believe that expert discovery will not be required in this action, but reserve the right to have experts, if appropriate. Proposed deadlines for expert discovery are included in Exhibit A.

**M.    SUMMARY JUDGMENT AND MOTIONS *IN LIMINE***

Chang believes that it is likely that his ownership interest in the 2013 patent applications can be determined by summary judgment.

Biosuccess cannot anticipate which issues may be resolved through summary judgment at this stage of the proceedings.

The parties agree that it is premature to identify what, if any, issues in this case may be the subject of motions *in limine*.

## N. SETTLEMENT

The parties attempted to arrange for a discussion about settlement at or about the time the Complaint was filed in February 2013, but were unsuccessful. At the end of May, counsel for the parties began an exchange of emails to attempt to schedule a meeting to discuss settlement, but no meeting has yet been scheduled.

Pursuant to Local Rule 16-15.4, the parties believe that ADR Procedure No. 3 (private mediation) is most appropriate for this matter.

## O. TRIAL ESTIMATE

Chang has requested a jury. Chang anticipates that he will call 3-5 fact witnesses to testify at trial. Biosuccess anticipates that it will call 3-5 fact witnesses to testify at trial. Chang estimates that trial will take five (5) court days. Biosuccess is proposing 5-7 days and counsel will discuss in detail the reasons at the Scheduling Conference.

## P. TRIAL COUNSEL

Attorneys for Chang:

    Jeffrey J. Zuber
    Zuber Lawler & Del Duca LLP

    Mark H. Bloomberg
    Zuber Lawler & Del Duca LLP
    New York Office – To be admitted *pro hac vice*

Attorneys for Biosuccess:

    Enoch H. Liang
    Heather F. Auyang
    Lisa J. Chin
    Lee Tran & Liang APLC

**Q.** **INDEPENDENT EXPERT OR MASTER**

The parties do not believe that this is a case in which the Court should consider appointing a Master or an independent scientific expert.

**R.** **TIMETABLE**

See attached Exhibit A.

**S.** **OTHER ISSUES**

English is not the first language of some of the witnesses in this action, which may result in their depositions taking longer than seven hours to complete.

Some of the likely witnesses who will be deposed in this action are located in Asia, and Richard Chang is located in New Jersey. Chang proposes that the parties bring witnesses under their control to this District for deposition, including Biosuccess' 30(b)(6) witnesses, Fred Wu and Richard Chang.

In addition, the parties anticipate that many of the documents that will be produced in this action are in Chinese, which may delay the scheduling of depositions after documents are produced and which may result in depositions taking longer than usual to complete.

**T.** **PATENT CASES**

Although patents are involved in this case, the issue is the ownership of the patents, not the meaning of claim terms or the application of those terms to accused products (to determine infringement) or to prior art (to determine invalidity). Accordingly, at this time, the parties do not believe that there will be any need for claim construction or a *Markman* hearing in this action, but reserve the right to request the Court to consider issues of claim construction that may arise.

/ / /

/ / /

/ / /

/ / /

**U.     CONSENT TO TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial before a Magistrate Judge.

Dated: June 14, 2013                    Respectfully submitted:

**ZUBER LAWLER & DEL DUCA LLP**
JEFFREY J. ZUBER


By:  */s/ Jeffrey J. Zuber*
Attorneys for Plaintiff
RICHARD L. CHANG


Dated: June 14, 2013                    Respectfully submitted:

**LEE TRAN & LIANG APLC**
ENOCH H. LIANG


By:  */s/ Enoch H. Liang*
Attorneys for Defendant
BIOSUCCESS BIOTECH, CO., LTD.

1913-1002 / 321891.1

# EXHIBIT A

**SCHEDULE OF PRETRIAL AND TRIAL DATES**

| Case No.: | 2:13-cv-01340-JAK-AN |
|---|---|
| Case Name: | Richard L. Chang v. Biosuccess Biotech Co. Ltd. et al. |

| Matter | Plaintiff Request | Defendant Request | Court Order |
|---|---|---|---|
| [X] Jury Trial [ ] Court Trial: **(Tuesday at 9:00 a.m.)**<br><br>Duration Estimate: ____ Days / ____ Weeks | 5 Days<br><br>7/15/14 | 5-7 Days<br><br>7/15/14 | |
| Status Conference re Exhibits: **(Friday at 3:00 p.m.)**<br><br>Friday before the trial date | 7/11/14 | 7/11/14 | |
| Final Pretrial Conference re Exhibits: **(Monday at 3:00 p.m.)**<br><br>2 weeks before the trial | 6/30/14 | 6/30/14 | |
| Post Mediation Status Conference **(Monday at 1:30 p.m.)**<br><br>30 days before the cut-off date | 2/24/14 | 2/24/14 | |

| Matter | Weeks Before Trial | Plaintiff Request | Defendant Request | Court Order |
|---|---|---|---|---|
| Last Date to Amend Pleadings/Add Parties | | 8/30/13 | 8/30/13 | |
| Non-Expert Discovery Cut-Off | 16 | 3/28/14 | 3/28/14 | |
| Expert Disclosure (initial) | 15 | 4/4/14 | 4/4/14 | |
| Expert Disclosure (rebuttal) | 11 | 5/2/14 | 5/2/14 | |
| Last Date to Conduct Settlement Conference | 10 | 5/9/14 | 5/9/14 | |
| Expert Discovery Cut-Off | 8 | 5/23/14 | 5/23/14 | |
| Last Date to Hear Motions | 8 | 5/23/14 | 5/23/14 | |

| Settlement Procedure Selection<br>(ADR-12 Form will be completed by Court):<br>1.   Magistrate Judge<br>2.   Attorney Settlement Officer Panel<br>3.   Outside ADR/Non-Judicial | 3 | 3 | |
|---|---|---|---|

1913-1002 / 321892.1

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, California 90017.

On June 14, 2013, I served true copies of the following document(s) described **JOINT RULE 16(b) REPORT** on the interested parties in this action as follows:

LEE TRAN & LIANG APLC
Enoch H. Liang (SBN 212324)
enoch.liang@ltlattorneys.com
Heather F. Auyang (SBN 191776)
heather.auyang@ltlw.com
Lisa J. Chin (SBN 259793)
lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
Telephone: (213) 612-3737
Facsimile: (213) 612-3773
*Attorneys for Defendant*
*Biosuccess Biotech, Co., Ltd.*

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 14, 2013, at Los Angeles, California.

　　　　　　　　　　　　/s/ Lani Martinez
　　　　　　　　　　　　Lani Martinez