**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | Richard L. Chang v. Biosuccess Biotech, Co., Ltd., et al. | | |

Present: The Honorable   JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Alex Joko |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Jeffrey J. Zuber | Enoch H. Liang |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. 13)**

**SCHEDULING CONFERENCE**

The motion hearing is held. The Court states its tentative views that it is inclined to deny Defendant's Motion to Dismiss Plaintiff's Complaint (the "Motion"). Plaintiff and a non-party ("Han") signed a single contract with Defendant in which each assigned certain patent interests. The Court is inclined to conclude that, pursuant to Civil Rule 19(a), Han is a necessary party to this action. Thus, because the scope and viability of that contract is being challenged in this action, Han is a party who required to be joined if it is feasible because his rights could be affected by determinations made in this action. However, the Court also states its tentative view that joinder is not feasible. Thus, there has been no showing that Han, a citizen of China, is subject to personal jurisdiction in this Court. A consideration of the four factors set forth in Civil Rule 19(b) does not support the conclusion that this action cannot proceed among the existing parties such that, in equity and good conscience, it should be dismissed.

Under Civil Rule 19(b), the factors to be considered are:

> **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> **(2)** the extent to which any prejudice could be lessened or avoided by:
> > **(A)** protective provisions in the judgment;
> > **(B)** shaping the relief; or
> > **(C)** other measures;
> **(3)** whether a judgment rendered in the person's absence would be adequate; and
> **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

The showing as to prejudice is largely theoretical and does not outweigh the three other factors in these circumstances. Han has the right to license the patent or to assign his own interest. Defendant submitted a declaration of Han as part of its moving papers. Dkt. 13-2. This indicates that Han is aware of this litigation and could elect to participate. Further, he may testify as a non-party witness in this action whether by a personal appearance to do so, or through his deposition. Plaintiff's Opposition takes the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV13-01340 JAK (ANx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | Richard L. Chang v. Biosuccess Biotech, Co., Ltd., et al. | | |

position that the relief sought in this action is limited to Plaintiff's ownership interest in the patent only. No showing has been made that any alternative forum is available where all parties could be joined. For these reasons, the Court is inclined to conclude that Defendant has not met its burden of persuasion that this action should be dismissed. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

Counsel address the Court. Defendant submits on the Court's tentative views, with the understanding that a defect with Rule 19(b) can be raised as part of a Civil Rule 12(c) motion or at trial, pursuant to Civil Rule 12(h)(2). The Court states that its ruling would be without prejudice to such a motion.

The Court adheres to its tentative views and DENIES the Motion without prejudice to the issue being renewed at a future time based on new or different circumstances or evidence.

The scheduling conference is held. The Court confers with counsel regarding the status of the case and the parties' June 14, 2013 Joint Report and sets the following deadlines:

| | |
|---|---|
| July 31, 2013: | Last day to amend or add parties |
| August 30, 2013: | Last day to participate in a settlement conference/mediation |
| September 9, 2013 at 1:30 p.m.: | Post Mediation Status Conference and Status Conference Regarding Discovery Progress |
| January 31, 2014: | Non-Expert Discovery Cut-Off |
| February 7, 2014: | Initial Expert Disclosures |
| February 21, 2014: | Rebuttal Expert Disclosures |
| March 14, 2014: | Expert Discovery Cut-Off |
| March 10, 2014: | Last day to hear motions |
| April 28, 2014 at 3:00 p.m.: | Final Pretrial Conference / Motions in Limine |
| May 9, 2014 at 3:00 p.m.: | Status Conference re Exhibits |
| May 13, 2014 at 9:00 a.m.: | Jury Trial (est. 5-7 days) |

The Court grants the parties' request to participate in a settlement conference/mediation with a private neutral. The parties are ordered to have a representative with authority to make final decisions as to this matter present at the settlement conference/mediation. If a settlement is reached, the parties are ordered to file a notice of settlement, with a proposed date by which the matter will be dismissed. No appearance will be required on September 9, 2013, if such notice is filed on or before August 30, 2013. If a notice of settlement is not filed, counsel shall file a joint report by August 30, 2013, regarding: (i) the status of settlement and whether a second session would be productive; and (ii) the status of the case, including

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | June 24, 2013 |
|---|---|---|---|
| Title | Richard L. Chang v. Biosuccess Biotech, Co., Ltd., et al. | | |

what discovery has been completed and whether any further discovery is necessary and, if such discovery can be concluded by the discovery cut-off dates set by the Court. The parties may present, and if they do, the Court will consider, potential modifications to the pre-trial schedule in light of the additional time required given the overseas discovery process. The joint report shall not disclose any substantive contents of any settlement communications between the parties.

Counsel for all parties shall comply with this Court's standing orders with respect to documents to be prepared and filed in connection with the Final Pretrial Conference.

**IT IS SO ORDERED.**

|  | : | 21 |
|---|---|---|
| Initials of Preparer | ak | |