**FILED**

2013 AUG 19  PM 3: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
LOS ANGELES

BY _____

**ORIGINAL**

1  JEFFREY J. ZUBER (SBN 220830)
   *jzuber@zuberlaw.com*
2  **ZUBER LAWLER & DEL DUCA LLP**
   777 S. Figueroa Street, 37th Floor
3  Los Angeles, California 90017
   Telephone: (213) 596-5620
4  Facsimile: (213) 596-5621

5  Attorneys for Plaintiff RICHARD L. CHANG

6

7

8               **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  RICHARD L. CHANG,                    CASE NO. CV13-01340-JAK (ANx)

12          Plaintiff,                   **ANSWER TO COUNTERCLAIMS
                                         AND CONDITIONAL
13      v.                               COUNTERCLAIM**

14  BIOSUCCESS BIOTECH, CO., LTD
    and DOES 1 through 50, Inclusive,
15
            Defendants.
16  ─────────────────────────────

17  BIOSUCCESS BIOTECH, CO., LTD.,
    and DOES 1 through 10,
18
            Counterclaimants,
19
        v.
20
    RICHARD CHANG,
21
            Counterdefendant.
22

23

24      Plaintiff Richard L. Chang ("Mr. Chang"), by and through his undersigned

25  counsel, responds to the averments of Defendant Biosuccess Biotech, Co. Ltd.'s

26  ("Biosuccess'") Counterclaims as follows, and hereby brings Conditional

27  Counterclaims against Biosuccess:

28

# ANSWER TO COUNTERCLAIMS

## PARTIES

1.    Mr. Chang admits the averments of Paragraph 1 of the Counterclaims upon information and belief.

2.    Mr. Chang admits the averments of Paragraph 2 of the Counterclaims.

## JURISDICTION AND VENUE

3.    Mr. Chang admits the averments of Paragraph 3 of the Counterclaims as to Count I, and denies each of the other averments of Paragraph 3 of the Counterclaims as to the other Counts of the Counterclaims.

4.    Mr. Chang admits the averments of Paragraph 4 of the Counterclaims as to Count I, and denies each of the other averments of Paragraph 4 of the Counterclaims as to the other Counts of the Counterclaims.

5.    Mr. Chang admits the averments of Paragraph 5 of the Counterclaims as to Count I, and denies each of the other averments of Paragraph 5 of the Counterclaims.

6.    Mr. Chang admits the averments of Paragraph 6 of the Counterclaims as to Count I, and denies each of the other averments of Paragraph 6 of the Counterclaims.

7.    Mr. Chang admits that venue is proper in this jurisdiction as to Count I, and denies each of the other averments of Paragraph 7 of the Counterclaims.

## GENERAL ALLEGATIONS

8.    Mr. Chang admits that he entered into negotiations with Biosuccess around 2006 to discuss certain of his patent rights, including his rights to the '814 patent; admits that Dr. Han is not a party to this action; admits, on information and belief, that Dr. Han entered into negotiations with Biosuccess around 2006 to discuss patent rights, including rights to the '814 patent; and denies each of the other averments of Paragraph 8 of the Counterclaims.

9.     Mr. Chang admits that, at the time of the 2006 negotiations with Biosuccess, he was an owner of rights, title and interest to the '814 patent; admits that, at the time of the 2006 negotiations with Biosuccess, Dr. Han was a named inventor of the '814 patent; admits that the '814 patent is titled "Phorbal Esters As Anti-Neoplastic And White Blood Cell Elevating Agents;" admits that the '814 patent describes treatment of leukemia; denies that no patent applications claiming priority to the '814 patent were ever filed; and denies each of the other averments of Paragraph 9 of the Counterclaims.

10.     Mr. Chang admits that, at the time of the 2006 negotiations with Biosuccess, he was an owner of rights, title and interest to the International Applications; admits that, at the time of the 2006 negotiations with Biosuccess, Dr. Han was a named inventor of the International Applications; admits that the International Applications describe treatment of leukemia; and denies each of the other averments of Paragraph 10 of the Counterclaims.

11.     Mr. Chang admits that he signed the Assignment Of Patent Right & Assignment Of Right Of Patent Application Agreement ("the October 2006 Agreement) on or about October 12, 2006; admits that he is jointly referred to as "ASSIGNOR" in the October 2006 Agreement; admits, on information and belief, that Dr. Han signed the October 2006 Agreement on or about October 12, 2006; admits that Dr. Han is jointly referred to as "ASSIGNOR" in the October 2006 Agreement; admits, on information and belief, that Fred Wu signed the October 2006 Agreement on behalf of Biosuccess on or about October 12, 2006; admits that Biosuccess is referred to as "ASSIGNEE" in the October 2006 Agreement; admits, on information and belief, that the October 2006 Agreement is attached as Exhibit A to Biosuccess' Motion to Dismiss; and denies each of the other averments of Paragraph 11 of the Counterclaims.

