1 | Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
2 | COMPUTERLAW GROUP LLP
401 Florence Street
3 | Palo Alto, CA 94301
(650) 327-9800
4 | (650) 618-1863 fax
jrusso@computerlaw.com
5 | csargent@computerlaw.com

6 | Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Richard L. Chang**, | **Case No. CV13-01340 JAK (ANx)** |
| Plaintiff; | **DECLARATION OF JACK RUSSO IN SUPPORT OF PLAINTIFF RICHARD L. CHANG'S OPPOSITION TO DEFENDANT BIOSUCCESS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |
| v. | |
| **Biosuccess Biotech Co. Ltd.**, and **Does 1 through 10**, | |
| Defendants. | Honorable John A. Kronstadt<br>Courtroom 750 |
| **Biosuccess Biotech, Co. Ltd.**, | |
| Counterclaimant, | |
| v. | |
| **Richard L. Chang**, and **Does 1 through 10**, | |
| Counterclaim Defendants. | |

I, Jack Russo, declare as follows:

1. I am an attorney admitted to practice before this Court, and I am a partner at the law firm of ComputerLaw Group LLP, counsel for Plaintiff Richard L. Chang in this matter. I have personal knowledge of the facts set forth in this declaration, and if called to do so I could and would testify competently to the same. I make the statements here of my own personal knowledge, unless where stated on information and belief, which statements I believe to be true, and if called to do so, I could and would testify competently to those matters stated here.

2. As this Court knows, my firm and I only recently substituted into this case and we are still getting up to speed. But it seems clear that in earlier litigation in this case, Biosuccess and/or its counsel represented that Mr. Han (who has supplied a declaration) was beyond the jurisdiction of this Court; however, the declaration he submits is signed in Portland, Oregon and I am informed and believe that he now lives and works in Portland, Oregon and that he is within the jurisdiction of this Court. Accordingly, on behalf of Plaintiff, I request that the Court allow Plaintiff leave to join Mr. Han as a defendant in this case so that full declaratory relief can be granted here.

3. I did meet and confer with opposing counsel in this case and I repeatedly requested that he tell me what imminent irreparable harm or any harm at all was about to occur to his client; he never provided any answer to these questions. Copies of my emails to opposing counsel are attached as **Exhibits 1** and **2**. In those exchanges I asked counsel for some basis for arguing exigent circumstances when this dispute has lasted over a year and the litigation itself has been ongoing for nine or so months. Counsel's only response was that the papers were already in their final stages of preparation, so they would be filing.

4. In those same exchanges I also broached the subject of our client's alleged fiduciary duties to Biosuccess, which I understood to have terminated all ties with Professor Chang and his son no later than January 18 of this year. A letter to that effect is attached here as **Exhibit 3**. I also expressed to counsel for Biosuccess that Ben Chang, currently of Rich Pharmaceuticals, was likewise terminated on January 18, and was never on the Board of Directors. Attached as **Exhibit 4** is a true and correct copy of the letter delivered to Ben Chang

from Fred Wu of Biosuccess. I received no substantive response to my inquiry. In my opinion, counsel for Biosuccess has brought this application for injunctive relief with no basis in fact, without making a good faith effort to confer with me or my firm, and in the face of relevant evidence demonstrating that Biosuccess should proceed with this application because it has not and cannot show irreparable harm or exigent circumstances.

5. I have scoured the declarations and other filings made and received by my offices by electronic mail (which by the time we printed all the voluminous materials), it was after 5PM PST, and I do not see a single declaration setting forth any emergency, any imminent harm, and any harm whatsoever. Indeed, in my email communications with opposing counsel yesterday at 12:06 p.m., December 11, in advance of his filing, I asked him what the "alleged harm" was; I also corrected him on his clear misunderstanding that Professor Chang was somehow "still" a member of the board of directors of Biosuccess (which is not so and which has not been so for more than 11 months). A copy of my email on this point to opposing counsel is attached as **Exhibit 5**.

6. Defendants appear to base alleged harm on some type of presumed patent infringement or some type of presumed trade secret misappropriation—but without detailing any of the particulars of the alleged infringement or the alleged misappropriation and without ever having pled anywhere in any pleading in this case either patent infringement or trade secret misappropriation. The Court does not need me to say this but I will: under California law, a trade secret misappropriation injunction cannot be obtained without first pleading a viable trade secret claim and discovery may not proceed without first providing a detailed trade secret description as required under California Code of Civil Procedure § 2019.210. Neither has occurred in this case.

7. Yesterday, December 11, I had a third-party investigator drive to the offices of Biosuccess and as set forth in his report a copy of which is attached hereto as **Exhibit 6**, the offices were closed, there was only one person present, and there were no activities at all present in or around the offices (just empty cubicles). When the investigator called the phone number

**Computerlaw Group LLP**
www.computerlaw.com<sup>sm</sup>

1 for Biosuccess, there was simply a phone message machine and no one (other than that machine)
2 answered the phone.

3     8. At 12:45 p.m. yesterday, December 11, counsel emailed me in response to my
4 earlier email agreeing to push the deadline for serving and filing our opposition to 5 p.m. today
5 so long as Defendant has until noon Monday, December 16 to file a Reply (if any) and and
6 requested that we prepare a stipulation for their review that could be filed with the Court.
7 Attached as **Exhibit 7** is a true and correct copy of Counsel's email response.

8     9. This afternoon at 1:23 p.m., December 12, I emailed counsel suggesting that
9 Defendant withdraw their motion based on their moving papers' inaccuracies regarding the
10 material facts of this case. At the time of filing this declaration, I have not received a response
11 from counsel. Attached as **Exhibit 8** is a true and correct copy of my email today to counsel.

13     I declare under penalty of perjury under the laws of the State of California that the
14 foregoing is true and correct, and that I signed this declaration on December 12, 2013, in Palo
15 Alto, California.

17                                       /s/ Jack Russo
18                                       Jack Russo

Computerlaw Group LLP
www.computerlaw.com<sup>sm</sup>