Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**Richard L. Chang,**

    **Plaintiff;**

v.

**Biosuccess Biotech Co. Ltd., et al.**

    **Defendants.**

---

**Biosuccess Biotech, Co. Ltd.,**

    **Counterclaimant,**

v.

**Richard L. Chang et al.,**

    **Counterclaim Defendants.**

Case No. 2:13-cv-01340-JAK-AN

**DECLARATION OF PLAINTIFF RICHARD L. CHANG IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I declare, under penalty of perjury, that the following is true and correct:

1. My name is Richard L. Chang. I am the Plaintiff in this action and have personal knowledge of the facts set forth herein and I could and would testify to the same if called as a witness in this action.

2. I retained Attorney Jeffrey J. King in or about August 2006. Mr. King and his firm at that time, Black Lowe & Graham, were referred to me by Richard Salvador and because Mr. King demonstrated to me that he had detailed knowledge of biology and chemistry and related scientific matters as well as exceptional knowledge, experience and expertise in the areas of patent law, patent prosecution and associated legal matters. The '814 Patent had issued already and by that time it was over six years into its term and it had gone through one failed commercial relationship.

3. At all relevant times, I gave full and express authority to my son Ben Chang to manage the '814 patent and its associated portfolio of actual and potential additional patent rights including for continuation applications, and to act as my authorized agent and on his behalf on all related matters. It is my understanding and belief that Ben Chang located, met with, and engaged Mr. King on my behalf and for Biosuccess as well since they were to commercialize by bringing the invention to market as a new FDA-approved drug.

4. I have and continue to believe that at all times Mr. King represented the '814 Patent and the associated patent estate based on my inventions, parts of which were assigned to Biosuccuss under a written Agreement that has been terminated for the failure of performance by Biosuccess. As the principal inventor, I understood that I had a continuing interest in the '814 Patent and the overall associated patent estate, and that, at all times, Attorney King and his law firm represented me personally and individually as the principal inventor and continuing patentee in that patent estate including in the three pending patent applications that had my name one of the inventors of on each of them – until my name was unlawfully and without notice to me and without my consent removed from each of them without my or Attorney King's approval. I believe the removal was done wrongfully and illegally to deny my rights in each of these patent applications and to deny or attempt to deny my continuing patent rights in all these applications.

5. I believe Attorney King must testify at the trial scheduled for June 2014 because it is only through that testimony that it will be clear to the Court how the Defendants are seeking to subvert my rights both under the Agreement dated October 12, 2006 which I signed with Biosuccess as well as under the Patent Act; I do not believe any of the alleged attorney-client objection(s) asserted by the Defendants are in good faith or otherwise are doing anything other than to try to subvert the truth from being available for the Court and the jury to hear in June.

I declare under penalty of perjury that the foregoing are true and correct of my personal knowledge and that this Declaration was entered into on this 12th day of March, 2014, in Laguna Woods, California.

*Richard L. Chang*

Richard L. Chang