LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
  enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
  heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
  lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone:  (213) 612-8900
Facsimile:  (213) 612-3773

*Attorneys for Defendant*
*Biosuccess Biotech Co., Ltd.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| RICHARD L. CHANG, <br><br> Plaintiff, <br><br> v. <br><br> BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10, <br><br> Defendants. <br><br> BIOSUCCESS BIOTECH CO., LTD., <br><br> Counterclaimants, <br><br> v. <br><br> RICHARD L. CHANG and DOES 1–10, <br><br> Counter-Defendants. | Case No. CV13-01340 JAK (ANx) <br><br> DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE **NO. 1** TO EXCLUDE EVIDENCE FROM OR RELATED TO JEFFREY KING <br><br> [[PROPOSED] ORDER FILED CONCURRENTLY] <br><br> Judge:  Hon. John A. Kronstadt <br> Place:  Courtroom 750 <br> Date:   June 2, 2014 <br> Time:   3:00 p.m. <br><br> Trial:   June 17, 2014 |

1  TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF
2  RECORD:

3       PLEASE TAKE NOTICE that on June 2, 2014, at 3:00 p.m., or as
4  soon thereafter as this matter can be heard before the Honorable John A.
5  Kronstadt, located at Courtroom 750 – 7th Floor, United States District Court,
6  Central District of California (Western Division), 255 East Temple Street,
7  Los Angeles, California 90012, Defendant Biosuccess Biotech Co., Ltd.
8  ("Biosuccess") will and hereby does move for an order excluding testimony,
9  documents, and any other evidence by or from Biosuccess's former patent
10 counsel Jeffrey King, or which is derived from a violation of attorney-client
11 privilege or other transgression of rule of professional conduct.

12      This Motion is brought pursuant to the Court's Initial Standing Order
13 § 10.d.; Federal Rules of Evidence 403 and 501; and the Court's inherent
14 authority to regulate proceedings.

15      This Motion is based upon this Notice of Motion and Motion; the
16 supporting Memorandum of Points and Authorities; the Declaration of Enoch
17 Liang and exhibits thereto; the pleadings, records and papers in this action;
18 all matters of which the Court may take judicial notice; and such other and
19 further evidence as may be presented at or before the hearing on this Motion.

20      This Motion is made following the conference of counsel pursuant to
21 Local Rule 7-3, which took place on May 2, 2014.

22

23 Dated: May 5, 2014                       LEE TRAN & LIANG LLP

24                                     By: */s/ Enoch H. Liang*
25                                         Enoch H. Liang
                                        Attorneys for Defendant
26                                         Biosuccess Biotech Co., Ltd.

27

28

# TABLE OF CONTENTS

Introduction ..................................................................................................................1

Argument .....................................................................................................................2

    I.    All Communications Between Biosuccess and Mr. King Are Protected by Attorney-Client Privilege......................................................2

    II.   Biosuccess Did Not Waive Its Attorney-Client Privilege.......................3

    III.  Mr. King Committed Ethical Violations By Concurrently Representing Adverse Interests and By Concealing That Fact From Biosuccess ......................................................................................4

    IV.  The Court Should Exclude All Testimony and Documents From Mr. King, As Well All Evidence Derived From a Violation of Attorney-Client Privilege or Legal Ethics. ..............................................7

Conclusion...................................................................................................................8

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## INTRODUCTION

Biosuccess respectfully requests that the Court exclude the testimony of Biosuccess's former patent counsel, Jeffrey King, as well as any documents from him and any evidence derived from his violation of attorney-client privilege.  This motion is based on the grounds that such evidence is protected by attorney-client privilege, and that its introduction would be unfairly prejudicial under Federal Rule of Evidence 403.

The Court denied Plaintiff Chang's motion to compel the trial testimony and document production of Biosucces's former patent counsel Jeffrey King/Patent Law Networks regarding matters occurring post-January 2013.  *See* Dkt. No. 144, at 15-17.  More broadly, the Court should exclude **any** testimony or documents from Mr. King, as well as any evidence derived from a violation of attorney-client privilege.

Biosuccess raises this issue in limine because Plaintiff Chang has indicated his intent to rely on King's testimony, and he has repeatedly sought to rely on a submission by King that contains conflicting statements and purports to convey information that would impermissibly violate attorney-client privilege ("King Statement").  *See, e.g.,* Dkt. No. 109-1 at 1:18-24, 11:6-12; *see also* Liang Decl., ¶ 3, Exh. A (April 21, 2014 Hearing Transcript) at 32:20-22 (Chang's counsel stated to the Court, "It's in the papers, but Mr. King has submitted a statement where he has stated that he represented Professor Chang individually.")].

