1  LEE TRAN & LIANG LLP
2  Enoch H. Liang (Bar No. 212324)
     enoch.liang@ltlattorneys.com
3  Heather F. Auyang (Bar No. 191776)
4    heather.auyang@ltlattorneys.com
   Lisa J. Chin (Bar No. 259793)
5    lisa.chin@ltlattorneys.com
6  601 South Figueroa St., Ste. 3900
7  Los Angeles, California 90017
   Telephone:  (213) 612-8900
8  Facsimile:  (213) 612-3773
9
   *Attorneys for Defendant*
10 *Biosuccess Biotech Co., Ltd.*

11            UNITED STATES DISTRICT COURT
12            CENTRAL DISTRICT OF CALIFORNIA
13                    WESTERN DIVISION
14

| | |
|---|---|
| RICHARD L. CHANG, | Case No. CV13-01340 JAK (ANx) |
| Plaintiff, | |
| v. | DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE **NO. 2** TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO BIOSUCCESS'S ALLEGED MISMANAGEMENT OF THE PATENT ESTATE |
| BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10, | |
| Defendants. | |
| | [[PROPOSED] ORDER FILED CONCURRENTLY] |
| BIOSUCCESS BIOTECH CO., LTD., | |
| Counterclaimants, | Judge: Hon. John A. Kronstadt |
| v. | Place: Courtroom 750 |
| | Date: June 2, 2014 |
| | Time: 3:00 p.m. |
| RICHARD L. CHANG and DOES 1–10, | Trial: June 17, 2014 |
| Counter-Defendants. | |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 2, 2014, at 3:00 p.m., or as soon thereafter as this matter can be heard before the Honorable John A. Kronstadt, located at Courtroom 750 – 7th Floor, United States District Court, Central District of California (Western Division), 255 East Temple Street, Los Angeles, California 90012, Defendant Biosuccess Biotech, Co., Ltd. ("Biosuccess") will and hereby does move for an order excluding evidence or argument related to Biosuccess's alleged mismanagement of the patent estate, including "abandonment" of patent applications.

This Motion is brought pursuant to the Court's Initial Standing Order § 10.d. (Dkt. 139); Federal Rules of Evidence 401, 402, 403; and the Court's inherent authority to regulate proceedings.

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, Declaration of Enoch Liang and exhibits thereto, the pleadings, records and papers in this action, all matters of which the Court may take judicial notice, and such other and further evidence as may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 2, 2014.

Dated: May 5, 2014                          LEE TRAN & LIANG LLP

                                            By: */s/ Enoch H. Liang*
                                                Enoch H. Liang
                                                Attorneys for Defendant
                                                Biosuccess Biotech Co., Ltd.

# TABLE OF CONTENTS

Introduction ..................................................................................................................1

Argument .....................................................................................................................1

    I.   Plaintiff Intends to Use Patent-Specific Terms of Art to Make an Irrelevant, Unfairly Prejudicial Argument. ..........................................1

    II.  Patent-Specific Terminology Requires A Person Knowledgeable in Patent Law to Explain the Concepts, Without Which Will Lead to Confusion, Wasted Time, and Result in Unfair Prejudice......................................................................3

    III. Chang's Allegations of Patent Mismanagement are Simply Wrong and Any Purported "Evidence" is Irrelevant and Not Admissible ................................................................................................6

    IV. To the Extent the Court Permits Testimony about Alleged Mismanagement of the Patent Estate, then Biosuccess Should be Given a Chance to Rebut the Testimony to Correct Misstatements .....................................................................................8

Conclusion...................................................................................................................8

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The Court should exclude any and all evidence, references to evidence, testimony, or argument related to Biosuccess's alleged mismanagement of the patent estate under Federal Rule of Evidence 403 because it would lead to confusion of the issues, waste time, and is unfairly prejudicial. Moreover, Chang's factual bases for his allegations are erroneous and hence irrelevant and inadmissible under Rules 401 and 402. And finally, Chang does not have an expert witness to properly explain issues of patent portfolio management to the jury—Chang initially designated Jeffrey King to be this expert but later *withdrew* that designation.

