LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
  enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
  heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
  lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

*Attorneys for Defendant*
*Biosuccess Biotech Co., Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD L. CHANG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10,<br><br>　　　　　Defendants. | Case No. CV13-01340 JAK (ANx)<br><br>DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE **NO. 3** TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING FRED WU'S CONVICTION IN TAIWAN PROCEEDING |
| BIOSUCCESS BIOTECH CO., LTD.,<br><br>　　　　　Counterclaimants,<br><br>　　v.<br><br>RICHARD L. CHANG and DOES 1–10,<br><br>　　　　　Counter-Defendants. | [[PROPOSED] ORDER FILED CONCURRENTLY]<br><br>Judge:　Hon. John A. Kronstadt<br>Place:　Courtroom 750<br>Date:　June 2, 2014<br>Time:　3:00 p.m.<br><br>Trial:　June 17, 2014 |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 2, 2014, at 3:00 p.m., or as soon thereafter as this matter can be heard before the Honorable John A. Kronstadt, located at Courtroom 750 – 7th Floor, United States District Court, Central District of California (Western Division), 255 East Temple Street, Los Angeles, California 90012, Defendant Biosuccess Biotech, Co. Ltd. ("Biosuccess") will and hereby does move for an order excluding evidence or argument regarding Fred Wu's criminal conviction in a Taiwan court proceeding.

This Motion is brought pursuant to the Court's Initial Standing Order § 10.d.; Federal Rules of Evidence 403; and the Court's inherent authority to regulate proceedings.

This Motion is based upon this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the Declaration of Enoch Liang and exhibits thereto; the pleadings, records and papers in this action; all matters of which the Court may take judicial notice; and such other and further evidence as may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 2, 2014.

Dated: May 5, 2014               LEE TRAN & LIANG LLP

                                 By: */s/ Enoch H. Liang*
                                     Enoch H. Liang
                                     Attorneys for Defendant
                                     Biosuccess Biotech Co., Ltd.

**TABLE OF CONTENTS**

Introduction ...................................................................................................................1

Argument .......................................................................................................................1

    I.    Improper Character Evidence Should Be Excluded ................................1

    II.   Mr. Wu's Prior Conviction Is Irrelevant ...................................................2

    III.  Evidence of Mr. Wu's Prior Conviction Would Be Unfairly
          Prejudicial .......................................................................................................3

Conclusion .....................................................................................................................5

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Biosuccess moves this Court for an order excluding any and all evidence, references to evidence, testimony or argument relating to Fred Wu's misdemeanor conviction of "forgery" in a Taiwan proceeding. Such character evidence is prohibited to prove conduct under Federal Rule of Evidence 404, is irrelevant to the issues in this case and thus prohibited by Federal Rule of Evidence 401, and will create a substantial danger of unfair prejudice to Biosuccess and thus is prohibited under Federal Rule of Evidence 403.

Biosuccess has a good faith basis for anticipating that Plaintiff will attempt to introduce evidence of Mr. Wu's misdemeanor conviction in Taiwan, as Plaintiff testified about this in his own deposition, asked about this during Mr. Wu's deposition, and has directed discovery requests at this issue. Additionally, Plaintiff's counsel indicated their intent to raise this issue at trial during the parties' May 2, 2014 meet and confer.

## ARGUMENT

### I. Improper Character Evidence Should Be Excluded

Evidence of a person's character or trait is inadmissible when offered to prove his or her conduct on a specific occasion. Fed. R. Evid. 404. *See also United States v. Coades*, 549 F.2d 1030, 1306 (9th Cir. 1977) (trial court should not have admitted evidence of a prior conviction of the defendant for a similar offense, which was offered allegedly to show intent); *Wolcher v. United States*, 200 F.2d 493, 497-98 (9th Cir. 1953) (evidence of other offenses may not be admitted to show general disposition to commit the charged offense).

The only conceivable reason Plaintiff could have for attempting to admit evidence of Mr. Wu's prior conviction in Taiwan would be for the purpose of showing action in conformity with the prior act. Specifically, Plaintiff is likely trying to show that because Mr. Wu was convicted before, he is more likely to have committed some type of forgery or fraud now or has the general disposition to commit forgery or similar crimes now. This purpose is ***expressly*** prohibited under FRE 404(a).

To the extent Plaintiff tries to admit this evidence for another purpose, it is entirely irrelevant to the issues in the case, as set forth more fully below.

## II. Mr. Wu's Prior Conviction Is Irrelevant

Federal Rule of Evidence 402 states in pertinent part, "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is defined by Federal Rule of Evidence 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See *Huddleston v. United States*, 485 U.S. 681, 682-92 (1988); *United States v. Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992).

