LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
  enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
  heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
  lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone:  (213) 612-8900
Facsimile:   (213) 612-3773

*Attorneys for Defendant*
*Biosuccess Biotech Co., Ltd.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| RICHARD L. CHANG,<br><br>          Plaintiff,<br><br>     v.<br><br>BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10,<br><br>          Defendants.<br><br>---<br><br>BIOSUCCESS BIOTECH CO., LTD.,<br><br>          Counterclaimants,<br><br>     v.<br><br>RICHARD L. CHANG and DOES 1–10,<br><br>          Counter-Defendants. | Case No. CV13-01340 JAK (ANx)<br><br>DEFENDANT'S NOTICE OF MOTION AND MOTION IN LIMINE **NO. 4** TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING INVENTORSHIP<br><br>[[PROPOSED] ORDER FILED CONCURRENTLY]<br><br>Judge:  Hon. John A. Kronstadt<br>Place:  Courtroom 750<br>Date:   June 2, 2014<br>Time:   3:00 p.m.<br><br>Trial:   June 17, 2014 |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 2, 2014, at 3:00 p.m., or as soon thereafter as this matter can be heard before the Honorable John A. Kronstadt, located at Courtroom 750 – 7th Floor, United States District Court, Central District of California (Western Division), 255 East Temple Street, Los Angeles, California 90012, Defendant Biosuccess Biotech Co., Ltd. ("Biosuccess") will and hereby does move for an order to exclude evidence and argument regarding inventorship.

This Motion is brought pursuant to the Court's Initial Standing Order § 10.d.; Federal Rules of Evidence 401, 402, and 403; and the Court's inherent authority to regulate proceedings.

This Motion is based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, Declaration of Enoch Liang and exhibits thereto, the pleadings, records and papers in this action, all matters of which the Court may take judicial notice, and such other and further evidence as may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 2, 2014.

Dated: May 5, 2014                                LEE TRAN & LIANG LLP

                                                  By: */s/ Enoch H. Liang*
                                                      Enoch H. Liang
                                                      Attorneys for Defendant
                                                      Biosuccess Biotech Co., Ltd.

# TABLE OF CONTENTS

Introduction ..................................................................................................................1

Argument .....................................................................................................................1

    I.    Evidence of Inventorship is Irrelevant to Any of the Remaining Issues ...............................................................................................................1

    II.   Raising Inventorship Issues Related to the Three Pending Applications Would Be Unfairly Prejudicial and Would Lead to Confusion of the Issues ................................................................................3

Conclusion ...................................................................................................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This Court determined today that Plaintiff Chang cannot challenge inventorship in the three pending applications at issue in the Complaint. [*See* Dkt. No. 144, at 6-9]. As a result of this ruling, the Court should likewise exclude any and all evidence, references to evidence, testimony or argument relating to the issues of inventorship—***including change of inventorship***—in the three pending patent applications because such evidence is irrelevant under Federal Rules of Evidence 401 and 402 and will mislead the jury and lead to confusion of the issues, under Federal Rule of Evidence 403.

### ARGUMENT

**I.     Evidence of Inventorship is Irrelevant to Any of the Remaining Issues**

Biosuccess seeks to exclude all evidence and argument related to inventorship because it does not have any tendency to make the existence of any fact that is of consequence to the remaining disputed issues more or less probable.

Chang has attempted to cast Biosuccess in a bad light based on inventorship issues, for example, "Critically, there are patent rights being destroyed (all by abandonment) while at the same time other applications are being filed without the lead inventor Richard Chang . . . . [Biosuccess is] trying to cloud the true inventorship of those patent applications, which if less than perfectly honest and forthright with the USPTO, will destroy and invalidate those applications and later patents." [Dkt. 103, 4:19-21; 6:14-16].

Chang should not be allowed to raise inventorship (including the change of inventorship) issues because this Court has already determined that whether Chang is an inventor is a matter for the USPTO. [*See* Liang Decl., ¶

3, Exhibit A (April 21, Hearing Transcript) at 30:21-23, ("The USPTO is the place where people present disputes over who the inventor is."); Dkt. No. 144]. Thus, this evidence is irrelevant and must be excluded.

Indeed, Plaintiff himself knows that inventorship is not an issue in this case and this trial. That is why in January 2014 Plaintiff filed a separate litigation in Northern California, ***specifically focusing*** on the issue of inventorship with his co-inventor Dr. Zheng Tao Han. For example, on January 3, 2014, Plaintiff Richard Chang sued his co-inventor Zheng Tao Han, seeking declaratory relief for the following:

> [W]hether Defendant Han was a co-inventor on any patent or patent application with Plaintiff Chang, *i.e.* whether Defendant Han materially contributed to the patent or patent applications, whether Plaintiff Chang and Defendant Han agreed that Plaintiff Chang was to be in charge and in fully control of all patent-related work, including applications, licenses, assignments or other agreements with parties not named as inventors on the patent.

[Liang Decl., ¶ 18, Exh. Q (Jan. 3, 2014 Chang state court complaint against Dr. Han)].

After Defendants removed this separate *Chang v. Han* case to the Northern District of California, in late April, Judge Davila denied Plaintiff's motion to remand to state court, Case No. 5:14-CV-00426-EJD, Dkt. No. 29, Liang Decl., ¶ 19, Exh. R (April 21, 2014 Order Denying Remand). Discovery has not yet started in the *Chang v. Han* case, with a Rule 16 Scheduling Conference set for May 23, 2014 before Judge Davila. *Id*.

While Dr. Han is not a party to the instant litigation, he will be a crucial witness in this trial. Allowing testimony about inventorship in this

trial—in addition to being irrelevant, confusing the issues, and misleading the jury—will unfairly prejudice Dr. Han and his defenses and positions in the separate *Chang v. Han* case, which is just beginning.  Indeed, if Plaintiff really believed that inventorship was an issue in the instant litigation/trial, there would have been no need for him to bring the separate complaint in the Northern District of California.  Given this second pending companion case, testimony on inventorship issues should be excluded from this litigation/trial.

## II. Raising Inventorship Issues Related to the Three Pending Applications Would Be Unfairly Prejudicial and Would Lead to Confusion of the Issues

Even if the Court finds that evidence related to inventorship is relevant to any of the remaining issues, such "evidence may be excluded if its probative value is substantially outweighed by the danger of ***unfair prejudice***, ***confusion of the issues***, or ***misleading the jury***, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (Emphasis added).  Fed. R. Evid. 403.  As shown above, Chang intends to use issues related to inventorship to unfairly cast Biosuccess in a bad light.  This should not be permitted for at least the following reasons:

**First**, introducing issues related to inventorship will certainly result in a confusion of the issues as they are irrelevant to the remaining issues, *e.g.*, which agreement controls, whether any patent applications were assigned under the controlling agreement, and whether the controlling agreement was breached and by whom.

**Second**, the inference or argument that Plaintiff is an inventor will mislead the jury, potentially causing the jurors to make an improper inference that because Plaintiff could or may be an inventor on pending patent

applications means that he is also an owner of the patent applications—an issue this Court has already ruled is a matter for the USPTO to decide.

## CONCLUSION

This Court should extend the reasoning of its May 2, 2014 decision on Defendant's motion for judgment on the pleadings and exclude all evidence related to inventorship issues as being irrelevant, being unfairly prejudicial, and confusing/misleading to the jury.

Dated: May 5, 2014

LEE TRAN & LIANG LLP

By: */s/ Enoch H. Liang*
Enoch H. Liang
Attorneys for Defendant
Biosuccess Biotech Co., Ltd.