Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Richard L. Chang**, <br><br>  Plaintiff; <br><br> v. <br><br> **Biosuccess Biotech Co. Ltd.**, <br><br>  Defendants. | **Case No. CV13-01340 JAK (ANx)** <br><br> **PLAINTIFF AND COUNTERCLAIM DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE ALL EVIDENCE INDICATING THE EXISTENCE OF PLAINTIFF'S RELATED LABOR CODE LITIGATION** |
| **Biosuccess Biotech, Co. Ltd.**, <br><br>  Counterclaimant, <br><br> v. <br><br> **Richard L. Chang**, <br><br>  Counterclaim Defendants. | Judge:  Hon. John A. Kronstadt <br> Place:  Courtroom 750 <br> Date:   June 2, 2014 <br> Time:   3:00 PM <br><br> Trial:  June 17, 2014 |

## NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 3

PLEASE TAKE NOTICE that pursuant to the Court's January 28, 2014 Order (Dkt. 101), Plaintiff Richard L. Chang hereby moves this Court for an order excluding from trial any and all evidence offered by Defendant and Counterclaim Plaintiff Biosuccess Biotech, Co. Ltd. relating to the existence of two related cases currently pending before the United States District Court for the Northern District of California, as well as any discussion of testimony or documents indicating the existence of those cases. Any evidence submitted on this topic is irrelevant to the claims in this case and submission of evidence to a jury would be improper and highly prejudicial to Richard Chang and should therefore be excluded. Pursuant to Federal Rule of Evidence 105, Plaintiff respectfully moves this Court *in limine* for:

(a) An order excluding certain evidence, specifically testimony, presentation of documents, and references indicating the existence of Northern District of California case <u>Ben Chang v. Biosuccess Biotech, Co., Ltd., et al.</u>, Case No. 5:14-CV-00425-LHK; and

(b) An order excluding certain evidence, specifically testimony, presentation of documents, and references indicating the existence of Northern District of California case <u>Richard L. Chang v. Zheng Tao Han, et al.</u>, Case No. 5:14-CV-00426-PSG (collectively the "<u>Labor Code Cases</u>")

## INTRODUCTION

Plaintiff Richard L. Chang seeks to bar evidence of the existence of the Labor Code Cases. That these Labor Code Cases have been filed has no bearing on the claims of this case, are irrelevant, and are prejudicial and should therefore be excluded in their entirety. This Court has the inherent power to bar evidence and testimony that either party intends to present at trial, and particularly in excluding evidence where the probative value of the evidence is outweighed by the prejudicial effect of its admission. FED. R. EVID. 403. Here, the evidence Plaintiff Richard L. Chang seeks to bar is both inadmissible as a matter of law and

potentially prejudicial if admitted at trial. As such, the Court should order its exclusion and grant this motion *in limine*.

## RELEVANT PROCEDURAL HISTORY

On January 3, 2014, Richard L. Chang filed a lawsuit in the Santa Clara Superior Court against both Biosuccess entities (registered in the Cayman Islands and Nevada respectively), as well as two Biosuccess employees, Zheng Tao Han and Biosuccess Chairman of the Board Chi-Ming (Fred) Wu. The claims that Richard Chang alleged against the defendants included interference with prospective economic advantage, securities fraud, violations of the California Labor Code, breach of contract, *quantum meruit*, and declaratory relief. On January 28, 2014, defendants in this case removed the case from Santa Clara Superior Court to the United States District Court for the Northern District of California. On February 12, 2014, Richard Chang moved the court to remand, but the motion was denied.

Plaintiff also seeks to bar all evidence of the case filed on January 3, 2014, in Santa Clara Superior Court by Plaintiff's son Ben Chang, against the same defendants in the above mentioned case. The claims that Ben Chang alleged against the defendants included California Labor Code violations, breach of contract and *quantum meruit*. On January 28, 2014, defendants in the case removed the case from Santa Clara Superior Court to the United States District Court for the Northern District of California. On February 12, 2014, Ben Chang moved the court to remand, but the motion was also denied.

Both of the Labor Code Cases were brought to recover California Labor Code-based damages for Biosuccess' failure to pay wages to both Richard and Ben Chang for amounts that went unpaid for years' of work with and for Biosuccess. However, neither case bears at all on the case before this Court nor should the jury be confused by that. FED. R. EVID. 403.

**ARGUMENT**

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice and by case law. <u>Ohler v. United States</u>, 529 U.S. 753, 758; 120 S. Ct. 1851 (2000); <u>Padillas v. Stork–Gamco, Inc.</u>, 186 F.3d 412, 417 (3rd Cir. 1999); <u>Luce v. United States</u>, 469 U.S. 38, 41; 105 S. Ct. 460 (1984) (Court's inherent power to manage the course of trials).

## I.   EVIDENCE OF THE LABOR CODE CASES ARE IRRELEVANT

Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FED. R. EVID. 401. Evidence indicating the existence of the two related cases does not satisfy this test and should be excluded from trial in this case.

The probative value of the Labor Code Cases is minimal as they do not weigh on the claims, counterclaims, or facts in this case. No orders or motions have yet been filed that might instruct a jury on any issues existing in this case, nor has a jury trial been held that might similarly provide any preclusive effect that would tend to make the facts surrounding the remaining claims more or less probable. The fact that the Labor Code Cases involve similar parties can be of no consequence in determining the outcome of this action.

The Labor Code Cases cannot weigh on the probability of any fact surrounding Richard Chang's claim for declaratory relief, and therefore cannot be used by Defendants to prove the elements of their claims and are therefore irrelevant and any irrelevant evidence must be excluded. FED. R. EVID. 402.

The same is especially true of Ben Chang's case which has nothing to do with this case other than that Ben Chang worked for Biosuccess.

//
//
//

## II. EVIDENCE RELATED TO THE CALIFORNIA CASES WOULD BE HIGHLY PREJUDICIAL TO RICHARD CHANG, AND SHOULD BE EXCLUDED

According to the Federal Rules of Evidence, the Court is to exclude evidence if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues [or] misleading the jury." Fed. R. Evid. 403.

The prejudice to Richard Chang far outweighs any potential probative value of evidence indicating the Labor Code Cases. Unfair prejudice is the "possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." Mullen v. Princess Anne Volunteer Fire Co., 853 F.2d 1130, 1134 (4th Cir. 1988). There have been no rulings, no orders, no discovery, and no trial in those cases, and they contain entirely different claims.

There can therefore be no probative value whatsoever in Ben Chang's Labor Code case, and the possibility (indeed, probability) that a jury would draw prejudicial inferences that there is and will be further litigation means that any mention of his case should also be excluded.

Further, introduction of evidence relating to the existence of Labor Code Cases would only serve to confuse the jury as to the claims brought in this case due to the similar parties involved, and serve as a detour from the elements of this case, and, in the interest of clarity, efficiency, and equity, should be excluded.

## CONCLUSION

For all of the foregoing reasons, the Court should order Defendants and Counterclaim Plaintiffs and their counsel to refrain from introducing evidence or testimony relating to the existence of Labor Code Cases.

//
//
//

Dated: May 5, 2014                    ENTREPRENUER LAW GROUP LLP

By: /s/ Jack Russo
    Jack Russo
    Christopher Sargent

    Attorneys for Plaintiff
    RICHARD L. CHANG