Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Richard L. Chang,<br><br>　　　　Plaintiff;<br><br>　　v.<br><br>Biosuccess Biotech Co. Ltd., et al.<br><br>　　　　Defendants.<br><br>―――――――――――<br><br>Biosuccess Biotech, Co. Ltd.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>Richard L. Chang et al.,<br><br>　　　　Counterclaim Defendants. | Case No. 2:13-cv-01340-JAK-AN<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE RELATING TO SETTLEMENT DISCUSSIONS, INCLUDING BUT NOT LIMITED TO ALL SETTLEMENT COMMUNICATIONS, SETTLEMENT CONFERENCES, AND SETTLEMENT BRIEFS**<br><br>Judge:　Hon. John A. Kronstadt<br>Place:　Courtroom 750<br>Date:　　June 2, 2014<br>Time:　　3:00 p.m.<br><br>Trial:　　June 17, 2014 |

### NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 4

PLEASE TAKE NOTICE that pursuant to the Court's Local Rules and Docket No. 101, Plaintiff Richard L. Chang hereby moves this Court for an order excluding from trial any and all evidence offered by Defendant Biosuccess Biotech, Ltd. ("Biosuccess") relating to settlement discussions between the parties, including but not limited to, all settlement communications, exchanged settlement briefs, discussions and dialogue that took place during the settlement conference in September 2013, and content of the Joint Status Report regarding settlement efforts, filed with the Court on September 16, 2013. Such an order is necessary to protect the privilege for settlement discussions, prevent unfair prejudice to Plaintiff Richard L. Chang, and prevent Biosuccess from wrongfully misusing good-faith settlement offers to its advantage and as an improper trap to induce such settlement discussions for use improperly as a factual basis for its counterclaims.

### INTRODUCTION

Plaintiff Richard L. Chang seeks to bar evidence of any and all settlement discussions with Defendant Biosuccess as such confidential exchanges are inadmissible as a matter of law, as well as any and all settlement discussions, negotiations, and agreements Richard L. Chang has entered into with other parties. This Court has the inherent power to bar evidence and testimony that either party intends to present at trial, and particularly in excluding evidence where the probative value of the evidence is outweighed by the prejudicial effect of its admission. FED R. EVID. 403. Here, the evidence Richard L. Chang seeks to bar is both inadmissible as a matter of law and potentially prejudicial if admitted at trial. As such, the Court should order its exclusion and grant this motion *in limine*.

As is the case in many commercial disputes, the parties here have engaged in informal as well as formal efforts to resolve the matter. This case is no different, and evidence or testimony of any settlement discussions must be excluded at trial.

Entrepreneur Law Group LLP
www.computerlaw.com℠

# ARGUMENT

## I. EVIDENCE OF SETTLEMENT NEGOTIATIONS IS NOT ADMISSIBLE.

The Court has the inherent power to control its proceedings, and Motions *in limine* are well-recognized in practice and by case law. <u>Ohler v. United States</u>, 529 U.S. 753, 758; 120 S. Ct. 1851 (2000); <u>Padillas v. Stork-Gamco, Inc.</u>, 186 F.3d 412, 417 (3rd Cir. 1999); <u>Luce v. United States</u>, 469 U.S. 38, 41; 105 S. Ct. 460 (1984) (Court's inherent power to manage the course of trials).

Further, it is well-settled that settlement offers are inadmissible to prove liability. The purpose of this preclusion is to facilitate open discussions and avoid deterring parties from making such offers of settlement. FED. R. EVID., Rule 408, Advisory Committee Notes. Rule 408 states:

> Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction: (1) furnishing, promising, offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and (2) **conduct of a statement made during compromise negotiations about the claim.**

FED. R. EVID. 408 (emphasis added).

The law seeks to encourage, not discourage, settlement and compromise and "It is clear that any attempt by [a party] to introduce evidence of settlement negotiations regarding his claim to prove liability would be prohibited by Rule 408. The same prohibition extends to evidence of completed settlements in other cases when evidence is offered against the compromiser." <u>Green v. Baca</u>, 226 F.R.D. 624, 640 (9th Cir. 2004). Citing <u>Hudspeth v. Commissioner of Internal Revenue Service</u>, 914 F.2d 1207, 1213 (9th Cir. 1990).

In addition, the Ninth Circuit also noted that "settlements are often consummated for reasons other than the merits of the case, [so such] evidence might not be reasonably relied upon…" <u>Hudspeth</u>, 914 F.2d at 1215.

