Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Richard L. Chang**, <br><br>    Plaintiff; <br><br> v. <br><br> **Biosuccess Biotech Co. Ltd.**, <br><br>    Defendants. | **Case No. CV13-01340 JAK (ANx)** <br><br> **PLAINTIFF'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE REFERENCE TO DEFENDANT ZHENG TAO HAN AS INVENTOR OF THE '814 PATENT AND RELATED PATENT APPLICATIONS** |
| **Biosuccess Biotech, Co. Ltd.**, <br><br>    Counterclaimant, <br><br> v. <br><br> **Richard L. Chang**, <br><br>    Counterclaim Defendants. | Judge:  Hon. John A. Kronstadt <br> Place:  Courtroom 750 <br> Date:   June 2, 2014 <br> Time:   3:00 p.m. <br><br> Trial:  June 17, 2014 |

<u>**NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 5**</u>

PLEASE TAKE NOTICE that pursuant to the Court's Local Rules and Docket No. 101, Plaintiff Richard L. Chang hereby moves this Court for an order excluding from trial any and all evidence, reference to, or mention of Defendant Zheng Tao Han as an inventor of the U.S. Patent No. 6,063,814 (the "<u>'814 Patent</u>"). As authorized by Federal Rule of Evidence 105, Plaintiff respectfully moves this Court *in limine* for an order excluding certain evidence, specifically any reference to Defendant Han as an inventor of the '814 Patent.

<u>**INTRODUCTION**</u>

This action revolves around the purported transfer of Plaintiff's rights and interest by way of two successive agreements and Defendant's breaches of the agreement. Defendant Han signed the same two agreements, thereby also transferring his interest in the relevant patent and patent family to Biosuccess Biotech, Co., Ltd. ("<u>Biosuccess</u>"). However, Mr. Han's assignment is not at-issue here; no dispute exists as to his interest or with whom it sits. His subordinate role in the invention of the '814 Patent therefore has no bearing on this case, and any evidence to that point should be excluded.

Plaintiff Richard L. Chang seeks to bar evidence at trial of any reference to Defendant Han as an inventor or co-inventor of the '814 Patent. This Court has the inherent power to bar evidence and testimony that either party intends to present at trial, particularly excluding evidence where the probative value of the evidence is outweighed by the prejudicial effect of its admission. FED. R. EVID. 403. In addition, the evidence Plaintiff seeks to bar by this Motion would more likely than not cause substantial confusion and unwanted delay at trial by distracting the finder of fact from the issues and claims as they exist in this dispute. As such, the court should order its exclusion and grant this motion *in limine*.

# ARGUMENT

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice by case law. <u>Ohler v. United States</u>, 529 U.S. 753, 758; 120 S. Ct. 1851 (2000); <u>Padillas v. Stork–Gamco, Inc</u>., 186 F.3d 412, 417 (3rd Cir. 1999); <u>Luce v. United States</u>, 469 U.S. 38, 41; 105 S. Ct. 460 (1984) (Court's inherent power to manage the course of trials).

## I.   HAN'S INVENTORSHIP SHOULD BE EXCLUDED AS IRRELEVANT.

Han's named inventorship and contributions to the invention of the '814 Patent have no bearing on this lawsuit; it is wholly irrelevant and should be precluded entirely from presentation to the jury at trial. Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FED. R. EVID. 401. Evidence as to Han's inventorship does not satisfy this test and should be excluded.

Beyond being an additional signatory on the assignment agreements dated August 30, 2006 and October 12, 2006 (the "<u>August Agreement</u>" and "<u>October Agreement</u>," respectively), Zheng Tao Han's ownership and inventorship are in no way at-issue in this lawsuit. As there will be no claims before a jury related to Mr. Han's inventorship[1], ownership, rights to, interest in, or assignment of the '814 Patent and related applications, no such testimony should be admitted. The probative value of such evidence does not weigh on the claims, counterclaims, or facts as they exist in this case, and no evidence offered by Defendants can possibly make any relevant fact more or less probable as it relates to a claim against Defendants. Similarly, neither can such evidence possibly be determinative as to

---

[1] The Court's May 2, 2014 Order regarding Defendant's Motion for Judgment on the Pleadings makes this clear: "Plainly, this claim of ownership is expressly premised on an issue over which the USPTO has exclusive jurisdiction." <u>See</u> Docket No. 144.

Entrepreneur Law Group LLP
www.computerlaw.com℠

the claims **in this case**, and such evidence therefore does not meet the standard of admissibility according the Federal Rules.

Evidence of Han's inventorship or co-inventorship is irrelevant, and irrelevant evidence should not be admitted. FED. R. EVID. 402. The Court should therefore grant Plaintiff's Motion and preclude any evidence of Han's purported inventorship in the '814 Patent and family of related applications.

## II. EVIDENCE RELATED TO HAN'S INVENTORSHIP IS IRRELEVANT AND PREJUDICIAL TO PLAINTIFF CHANG AND SHOULD BE EXCLUDED.

Presentation of evidence relating to Han's contributions to the invention of the '814 Patent or even referencing Han as an inventor or co-inventor of the '814 Patent (and related portfolio), would unfairly prejudice a jury against Mr. Chang. According to the Federal Rules of Evidence, the Court may exclude evidence if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues [or] misleading the jury." FED. R. EVID. 403.

Mr. Han's inventorship, ownership, and assignment in the '814 Patent is not at-issue in this case. However, there is an excellent chance that the jury could misconstrue, misunderstand, or overestimate Mr. Han's contributions and his arguments that Biosuccess continues to own his interest in the patent, and the implications of being a co-inventor when the claims and issues in this case do not require them to consider such things. The prejudice to Plaintiff far outweighs any potential probative value of evidence related to Han's inventorship. Unfair prejudice is the "**possibility** that the evidence will excite the jury to make a decision on the basis of **a factor unrelated to the issues properly before it**." Mullen v. Princess Anne Volunteer Fire Co., 853 F. 2d 1130, 1134 (4th Cir. 1988) (emphasis added). Without any probative value whatsoever in Han's co-inventorship, the possibility, and indeed probability, that a jury would draw

misconceived, confused, or prejudicial inferences instructs that any mention of Han's inventorship should be excluded.

## CONCLUSION

For all the foregoing reasons, the court should order Defendant Biosuccess and their counsel to refrain from introducing any evidence or testimony relating to Defendant Zheng Tao Han's inventorship, co-inventorship, or contribution to the invention of the '814 Patent.

Dated: May 5, 2014

ENTREPRENEUR LAW GROUP LLP

By: /s/ Jack Russo
Jack Russo
Christopher Sargent

Attorneys for Plaintiff
PROFESSOR RICHARD L. CHANG