Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Richard L. Chang,<br><br>　　　　Plaintiff;<br><br>　　v.<br><br>Biosuccess Biotech Co. Ltd., et al.<br><br>　　　　Defendants.<br>―――――――――――――――――<br>Biosuccess Biotech, Co. Ltd.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>Richard L. Chang et al.,<br><br>　　　　Counterclaim Defendants. | Case No. 2:13-cv-01340-JAK-AN<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE DOCUMENTS, TESTIMONY, AND ANY AND ALL OTHER EVIDENCE NOT PRODUCED IN DISCOVERY**<br><br>Judge:　Hon. John A. Kronstadt<br>Place:　Courtroom 750<br>Date:　June 2, 2014<br>Time:　3:00 p.m.<br><br>Trial:　June 17, 2014 |

# NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 6

PLEASE TAKE NOTICE that pursuant to the Court's January 28, 2014 Order (Dkt. 101), Plaintiff Richard L. Chang hereby moves this Court for an order excluding from trial any and all evidence offered by Defendant Biosuccess Biotech, Ltd. ("Biosuccess") relating to new evidence being presented, which was not disclosed or produced in discovery. Such an order is necessary to protect the legitimacy of the proceedings, to prevent unfair prejudice to Plaintiff Richard L. Chang, and to prevent Biosuccess Biotech, Ltd. from wrongfully misusing documents, conversations, evidence, or communications not disclosed or produced during the discovery phase of this case to its advantage.

## INTRODUCTION

Plaintiff Richard L. Chang seeks to bar evidence of any and all evidence, documents, conversations, discussions, and dialogues not produced during discovery. It would be prejudicial and unwarranted to admit such evidence. This Court has the inherent power to bar evidence and testimony that either party intends to present at trial, and particularly in excluding evidence where the probative value of the evidence is outweighed by the prejudicial effect of its admission. FED R. EVID. 403. Here, the evidence Richard L. Chang seeks to bar is potentially highly prejudicial if admitted at trial. As such, the Court should order its exclusion and grant this motion *in limine*.

As is the case in many commercial disputes, the parties here have engaged in informal as well as formal efforts to resolve the matter. This case is no different, and evidence or testimony of any discussions, communications, or dialogues not produced during discovery must be excluded at trial, including those of related disputes, and third parties.

//
//
//

**ARGUMENT**

**I.   EVIDENCE OF UNIDENTIFIED WITNESSES OR UNPRODUCED DISCOVERY IS NOT ADMISSIBLE AND FAILS TO MEET THE REQUIREMENTS OF RULE 26.**

The Court has the inherent power to control its proceedings, and Motions *in limine* are well-recognized in practice and by case law. Ohler v. United States, 529 U.S. 753, 758; 120 S. Ct. 1851 (2000); Padillas v. Stork-Gamco, Inc, 186 F.3d 412, 417 (3rd Cir. 1999); Luce v. United States, 469 U.S. 38, 41; 105 S. Ct. 460 (1984) (Court's inherent power to manage the course of trials).

Further, it is clear that admitting into evidence unproduced discovery documents would be prejudicial, unfair, and an affront to the well-established legal system which prides itself on fairness and equity. The purpose of the relevant statutes is to facilitate open discussions and avoid establishing a dangerous precedent of admitting into evidence documents which were not produced during discovery. To do so would be an egregious error, and the admittance of such evidence would undermine the well-grounded, widely accepted rules of civil procedure that dictate the constraints and requirements of discovery to guarantee open communications, honesty, and good-faith dealings. FED. R. CIV. P., Rules 26 and 34.

In addition, Federal Rule of Civil Procedure 26(a)(2)(B) requires full disclosure of expert witnesses, their reports, the facts considered, and exhibits that will be used. If Defendants plan to raise documents or attempt to admit into evidence documents that were not disclosed during discovery, this would be a violation of Rule 26 of the Federal Rules of Civil Procedure.

Accordingly, when a party attempts to disclose new evidence that it failed to provide under Rule 26(a) and (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. FED. R. CIV. P. 37(c).

Defendants had every opportunity to use and disclose the materials they may seek to disclose and add to evidence. Their delay in producing such documents or evidence can only be attributed to a last minute effort to confuse the issue on the eve of trial and sway the judgment in their favor. Such violations are unacceptable and cannot be allowed, particularly because courts have found the importance of new discovery material to be questionable where there is other evidence that addresses the relevant issue or topic. As such, any newly disclosed evidence which Defendants failed to produce during the defined discovery period must be excluded.

## II. EVIDENCE OF UNIDENTIFIED WITNESSES AND/OR UNPRODUCED DISCOVERY DOCUMENTS WOULD BE HIGHLY PREJUDICIAL TO RICHARD L. CHANG.

According to the Federal Rules of Evidence, even if evidence of discovery documents which were **not** produced were relevant, which cannot, of course, be ascertained until they are produced, the Court may still exclude it if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues [or] misleading the jury." FED. R. EVID. 403.

The admission of unproduced documents into evidence at the trial stage would have a profound effect on Plaintiff's preparation for trial, and would severely impair Plaintiff's ability to plead his case before the jury. Defendant has now had over a year to produce documents, has produced tens of thousands of records, has taken several depositions, has had its deposition taken, and should not now be granted any leeway on documents it has yet to produce at this late stage for use at trial. Fact discovery has been closed for some time now, and the Court should therefore grant Plaintiff's Motion.

## CONCLUSION

For all the foregoing reasons, the Court should order Defendants and their counsel to refrain from calling unidentified witnesses or from introducing evidence or testimony that they failed or neglected to disclose during the discovery phase.

1  Allowing such evidence would be highly prejudicial to Plaintiff and would suggest
2  a lack of adherence to the Federal Rules of Civil Procedure, as well as establish a
3  dangerous precedent for purposefully or negligently withholding evidence and
4  attempt to admit it at the eleventh hour.

6  Dated: May 5, 2014                    ENTREPRENEUR LAW GROUP LLP

7                                  By:   /s/ Jack Russo

8                                        Jack Russo
                                         Christopher Sargent
9
                                         Attorneys for Plaintiff
10                                       RICHARD L. CHANG