Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Richard L. Chang**,<br><br>            Plaintiff;<br><br>    v.<br><br>**Biosuccess Biotech Co. Ltd.**,<br><br>            Defendants. | **Case No. CV13-01340 JAK (ANx)**<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO EXCLUDE THE TESTIMONY OF STEVEN BURGESS** |
| **Biosuccess Biotech, Co. Ltd.**,<br><br>            Counterclaimant,<br><br>    v.<br><br>**Richard L. Chang**,<br><br>            Counterclaim Defendants. | |

<h1 style="text-align:center">NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 7</h1>

PLEASE TAKE NOTICE that pursuant to the Court's January 28, 2014 Order (Dkt. 101), Plaintiff Richard L. Chang hereby moves this Court for an order excluding from trial any and all evidence offered by Defendant and Counterclaim Plaintiff Biosuccess Biotech, Co. Ltd. relating to testimony of Steven Burgess, as well as any discussion of testimony or documents indicating the existence of those cases. Any evidence submitted on this topic is irrelevant to the claims in this case and submission of evidence to a jury would be improper and highly prejudicial to Richard Chang. Pursuant to Federal Rule of Evidence 105, Plaintiff moves this Court *in limine* for an order excluding certain evidence, specifically testimony, presentation of documents, and references to the expert report of Steven Burgess.

## INTRODUCTION

The irrelevant "testimony" of Steven Burgess should be exclude as the email he purports to verify has no bearing on the issues in dispute in this case. This Court has the inherent power to bar evidence and testimony that either party intends to present at trial, and particularly in excluding evidence where the probative value of the evidence is outweighed by the prejudicial effect of its admission. FED. R. EVID. 403. The Court should order exclude this evidence that is both inadmissible and prejudicial and grant this motion *in limine*.

## ARGUMENT

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice and by case law. Ohler v. United States, 259 US 753, 758 (2000); Padillas v. Stork–Gamco, Inc., 186 F.3d 412, 417 (3rd Cir. 1999); Luce v. United States, 469 US 38, 41 (1984) (Court's inherent power to manage the course of trials).

**I.   EVIDENCE RELATED TO THE EMAILS IN QUESTION IS IRRELEVANT.**

Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence

*Entrepreneur Law Group LLP*
www.computerlaw.com℠

in determining the action. FED. R. EVID. 401. Evidence indicating the existence of the two related cases does not satisfy this test and should be excluded from trial in this case.

Defendant's expert Steven Burgess includes a 2011 email in his expert report ("2011 Email") containing an attachment bearing some of the language of the August 2006 Agreement. Due to the numerous differences, which in no way comport with Defendant's timeline, this email is completely irrelevant to the issues in dispute, and particularly as to the question of when the agreement was signed:

| **Section** | **August 2006 Agreement** | **2011 Email** |
|---|---|---|
| 3.1 | "basic compensations and incentives" | "basic incentives" |
| 3.1(a) | "Total milestone payment: US$2 million is to be paid in the following manners:" | "Total payment: US$2 million is to be paid for reimbursement of efforts and expenses spent over the years on TPA research and development in the following manners" |
| 3.1(a)(1) | "completed in the US." | "is completed" |
| 3.1(b) | "ASSOGNEE's stock shares at the time the company is established" | "ASSOGNEE's shares (50 million shares in total)" |
| 3.2 | "The ASSIGNEE also agrees the following compensations to be paid to the ASSIGNOR:" | "The CONSIGNEE also agree to the following overhead expense" |
| 3.2(b) | "annually or market compatible compensation to be paid" | "annually to be paid" |
| 3.3 | "at least once every" | "at least once very" |

These substantial differences between what was purportedly attached to the email and the actual signed agreement render the email in question and all related expert testimony irrelevant.

Further, because the admission of this email and expert testimony will confuse the jury, it should also be excluded as prejudicial to Plaintiff Chang. Unfair prejudice is the "possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." <u>Mullen v. Princess Anne Volunteer Fire Co.</u>, 853 F.2d 1130, 1134 (4th Cir. 1988). There have been no rulings, no orders, no discovery, and no trial in those cases, and they contain entirely different claims.

There is no probative value to either the email or the report of Mr. Burgess, and significant time will be spent and the jury will be confused about the importance of the documents with the purported "expert" testimony. Accordingly, all such evidence should be excluded under rules 401 and 403.[1]

## CONCLUSION

For all of the foregoing reasons, the Court should order Defendants and Counterclaim Plaintiffs and their counsel to refrain from introducing evidence or testimony relating to the expert report and testimony of Steven Burgess and the related 2011 emails.

//

//

---

[1] If the Court were to allow this testimony, then it would be opening the door to **any** witness in this case finding **any** item of email which has **any** form of attachment that has **any** unsigned version of **any** form of document exchanged by the parties—and then to use it to argue that this "proves" that something must have been signed in 2011? Simply putting the point in question form demonstrates the leap in logic here. Nothing in the email that Burgess is referring to says anything about Fred Wu signing, anything about Mr. Han signing, or anything about Professor Richard Chang signing—or anything about **anyone** signing the attachment or anything else. And, it is clear that the attachment itself was not signed. ). Defendants Opposition to Motion for Summary Judgment (Dkt 116) (only two signed writings constituting three-party signed Assignment Agreements are the one dated August 30, 2006 and the one dated October 12, 2006—and it is clear that the attachment to the 2011 Email reviewed by Burgess is neither of those documents).

| | | |
|---|---|---|
| 1 | Dated: May 5, 2014 | ENTREPRENUER LAW GROUP LLP |
| 2 | | |
| 3 | | By: /s/ Jack Russo |
| 4 | | Jack Russo<br>Attorneys for Plaintiff |
| 5 | | R<small>ICHARD</small> L. C<small>HANG</small> |

*Entrepreneur Law Group LLP*
www.computerlaw.com<sup>sm</sup>