LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
　enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
　heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
　lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone:　(213) 612-8900
Facsimile:　(213) 612-3773

*Attorneys for Defendant*
*Biosuccess Biotech Co., Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD L. CHANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10,<br><br>　　　　Defendants.<br><br>BIOSUCCESS BIOTECH CO., LTD.,<br><br>　　　　Counterclaimants,<br><br>　　v.<br><br>RICHARD L. CHANG and DOES 1–10,<br><br>　　　　Counter-Defendants. | Case No. CV13-01340 JAK (ANx)<br><br>DEFENDANT BIOSUCCESS BIOTECH CO., LTD.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE **NO. 2**<br><br>Judge:　Hon. John A. Kronstadt<br>Place:　Courtroom 750<br>Date:　June 2, 2014<br>Time:　3:00 p.m.<br><br>Trial:　June 17, 2014 |

# TABLE OF CONTENTS

I.   This Court Already Ruled That There Are Genuine Issues of Material Fact in Dispute Related to Which Agreement Controls. ........... 1

II.  This Court Already Ruled That the Evidence Plaintiff Seeks to Exclude is Material, Relevant, and Admissible ...................................... 3

III. There is No Need for a Rule 104 Hearing ............................................. 3

IV.  Conclusion ............................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

*Atlantic & Pacific Tea, Inc. v. Checcio*, 335 N.J. Super 495 (App.Div. 2000) ................................................................................................................. 2

*Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800 (C.D. Cal. May 19, 2010) ............................................................... 2

**Rules**

Federal Rule of Evidence 104. ........................................................................... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

A main issue in this case is which agreement controls -- an agreement dated August 2006 (also referred to as the "September 2011 Agreement") or an agreement dated October 2006. Yet, Plaintiff seeks to exclude any evidence related to the September 2011 Agreement by simply recycling arguments from his Motion for Summary Judgment. [*See* Dkt. Nos. 113; 131 (Reply), collectively ("MSJ")]. This Court denied Plaintiff's MSJ and likewise should deny this Motion. [*See* Dkt. No. 144 at 9-15 (May 2, 2014 Order)].

### I. This Court Already Ruled That There Are Genuine Issues of Material Fact in Dispute Related to Which Agreement Controls.

**First**, Plaintiff argues this evidence should be excluded because there is no dispute which agreement controls based in part on the "integration" clause. [Motion at 2:15-4:4]. However, this Court already found that a genuine issue of material fact exists as to whether the September 2011 Agreement was executed after October 2006. [Dkt. No. 144 at 14]. Thus, the Court held that "it cannot be determined as a matter of law that the October 2006 Agreement is the operative one." [*Id*.]. Moreover, the Court already considered the integration clause and did not find such a clause precluded a genuine issue of disputed facts. [Dkt. No. 144 at 11]. Plaintiff's reliance on this integration clause here as a basis to exclude is similarly misplaced.

**Next**, Plaintiff argues this evidence should be excluded because evidence related to the controlling agreement would confuse the jury. [Motion at 4:5-8:18]. To support this argument, Plaintiff dives into a litany of "facts" that allegedly show why the October 2006 Agreement controls and how Defendant's evidence would somehow confuse the jury. [*Id*.]. First,

1  Plaintiff's laundry list of items was never raised in his MSJ and is simply
2  another attempt to re-argue his MSJ.  This is improper.

3  Motions in limine are not an appropriate means to resolve factual
4  disputes or weigh evidence. *Colton Crane Co., LLC v. Terex Cranes*
5  *Wilmington, Inc.*, 2010 WL 2035800 at *1 (C.D. Cal. May 19, 2010).  "In
6  particular, motions *in limine* should not be used as disguised motions for
7  summary judgment." *Id*.  This Court already decided that genuine issues of
8  disputed facts exist and therefore Plaintiff should make any such arguments
9  to the fact-finder, and not now.  The Court should disregard Plaintiff's new
10 arguments, which are improper at this stage.

11 **Finally**, Plaintiff once again asserts that the parol evidence rule
12 excludes any extrinsic evidence that is contrary to Plaintiff's position, relying
13 primarily on *Atlantic & Pacific Tea*, *Inc. v. Checcio*, 335 N.J. Super 495
14 (App.Div. 2000).  [Motion at 8:19-26].  Plaintiff extensively briefed in his
15 MSJ (and presented at the recent hearing) this same argument.  However, the
16 Court disagreed and found that extrinsic evidence as to which agreement
17 controls is **not** barred by the parol evidence rule.  [Dkt. No. 144 at 14].
18 Finding that *Great Atlantic & Pacific Tea Co.* actually supports "the
19 consideration of external evidence" in this case, this Court held that
20 "evidence about the order in which the documents were signed can be used to
21 determine which agreement is the operative one" because the parol evidence
22 rule "does not preclude evidence that would tend to subvert or overthrow the
23 writing entirely . . . *nor does it preclude evidence of agreements made*
24 *subsequent to the writing*." [*Id*. (emphasis in original) (citations omitted)].

25
26
27
28

## II. This Court Already Ruled That the Evidence Plaintiff Seeks to Exclude is Material, Relevant, and Admissible

This Court explicitly ruled that "the order in which documents were executed is *material*" [Dkt. No. 144 at 14 (emphasis added)], and therefore "evidence about this issue is *relevant* and *admissible*" [*id*. at 14-15 (emphasis added)]. Plaintiff's incomprehensibly wastes this Court time by arguing this same evidence is irrelevant. [Motion at 9:1-10:4].

Plaintiff then extrapolates that because the evidence is irrelevant, then it would also confuse the jury and summarily states that "there is no probative value whatsoever when the August 2006 Agreement was signed, or in referring to the August 2006 Agreement as controlling." [Motion at 10:5-25]. Plaintiff makes this confounding argument even though this Court already found that the same evidence Plaintiff seeks to exclude is relevant and therefore should be presented to the fact-finder. [Dkt. No. 144 at 14-15]. Which agreement controls is at the very heart of this entire case. Nothing could be more probative.

## III. There is No Need for a Rule 104 Hearing

Under Rule 104 it is not appropriate to "limit a party's right to introduce before the jury evidence that is relevant to the weight or credibility of other evidence." Federal Rule of Evidence 104. In other words, it is for the trier of fact to decide what weight should be given to evidence.

This Court explicitly ruled that "the order in which documents were executed is *material.*" [Dkt. No. 144 at 14 (emphasis added)], and therefore "evidence about this issue is *relevant* and *admissible*" [*id*. at 14-15 (emphasis added)]. Thus, the parties should be allowed to present their evidence and let a fact finder determine which agreement controls. Plaintiff should have moved to exclude any evidence it contends is inadmissible, including those

1  raised in Defendant's Opposition to Plaintiff's MSJ, in his motions in limine
2  and not a Rule 104 hearing.  Moreover, Plaintiff has not provided a
3  compelling basis why a Rule 104 hearing is warranted in view of the above.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine No. 2 should be DENIED.  Biosuccess should **not** be precluded from introducing evidence and testimony relating to the August 2006 Agreement as the controlling agreement or when this Agreement was signed.

Dated:  May 12, 2014                    LEE TRAN & LIANG LLP

                                        By: */s/ Enoch H. Liang*
                                            Enoch H. Liang
                                            Attorneys for Defendant
                                            Biosuccess Biotech Co., Ltd.