1  LEE TRAN & LIANG LLP
2  Enoch H. Liang (Bar No. 212324)
     enoch.liang@ltlattorneys.com
3  Heather F. Auyang (Bar No. 191776)
4    heather.auyang@ltlattorneys.com
   Lisa J. Chin (Bar No. 259793)
5    lisa.chin@ltlattorneys.com
6  601 South Figueroa St., Ste. 3900
7  Los Angeles, California 90017
   Telephone:  (213) 612-8900
8  Facsimile:  (213) 612-3773
9
   *Attorneys for Defendant*
10 *Biosuccess Biotech Co., Ltd.*

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13                    WESTERN DIVISION

| | |
|---|---|
| RICHARD L. CHANG, | Case No. CV13-01340 JAK (ANx) |
| Plaintiff, | |
| v. | DEFENDANT BIOSUCCESS BIOTECH CO., LTD.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE **NO. 3** |
| BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10, | |
| Defendants. | [Declaration of Heather Auyang Filed Concurrently] |
| BIOSUCCESS BIOTECH CO., LTD., | Judge: Hon. John A. Kronstadt |
| | Place: Courtroom 750 |
| Counterclaimants, | Date: June 2, 2014 |
| v. | Time: 3:00 p.m. |
| RICHARD L. CHANG and DOES 1–10, | Trial: June 17, 2014 |
| Counter-Defendants. | |

# TABLE OF CONTENTS

I.   Plaintiff Admits that the Labor Code Cases are Related to this Case and Are Thus Relevant. ...................................................................................1

II.  Plaintiff Has Repeatedly Referred to Labor Code Claims to Support Claims in This Matter. ................................................................................1

III. Biosuccess's Reference to This Evidence Depends on Plaintiff's Use of It at Trial. ........................................................................................3

IV. Conclusion ...............................................................................................3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

In this case, Plaintiff has repeatedly raised Labor Code violations (unpaid wages and penalties) in pleadings and discovery to support his breach of contract claim against Biosuccess.  Yet, Plaintiff's Motion in Limine No. 3 seeks to exclude any reference to or evidence or arguments from the two Northern District of California cases filed by Plaintiff Chang and his son Ben Chang involving Labor Code violations that are the **same** claims and arise from the **same** nucleus of facts here ("NDCAL Labor Code Cases").  Plaintiff cannot have it both ways – he cannot bring separate actions to insulate himself from evidence and arguments in those case, yet raise Labor Code violations in this case to support his breach of contract claim against Biosuccess.  Plaintiff's Motion should be denied.

### I.  Plaintiff Admits that the Labor Code Cases are Related to this Case and Are Thus Relevant.

In the NDCAL Labor Code Cases, Plaintiff filed a notice of related cases to this action.  [Auyang Decl., ¶ 3, Exh. A].  Moreover, even the title of his Motion uses the word "related" ("Plaintiff and Counterclaim Defendants' Motion in Limine No. 3 to Exclude All Evidence Indicating the Existence of Plaintiff's *Related* Labor Code Litigation"); likewise, Plaintiff uses the word "related" throughout his Motion (Motion at 1:5; 3:11; 4:2).  Thus, Plaintiff has no reasonable basis to argue that evidence and argument in the related NDCAL Labor Code Cases should be excluded.

### II.  Plaintiff Has Repeatedly Referred to Labor Code Claims to Support Claims in This Matter.

Plaintiff has repeatedly made reference to the claims underlying the separate NDCAL Labor Code Cases in the present proceeding.  Specifically, Plaintiff continues to raise the issue of allegedly unpaid wages as support for

1  his breach of contract claim against Biosuccess.  For example, Plaintiff has
2  stated:

3  - The outstanding balance due to Plaintiff for the years 2006-
4  2012 remains unpaid [Auyang Decl., ¶ 4, Exh. B at 6:23-7:4
5  (Plaintiff's Responses to Defendant's First Set of
6  Interrogatories];
7  - Biosuccess failed to make two separate payments of $1 million
8  to Plaintiff, putting Biosuccess in breach of the Agreement [*id.*
9  at 9:27-10:11];
10 - "Amounts that remain unpaid by Biosuccess ***in violation of the***
11 ***Labor Code***, amounts which are owed to Plaintiff in unpaid
12 wages for services rendered based on tax, payroll and personal
13 record" [*id.* at 15:21-16:12 (emphasis added)];
14 - "The amount of ***unpaid wages accrued*** and ***unpaid in***
15 ***violation of the Labor Code*** is actually greater than in attorney
16 Zuber's letter of January 22, 2013" [*id.* (emphasis added)];
17 - "Plaintiff is further owed $488,529 in wages which remain
18 unpaid ***in violation of the California Labor Code***, as well as
19 any applicable interest" [*id.* at 24:12-15 (emphasis added)].

20 In fact, alleged labor code violations make up the bases of several of
21 Plaintiff's affirmative defenses.  [*See, e.g.* Auyang Decl., ¶ 4, Exh. B
22 (Plaintiff's Responses to Interrogatories (Set One), No. 6)].  Plaintiff asserts
23 that "Biosuccess's Counterclaims are barred because Biosuccess breached
24 the October 2006 Agreement . . . . " [*Id.*].  In his interrogatory responses,
25 Plaintiff explains that this breach is based on unpaid wages, in violation of
26 the California Labor Code.  [*Id.*].
27
28

It is not only Plaintiff. Both Plaintiff's wife (Tsailing Chang) and son (Ben Chang) have also asserted claims against Biosuccess for allegedly unpaid wages *in this case*. [Auyang Decl. ¶ 8, Exh. F (Declaration of Tsailing Chang) and Exh. G (Declaration of Ben Chang)].

Thus, to the extent Plaintiff intends to rely on alleged labor code violations to support his own affirmative defenses in this trial, then the ongoing labor code claims are relevant. Moreover, Plaintiff cannot use this evidence to support his own affirmative defense, while simultaneously claiming that the introduction of such evidence by Biosuccess would be unfairly prejudicial.

### III. Biosuccess's Reference to This Evidence Depends on Plaintiff's Use of It at Trial.

To the extent that Plaintiff stipulates that neither he nor any of his witnesses will mention or testify about any alleged failure to receive wages from Biosuccess, then Biosuccess will stipulate it will likewise not mention or present evidence related to the NDCAL Labor Code Cases.

However, if Plaintiff or any witnesses on behalf of Plaintiff opens the door to his claims related to alleged failure to receive wages, then Biosuccess is not precluded from rebutting such claims.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion in Limine No. 3 should be DENIED. Plaintiff has repeatedly relied on the claims underlying the NDCAL Labor Code Cases in the present litigation. Moreover, to the extent Plaintiff or any of Plaintiff's witnesses raise issues related to alleged failure to receive wages, then Biosuccess should be allowed to rebut those allegations.

| | | |
|---|---|---|
| 1 | Dated: May 12, 2014 | LEE TRAN & LIANG LLP |
| 2 | | By: */s/ Enoch H. Liang* |
| 3 | | Enoch H. Liang |
| 4 | | Attorneys for Defendant Biosuccess Biotech Co., Ltd. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28