LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
  enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
  heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
  lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone:  (213) 612-8900
Facsimile:  (213) 612-3773

*Attorneys for Defendant*
*Biosuccess Biotech Co., Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD L. CHANG,<br><br>              Plaintiff,<br><br>    v.<br><br>BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10,<br><br>              Defendants. | Case No. CV13-01340 JAK (ANx)<br><br>DEFENDANT BIOSUCCESS BIOTECH CO., LTD.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE **NO. 5**<br><br>[Declaration of Heather Auyang Filed Concurrently] |
| BIOSUCCESS BIOTECH CO., LTD.,<br><br>              Counterclaimants,<br><br>    v.<br><br>RICHARD L. CHANG and DOES 1–10,<br><br>              Counter-Defendants. | Judge:  Hon. John A. Kronstadt<br>Place:  Courtroom 750<br>Date:   June 2, 2014<br>Time:   3:00 p.m.<br><br>Trial:  June 17, 2014 |

**TABLE OF CONTENTS**

I.  Han Is A Named Inventor, Owner and Assignor of the '814 Patent ................................................................................................. 1

II. Han's Inventorship is Relevant ............................................................... 1

    A.  Legal Standard ................................................................................ 1

    B.  Han's Inventorship Is Relevant and Necessary to Lay Foundation For Han's Testimony .................................................... 2

    C.  Han's Inventorship Is Relevant to Ward Off Attacks On His Credibility ........................................................................................ 3

III. Excluding Evidence of Han's Inventorship Would Unfairly Prejudice Biosuccess ............................................................................... 4

IV. Conclusion ............................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Daubert v. Merrell Down Pharmaceuticals, Inc.*,
　　509 U.S. 579 (1993) ..................................................................................1

*Kolada v. General Motors Parts Div., General Motors Corp.*,
　　716 F.2d 373 (6th Cir. 1983) ....................................................................4

**Rules**

Fed. R. Evid. 401 ..............................................................................................2

Fed. R. Evid. 403 ..............................................................................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court should deny Plaintiff's Motion in Limine No. 5 because Han's inventorship is relevant and to exclude this evidence would unfairly prejudice Biosuccess.

### I. Han Is A Named Inventor, Owner and Assignor of the '814 Patent

There is no dispute that Han is a named inventor of the '814 patent, as Han is listed on the face of the patent. There is also no dispute that Plaintiff and Han are co-owners and joint assignors of the '814 patent, as both parties' names appear on the Assignment Agreements as the "Assignor." Moreover, this Court has already found that Plaintiff and Han were co-inventors who jointly discussed the assignment of the '814 patent, the circumstances of which are directly at issue in this case. [*See* Dkt. No. 144 at 2].

### II. Han's Inventorship is Relevant

#### A. Legal Standard

Plaintiff wrongly claims that evidence of Han's inventorship does not meet the standard of admissibility under the federal rules, stating that it should be excluded because it is not determinative of the claims in this case. In so arguing, Plaintiff wrongly states the legal standard for relevance[1].

The basic standard of relevance under FRE 401 is a liberal one. *See Daubert v. Merrell Down Pharmaceuticals, Inc.*, 509 U.S. 579, 587 (1993) (characterizing FRE 401's definitions as a "liberal" standard of relevance).

---

[1] Plaintiff further argues that the Court's May 2, 2014 Order precludes evidence of Han's inventorship where it states "Plainly, this claim of ownership is expressly premised on an issue over which the USPTO has exclusive jurisdiction." However, the Court's May 2, 2014 Order is in relation to the non-provisional patent applications, and not the '814 patent. Unlike patent applications, federal courts *do* have jurisdiction to hear inventorship issues related to *issued* patents under 35 U.S.C. 256.

Moreover, the fact to which the evidence is directed ***need not be in dispute***. *See* Fed. R. Evid. 401, advisory committee notes (emphasis added). Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is ***universally offered and admitted*** as an ***aid to understanding***. *Id*. (emphasis added).

### B. Han's Inventorship Is Relevant and Necessary to Lay Foundation For Han's Testimony

In this trial, Han will be called as a witness to testify as to details surrounding the assignment of the '814 patent to Biosuccess, including the dates on which the controlling assignment agreement was signed. In order for Han's testimony to be compelling, or even understandable to the jury, Biosuccess must be allowed to lay the foundation for Han's testimony. This includes such basic and factual matters as who Han is, what Han's relationship was to Plaintiff and Biosuccess, and what Han's role was in the '814 patent and its assignment. Such foundational background information is universally admitted to aid the jury's understanding of a witness' testimony. *See* Fed. R. Evid. 401, advisory committee notes. The fact that Han's involvement with the '814 patent does not fit into Plaintiff's theory of the case does not make it any less relevant or necessary.

