1  LEE TRAN & LIANG LLP
2  Enoch H. Liang (Bar No. 212324)
     enoch.liang@ltlattorneys.com
3  Heather F. Auyang (Bar No. 191776)
4    heather.auyang@ltlattorneys.com
   Lisa J. Chin (Bar No. 259793)
5    lisa.chin@ltlattorneys.com
6  601 South Figueroa St., Ste. 3900
7  Los Angeles, California 90017
   Telephone:  (213) 612-8900
8  Facsimile:  (213) 612-3773
9
   *Attorneys for Defendant*
10 *Biosuccess Biotech Co., Ltd.*

11           UNITED STATES DISTRICT COURT
12           CENTRAL DISTRICT OF CALIFORNIA
13                   WESTERN DIVISION

14

| | |
|---|---|
| RICHARD L. CHANG, | Case No. CV13-01340 JAK (ANx) |
| Plaintiff, | |
| v. | DEFENDANT BIOSUCCESS BIOTECH CO., LTD.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE **NO. 7** |
| BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10, | |
| Defendants. | [Declaration of Heather Auyang Filed Concurrently] |
| BIOSUCCESS BIOTECH CO., LTD., | Judge: Hon. John A. Kronstadt |
| Counterclaimants, | Place: Courtroom 750 |
| v. | Date: June 2, 2014 |
| | Time: 3:00 p.m. |
| RICHARD L. CHANG and DOES 1–10, | Trial: June 17, 2014 |
| Counter-Defendants. | |

**TABLE OF CONTENTS**

I.   Burgess' Testimony Is Relevant Under Fed. R. Evid. 401 ......................1

    A.   Background ................................................................................1

    B.   The Burgess Email Is Relevant Under Fed. R. Evid. 401 ................3

II.  Burgess' Testimony Is Not Unfairly Prejudicial Under Fed. R. Evid. 403 ......................................................................................................4

III. Conclusion .................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Huddleston v. United States*,
    485 U.S. 681 (1988) ...................................................................................3

*Kolada v. General Motors Parts Div., General Motors Corp.*,
    716 F.2d 373 (6th Cir. 1983) .......................................................................4

*United States v. Dean*,
    980 F.2d 1286 (9th Cir. 1992).....................................................................3

**Rules**

Fed. R. Evid. 401 ..............................................................................................3

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff seeks to exclude the testimony of Steven Burgess on the grounds that the email and attached draft agreement (collectively "Burgess email") he will testify about has no bearing on the issues in dispute – namely because the draft agreement attached to the email is a different version than the final August 2006 Agreement. But in fact, the Burgess email has a ***direct*** bearing on the issues in dispute in this case, namely when the parties signed the August 2006 Agreement. This is because the Burgess email shows that in 2011 the parties were negotiating the August 2006 Agreement. Plaintiff's Motion should be denied because Burgess' testimony is absolutely relevant and bears no risk of unfair prejudice.

### I.  Burgess' Testimony Is Relevant Under Fed. R. Evid. 401

#### A.  Background

There is no dispute between the parties that Biosuccess was largely dormant from late 2007 until early 2011. As outlined in numerous declarations of Biosuccess's principals, during that time period, Biosuccess was having a difficult time raising funds for several reasons, including (1) the global financial crisis, and (2) a criminal case in Taiwan brought by Plaintiff's relative against Fred Wu, Dr. Han, and Plaintiff. [Auyang Decl., ¶ 9-10, Exh. H & I].

However, starting in April 2011, Biosuccess was able to raise significant funding in the amount of over $2 million dollars. Hence, in early June 2011, Biosuccess had a meeting to discuss restarting operations. [Auyang Decl., ¶ 9, Exh. H (Prelim Inj. Reply Decl. of Fred Wu); Exh. I (Exh. T to Fred Wu MSJ Declaration – June 2011 Meeting Minutes). At that time in early 2011, the Assignors and co-inventors under the October 2006

Agreement—Plaintiff and Dr. Han—were owed milestone payments in the amount of approximately $1 million each.[1]

If Plaintiff and Dr. Han demanded to enforce their right to milestone payments under the October 2006 Agreement, Biosuccess would once again be in financial hardship—there would be no money left over for research and development. As such, all of the principals began discussing a renegotiation of the Agreement—that would delay the milestone payments and give Biosuccess a chance to complete R&D activities before paying out the co-inventors. [Auyang Decl., Exh. I]. These new agreements were also in the co-inventors' favor, as they would benefit from Biosuccess's own success and were aware of the risk of losing investors if Biosuccess began slipping back into financial hardship.

