LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
 enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
 heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
 lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone:  (213) 612-8900
Facsimile:  (213) 612-3773

*Attorneys for Purported Defendant Zheng Tao Han*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD L. CHANG,<br><br>              Plaintiff,<br><br>      v.<br><br>BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10,<br><br>              Defendants. | Case No. CV13-01340 JAK (ANx)<br><br>PURPORTED DEFENDANT ZHENG TAO HAN'S OPPOSITION TO PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO AMEND COMPLAINT TO INCLUDE CONDITIONAL COUNTERCLAIMS |
| BIOSUCCESS BIOTECH CO., LTD.,<br><br>              Counterclaimants,<br><br>      v.<br><br>RICHARD L. CHANG and DOES 1–10,<br><br>              Counter-Defendants. | [DECLARATION OF ENOCH LIANG]<br><br>Judge:    Hon. John A. Kronstadt<br>Place:    Courtroom 750<br><br>Trial:    June 17, 2014 |

## OPPOSITION BY PURPORTED DEFENDANT
## ZHENG TAO HAN

Defendant Zheng Tao Han hereby submits his separate Opposition to Plaintiff's *Ex Parte* Motion for Leave to Amend Complaint to include Conditional Counterclaims. Co-Defendant Biosuccess has filed a separate Opposition concurrently herewith.

**On March 7, 2014**, the parties stipulated that—Dr. Zheng Tao Han, an inventor on the '814 Patent and Plaintiff's joint assignor in the assignment agreements at issue—"should be joined as a party" to this action. [*See* Dkt No. 105]. However, the Court in its Order *did not order* that Dr. Han would be joined as a party to this litigation, ordering instead that "[e]ither party may seek to re-notice its motion(s)." [*See* Dkt No. 106]. It was not until **May 18, 2014** that Plaintiff filed an *Ex Parte* Motion seeking to add Dr. Han as a party. [*See* Dkt No. 180]. This *Ex Parte* Motion should be denied as to Dr. Han for the following reasons.

**First**, if the Court grants this *Ex Parte* Motion at this late stage, Dr. Han's due process rights will be violated. Fact discovery in this case has closed. Expert discovery in this case has closed. Summary judgment has been briefed and decided in this case. Unless continued, trial is in less than 4 weeks. Yet, only now, *less than 4 weeks before trial*, is Plaintiff seeking to bring new affirmative claims against Dr. Han. These include several new allegations against Dr. Han, such as:

- That Dr. Han allegedly owes 50% of "at least $950,000 [he received] from Biosuccess" to Plaintiff; [*see* Dkt No. 180-1, at ¶¶44-46, pp 9 and 10 of 20];
- That Dr. Han has "refused to honor his obligations to [Plaintiff] . . . that [Plaintiff be] recognized as the primary inventor and majority owner of the '814 patent and all of its

continuations, continuations-in-part, divisionals and all other patents and patent applications flowing therefrom"; [*see* Dkt No. 180-1, at ¶46 (emphasis added), pp 9 and 10 of 20]; and

- That Dr. Han be "jointly and severally, individually and collectively" liable with Biosuccess regarding all of Plaintiff's claims. [*See* Dkt No. 180-1, at Prayer for Relief, pp 18 of 20].

Given these new allegations brought by Plaintiff against Dr. Han, due process requires that Dr. Han be given time to answer, counterclaim, and seek discovery to defend himself.

For the foregoing reasons, Dr. Han **will only stipulate to Plaintiff's filing of an amended complaint against him as a party** if the Court grants his (and Biosuccess's) *Ex Parte* Application to continue the trial to the following dates:

| Event | Current Date | Proposed Date |
|---|---|---|
| Final Pretrial Conference / Motions In Limine | June 2, 2014 | November 10, 2014 |
| Status Conference re Exhibits | June 13, 2014 | November 21, 2014 |
| Trial | June 17, 2014 | December 2, 2014 |

[*See* Dkt No. 177]. That way, Dr. Han will have time to answer, counterclaim, and seek discovery to defend himself.

**Second**, in stark contrast to Dr. Han's rights, Plaintiff will not be prejudiced **in the least** if his *Ex Parte* Motion is denied. This is because Plaintiff filed a separate action against Dr. Han in Santa Clara Superior Court, which has now been removed to the Northern District of California, Judge Davila presiding. *See Richard Chang v. Zheng Tao Han, et. al.*, Case No. 5:14-cv-00426-EJD, Northern District of California. Given this separate pending action brought by Plaintiff against Dr. Han, there is no reason to add

1   Dr. Han as a defendant in this case as Plaintiff can always bring his claims
2   against Dr. Han in the separate NDCAL matter.[1]

3       Indeed, in that separate NDCAL case, Plaintiff has asserted numerous
4   claims against Dr. Han which overlap with the claims set forth in Plaintiff's
5   proposed Amended Complaint in this action.  For example, in Plaintiff's
6   proposed Amended Complaint, Plaintiff seeks to bring claims against Dr.
7   Han declaring that Plaintiff—and not Dr. Han—is the inventor on the '814
8   Patent.  [*See* Dkt No. 180-1, at ¶46, at pp10 of 20].  In the NDCAL matter,
9   Plaintiff has also brought claims against Dr. Han seeking a declaration that
10  Dr. Han "was not a co-inventor" on any patents or patent applications. [*See*
11  Liang Decl., ¶2, Exh. 1, at Sixth Claim for Relief, ¶¶80-84 (Plaintiff's
12  Complaint in NDCAL matter)].  Given this separate action against Dr. Han,
13  Plaintiff will not be prejudiced by denial of his *Ex Parte* Motion to add
14  claims against Dr. Han in this action.

15

16  Dated: May 19, 2014          LEE TRAN & LIANG LLP

17                      By:  /s/ Enoch H. Liang
18                           Enoch H. Liang
19                           Attorneys for Purported Defendant
                             Zheng Tao Han
20

21

22

23

24

25  [1] On June 6, 2014, Judge Davila is hearing a motion to transfer the NDCAL
    matter to the Central District of California brought by all Defendants,
26  including Dr. Han.  [*See* Dkt No. 37 in NDCAL Case No. 5:14-cv-00426-
    EJD; Liang Decl., ¶3].  On May 19, 2014, Judge Davila vacated the Case
27  Management Conference in light of the pending motion to transfer.  [*See* Dkt
28  No. 41 in NDCAL Case No. 5:14-cv-00426-EJD]