LEE TRAN & LIANG LLP
  Enoch H. Liang (SBN 212324)
enoch.liang@ ltlattorneys.com
  Heather F. Auyang (SBN 191776)
heather.auyang@ltlattorneys.com
  Lisa J. Chin (SBN 259793)
lisa.chin@ltlattorneys.com
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

Attorneys for Defendant
Biosuccess Biotech, Co., Ltd. and
Purported Defendant Zheng Tao Han

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| RICHARD L. CHANG,<br><br>        Plaintiff,<br><br>    v.<br><br>BIOSUCCESS BIOTECH, CO., LTD.,<br>and DOES 1 through 10,<br><br>        Defendants. | Case No. CV13-01340 JAK (ANx)<br><br>**DEFENDANT BIOSUCCESS<br>BIOTECH, CO., LTD.'S LOCAL<br>RULE 16-4 AMENDED<br>MEMORANDUM OF<br>CONTENTIONS OF FACT AND<br>LAW** |
| BIOSUCCESS BIOTECH, CO., LTD.,<br><br>        Counterclaimants,<br><br>    v.<br><br>RICHARD L. CHANG, and DOES 1<br>through 10,<br><br>        Counter-Defendants. | Hon:   John A. Kronstadt<br>Place: Courtroom 750<br>Final Pretrial Conf. Date:  June 2,<br>2014<br>Time:  3:00 p.m.<br><br>Trial date:  June 17, 2014 |

# I.      <u>AMENDED L.R. 16-4 MEMORANDUM OF CONTENTIONS</u>

On May 12, 2014, Defendant and counterclaimant Biosuccess Biotech Co., Ltd. ("Defendant" or "Biosuccess") submitted its Memorandum of Contentions of Law and Fact ("MEMO").  [*See* Dkt No. 167, attached hereto as **<u>Exhibit A</u>**]. Plaintiff submitted his own MEMO as well.  [*See* Dkt No. 174].  On May 13, 2014, the Court issued an Order permitting the parties to file their MEMOS on Monday, May 19, 2014.  [*See* Dkt No. 176].

Since mid-May, the parties have been trying to negotiate a stipulation regarding the June 17 trial.  Ultimately, they could not reach a stipulation to limit the June 17 trial to a "Phase 1" bench trial solely to determine the issue of which assignment agreement is the controlling instrument between the parties—either the October 2006 Agreement (which calls for immediate milestone payments) or the September 2011 Agreement (back-dated to Aug. 2006 which calls for delayed milestone payments).

As a result, there are numerous pending motions and *ex parte* applications that will affect the scope and claims in the currently set June 17, 2014 trial—including whether there will be a trial at all or whether it will be delayed pending consolidation.  Biosuccess reserves the right to supplement this MEMO once the various courts rule on the various pending motions and *ex parte* applications.  These pending motions and *ex parte* applications include the following:

- Defendant's pending *ex parte* application to continue the trial date and Plaintiff's Opposition thereto.  [*See* Dkt Nos. 177 and 179].
- Plaintiff's pending *ex parte* application to amend his complaint to include his "conditional counterclaims" and to add allegations against Dr. Han; Defendant Biosuccess's Opposition thereto; and Purported Defendant Dr. Han's Opposition thereto.  [*See* Dkt Nos. 180-182].
- In the Northern District, Judge Davila's decision on a pending motion

1        to transfer related Case No. 5:14-CV-00426-EJD to the Central District,

2   to be heard June 6.

3     •   In the Northern District, Judge Davila's decision on a pending motion

4        to transfer related Case No. 5:14-CV-00425-LHK to the Central

5        District, to be heard June 5.

6     •   Once those issues are decided in the Northern District, Biosuccess's

7        planned motion to consolidate all the cases before this Court, Judge

8        Kronstadt presiding.

9 Once rulings are issued on these pending motions, there will be more clarity on if

10 there is a trial on June 17 and if so whether it is bench or jury, and, if so, what the

11 trial will encompass.