12.     Mr. Chang admits that a document titled Assignment Of Patent Right & Assignment Of Right Of Patent Application Agreement is dated August 30, 2006

("the August 2006 Agreement"); admits, on information and belief, that a copy of the August 2006 Agreement is attached as Exhibit A to Biosuccess' Answer and Counterclaim; and denies each of the other averments of Paragraph 12 of the Counterclaims.

13. Mr. Chang denies each of the averments of Paragraph 13 of the Counterclaims.

14. Mr. Chang admits that the language of the October 2006 Agreement is not identical to the language of the August 2006 Agreement, including but not limited to the language of Section 3.1(a) of those agreements; and denies each of the other averments of Paragraph 14 of the Counterclaims.

15. Mr. Chang admits that the October 2006 Agreement provides for a limited, contingent assignment of patent rights to Biosuccess and requires various payments to be made to Mr. Chang and to Dr. Han; and denies each of the other averments of Paragraph 15 of the Counterclaims.

16. Mr. Chang admits that Section 3.2(b) of the October 2006 Agreement states, in part, "Consulting fees: US$250,000 annually be paid evenly on quarterly basis and the CONSIGNOR is required to take on the following position namely, which could be subject to change as company grows: Professor Richard L. Chang – CTO, companywide;" admits that Section 3.2(b) of the August 2006 Agreement states, in part, "Consulting fees: At least US$250,000 annually or market compatible compensation to be paid and the CONSIGNOR is required to take on the following company headquarter positions namely, which could be subject to change as company grows and market evolves: Professor Richard L. Chang – CSO;" and denies each of the other averments of Paragraph 16 of the Counterclaims.

17. Mr. Chang denies each of the averments of Paragraph 17 of the Counterclaims.

18. Mr. Chang denies each of the averments of Paragraph 18 of the Counterclaims.

19. Mr. Chang states that he lacks knowledge or information sufficient to form a belief about the state of mind of Dr. Han, and accordingly denies the averments of Paragraph 19 concerning that state of mind; and denies each of the other averments of Paragraph 19 of the Counterclaims.

20. Mr. Chang states that he lacks knowledge or information sufficient to form a belief about the state of mind of Biosuccess, and accordingly denies the averments of Paragraph 20 concerning that state of mind; and denies each of the other averments of Paragraph 20 of the Counterclaims.

21. Mr. Chang states that he lacks knowledge or information sufficient to form a belief about the state of mind of Biosuccess, and accordingly denies the averments of Paragraph 21 concerning that state of mind; and denies each of the other averments of Paragraph 21 of the Counterclaims.

22. Mr. Chang states that he lacks knowledge or information sufficient to form a belief about the state of mind of Biosuccess, and accordingly denies the averments of Paragraph 22 concerning that state of mind; and denies each of the other averments of Paragraph 22 of the Counterclaims.

23. Mr. Chang admits that his son's duties as an officer of the U.S. Subsidiary included some responsibility for filing patent applications; denies that those duties included any responsibility for the International Patent Applications; and denies each of the other averments of Paragraph 23 of the Counterclaims.

24. Mr. Chang states that he lacks knowledge or information sufficient to form a belief about the state of mind of the Board of Directors and other shareholders of Biosuccess, and accordingly denies the averments of Paragraph 24 concerning that state of mind; and denies each of the other averments of Paragraph 24 of the Counterclaims.

25. Mr. Chang admits, on information and belief, that Biosuccess has invested some money to pursue clinical trials related to the '814; denies that Biosuccess has achieved any success; admits, on information and belief, that Phase

5

1 || II clinical trials are ongoing; and denies each of the other averments of Paragraph 25
2 || of the Counterclaims.

3       26.     Mr. Chang denies each of the averments of Paragraph 26 of the
4 || Counterclaims.

5       27.     Mr. Chang admits that he received some funds from Biosuccess, which
6 || are substantially less than what Biosuccess owes him under the October 2006
7 || Agreement, a substantial portion of which were returned to Biosuccess; admits that
8 || Biosuccess purportedly recognized him at one time as a shareholder; admits that he
9 || was appointed at one time to Biosuccess' Board of Directors; admits he was
10 || appointed at one time as the CTO/CSO of Biosuccess; and denies each of the other
11 || averments of Paragraph 27 of the Counterclaims.