Any testimony and documents from or related to Mr. King are protected by attorney-client privilege held by Biosuccess.  There is no question that **prior to** January 2013, Mr. King was counsel to Biosuccess. There is also no question that **after** January 2013, Mr. King was counsel to Biosuccess and violated numerous rules of professional conduct by

continuing to represent Biosuccess while falsely denying that he was also representing Plaintiff Chang or had any conflict of interest.

As such, it would violate attorney-client privilege and be unfairly prejudicial to allow Plaintiff to introduce any testimony or documents by King, or to permit any testimony or other evidence derived from a violation of the attorney-client privilege.

## ARGUMENT

### I. All Communications Between Biosuccess and Mr. King Are Protected by Attorney-Client Privilege

Federal Rule of Evidence 501 provides that "the privilege of a witness . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961). Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. *Upjohn*, 449 U.S. at 389. The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice. *U.S. v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997).

**First**, as set forth in Biosuccess's opposition to Plaintiff's motion to compel, there is no dispute that Mr. King acted as Biosuccess's patent attorney and that Biosuccess maintained its attorney-client privilege. (Dkt. No. 109-1). Mr. King himself stated so in an email to Fred Wu, wherein he stated "We represent only one concern, which is Biosuccess, the owner of the patents we have spent years managing and prosecuting." [Liang Decl. ¶ 4, Exh. B (Feb. 8 2013 email from King to Wu)].

**Second**, no exception to the attorney-client privilege exists in this case, as the Court found in its May 2 Order. [*See* Dkt No. 144 at 15-17].

## II. Biosuccess Did Not Waive Its Attorney-Client Privilege

Biosuccess anticipates that Plaintiff will argue that it somehow waived attorney-client privilege. That is wrong.

**First**, Biosuccess did not object to Mr. King producing pre-January 2013 documents to the Changs, because the Changs already had those documents in their possession prior to January 2013. While they were employed by Biosuccess, Richard and Ben Chang coordinated with Mr. King on behalf of Biosuccess. [*See* Liang Decl., ¶ 3, Exh. A (April 21, 2014 Hearing Transcript), at 36:12-38:3]. As made clear at the April 21 hearing, Biosuccess never conceded that Mr. King represented Richard Chang prior to January 2013; nor did Biosuccess concede that it waived its attorney-client privilege prior to January 2013. [*Id*.]

**Second**, Mr. King's unilateral disclosures to the Court and to the Changs do not waive Biosuccess's attorney-client privilege. The Court found that Mr. King had *already* improperly disclosed attorney-client communications between himself and Biosuccess in the King Statement, stating "I believe there has been a disclosure of confidential attorney/client communications by Mr. King." *Id*. at 7:3-5. However, this does not waive the attorney-client privilege.

The client is the holder of attorney-client privilege and only the client may waive the privilege. *See, e.g. Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996); *Cunningham v. Connecticut Mut. Lif. Ins.*, 8445 F. Supp. 1403, 1411 (S.D. Cal. 1994). To terminate the privilege, the client must give its consent. *Cunningham*, 8445 F. Supp. at 1411. The failure to object to the use of privileged documents does not constitute a

3    CV13-01340 JAK (ANx)
Biosuccess Mtn. In Limine No. 1

waiver of the privilege. *See Richmark Corp. v. Timber Falling Consultants, Inc.*, 125 F.R.D. 54 (D. Oregon 1989) (party did not waive attorney-client privilege by failing to object to opposing counsel's use of privileged document at depositions and during court hearing).

**Third**, to the extent that there were any inadvertent disclosures of attorney-client privilege, those are easily rectified under FRE 502 and Paragraph XI of the Protective Order in this case. [Dkt. No. 38]. Clearly, Biosuccess never intended to and did not waive any of its privileges vis-à-vis Mr. King.

## III. Mr. King Committed Ethical Violations By Concurrently Representing Adverse Interests and By Concealing That Fact From Biosuccess

King <u>simultaneously</u> represented two conflicting and clearly adverse parties. This was <u>unknown</u> to Biosuccess at the time because King expressly lied to Biosuccess about representing the Changs. In so doing, King committed nuermous ethical violations.

King actively concealed from Biosuccess his conflict of interest. For example, on February 8, 2013, Mr. King wrote Biosuccess's CEO Fred Wu, stating "I am also surprised and concerned that your litigation counsel suggested there may be a conflict of interest on the part of my firm. We represent ***only one concern***, which is Biosuccess . . . . " [Liang Decl. ¶ 4, Exh. B (Feb. 8, 2013 email from King to Wu)]. On May 8, 2013, Mr. King again wrote Mr. Wu, stating, "we have strict attorney-client privilege and ***responsibility to act in your best interest*** . . . . " (Emphasis added). [Liang Decl. ¶ 4, Exh. C (May 8, 2013 email from King to Wu)]. Biosuccess now knows these statements were false—at the same time that Mr. King was

representing Biosuccess and claiming to have no conflict of interest, he was in fact also representing Plaintiff Chang and Ben Chang.