## ARGUMENT

### I. Plaintiff Intends to Use Patent-Specific Terms of Art to Make an Irrelevant, Unfairly Prejudicial Argument

Plaintiff has persistently asserted in pleadings and discovery that Biosuccess allegedly mismanaged the patent estate.

- In his Opposition to Extend the Scheduling Order, Chang asserted that in 2013 "[Biosuccess] ***abandoned*** several international patent applications. The longer this dispute stretches out, the greater the harm Defendant will inflict on the patent portfolio . . . . " [Dkt. No. 93, Chang Opposition to Extend the Scheduling Order, filed January 7, 2014, 3:6-8 (emphasis added).][1]

---

[1] Chang was terminated effective January 2013, therefore the only way that Chang could have gained any such knowledge (which Biosuccess does not agree is accurate) is through Jeffrey King. As set forth in Biosuccess's Motion in Limine No. 1, any information learned from King should be entirely excluded.

1
2
3
4
- Similarly, Chang alleged "[f]urther, Defendant's conduct continues to prejudice the patent portfolio underlying this dispute. As recently as January 10, 2014 or thereabouts, Defendant missed an important filing deadline with the US Patent and Trademark Office." [*Id*. at 3:3-6].

5
6
7
- "Critically, there are patent rights being destroyed (all by ***abandonment***) . . . . " [Dkt. No. 103, Chang Opp. to Judgment on the Pleadings, filed March 6, 2014, 4:19-21 (emphasis added)].

8
9
10
11
12
- "The patent portfolio that was being built around the invention made by Dr. Chang based on his discoveries . . . has been and continued to be under assaults as a result of what must be an intentional campaign to destroy or damage the intellectual property based on Dr. Chang's significant inventions." [*Id*. at 5:27-6:2].

13
14
15
- Biosuccess's "actions in the USPTO on the related patent applications are causing harm to that patent through damage to the patent estate. [*Id*. at 6:4-5].

16
17
18
19
- "After firing Mr. King, Defendants proceeded to miss several deadlines with the USPTO causing the ***abandonment*** of several patent applications. See Request for Judicial Notice, Exhibits 1 and 2." [*Id*. at 6:10-12 (emphasis added)].

20
21
- "This active destruction of a pending portfolio is a unique situation without guidance in the applicable precedent." [*Id*. at 6:2021].

22
23
24
25
26
27
28
- Plaintiff's counsel spent nearly 20 minutes during the deposition of Biosuccess CEO Fred Wu asking about "abandonment" of the three patent applications to which Mr. Wu responses ended with "[t]his is really technical. I don't know really when that was – normally in the U.S. when they were abandoned then they create something. It is really technical . . . ." [*See* Liang Decl., ¶ 7 Exh. F at 122:1-4 (Transcript of Fred Wu Deposition)].

1  • Chang served at least 17 Requests for Admissions demanding that Biosuccess admit it had abandoned patent applications. [*See* Liang Decl., Exh. G (Request Nos. 106, 118, 129, 137 and 171-184 (a series of requests starting with "Admit Biosuccess ***abandoned*** . . . .") (emphasis added)].

Clearly, Plaintiff intends to argue at trial that Biosuccess somehow injured Biosuccess's patent portfolio through "abandonment."

## II.   Patent-Specific Terminology Requires A Person Knowledgeable in Patent Law to Explain the Concepts, Without Which Will Lead to Confusion, Wasted Time, and Result in Unfair Prejudice

Parties typically employ a person knowledgeable in patent law to explain to the jury concepts and terms given the complex and highly technical nature. *See Centricut, LLC v. ESAB Group, Inc.*, 390 F.3d 1361, 1369-70 (Fed. Cir. 2004) (requiring expert testimony to establish infringement); *Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267 (Fed. Cir. 2008) (holding that expert testimony was required to establish invalidity where the subject matter is "sufficiently complex to fall beyond the grasp of an ordinary layperson").