Underlying the entire dispute between the parties is the issue of which patent assignment agreement is valid and controlling. Plaintiff earlier took the position that the September 2011 assignment agreement (dated Aug. 30, 2006) was not authentic—that his signature on that document had been forged. [*See* Dkt. No. 116-2, Exh. G (Declaration of Enoch H. Liang). Plaintiff has since switched theories, now claiming that his signature on the September 2011 document is, in fact, genuine, but that the agreement was signed in August 2006 and not in September 2011. [*See* Liang Decl., ¶ 16, Exh. O at 7-14 (Transcript of March 7, 2014 Deposition of Richard Chang); ¶

17, Exh. P at 40:4-6; 41:5-17; 42:13-17 (Transcript of March 3, 2014 Deposition of Richard Chang)].

Mr. Wu's forgery conviction thus became a target of discovery based on Plaintiff's position that his own signature had been forged. Because Plaintiff has now changed his tune and admitted that his signature was **not** forged, Mr. Wu's prior conviction is completely irrelevant, having no tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. In addition to being entirely irrelevant to the facts at issue in the case, and having no probative value, this evidence is also unfairly prejudicial, as set forth below.

### III. Evidence of Mr. Wu's Prior Conviction Would Be Unfairly Prejudicial

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of ***unfair prejudice***, ***confusion of the issues***, or ***misleading the jury***, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403 (emphasis added); *see also Warrillow v. Qualcomm, Inc.*, 268 Fed. Appx. 561, 563 (9th Cir. 2008) (In a discrimination case, evidence of prior claims of discrimination were properly excluded as unfairly prejudicial and misleading the jury); *United States v. Bejar-Matrecios*, 618 F.2d 81, 84 (9th Cir. 1980) (Trial court erred by admitting evidence of a prior conviction of the defendant because to the extent that the evidence was relevant, it was outweighed by its unfairly prejudicial and cumulative nature).

"Character evidence is of ***slight probative value*** and may be ***very prejudicial***. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man to punish the bad man because of their

respective characters *despite what the evidence in the case shows actually happened*." Fed. R. Evid. 404 Advisory Committee Notes (emphasis added).

Mr. Wu's prior misdemeanor conviction in a Taiwan proceeding has little to no probative value as to the issues presented in this case. Plaintiff has already testified in his deposition that none of his signatures on the assignment agreements at issue were forged. [*See* Liang Decl., ¶ 16, Exh. O at 7-14 (Transcript of March 7, 2014 Deposition of Richard Chang); ¶ 17, Exh. P at 40:4-6; 41:5-17; 42:13-17 (Transcript of March 3, 2014 Deposition of Richard Chang)]. Thus, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, as set out more thoroughly below.

First, the introduction of this evidence will confuse the issues in the case. This is not a forgery case. In fact, there is no dispute at all that the signatures on the relevant assignment agreements are genuine, as Plaintiff so stated in his deposition. [*See* Liang Decl., ¶ 16, Exh. O at 7-14 (Transcript of March 7, 2014 Deposition of Richard Chang); ¶ 17, Exh. P at 40:4-6; 41:5-17; 42:13-17 (Transcript of March 3, 2014 Deposition of Richard Chang)]. The only issue is which assignment agreement was signed last in time and is therefore controlling. The introduction of this collateral issue will serve as nothing more than a distraction at trial, taking time away from the real issues in the case.

Second, the introduction of Mr. Wu's conviction will mislead the jury, causing it to draw a mistaken inference that because Mr. Wu was convicted of a crime in his past, and because Mr. Wu was effectively running Biosuccess as its CEO, Biosuccess must be liable in this case.

Finally, this evidence is highly inflammatory and unfairly prejudicial. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis . . . ." Fed. R. Evid. 403 Advisory Committee

Notes.  The introduction of this evidence will encourage the jury to make a determination in this case on an improper basis.  For example, as noted in the advisory committee notes to FRE 404, the jury may be compelled to reward the good guy and punish the bad guy, basing their decision on the perceived character of the parties, rather than what the evidence actually shows happened.  Because there is no probative value to support the introduction of this evidence at trial, it must be excluded based on this high risk of unfair prejudice.

## CONCLUSION

Any and all evidence, references to evidence, testimony or argument relating to Fred Wu's prior misdemeanor conviction of forgery in a Taiwan proceeding should be excluded.  This evidence constitutes improper character evidence and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.

Dated:  May 5, 2014         LEE TRAN & LIANG LLP

By:  */s/ Enoch H. Liang*
     Enoch H. Liang
     Attorneys for Defendant
     Biosuccess Biotech Co., Ltd.