Because the parties would be reluctant to enter into settlement talks if their negotiation positions could influence the finder of fact, Federal Rule of Evidence 408 makes inadmissible offers, conduct, and statements made in connection with settlement negotiations. <u>Fiberglass Insulators, Inc. v. Dupuy</u>, 856 F.2d 642, 654 (4th Cir. 1998) (The public policy favoring and encouraging settlement makes necessary the inadmissibility of settlement negotiations in order to foster frank discussions; affirming exclusions under Rule 408). The policy favoring settlement is manifest, among other places, in the Federal Rules of Evidence. The Rules provide that evidence "of promising to accept…a valuable consideration in…attempting to compromise a claim is not admissible to prove liability for the claim. Nor is evidence of conduct or statements made in compromise negotiations." <u>Caswell v. Net Irrigate</u>, LLC, 2013 U.S. Dist. LEXIS 11139419 (9th Cir. 2013) at *6 (internal citations omitted).

Further, the "policy underlying the [Federal] Rules [of Evidence] supports an approach that fosters settlement…Indeed, this policy squarely invokes one of the considerations enumerated by the Supreme Court for the second prong of a proper Due Process analysis, namely, the interstate judicial systems interest in obtaining the most efficient resolution of controversies." <u>Caswell</u>, 2013 U.S. Dist. LEXIS at *7 (internal quotations and citations omitted).

Accordingly, settlement communications cannot, as a matter of law, give rise to a claim or be used as evidence to support a claim, as they are clearly privileged under applicable law; any direct or indirect use of settlement communications would eviscerate the Federal policy in assuring the free flow of information and exchanges made in settlement discussions. <u>Hudspeth</u>, 914 F.2d at 1215. Richard Chang's Motion should be granted and settlement communications of any variety should be precluded from trial.

//

//

## II. EVIDENCE OF SETTLEMENT DISCUSSIONS IN ANY FORM ARE NOT RELEVANT.

Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FED. R. EVID. 401. Settlement communications in this case do not satisfy this fact.

At-issue in this case is which agreement is controlling and superseding. Settlement communications do not weigh on the probability of any fact surrounding those claims, and therefore cannot be used by Biosuccess to prove the elements of their claims, and are inadmissible for this additional reason.

## III. EVIDENCE OF OFFERS OR DISCUSSIONS OF OFFICERS TO COMPROMISE AND SETTLEMENT NEGOTIATIONS WOULD BE HIGHLY PREJUDICIAL TO RICHARD L. CHANG.

According to the Federal Rules of Evidence, even if evidence surrounding settlement communications were relevant, which it is not, the Court may still exclude it if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues [or] misleading the jury." FED. R. EVID. 403.

Settlement briefs have been exchanged in this case, and a settlement conference has taken place. Any offers or suggested compromises made by Richard L. Chang were in good faith and in the interest of settling this case outside court to save all parties involved valuable time and resources, including the Court. Besides the strong public interest in excluding settlement communications from trial, allowing such evidence at trial might substantially bias a jury or finder of fact as to any damages owed to Plaintiff. No offer or discussion involving Plaintiff to settle this case can have any bearing on either party's claims, and would only prejudice the jury, and should therefore be excluded.

In particular, Defendant's Deposition Exhibit No. 117 and all testimony about it must be excluded. The Courts in this District recognize that documents and

communications related to mediation are not only protected under Rule 408, but they are also privileged under Rule 501,[1] and this document is just such a mediation privileged document. <u>Folb v. Motion Pictures Indus. Pension & Health Plans</u>, 16 F. Supp. 2d 1164, 1181 (C.D. Cal. 1998). As privileged documents and testimony, these materials should not be admitted.[2]

## CONCLUSION

For all the foregoing reasons, the Court should order Defendant and their counsel to refrain from introducing evidence or testimony relating to settlement discussions in this case, whether between the parties themselves, or settlements with third parties, and including any type of communication whether it be verbal, written or otherwise.

Dated: May 5, 2014

ENTREPRENEUR LAW GROUP LLP

By: /s/ Jack Russo
Jack Russo
Christopher Sargent

Attorneys for Plaintiff
RICHARD L. CHANG

---

[1] Indeed, because the mediation occurred through a private provider, the settlement documents and associated settlement communications are also subject to the broad and strongly guarded settlement privilege set forth in the California Evidence Code and which provide additional substantive protection to settlement discussions, documents and exchanges under California law.  See California Evidence Code Section 1152 *et. seq.*; <u>see also</u>, <u>Simmons v. Ghaderi</u>, 44 Cal. 4th 570, 588 (2008) ("the Legislature chose to promote mediation by ensuring confidentiality rather than adopt a scheme to ensure good behavior in the mediation and litigation process. The mediation statutes provide clear and comprehensive rules reflecting that policy choice."); <u>Cassel v. Superior Court</u>, 51 Cal. 4th 113, 124 (2011) (the "purpose of these provisions is to encourage the mediation of disputes by eliminating a concern that things said or written in connection with such a proceeding will later be used against a participant.")

[2] Counsel promptly objected to this Exhibit 117 on the record of the deposition. If there is any request to admit this document or related testimony, given its privileged nature, Plaintiff respectfully requests that any such review be *in camera*.

**Entrepreneur Law Group LLP**
www.computerlaw.com℠