Biosuccess must be allowed to introduce evidence and testimony of Han's inventorship and contributions to the '814 patent to aid the jury's understanding of Han's testimony.

### C. Han's Inventorship Is Relevant to Ward Off Attacks On His Credibility

Plaintiff has already begun his attempts to discredit Han and his contribution to the '814 patent, claiming in different pleadings and discovery documents:[2]

- That Han worked under Plaintiff's tutelage [Auyang Decl., ¶ 5, Exh. C (Plaintiff's Supplemental Responses to Defendant's First Set of Interrogatories, No. 11)];
- That Plaintiff trained and directed Han [*Id.*];
- That Plaintiff paid all fees associated with the '814 patent and Han paid none [*Id.*; Dkt. No. 113 at ¶ 10];
- That Plaintiff "taught Han all he knew about the science" behind the '814 patent [*Id.* at No. 13];
- That Han was "a technician who never visited a clinical site" [*Id.*];
- That Han is trying to take rights from Plaintiff that Han never had [Dkt. No. 113 at ¶ 10]; and
- That without Plaintiff, there would be no patent rights [Dkt. No. 113 at ¶ 10].

If Biosuccess is foreclosed from introducing evidence that Han was in fact a co-inventor and substantially (if not solely) contributed to subject matter of the '814 patent, Biosuccess will be unable to rebut these statements challenging Han's credibility as a witness. Clearly, the facts surrounding

---

[2] Notably, Plaintiff failed to provide a single piece of evidence supporting his own role as inventor of the '814 patent, despite statements that he would provide such evidence. [Auyang Decl., ¶ 6, Exh. D (Plaintiff's Supplemental Responses to Defendant's Requests for Production, No. 1].

Han's relation to the '814 patent, including that of inventorship, is relevant to Han's credibility as a testifying witness.

### III. Excluding Evidence of Han's Inventorship Would Unfairly Prejudice Biosuccess

The *exclusion* of evidence related to Han's inventorship contributions to the '814 unfairly prejudice Biosuccess.

Plaintiff cannot use FRE 403 as a means of suppressing evidence that is adverse to its case. "Of course, unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material." *Kolada v. General Motors Parts Div., General Motors Corp.,* 716 F.2d 373, 378 (6th Cir. 1983). Undue prejudice refers to an undue tendency to suggest decision on an *improper basis*. *See* Fed. R. Evid. 403, advisory committee notes (emphasis added).

Here, Plaintiff is asking the Court to admit only partial, self-serving facts and exclude equally relevant facts, essentially skewing the picture that will be presented to the jury. It is this type of factual distortion that would suggest a decision on an improper basis (*i.e.*, an uninformed basis, based on only partial facts). On the other hand, Biosuccess is asking this Court to allow all relevant evidence relating to inventorship, contribution, ownership and assignment of the '814 patent, thus giving the jury the full and accurate picture and allowing a decision on a proper, well-informed basis.

In his Motion in Limine No. 5, Plaintiff argues that allowing evidence of Han's inventorship will allow the jury to "misconstrue, misunderstand or overestimate Han's contributions." [Dkt. No. 154 at 3:16-19]. The very same argument can be made in opposition to this motion. Excluding evidence of Han's contributions will allow the jury to misconstrue, misunderstand and overestimate *Plaintiff's* contributions. In effect, if this

1  evidence is excluded, Plaintiff will be free to make any statements he
2  chooses about his own inventorship and contributions and about Han's, while
3  Biosuccess will have no recourse to rebut any of Plaintiff's statements. This
4  is patently unfair and certainly prejudicial to Biosuccess.

Because the *exclusion* of this evidence will cause unfair prejudice to Biosuccess, this Court should allow evidence and testimony relating to Han's inventorship.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's Motion in Limine No. 5 should be DENIED. Biosuccess should be allowed to introduce evidence of Han's inventorship: (1) to lay foundation and background; (2) to ward off attacks on Han's credibility; and (3) because exclusion of this evidence will cause unfair prejudice to Biosuccess.

Dated: May 12, 2014

LEE TRAN & LIANG LLP

By: */s/ Enoch H. Liang*
Enoch H. Liang
Attorneys for Defendant
Biosuccess Biotech Co., Ltd.