The Burgess email from early August 2011 fits in this narrative perfectly. [Auyang Decl., ¶ 7, Exh. E (2011 Burgess email)]. Mr. Wu was sending a new draft of the Agreement—albeit back-dated to August 30, 2006—for discussion with the co-inventors Plaintiff and Dr. Han. After discussions and negotiations, the parties signed the August 30, 2006 Agreement in September 2011.

Plaintiff, however, denies this entirely, claiming that both agreements were signed in 2006. In fact, Plaintiff completely rejects the idea that any agreement was negotiated, drawn up, or signed in 2011.

---

[1] Biosuccess previously paid $250,000 each to Dr. Han and Plaintiff in August/September 2006. However, Plaintiff challenges whether those were for purposes of milestone payments, or were for something else. For purposes of this motion only, Biosuccess will assume that those payments were not milestone payments.

### B. The Burgess Email Is Relevant Under Fed. R. Evid. 401

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action *more probable* or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added); *see Huddleston v. United States*, 485 U.S. 681, 682-92 (1988); *United States v. Dean*, 980 F.2d 1286, 1288-89 (9th Cir. 1992).

Directly at issue in this case is the question of whether the August 2006 Agreement was actually negotiated and signed in 2011, then backdated to 2006, as Biosuccess asserts. As noted, the parties hold entirely contradictory positions on this disputed issue. The Burgess email clearly shows that Fred Wu sent Plaintiff a draft agreement for his review and signature in August 2011. [Auyang Decl., ¶ 7, Exh. E (2011 Burgess email)]. This evidence makes Biosuccess's theory of the case, namely that the parties negotiated and executed a new agreement in August and September 2011, more probable than it would be without the evidence. Thus, the draft agreement and Burgess' related testimony fall squarely FRE 401's definition of "relevant" evidence.

Inexplicably, Plaintiff argues that the draft agreement is irrelevant because the language in the draft differs from the language in the executed contract, and because the draft is not signed. <u>First</u>, this is not the standard for relevance under the Federal Rules. If anything, these arguments go to the weight of the evidence and not to its admissibility. <u>Second</u>, the fact that the language in the draft agreement differs from the final, executed agreement is further evidence in support of Biosuccess's position – that in August and September the parties were *renegotiating* the terms of the agreement. Clearly, a document can, and often does, change significantly between the

negotiation phase and final execution. Notably, Plaintiff points out that the only differences between the draft agreement and the executed August 2006 Agreement occur in Section 3 of the Agreement. [Motion at 2:4-25]. Section 3 deals with compensation and payment, which were the very details the parties were renegotiating in August and September 2011.

Because this evidence is directly relevant, it must be admitted under FRE 401 and 402.

## II. Burgess' Testimony Is Not Unfairly Prejudicial Under Fed. R. Evid. 403

In a last ditch attempt to exclude evidence that is harmful to his theory of the case, Plaintiff argues that the Burgess email should be excluded because it will confuse the jury and unfairly prejudice Plaintiff.

The Court may exclude evidence if its probative value is **substantially outweighed** by a danger of unfair prejudice or confusion of the issues. However, Plaintiff cannot use FRE 403 as a means of suppressing evidence that is adverse to its case. "Of course, unfair prejudice as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material." *Kolada v. General Motors Parts Div., General Motors Corp.,* 716 F.2d 373, 378 (6th Cir. 1983) (emphasis added).

Plaintiff's argument that the Burgess email and related evidence and testimony will confuse the jury is meritless. Plaintiff offers no real explanation as to how such evidence will confuse the jury or cause **unfair** prejudice. To the contrary, this evidence has substantial probative value in that it is direct evidence of the negotiations occurring between the parties in 2011. Because Plaintiff expressly denies such negotiations ever occurred, the

1  Burgess email is essential to Biosuccess's ability to prove its theory of the
2  case.
3      Because the risk of unfair prejudice does not substantially outweigh
4  the probative value of this evidence, the testimony of Burgess should be
5  admitted under FRE 403.
6
7  **III.  Conclusion**
8      For the foregoing reasons, Plaintiff's Motion in Limine No. 7 should
9  be DENIED.  The Burgess email and related testimony are relevant, and the
10 substantial probative value clearly outweighs any risk of unfair prejudice.
11
12 Dated:  May 12, 2014                              LEE TRAN & LIANG LLP
13                                            By:  */s/ Enoch H. Liang*
14                                                 Enoch H. Liang
                                                   Attorneys for Defendant
15                                                 Biosuccess Biotech Co., Ltd.
16
17
18
19
20
21
22
23
24
25
26
27
28