12     However, in Plaintiff's Opposition to Defendant's *ex parte* application to

13 continue the trial, Plaintiff has argued repeatedly that on June 17, a "first phase of

14 trial should begin as scheduled to determine the controlling agreement.  All other

15 scheduling and consolidation issues can be resolved by regularly noticed motions on

16 the next available Court date."  [*See* Dkt No. 179, at pp2 of 6, Lines 10-13; *see also*

17 *Id*., at pp 3 of 6].  Indeed, Plaintiff has taken the position that "the time in June can

18 and should be used to determine the key, gating issue of which agreement is

19 controlling.  That determination will prevent confusion of the jury when dealing

20 with the remaining issues, like the Defendants' many breaches of whichever

21 agreement controls . . . ."  [*Id*., at Lines 9-12; at pp 6 of 6, Lines 6-11].

22     In reliance on Plaintiff's arguments, Defendant Biosuccess hereby submits its

23 Amended MEMO, which focuses solely on a Phase 1 trial on the "key, gating issue

24 of which agreement is controlling."  Should Plaintiff later change his position, as he

25 is apt to do in this case, Defendant Biosuccess reserves the right to submit a further

26 amended MEMO.

27

28

**DEFENDANT'S MEMO OF CONTENTIONS**
**OF FACT AND LAW**
**Case No. CV13-01340 JAK (ANx)**

## II.   THE PARTIES' CLAIMS AND DEFENSES—L.R. 16-4.1

### A. Summary Statement of Plaintiff's Claims

Biosuccess incorporates by reference its discussion in its May 12, 2014 MEMO, Dkt No. 167.

<u>However</u>, assuming that the June 17 trial goes forward on Phase 1 as requested by Plaintiff, Plaintiff's position is that the Sept. 2011 Assignment (back-dated to August 30, 2006) was *in fact signed* on or about August 30, 2006 and that it was superseded by the later signed October 12, 2006 Assignment.  Biosuccess, of course, disagrees with that position.

### B. Elements to Establish Plaintiff's Claims

Biosuccess incorporates by reference its discussion in its May 12, 2014 MEMO, Dkt No. 167.

<u>However</u>, assuming that the June 17 trial goes forward on Phase 1 as requested by Plaintiff, Plaintiff will first need to prove that the October 2006 Assignment was signed later in time than the Sept. 2011 Assignment.

Then, Plaintiff will have to prove that the parties intended the October 2006 Assignment to be either (1) a novation, (2) a modification or amendment of the Sept. 2011 Assignment (back-dated to August 30, 2006), and/or (3) an accord and satisfaction.  The elements for these issues under New Jersey law are as follows:

- **<u>Novation:</u>**  The defendant has claimed that a novation has occurred, which means that a new and different contract has been substituted for the old one. If a new contract has been substituted for the old one, the plaintiff cannot enforce the old contract against the defendant. The plaintiff denies that a new and different contract has been substituted for the old one. When a novation occurs, the old contract is extinguished or ended. Novation is, therefore, a substituted contract that includes either new agreed terms or a new party.  * *

Because of the broad reaching effect of a novation, it is necessary that there be a mutual agreement among the parties to the old and new obligation whereby a new agreement is substituted for the old one. One party cannot be relieved of obligations under a contract without the consent of the other party. In order for the defendant to prevail on this defense, therefore, there must be a clear and definite intention on the part of the defendant and the plaintiff to substitute a new term for an old one.

Although a novation need not be expressed, but may be implied, the burden of proving the parties' intentions rests with the defendant who is alleging that a novation took place. Remember that under a novation there is either an entirely new agreement between the existing parties or there is a substitution of parties. Thus, if you find that the defendant has proved a novation, then you cannot enforce the old contract against the defendant. If you find that the defendant has not proved a novation, then you can enforce the old contract against the defendant.  [*See* NJ-MCJI 4.10N(1)(a) – Novation].

- **Modification or Amendment:**  (1) The parties agreed to the modification; (2) There was some outward indication of their agreement; (3) The terms were reasonably certain, meaning the parties could identify what they are required to do and determine at some future date whether or not the terms have been fulfilled; and (4) The plaintiff received some new value in exchange for agreeing to the modification. [*See* NJ-MCJI 4.10I – Modification].

- **Accord & Satisfaction:**  (1) A bona fide dispute existed between the parties as to the performance due under the original contract; (2) One party offered some stated performance in full satisfaction of the obligation due under the original contract; and (3) the other party accepted the performance offered, and understood, or reasonably should have understood, that it constituted full

4

1    satisfaction of the obligation due under the original contract.  [*See* Milgard
2    Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703 (9th Cir. 1990)].