12      28.     Mr. Chang denies each of the averments of Paragraph 28 of the
13 || Counterclaims.

14      29.     Mr. Chang denies each of the averments of Paragraph 29 of the
15 || Counterclaims.

16      30.     Mr. Chang denies each of the averments of Paragraph 30 of the
17 || Counterclaims.

18      31.     Mr. Chang denies each of the averments of Paragraph 31 of the
19 || Counterclaims.

20      32.     Mr. Chang admits that his son was registered as a managing member of
21 || the U.S. subsidiary of Biosuccess at one time for the limited purpose of making
22 || required payments on behalf of the U.S. subsidiary to the State of Nevada; and
23 || denies each of the other averments of Paragraph 32 of the Counterclaims.

24      33.     Mr. Chang admits that the International Patent Applications had
25 || expired by 2012; states that he lacks knowledge or information sufficient to form a
26 || belief about the state of mind of Biosuccess, and accordingly denies the averments
27 || of Paragraph 33 concerning that state of mind; and denies each of the other
28 || averments of Paragraph 33 of the Counterclaims.

34.  Mr. Chang admits Biosuccess terminated his appointment as the CTO/CSO of Biosuccess and his son's employment at Biosuccess' U.S. subsidiary in January 2013; and denies each of the other averments of Paragraph 34 of the Counterclaims.

35.  Mr. Chang admits that his attorneys sent a notice of breach of the October 2006 Agreement and demand for cure to Biosuccess on January 22, 2013; admits that the January 22, 2013 letter refers to some of the bases of Biosuccess' breach of the October 2006 Agreement; and denies each of the other averments of Paragraph 35 of the Counterclaims.

36.  Mr. Chang admits Dr. Han did not participate in the January 22, 2013 notice of breach and demand for cure; and denies each of the other averments of Paragraph 36 of the Counterclaims.

## COUNT I

### (Declaratory Relief on Written Contract)

37.  Mr. Chang repeats his responses to the averments of Paragraphs 1-36 of the Counterclaims.

38.  Mr. Chang admits that an actual controversy exists between Biosuccess and Chang with respect to the subject matter of Count I of the Counterclaims.

39.  Mr. Chang admits that the October 2006 Agreement is controlling; and denies each of the other averments of Paragraph 39 of the Counterclaims.

40.  Mr. Chang admits that the October 2006 Agreement can, and has, been terminated as to his rights; and denies each of the other averments of Paragraph 40 of the Counterclaims.

41.  Mr. Chang denies each of the averments of Paragraph 41 of the Counterclaims.

42.  Mr. Chang; states that he lacks knowledge or information sufficient to form a belief about the state of mind of Biosuccess, and accordingly denies the averments of Paragraph 42 concerning that state of mind; admits, on information

1  and belief, that Biosuccess has invested some funds and resources in development

2  and clinical trials; and denies each of the other averments of Paragraph 42 of the

3  Counterclaims.

4      43.   Mr. Chang admits that Biosuccess seeks the relief set forth in

5  Paragraph 43 of the Counterclaims; and denies each of the other averments of

6  Paragraph 43 of the Counterclaims.

7                           **COUNT II**

8      **(Breach of Contract – Failure to Fulfill Duties as the CTO/CSO)**

9      44.   Mr. Chang repeats his responses to the averments of Paragraphs 1-43 of

10  the Counterclaims.

11     45.   Mr. Chang admits that Section 3.2(b) of the October 2006 Agreement

12  states, in part, "Consulting fees: US$250,000 annually be paid evenly on quarterly

13  basis and the CONSIGNOR is required to take on the following position namely,

14  which could be subject to change as company grows: Professor Richard L. Chang –

15  CTO, companywide;" admits that Section 3.2(b) of the August 2006 Agreement

16  states, in part, "Consulting fees: At least US$250,000 annually or market compatible

17  compensation to be paid and the CONSIGNOR is required to take on the following

18  company headquarter positions namely, which could be subject to change as

19  company grows and market evolves: Professor Richard L. Chang – CSO;" and

20  denies each of the other averments of Paragraph 45 of the Counterclaims.