Unsurprisingly, Mr. King's actions violated applicable ethical standards:

**USPTO Rules of Conduct.** The Rules of Conduct of the United States Patent and Trademark Office ("USPTO") prohibit a practitioner from representing a client if the representation involves a concurrent conflict of interest. 37 C.F.R. Section 11.107. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the practitioner's responsibilities to another client. *Id.* A practitioner may represent a client, notwithstanding a concurrent conflict of interest, only if each affected client gives informed consent, confirmed in writing. *Id.*

A practitioner shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted by the USPTO Rules of Professional Conduct. 37 C.F.R. Section 11.108.

These rules of conduct also apply to former clients. A practitioner who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives *informed consent*, *confirmed in writing*. 37 C.F.R. Section 11.109. A practitioner who has formerly represented a client in a matter (or whose present or former firm has formerly represented a client in a matter) shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as the USPTO Rules of Professional Conduct would permit or require with respect to a

client, or when the information has become generally known; or (2) reveal information relating to the representation except as the USPTO Rules of Professional Conduct would permit or require. *Id*. [*See* Liang Decl. ¶ 5, Exh. D at 50-52 (USPTO Rules of Conduct)].

**Washington Rules of Conduct.** Jeffrey King is a member of the bar in the State of Washington. The Washington State Professional Rules of Conduct contains substantively identical prohibitions. A lawyer shall not represent a client if the representation involves a concurrent conflict of interest, including when one client directly adverse to another client or when there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to someone else. Wash. Prof. R. of Conduct, Rule 1.7. A lawyer may represent a client, notwithstanding a concurrent conflict of interest, only if each affected client gives informed consent. *Id*.

A lawyer shall not use information relating to representation of a client to the disadvantage of the client unless the client gives informed consent, except as permitted or required by the Washington Rules of Conduct. Wash. Prof. R. of Conduct, Rule 1.8.

Like the USPTO Rules of Conduct, the Washington Rules of Conduct also protect former clients. A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing. Wash. Prof. R. of Conduct, Rule 1.9. A lawyer who has formerly represented a client in a matter (or whose present or former firm has formerly represented a client in a matter) shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as the Washington Rules of Conduct

permit or require, or when the information has become generally known; or (2) reveal information relating to the representation except as the Washington Rules of Conduct would permit or require. *Id*. [*See* Liang Decl. ¶ 6, Exh. E at 18-28 (Washington State Rules of Professional Conduct)].

## IV. The Court Should Exclude All Testimony and Documents From Mr. King, As Well All Evidence Derived From a Violation of Attorney-Client Privilege or Legal Ethics

In line with its Order, the Court should preclude the introduction of any privileged testimony or documents, including any testimony or documents from Mr. King, **regardless of their date**. If Mr. King were allowed to testify or produce evidence at trial, Biosuccess would be forced into a lose-lose situation, having to choose between the lesser of two evils. On the one hand, if Biosuccess were to cross-examine Mr. King or rebut his statements at trial, it would be forced to reveal privileged communications. On the other hand, choosing not to cross-examine or rebut Mr. King's statements would severely disadvantage Biosuccess's position. Biosuccess should not be forced into this decision. Its communications with Mr. King were clearly and indisputably privileged, and absent a viable exception to that privilege, those communications must not be disclosed by either party.

Similarly, the Court should exclude any testimony or other evidence that is derived from the violation of attorney-client privilge or another ethical violation.

As is now clear, Mr. King simultaneously represented two conflicting and clearly adverse parties, all the while actively concealing this fact from Biosuccess. Based on Mr. King's own representations, Biosuccess justifiably believed that Mr. King did not represent any adverse interest. Any communications Biosuccess had with Mr. King were made with the

1 expectation and understanding that those communications would remain
2 privileged. It would be unfairly prejudicial if Mr. King's clear ethical
3 violations were to result in the introduction of evidence against Biosuccess.
4 Fed. R. Evid. 403. This is especially so since Mr. King was covertly working
5 directly against the interests of Biosuccess.

## CONCLUSION

For the foregoing reasons, the Court should exclude testimony, documents, and any other evidence by or from Biosuccess's former patent counsel Jeffrey King, or which is derived from a violation of attorney-client privilege or other transgression of rule of professional conduct.

Dated: May 5, 2014                 LEE TRAN & LIANG LLP

By: */s/ Enoch H. Liang*
Enoch H. Liang
Attorneys for Defendant
Biosuccess Biotech Co., Ltd.