Here, Chang has made clear that he intends to argue that Biosuccess is actively destroying Biosuccess's patent estate, including abandoning patent applications. Chang should be excluded from doing so for at least the following reasons:

**First,** the issue of patent management is irrelevant. Fed. R. Evid. 401. Plaintiff's Complaint only seeks declaratory relief regarding his rights, specifically seeking four things:

• That Plaintiff, "as a named inventor, is the owner of his interest in the Non-Provisional Applications;"

- That Plaintiff "has not assigned his interest in the Non-Provisional Applications;"
- That Defendant Biosuccess "has no ownership interest in the Non-Provisional Applications;" and
- That Defendant Biosuccess "has no right to exclude [Plaintiff] from participating in the prosecution of the Non-Provisional Applications."  [*See* Complaint, Dkt No. 1, at "Prayer for Relief"].

The alleged abandonment or mismanagement of the patent estate by Biosuccess, if any, is irrelevant to the declaratory relief sought by Plaintiff.

**Second**, patent prosecution uses specific terms of art, *e.g.*, "abandonment" is a term of art with a legal definition entirely different from its common lay definition.  An abandoned patent application is one which is removed from the USPTO docket of pending applications through formal abandonment (37 C.F.R. Section 1.138) or through failure of the applicant to take appropriate action within a specified time at some stage in the prosecution of the application (37 C.F.R. Section 1.135).  USPTO Manual of Patent Examining Procedure Section 711.  [*See* Liang Decl. ¶ 9, Exh. H].

A layperson, without the proper expert testimony and explanation, is not in a position to determine whether a patent has been abandoned and what that means, and the introduction of any patent terms or concepts at trial will certainly confuse issues, waste time and mislead the jury.

As an example of why Chang's allegations are simply wrong and how Biosuccess's rebuttal would cause further jury confusion and waste time, Plaintiff Chang's Request for Admission No. 183 states "[a]dmit Biosuccess abandoned US **61**/588,165."  [Liang Decl. ¶ 8, Exh. G; 10:25-26 (emphasis added)].  A person versed in patent law would know that a patent application beginning with a "60" or "61" is considered a "provisional" application.

[Liang Decl. ¶ 10, Exh. I (USPTO explanation of patent numbers)]. Provisional applications are automatically "abandoned" 12 months from filing. [Liang Decl. ¶ 11, Exh. J (USPTO explanation of provisional patent applications)].

Applicants typically file a "non-provisional" application claiming the benefit of the earlier provisional application filing date before the provisional application expires. [*Id*.]. This is precisely what Biosuccess did – it filed a non-provisional application (13/745,745) – claiming priority to the Application No. **61**/588,165 (the "'165 provisional application"). In fact, Chang's Complaint acknowledges this very fact – "Mr. King filed three non-provisional patent applications in the United States Patent and Trademark Office claiming priority, respectively to the '162, **'165**, and '167 **provisional applications** . . . . " [Dkt. No. 1, ¶ 24 (emphasis added)]. In sum, there was no "abandonment" as a lay person would understand – the '165 application simply followed the normal course of patent prosecution.

**Third**, without expert testimony explaining the legal concepts related to patent prosecution, there is little to no probative value and a high risk of unfair prejudice to Biosuccess. The jurors will be left to come to their own conclusions about what constitutes legal abandonment in the patent context, based on their own experience with the term "abandonment."

**Fourth**, Chang never properly provided expert disclosures that could possibly provide an explanation of how the portfolio was mismanaged,[2] even though Plaintiff has alleged Biosuccess mismanaged the patent portfolio for

---

[2] Biosuccess filed a motion to exclude Chang's purported "patent prosecution expert" Vapnek [Dkt. No. 110] for failure to provide an expert report. The Court ruled this motion as moot. [Dkt. No. 144 at 19 ("Because Vapnek will be withdrawn as an expert witness given the denial of the Motion to Compel, the Motion to Preclude is MOOT.")].

months and even sought admissions and deposition testimony concerning the same. [*See* Dkt. No. 93; *see also* Liang Decl., ¶ 8 Exh. G (Request for Admission Nos. 106 (Exh 14), 118 (Exh 20), 129 (Exh 25), 137 (Exh 29)]. Indeed, Chang initially designated Jeffrey King—the subject of concurrently filed Motion in Limine No. 1—as an expert witness on "custom and practice for responsible management, development and prosecution of patent portfolios in the biotech field." [Liang Decl., ¶ 12 Exh. K at 1:13-16 (Plaintiff's Expert Designation)]. Plaintiff, however, later withdrew the designation of Mr. King as an expert witness. [Liang Decl., ¶ 13 Exh. L (March 15, 2014 Meet and Confer Letter)].