3    **C. Plaintiff's Brief Description of Key Evidence**

4    This section should be addressed by Plaintiff in its Local Rule 16-4
5    Memorandum of Contentions of Fact and Law.

6    However, Biosuccess's position is that Plaintiff has no documentary evidence
7    whatsoever supporting his story—the only evidence Plaintiff has are the self-serving
8    declarations and testimony of himself and his family.

9    **D. Summary Statement of Defendant's Counterclaims and Affirmative**
10        **Defenses**

11   Defendant's position is that trial should be continued.

12   However, assuming that the June 17 trial goes forward on Phase 1 as
13   requested by Plaintiff, it should be a trial solely limited to the Phase 1 issue of which
14   assignment agreement was signed last in time and is controlling between the parties.

15   Summary of Defendant's position:  The Assignment Agreement dated August
16   30, 2006 was actually signed in September 2011, was back-dated to August 30,
17   2006 at the request of Plaintiff, and is the controlling instrument between the parties
18   on the subject of Plaintiff's assignment of intellectual property rights to Biosuccess.

19   The reason the parties agreed to the new Sept. 2011 Assignment was that in
20   April 2011, Biosuccess was finally able to raise over $2 million in funds after years
21   of inactivity due to (1) the global financial crisis, and (2) resolution of the criminal
22   charges in Taiwan brought against Biosuccess's principals (Plaintiff, Fred Wu, and
23   Dr. Han).  If Plaintiff and Dr. Han had demanded their $2 million in milestone
24   payments right then in April 2011, then Biosuccess would once again have been
25   unable to continue with research and development efforts for TPA to treat cancer
26   and other diseases. As such, all the parties involved agreed to sign a new assignment
27   agreement that would delay the milestone payments until later events occurred.

28

Plaintiff asked that the new Sept. 2011 Assignment be back-dated to Aug. 30, 2006. Why? Because that was the date that Plaintiff originally signed the Oct. 2006 Assignment and because that was the date Plaintiff sent the August 30, 2006 fax to Biosuccess regarding the milestone payments. In consideration for Plaintiff's agreement, (1) Biosuccess gave Plaintiff a back-dated receipt to December 2006, and (2) Fred Wu and Dr. Han agreed to give Plaintiff's niece certain monies upon a successful IPO of Biosuccess.

Defendant Biosuccess's position is supported by extensive documentary evidence, including corroborating emails, faxes, and other documents, as well as by expert testimony. Plaintiff's position is supported by nothing but self-serving testimony. Indeed, Plaintiff and his family members have perjured themselves by taking contradictory positions. Originally, Plaintiff swore that he had never seen and never executed the Sept. 2011 Assignment (back-dated to August 30, 2006), and that his signature was forged. Then, he changed his position to argue that the Sept. 2011 Assignment was in fact signed on August 30, 2006.

As such, if and when Plaintiff loses the Phase 1 trial, then Plaintiff should lose the entire case as it will be clear that Plaintiff and his family have unclean hands.

**E. Elements to Establish Defendant's Counterclaims and Affirmative Defenses**

Biosuccess incorporates by reference its discussion in its May 12, 2014 MEMO, Dkt No. 167.

However, assuming that the June 17 trial goes forward on Phase 1 as requested by Plaintiff, Biosuccess will first need to prove that the Sept. 2011 Assignment was in fact signed after the October 2006 Assignment.

Then, Biosuccess will have to prove that the parties intended the Sept. 2011 Assignment to be either (1) accord and satisfaction, (2) novation, and/or (3) a

modification or amendment of the October 2006 Assignment.  The elements for these causes of action under New Jersey law are set forth above in Section II. B.

### F.  Defendant's Brief Description of Key Evidence

Biosuccess incorporates by reference its discussion in its May 12, 2014 MEMO, Dkt No. 167.

<u>However</u>, assuming that the June 17 trial goes forward on Phase 1 as requested by Plaintiff, the key evidence supporting Defendant's position is already laid out in the Court's May 2 ruling on summary judgment. *See* Dkt No. 144, at 12-13. This key evidence includes at least:

1. The declaration, deposition, and live testimony of Fred Wu and Dr. Zheng Tao Han;
2. The relevant addresses on the face of the competing Assignment Agreements;
3. The emails from the relevant timeframes (July-Sept. 2006 and July-Sept. 2011) that attach term sheets, drafts of agreements, etc.;
4. The August 30, 2006 fax;
5. The ink dating experts; and
6. The August 2, 2011 email attaching a first draft of Aug. 30, 2006 Assignment Agreement and the attendant emails around that document.