21     46.   Mr. Chang denies each of the averments of Paragraph 46 of the

22  Counterclaims.

23     47.   Mr. Chang denies each of the averments of Paragraph 47 of the

24  Counterclaims.

25     48.   Mr. Chang denies each of the averments of Paragraph 48 of the

26  Counterclaims.

27     49.   Mr. Chang denies each of the averments of Paragraph 49 of the

28  Counterclaims.

50.    Mr. Chang denies each of the averments of Paragraph 50 of the Counterclaims.

51.    Mr. Chang denies each of the averments of Paragraph 51 of the Counterclaims.

52.    Mr. Chang denies each of the averments of Paragraph 52 of the Counterclaims.

## COUNT III

**(Breach of Contract – Assignment of the International Patent Applications)**

53.    Mr. Chang repeats his responses to the averments of Paragraphs 1-52 of the Counterclaims.

54.    Mr. Chang admits that Section 1.3 of the October 2006 Agreement includes the International Patent Applications as part of the Patent Rights that are subject to the limited, contingent assignment to Biosuccess; states that he lacks knowledge or information sufficient to form a belief about the state of mind of Biosuccess, and accordingly denies the averments of Paragraph 54 concerning that state of mind; and denies each of the other averments of Paragraph 54 of the Counterclaims.

55.    Mr. Chang states that he lacks knowledge or information sufficient to form a belief about the state of mind of Biosuccess, and accordingly denies the averments of Paragraph 55 concerning that state of mind; and denies each of the other averments of Paragraph 55 of the Counterclaims.

56.    Mr. Chang admits that the International Patent Applications had expired by 2012; states that he lacks knowledge or information sufficient to form a belief about the knowledge of Biosuccess, and accordingly denies the averments of Paragraph 56 concerning that knowledge; and denies each of the other averments of Paragraph 56 of the Counterclaims.

57.    Mr. Chang denies each of the averments of Paragraph 57 of the Counterclaims.

1  58.  Mr. Chang denies each of the averments of Paragraph 58 of the
2  Counterclaims.

3  59.  Mr. Chang denies each of the averments of Paragraph 59 of the
4  Counterclaims.

5  60.  Mr. Chang denies each of the averments of Paragraph 60 of the
6  Counterclaims.

7  61.  Mr. Chang denies each of the averments of Paragraph 61 of the
8  Counterclaims.

9  ## COUNT IV

10  ### (Fraud)

11  62.  Mr. Chang repeats his responses to the averments of Paragraphs 1-61 of
12  the Counterclaims.

13  63.  Mr. Chang admits that, on information and belief, patents generally
14  cannot issue from patent applications that have been abandoned; and denies each of
15  the other averments of Paragraph 63 of the Counterclaims.

16  64.  Mr. Chang states that he lacks knowledge or information sufficient to
17  form a belief about the state of mind of Biosuccess, and accordingly denies the
18  averments of Paragraph 64 concerning that state of mind; and denies each of the
19  other averments of Paragraph 64 of the Counterclaims

20  65.  Mr. Chang denies each of the averments of Paragraph 65 of the
21  Counterclaims.

22  66.  Mr. Chang denies each of the averments of Paragraph 66 of the
23  Counterclaims.

24  67.  Mr. Chang admits that he knew members of Biosuccess' Board of
25  Directors prior to October 2006; states that he lacks knowledge or information
26  sufficient to form a belief about the state of mind of Biosuccess or of Biosuccess'
27  Board of Directors, and accordingly denies the averments of Paragraph 67

28

1  concerning that state of mind; and denies each of the other averments of Paragraph
2  67 of the Counterclaims.

3      68.    Mr. Chang denies each of the averments of Paragraph 68 of the
4  Counterclaims.

5      69.    Mr. Chang denies each of the averments of Paragraph 69 of the
6  Counterclaims.

7  

**COUNT V**

8  **(Negligent Misrepresentation)**

9      70.    Mr. Chang repeats his responses to the averments of Paragraphs 1-69 of
10  the Counterclaims.

11     71.    Mr. Chang denies each of the averments of Paragraph 71 of the
12  Counterclaims.

13     72.    Mr. Chang denies each of the averments of Paragraph 72 of the
14  Counterclaims.

15     73.    Mr. Chang states that he lacks knowledge or information sufficient to
16  form a belief about the state of mind of Biosuccess, and accordingly denies the
17  averments of Paragraph 73 concerning that state of mind; and denies each of the
18  other averments of Paragraph 73 of the Counterclaims

19     74.    Mr. Chang denies each of the averments of Paragraph 74 of the
20  Counterclaims.

21     75.    Mr. Chang denies each of the averments of Paragraph 75 of the
22  Counterclaims.

23  

**COUNT VI**

24  **(Unjust Enrichment)**

25     76.    Mr. Chang repeats his responses to the averments of Paragraphs 1-75 of
26  the Counterclaims.

27     77.    Mr. Chang denies each of the averments of Paragraph 77 of the
28  Counterclaims.