In view of the above, any and all evidence, references to evidence, testimony or argument related to Biosuccess's alleged mismanagement of the patent estate should be excluded under FRE 403.[3]

### III. Chang's Allegations of Patent Mismanagement are Simply Wrong and Any Purported "Evidence" is Irrelevant and Not Admissible

Chang's reliance on cherry picking "facts" to support his allegations that Biosuccess allegedly mismanaged the patent portfolio is factually incorrect, and thus irrelevant and not admissible under Federal Rules of Evidence 402 ("Evidence which is not relevant is not admissible."). Relevant evidence is defined as "evidence having any tendency to make the ***existence of any fact that is of consequence to the determination of the action*** more probable or less probable than it would be without the

---

[3] Federal Rule of Evidence 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

evidence." Fed. R. Evid. 401 (emphasis added); *see Huddleston v. United States*, 485 U.S. 681, 682-92 (1988); *United States v. Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992).

For example, Chang relies on the same three documents to support his allegation that "[a]fter firing Mr. King, Defendants proceeded to miss several deadlines with the USPTO causing the ***abandonment*** of several patent applications. *See* Request for Judicial Notice, Exhibits 1 and 2." [Dkt. No. 103, Chang Opp. to Judgment on the Pleadings, filed March 6, 2014, 6:10-12 (emphasis added); *see also* Liang Decl., Exh. G (Chang Request for Admission No. 118 refers to Exhibit 20 "Notice of Abandonment" for Application No. 13/745,740; No. 129 refers to Exhibit 25 "Notice of Abandonment" for Application No. 13/745,742; No. 137 refers to Exhibit 29 ""Notice of Abandonment" for Application No. 13/745,745)].[4]

**First**, the "several patent applications" that Chang refers are the same three pending applications at issue in Biosuccess's motion for judgment on the pleadings [Dkt. No. 102], which the Court ruled that Chang cannot challenge inventorship [Dkt. No. 144]. Thus, these applications are obviously pending and not abandoned.

**Second**, a review of the USPTO records on May 1, 2014 for all three patent applications show that each are indeed pending and not abandoned. [Liang Decl., ¶ 14, Exh. M (status of Application No. 13/745,740 is "Sent to Classification contractor"; status of Application No. 13/745,742 is "Non Final Action Mailed"; status of Application No. 13/745,745 is "Docketed New Case – Ready for Examination")]. Chang's allegations are incorrect as a matter of both fact and law. Consequently, they are irrelevant and

---

[4] Chang's Request for Judicial Notice Exhibits 1 and 2 are same as Exhibits 25 and 29 to Chang's Request for Admission.

1  inadmissible and their introduction would be confusing, a waste of time, and
2  unfairly prejudicial.

## IV. To the Extent the Court Permits Testimony about Alleged Mismanagement of the Patent Estate, then Biosuccess Should be Given a Chance to Rebut the Testimony to Correct Misstatements

If the Court permits Plaintiff to testify about how Biosuccess allegedly abandoned patent applications or mismanaged the patent estate, then to avoid unnecessary confusion and to correct misstatements, the Court should permit Biosuccess's patent prosecutor William Simmons to testify at trial in rebuttal.

Plaintiff knew about the existence of Biosuccess's patent prosecutor William Simmons, but chose not to depose him, instead subpoenaing him for documents only.  [*See, e.g.*, Liang Decl., ¶ 15, Exh. N (2014-2-18 Subpoena for Documents only to Sughrue Mion)].  There would be no prejudice to Plaintiff here, as Mr. Simmons would only testify in rebuttal to correct the numerous factual inaccuracies regarding the patent estate asserted by Plaintiff.

## CONCLUSION

As the above demonstrates, any evidence or argument relating to Biosuccess's alleged mismanagement of the patent estate should be excluded as irrelevant and unfairly prejudicial.

Dated:  May 5, 2014                                    LEE TRAN & LIANG LLP

                                        By:  */s/ Enoch H. Liang*
                                             Enoch H. Liang
                                             Attorneys for Defendant
                                             Biosuccess Biotech Co., Ltd.