### G. Similar Statements for all Third Parties

Biosuccess incorporates by reference its discussion in its May 12, 2014 MEMO, Dkt No. 167.

Dr. Han has also objected to Plaintiff's last-hour attempt to add new claims against him.  [*See* Dkt No. 182].  <u>However</u>, assuming that the June 17 trial goes forward on Phase 1 as requested by Plaintiff, Dr. Han will testify in support of Biosuccess as a third party witness.

Moreover, Dr. Han's position is that he a ***joint assignor*** of the '814 Patent—

7

1  together with Plaintiff—to Biosuccess.   As such, Plaintiff cannot unilaterally
2  terminate the Assignment Agreement without Dr. Han's consent.  This issue can be
3  resolved after the Phase 1 trial is decided.

4      **H. Identification of Anticipated Evidentiary Issues and the Parties'**
5            **Position on Those Issues**

6      Each side has filed numerous motions in limine that will be resolved at the
7  June 2nd Final Pretrial Conference.

8      However, Plaintiff's MEMO, [*see* Dkt No. 174 at 43-44], appears to raise
9  entirely new issues relating to breach of fiduciary duty for mismanagement of the
10 patent portfolio that have ***never*** been asserted in this case before.   Yet again,
11 Plaintiff is attempting last-second amendments to bring last-second claims into the
12 instant case.  This is yet another reason why trial should be continued.

13     **I.  Identification of Issues of Law Germane to the Case**

14     For the Phase 1 bench trial, the most germane issue of law is whether New
15 Jersey's parol evidence rule prohibits the introduction of extrinsic evidence
16 *subsequent* to the execution of an agreement.  The Court has already ruled on this
17 issue, holding that the parol evidence rule does *not* preclude evidence of agreements
18 made subsequent to the execution of an agreement.  [*See* Dkt No. 144, at 14-15.]

19 **III.   BIFURCATION OF ISSUES – L.R. 16-4.3**

20     As indicated above, there are currently pending four related cases between the
21 parties—two in the Northern District and two in the Central District before this
22 Court.  It is Defendant's position that all related cases should be transferred to the
23 Central District and consolidated before this Court for one trial.   Transfer and
24 consolidation would best avoid inconsistent judgments and preserve this Court's
25 resources.

26     Once that is done, and discovery is completed for all the pending cases, the
27 Court can set a schedule for a bifurcated bench or bifurcated jury trial consisting of
28

two phases.  Phase 1 will be on the controlling agreement issue.  Phase 2 will be on the remaining issues and causes of action in the four pending, consolidated cases.

## IV.   JURY OR BENCH TRIAL – L.R. 16-4.4

If there is a Phase 1 trial on June 17, then Biosuccess's position is that it should be a bench trial for Phase 1.  It will simply be too hard to empanel a jury on solely one issue and then re-empanel that same (or a different) jury later for Phase 2.

Therefore, Biosuccess's position is that all cases should be consolidated before this Court first, discovery finished on all the cases, and then a single post-consolidation, bifurcated trial held before this Court or before a single jury.

## V.   ATTORNEYS' FEES – L.R. 16-4.5

Biosuccess incorporates by reference its discussion in its May 12, 2014 MEMO, Dkt No. 167.

## VI.   ABANDONMENT OF ISSUES – L.R. 16-4.6

Defendant Biosuccess is not abandoning any issues.  Instead, after Phase 1 is decided, Biosuccess will of course still have all of its counterclaims remaining, as well as any affirmative claims and counterclaims in both this case and the other three separately pending cases between the parties.

If there is not a trial on June 17, then Biosuccess's position is that all cases should be consolidated before this Court first, discovery finished on all the cases, and then a single post-consolidation, bifurcated trial held before this Court or before a single jury.

## VII.   CONCLUSION

Biosuccess thanks the Court for its attention to this amended MEMO and looks forward to discussing these issues with the Court at the Final Pretrial Conference.