78.     Mr. Chang denies each of the averments of Paragraph 78 of the Counterclaims.

### COUNT VII

### (Breach of Fiduciary Duty)

79.     Mr. Chang repeats his responses to the averments of Paragraphs 1-78 of the Counterclaims.

80.     Mr. Chang admits that, at some points in time, he was purportedly a shareholder, an officer, and a member of the Board of Directors of Biosuccess, and, at some points in time, had a fiduciary duty to Biosuccess; and denies each of the other averments of Paragraph 80 of the Counterclaims.

81.     Mr. Chang denies each of the averments of Paragraph 81 of the Counterclaims.

82.     Mr. Chang denies each of the averments of Paragraph 82 of the Counterclaims.

### AFFIRMATIVE DEFENSES

1.     Biosuccess' Counterclaims fail to state a claim upon which relief may be granted.

2.     Biosuccess' Counterclaims are barred for lack of subject matter jurisdiction.

3.     Mr. Chang has not breached any agreement with Biosuccess, including but not limited to the October 2006 Agreement.

4.     Mr. Chang has fulfilled all of his duties to Biosuccess as the CTO and the CSO of Biosuccess.

5.     Mr. Chang has fulfilled all of his duties as required by his agreements with Biosuccess, including but not limited to all duties required by the contingent assignment under the October 2006 Agreement.

1    6.    Mr. Chang has not made any false or misleading representations to

2  Biosuccess and has not concealed any material facts or information from

3  Biosuccess.

4    7.    Mr. Chang has not breached any fiduciary duties owed to Biosuccess.

5    8.    Biosuccess' Counterclaims are barred because Biosuccess breached the

6  terms of the October 2006 Agreement, precluding any award of damages or

7  equitable relief to Biosuccess.

8    9.    Biosuccess' Counterclaims are barred because Biosuccess breached the

9  implied covenant of good faith and fair dealing that runs with the October 2006

10  Agreement, precluding any award of damages or equitable relief to Biosuccess.

11    10.    Biosuccess' Counterclaims are barred because Biosuccess breached the

12  October 2006 Agreement, preventing Mr. Chang from performing and discharging

13  his obligations under the October 2006 Agreement.

14    11.    Biosuccess' Counterclaims are barred because Biosuccess failed to

15  fulfill conditions precedent under the October 2006 Agreement.

16    12.    Biosuccess' Counterclaims are barred under the parole evidence rule

17  because they are based on alleged oral statements that purport to modify the terms of

18  the October 2006 Agreement.

19    13.    Biosuccess' Counterclaims are barred by Biosuccess' negligent

20  conduct, which caused its alleged loss and harm.

21    14.    Biosuccess' Counterclaims are barred under the doctrine of waiver.

22    15.    Biosuccess' Counterclaims are barred under the doctrine of equitable

23  estoppel.

24    16.    Biosuccess' Counterclaims are barred under the doctrine of laches.

25    17.    Biosuccess' Counterclaims are barred under the doctrine of unclean

26  hands.

27    18.    Biosuccess' Counterclaims are barred und the doctrines of

28  acquiescence and ratification.

19. Biosuccess' Counterclaims are barred because Biosuccess was fully aware of, and consented to, all of the alleged acts and conduct of Mr. Chang upon which the Counterclaims are based.

20. Biosuccess' Counterclaims are barred because every action taken with respect to the conduct complained of in the Counterclaims was justified.

21. Biosuccess' Counterclaims are barred because Biosuccess has failed to mitigate any damages it may have suffered.

22. Biosuccess' Counterclaims are barred because the damages it seeks are remote and speculative.

23. Biosuccess' Counterclaims are barred because the recovery that Biosuccess seeks would result in unjust enrichment.

24. Biosuccess' Counterclaims are barred because of lack of causation between the damages Biosuccess seeks and the conduct of Mr. Chang that Biosuccess alleges.

25. Biosuccess' Counterclaims for injunctive relief are barred because Biosuccess has not suffered irreparable harm.

26. Biosuccess' Counterclaims for injunctive relief are barred because Biosuccess would have a complete and adequate remedy at law for any injury it may have suffered.

## CONDITIONAL COUNTERCLAIMS

### COUNT I

### (Breach of Contract)

Mr. Chang, for his Conditional Counterclaim in response to Biosuccess' Counterclaims for breach of contract, avers as follows:

### PARTIES

1. Plaintiff Richard L. Chang ("Mr. Chang") is an individual residing at 107 Konner Avenue, Pine Brook, New Jersey.

2.     On information and belief, Defendant Biosuccess Biotech Co., Ltd. ("Biosuccess") is a corporation organized and existing under the laws of the Cayman Islands, with a principal place of business in the United States at 3333 Bowers Ave., Suite 201, Santa Clara, California, 95054.