Dated:  May 19, 2014

Respectfully Submitted,

LEE TRAN & LIANG LLP

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By:  /s/ Enoch H. Liang

        Enoch H. Liang
Attorneys for Defendant Biosuccess Biotech
Co., Ltd. and and Purported Defendant
Zheng Tao Han

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

11

1  LEE TRAN & LIANG LLP
     Enoch H. Liang (SBN 212324)
2  enoch.liang@ ltlattorneys.com
     Heather F. Auyang (SBN 191776)
3  heather.auyang@ltlattorneys.com
     Lisa J. Chin (SBN 259793)
4  lisa.chin@ltlattorneys.com
   601 S. Figueroa Street, Suite 3900
5  Los Angeles, CA 90017
   Telephone: (213) 612-8900
6  Facsimile: (213) 612-3773

7  Attorneys for Defendant
   Biosuccess Biotech, Co., Ltd.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                    WESTERN DIVISION

12

13  RICHARD L. CHANG,                    Case No. CV13-01340 JAK (ANx)

14         Plaintiff,
                                         **DEFENDANT BIOSUCCESS
15      v.                               BIOTECH, CO., LTD.'S LOCAL
                                         RULE 16-4 MEMORANDUM OF
16  BIOSUCCESS BIOTECH, CO., LTD.,       CONTENTIONS OF FACT AND
    and DOES 1 through 10,               LAW**

17
           Defendants.
18                                       Hon:  John A. Kronstadt
19                                       Place: Courtroom 750
    BIOSUCCESS BIOTECH, CO., LTD.,       Final Pretrial Conf. Date:  June 2,
20                                       2014
           Counterclaimants,            Time:  3:00 **PM**
21
        v.                               Trial date:  June 17, 2014
22
    RICHARD L. CHANG, and DOES 1
23  through 10,

           Counter-Defendants.
24

25

26

27

28

## I. __INTRODUCTION__

Defendant and counterclaimant Biosuccess Biotech Co., Ltd. ("Defendant" or "Biosuccess") hereby submits its Memorandum of Contentions of Law and Fact ("MEMO").

As an initial matter, Defendant would like to note for the Court that there are currently pending four related cases between the parties—two in the Northern District of California and two in the Central District before this Court. It is Defendant's position that—in order to avoid inconsistent judgments and to preserve this Court's resources—all related cases should be transferred to the Central District ad consolidated before this Court. Currently:

- In the two Northern District of California cases—Cases Nos. 114-cv-258568 and 114-cv-258570—Judge Koh has set a hearing on Defendants' motion to transfer to this Court on June 5 and Judge Davila has set a hearing on Defendants' motion to transfer to this Court on June 6.
- After those transfer decisions are made, Defendants intend to move to consolidate those two Northern District cases with this case, as well as potentially with Case No. CV14-00310-PA (JCGx), captioned *Biosuccess v. Rich Pharmaceuticals*, *et. al.*

Despite these pending procedural issues, the parties to this action are moving forward and meeting and conferring in good faith regarding the June 17 trial date. The parties are currently negotiating a stipulation to limit the June 17 trial to (1) a "Phase 1" bench trial, (2) solely to determine the issue of which assignment agreement is the controlling instrument between the parties—either the October 2006 Agreement (which calls for immediate milestone payments) or the September 2011 Agreement (back-dated to August 2006 which calls for delayed milestone payments).

1

Hence, this MEMO focuses solely on these Phase 1 issues. If for some reason the parties are unable to reach a stipulation regarding Phase 1, Defendant reserves the right to submit an amended MEMO.

## II.   THE PARTIES' CLAIMS AND DEFENSES—L.R. 16-4.1

### A. Summary Statement of Plaintiff's Claims

This section should be addressed by Plaintiff in its separate Local Rule 16-4 Memorandum of Contentions of Fact and Law. However, Defendant's position is that Plaintiff is limited to solely seeking declaratory relief on the following three issues in its Prayer for Relief in its February 22, 2013 operative Complaint. [*See* Dkt No. 1]:

1. Mr. Chang, as a named joint inventor, is the owner of his interest in the [three] Non-Provisional Applications [stricken by the Court on May 2, 2014, *see* Dkt. No. 144];

2. Mr. Chang has not assigned his interest in the [three] Non-Provisional Applications;

3. Biosuccess . . . has no ownership interest in the [three] Non-Provisional Applications; and

4. Biosuccess . . . has no right to exclude Mr. Chang from participating in the prosecution of the [three] Non-Provisional Applications.