## JURISDICTION AND VENUE

3.     Mr. Chang's Complaint in this action is for a declaratory judgment seeking a declaration that Mr. Chang is an owner of three patent applications filed in 2013 on which he is named as a joint inventor, for a declaration that Biosuccess is not entitled to direct prosecution before the United States Patent and Trademark Office of Mr. Chang's interest in those applications, and for an injunction prohibiting Biosuccess from interfering with the prosecution of Mr. Chang's patent applications by directing the patent attorney who filed those applications not to communicate with Mr. Chang.

4.     Counts II, III and VI of Biosuccess' Counterclaims ("Biosuccess' Breach Of Contract Counterclaims") in this action are directed, in part, to Mr. Chang's alleged breach of contract.

5.     The Court does not have subject matter jurisdiction over Biosuccess' Breach Of Contract Counterclaims under 28 U.S.C. § 1367 because they are not so related to Mr. Chang's claims in the Complaint that they form part of the same case or controversy.

6.     Biosuccess' Breach Of Contract Counterclaims do not arise out of the same transaction or occurrence that is the subject matter of Mr. Chang's claims in the Complaint.

7.     If Biosuccess' Breach Of Contract Counterclaims are included in this action, the Court would have subject matter jurisdiction over Mr. Chang's Conditional Counterclaim for breach of contract under 28 U.S.C. § 1367 because it is so related to Biosuccess' Breach Of Contract Counterclaims that it forms part of the same case or controversy.

8. Mr. Chang's Conditional Counterclaim for breach of contract arises out of the same transaction or occurrence that is the subject matter of Biosuccess' Breach Of Contract Counterclaims.

9. If Biosuccess' Breach Of Contract Counterclaims are included in this action, venue in this Court over Mr. Chang's Conditional Counterclaim for breach of contract would be proper under 28 U.S.C. § 1391.

## **FACTUAL BACKGROUND**

10. Mr. Chang is a named inventor of numerous inventions relating to the treatment of diseases, including United States Patent No. 6,063,814 (the "814 patent"), which duly and legally issued on May 16, 2000.

11. On October 12, 2006, Mr. Chang entered into an agreement entitled "Assignment of Patent Right & Assignment of Right of Patent Application Agreement" (the "October 2006 Agreement") whereby he agreed to an assignment of his interest in the '814 patent to Biosuccess, contingent upon certain specified consideration.

12. The October 2006 Agreement provides for the contingent assignment of the "Patent Rights," which include the '814 patent and applications based on the application that issued as the '814 patent (Section 1.3), and of the "Right of Patent Application," which is defined as "the new filing of US patent application for HIV/AIDS," and "subsequent patent applications to be filed in other countries other than the United States" (Section 1.4).

13. Section 5.1 of the October 2006 Agreement provides that "The Agreement shall be considered to be completed in terms of assignment of patent right and right of patent application to the ASSIGNEE as soon as the fulfillment of Section 3.1.a and 3.1.b by the ASSIGNEE, unless terminated sooner pursuant to the provisions of the Agreement."

14. Biosuccess failed to make the payments required by Section 3.1.a.

15. Biosuccess breached Sections 3.1a(1) and (2) of the October 2006 Agreement, which require Biosuccess to pay Mr. Chang his portion of $2,000,000, none of which was paid.

16. On January 18, 2013, Biosuccess, through its Chairman of the Board, Fred Wu, sent a letter to Mr. Chang notifying Mr. Chang that his position as Chief Scientific Officer "is terminated starting 1/1/13," and disclaiming that Mr. Chang was a shareholder in Biosuccess.

17. Biosuccess breached Section 3.1b of the October 2006 Agreement, which requires Biosuccess to issue to Mr. Chang an equal portion of thirty-six percent (36%) of Biosuccess' equity. Biosuccess may never have validly issued such equity to Mr. Chang, and Biosuccess disclaimed issuing any such equity to Mr. Chang in its January 18, 2013 letter to Mr. Chang.

18. Biosuccess breached Section 3.2b of the October 2006 Agreement, which requires Biosuccess to pay Mr. Chang no less than $125,000 annually as compensation for his employment by Biosuccess as CTO, which was changed to CSO.

19. Biosuccess breached Section 3.3 of the October 2006 Agreement, which requires Biosuccess to provide Mr. Chang with detailed semi-annual reports and to hold meetings with Mr. Change quarterly, neither of which obligation Biosuccess complied with on a regular basis during the term of the October 2006 Agreement.