In addition, Plaintiff asserted "conditional counterclaims" in its August 2013 Answer. On May 2, 2014, this Court found that "Plaintiff's breach of contract and negligent mismanagement 'conditional counterclaims' were not alleged in the original complaint." [*See* fn 1 of Dkt. No. 144]. To the extent Plaintiff intends to pursue these claims, Plaintiff must seek leave to amend under FRCP 15, in which case Defendant deserves additional time to conduct discovery on these "conditional counterclaims."

DEFENDANT'S MEMO OF CONTENTIONS
OF FACT AND LAW
Case No. CV13-01340 JAK (ANx)

## B. Elements to Establish Plaintiff's Claims

Under New Jersey law, the contract governing law chosen by the parties, a declaratory relief claim requires the following:

- The Declaratory Judgment Act broadens remedies long recognizable in a court of equity. It is a supplement to but not a substitute for existing remedies, and is designed to "declare rights, status and other legal relations." This may be accomplished before any rights have actually been invaded or any wrongs have been actually committed. *Hungerford & Terry, Inc. v. Geschwindt*, 24 N.J. Super. 385, 393, 94 A.2d 540, 544 (Ch. Div. 1953) *aff'd*, 27 N.J. Super. 515, 99 A.2d 666 (App. Div. 1953)

- There must be an actual controversy between a plaintiff and a defendant having an interest in opposing his claim. The action must be adversary in character. The controversy must be bona fide and not one in which the semblance of judicial proceedings and the form of due process are present. *Hungerford & Terry, Inc. v. Geschwindt*, 24 N.J. Super. 385, 393, 94 A.2d 540, 544 (Ch. Div. 1953) *aff'd*, 27 N.J. Super. 515, 99 A.2d 666 (App. Div. 1953).

## C. Plaintiff's Brief Description of Key Evidence

This section should be addressed by Plaintiff in its Local Rule 16-4 Memorandum of Contentions of Fact and Law.

## D. Summary Statement of Defendant's Counterclaims and Affirmative Defenses

Defendant's position is that if a trial goes forward on June 17, 2014 it should be a bench trial solely be limited to the Phase 1 issue of which assignment agreement was signed last in time and is controlling between the parties. This is the Defendant's Counterclaim No. 1 in its July 31, 2013 First Amended Answer. *See* Dkt No. 30.

3

The summary of Defendant's position is this: The Assignment Agreement dated August 30, 2006 was actually signed in September 2011 and is the controlling instrument between the parties on the subject of Plaintiff's assignment of intellectual property rights to Biosuccess.

**E. Elements to Establish Defendant's Counterclaims and Affirmative Defenses**

Under New Jersey law, a declaratory relief claim requires the following:

- The Declaratory Judgment Act broadens remedies long recognizable in a court of equity. It is a supplement to but not a substitute for existing remedies, and is designed to "declare rights, status and other legal relations." This may be accomplished before any rights have actually been invaded or any wrongs have been actually committed. *Hungerford & Terry, Inc. v. Geschwindt*, 24 N.J. Super. 385, 393, 94 A.2d 540, 544 (Ch. Div. 1953) *aff'd,* 27 N.J. Super. 515, 99 A.2d 666 (App. Div. 1953)

- There must be an actual controversy between a plaintiff and a defendant having an interest in opposing his claim. The action must be adversary in character. The controversy must be bona fide and not one in which the semblance of judicial proceedings and the form of due process are present. *Hungerford & Terry, Inc. v. Geschwindt*, 24 N.J. Super. 385, 393, 94 A.2d 540, 544 (Ch. Div. 1953) *aff'd,* 27 N.J. Super. 515, 99 A.2d 666 (App. Div. 1953).

As this Court already recognized in its May 2, 2014 ruling on summary judgment, Defendant has submitted extensive extrinsic evidence showing that the Aug. 30, 2006 dated Assignment Agreement was in fact executed in September 2011. *See* Dkt No. 144, at 12-13.