20. Biosuccess breached Section 3.4 of the October 2006 Agreement, which requires Biosuccess to provide Mr. Chang with the right to conduct an audit of Biosuccess' financial statement, none of which were ever provided to Mr. Chang or made available for audit, notwithstanding repeated requests.

21. Section 5.3 of the October 2006 Agreement provides for termination in the event of breach.

22.     On January 22, 2013, Mr. Chang, through his attorneys, sent a letter to Biosuccess notifying Biosuccess that Biosuccess had breached the October 2006 Agreement.

23.     Biosuccess failed to cure the breaches outlined in the January 22 letter, and Mr. Chang terminated the October 2006 Agreement by letter dated March 25, 2013, "effective immediately."

24.     Because Biosuccess failed to fulfill Sections 3.1a and 3.1b of the October 2006 Agreement prior to termination of the October 2006 Agreement pursuant to Section 5.3, the assignment of "patent right and right of patent application to the ASSIGNEE" from Mr. Chang to Biosuccess was not completed pursuant to Section 5.1 of the October 2006 Agreement.

25.     As a direct and proximate cause of Biosuccess' breach of the October 2006 Agreement, Biosuccess substantially diminished the value of the intellectual property that Mr. Chang conditionally assigned to Biosuccess under the October 2006 Agreement and the value of the ownership interest in Biosuccess to which Mr. Chang was entitled under the October 2006 Agreement.

26.     Mr. Chang has suffered and will continue to suffer substantial damages as a result of Biosuccess' breach of the October 2006 Agreement, and Mr. Chang has been damaged in an amount to be determined at trial, including attorney's fees and the costs of suit.

27.     On or about November 14, 2006, Biosuccess filed an assignment of the '814 patent in the United States Patent and Trademark Office. On information and belief that assignment was filed based on the contingent assignment set forth in the October 2006 Agreement.

28.     Biosuccess failed to pay Mr. Chang the consideration required by the October 2006 Agreement for the contingent assignment of Mr. Chang's rights to the '814 patent, and the assignment filed by Biosuccess of Mr. Chang's ownership interest in the '814 patent is null and void.

29.     On January 31, 2007, the provisional patent application 60/898,810, listing Mr. Chang as a named inventor was filed in the United States Patent and Trademark Office.  Provisional application 60/898,810 is directed to HIV/AIDS.

30.     United States patent application 13/595,072, which claims priority from provisional application 60/898,810, is a continuation of United States patent application 12/023,753.  On or about February 17, 2011, Biosuccess filed an assignment of United States patent application 12/023,753 in the United States Patent and Trademark Office.  On information and belief that assignment was filed based on the contingent assignment set forth in the October 2006 Agreement.

31.     Biosuccess failed to pay Mr. Chang the consideration required by the October 2006 Agreement for the contingent assignment of Mr. Chang's rights to provisional application 60/898,810 and to subsequent applications that claim priority to provisional application 60/898,810, including but not limited to United States patent application 12/023,753, and the assignment filed by Biosuccess of Mr. Chang's ownership interest in those applications is null and void.

## COUNT II

### (Negligent Mismanagement)

Mr. Chang, for his Conditional Counterclaim in response to Biosuccess' Counterclaims for negligence, fraud and breach of duty, avers as follows:

32.     Mr. Chang incorporates Paragraphs 1-3 and 10-31 above of his Conditional Counterclaims as if fully set forth herein.

33.     Counts II, IV, V and VII of Biosuccess' Counterclaims ("Biosuccess' Breach Of Duty Counterclaims") in this action are directed, in part, to Mr. Chang's alleged breach of duty to Biosuccess and alleged fraud.

34.     The Court does not have subject matter jurisdiction over Biosuccess' Breach Of Duty Counterclaims under 28 U.S.C. § 1367 because they are not so related to Mr. Chang's claims in the Complaint that they form part of the same case or controversy.

35. Biosuccess' Breach Of Duty Counterclaims do not arise out of the same transaction or occurrence that is the subject matter of Mr. Chang's claims in the Complaint.

36. If Biosuccess' Breach Of Duty Counterclaims are included in this action, the Court would have subject matter jurisdiction over Mr. Chang's Conditional Counterclaim for negligent mismanagement under 28 U.S.C. § 1367 because it is so related to Biosuccess' Breach Of Duty Counterclaims that it forms part of the same case or controversy.

37. Mr. Chang's Conditional Counterclaim for negligent mismanagement arises out of the same transaction or occurrence that is the subject matter of Biosuccess' Breach Of Duty Counterclaims.