Plaintiff has invoked the parol evidence rule to try and exclude this extrinsic evidence. However, in New Jersey (like in nearly every other jurisdiction), the parol

evidence rule "does not preclude evidence that would tend to subvert or overthrow the writing entirely, [citation]; *not does it preclude evidence of agreements made subsequent to the writing.*"  *Emerson New-York-New Jersey, Inc. v. Brookwood Television, Inc.*, 122 N.J. Super. 288, 292 (1973) (emphasis added); *see* Dkt No. 144, at 14-15, and footnote 9.

**F.  Defendant's Brief Description of Key Evidence**

The key evidence supporting Defendant's position on the Phase 1 issue is laid out in the Court's May 2, 2014 ruling on summary judgment.  *See* Dkt No. 144, at 12-13.  This key evidence includes at least:

1. The declaration, deposition, and live testimony of Fred Wu and Dr. Zheng Tao Han;
2. The relevant addresses on the face of the competing Assignment Agreements;
3. The August 30, 2006 fax;
4. The ink dating experts; and
5. The August 2, 2011 email attaching a first draft of Aug. 30, 2006 Assignment Agreement and the attendant emails around that document.

**G. Similar Statements for all Third Parties**

Not applicable.  The only third party at issue in the Phase 1 bench trial is Dr. Zheng Tao Han.  Per the parties' stipulation, Dr. Han is now a party to this case, though it is still unclear what claims Plaintiff is asserting against Dr. Han in this case.

**H. Identification of Anticipated Evidentiary Issues and the Parties' Position on Those Issues**

Each side has filed numerous motions in limine that will be resolved at the June 2, 2014 Final Pretrial Conference.

///

5

## I.  Identification of Issues of Law Germane to the Case

For the Phase 1 bench trial, the most germane issue of law is whether New Jersey's parol evidence rule prohibits the introduction of extrinsic evidence *subsequent* to the execution of an agreement.  The Court has already ruled on this, holding that the parol evidence rule does *not* preclude evidence of agreements made subsequent to the execution of an agreement.  *See* Dkt No. 144, at 14-15.

## III.   **BIFURCATION OF ISSUES – L.R. 16-4.3**

As indicated above, there are currently pending four related cases between the parties—two in Northern District of California and two in the Central District before this Court.  It is Defendant's position that—in order to avoid inconsistent judgments and to preserve this Court's resources—all related cases should be transferred to the Central District ad consolidated before this Court.  Currently:

- In the two Northern District of California cases—Cases Nos. 114-cv-258568 and 114-cv-258570--Judge Koh has set a hearing on Defendants' motion to transfer to this Court on June 5 and Judge Davila has set a hearing on Defendants' motion to transfer to this Court on June 6.

- After those transfer decisions are made, Defendants intend to move to consolidate those two Northern District cases with this case, as well as potentially with Case No. CV14-00310-PA (JCGx), captioned *Biosuccess v. Rich Pharmaceuticals*, *et. al.*

Despite these pending procedural issues, the parties to this action are moving forward and have conducted extensive good faith meet/confer negotiations regarding the June 17th trial date.

The parties are currently negotiating a stipulation to limit the June 17, 2014 trial date to (1) a "Phase 1" bench trial, (2) solely on the issue of which assignment agreement is the controlling instrument between the parties—either the October

6

2006 Agreement (which calls for immediate milestone payments) or the September 2011 Agreement (back-dated to Aug. 2006 which calls for delayed milestone payments).

## IV.   JURY OR BENCH TRIAL – L.R. 16-4.4

The parties are currently discussing a bench trial for Phase 1.

## V.   ATTORNEYS' FEES – L.R. 16-4.5

Biosuccess plans to seek attorneys' fees under the applicable New Jersey law and reserves the right to amend this section.

## VI.   ABANDONMENT OF ISSUES – L.R. 16-4.6

Defendant is not abandoning any issues.  Instead, the parties are agreeing to try the Phase 1 issue first on June 17, 2014.  The decision on which Assignment Agreement is controlling will definitely provide the parties with much more clarity moving forward on their other claims.

## VII.   CONCLUSION

Biosuccess thanks the Court for its attention to this MEMO and looks forward to discussing these issues with the Court at the Final Pretrial Conference.

Dated:  May 12, 2014

Respectfully Submitted,

LEE TRAN & LIANG LLP

By:  /s/ Enoch H. Liang

Enoch H. Liang
Attorneys for Defendant
BIOSUCCESS BIOTECH, CO., LTD.

7