38. If Biosuccess' Breach Of Duty Counterclaims are included in this action, venue in this Court over Mr. Chang's Conditional Counterclaim for negligent mismanagement would be proper under 28 U.S.C. § 1391.

39. Biosuccess failed and refused to provide Mr. Chang with detailed semi-annual reports and to hold quarterly meetings with Mr. Change on a regular basis during the term of the October 2006 Agreement, as required by Section 3.3 of the October 2006 Agreement, notwithstanding repeated requests by Mr. Chang.

40. Biosuccess failed and refused to provide Mr. Chang with opportunity to conduct an audit of Biosuccess' financial statement, or to make its records available for audit, during the term of the October 2006 Agreement, as required by Section 3.4 of the October 2006 Agreement, notwithstanding repeated requests by Mr. Chang.

41. Mr. Wu, as Chairman of the Board of Biosuccess, directed Biosuccess' failure and refusal to provide reports to Mr. Chang, failure and refusal to meet regularly with Mr. Chang, and failure and refusal to provide financial statements and make Biosuccess' records available to Mr. Chang in an effort to conceal Mr. Wu's

1 negligent mismanagement in connection with the exploitation of the intellectual
2 property rights that were the subject of the October 2006 Agreement.

3     42.    Paragraph 3.1(b) of the October 2006 Agreement required that Mr.
4 Chang be provided with 18% of Biosuccess' shares.

5     43.    As a direct and proximate cause of Mr. Wu's actions, Biosuccess
6 substantially diminished the value of the intellectual property that was conditionally
7 assigned by Mr. Chang to Biosuccess by the October 2006 Agreement and the value
8 of Mr. Chang's ownership interest in Biosuccess provided by the October 2006
9 Agreement.

10 **PRAYER FOR RELIEF**

11     WHEREFORE, Plaintiff Richard L. Chang prays for judgment against
12 Biosuccess Biotech Co., LTD as follows:

13     A.    Dismissing Biosuccess' Counterclaims with prejudice;

14     B.    Awarding compensatory damages to Mr. Chang for Biosuccess' breach
15 of the October 2006 Agreement;

16     C.    Awarding compensatory damages to Mr. Chang for Biosuccess'
17 negligent mismanagement;

18     D.    Awarding punitive damages to Mr. Chang for Biosuccess' breach of the
19 October 2006 Agreement;

20     E.    Awarding punitive damages to Mr. Chang for Biosuccess' negligent
21 mismanagement;

22     F.    Adjudging that the assignment filed by Biosuccess of Mr. Chang's
23 ownership interest in the '814 patent is null and void;

24     G.    Adjudging that the assignment filed by Biosuccess of Mr. Chang's
25 ownership interest in provisional application 60/898,810 and in subsequent
26 applications that claim priority to provisional application 60/898,810, including but
27 not limited to United States patent application 12/023,753, is null and void;

28

1913-1002 / 333304.1

21

1       H.    Awarding Mr. Chang his costs and disbursements in this action,

2 including his reasonable attorneys' fees; and.

3       I.    Granting such other and further relief as the Court deems just and

4 equitable.

5 Dated: August 19, 2013              Respectfully submitted:

6

7                       **ZUBER LAWLER & DEL DUCA LLP**
                         JEFFREY J. ZUBER

8

9

10              By:                                    
                     Attorneys for Plaintiff RICHARD L.

11                     CHANG

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COUNTERCLAIMS AND CONDITIONAL COUNTERCLAIM

1

## JURY DEMAND

2    Plaintiff hereby demands a trial by jury of all issues triable before a jury.

3

Dated: August 19, 2013                    Respectfully submitted:

4

5                                          **ZUBER LAWLER & DEL DUCA LLP**
                                           JEFFREY J. ZUBER

6

7

8                                  By: _____

9                                      Attorneys for Plaintiff RICHARD L.
                                       CHANG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, California 90017.

On August 19, 2013, I served true copies of the following document(s) described **ANSWER TO COUNTERCLAIMS AND CONDITIONAL COUNTERCLAIM** on the interested parties in this action as follows:

LEE TRAN & LIANG APLC
Enoch H. Liang (SBN 212324)
enoch.liang@ltlattorneys.com
Heather F. Auyang (SBN 191776)
heather.auyang@ltlw.com
Lisa J. Chin (SBN 259793)
lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
Telephone: (213) 612-3737
Facsimile: (213) 612-3773
*Attorneys for Defendant*
*Biosuccess Biotech, Co., Ltd.*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Zuber Lawler & Del Duca LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 19, 2013, at Los Angeles, California.

_____
Lani Martinez