LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
   enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
   heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
   lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone:   (213) 612-8900
Facsimile:   (213) 612-3773
*Attorneys for Defendant*
*Biosuccess Biotech Co., Ltd. and Purported Defendant*
*Zheng Tao Han*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| RICHARD L. CHANG,<br><br>                    Plaintiff,<br><br>          v.<br><br>BIOSUCCESS BIOTECH CO.,<br>LTD., and DOES 1–10,<br><br>                    Defendants. | Case No. CV13-01340 JAK (ANx)<br><br>DEFENDANT BIOSUCCESS BIOTECH CO., LTD.'S REPLY ISO MOTION IN LIMINE **NO. 1** TO EXCLUDE EVIDENCE FROM OR RELATED TO JEFFREY KING<br><br>[SUPPL. LIANG DECL. FILED CONCURRENTLY HEREWITH] |
| BIOSUCCESS BIOTECH CO.,<br>LTD.,<br><br>                    Counterclaimants,<br><br>          v.<br><br>RICHARD L. CHANG and DOES<br>1–10,<br><br>                    Counter-Defendants. | [MOTION TO STRIKE KING DECLARATION FILED CONCURRENTLY]<br><br>Judge:   Hon. John A. Kronstadt<br>Place:   Courtroom 750<br>Date:    June 2, 2014<br>Time:    3:00 p.m.<br><br>Trial:   June 17, 2014 |

1

**TABLE OF CONTENTS**

Introduction .................................................................................................1

    I.   Plaintiff Does Not Meet the Standard For Reconsideration Of
         The Court's May 2 Order..........................................................1

    II.  Matters Prior to January 2013 Are Also Privileged As to
         Biosuccess...............................................................................3

    III. A Rule 104 Hearing Is Unnecessary .......................................6

Conclusion...................................................................................................6

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## INTRODUCTION

Plaintiff continues to run in circles, repeating the same arguments and raising the same issues regarding which this Court has already ruled against him.  This Court held that Biosuccess is the **<u>sole</u>** holder of attorney-client privilege with Mr. King.  Thus, the common interest exception does **<u>not</u>** apply and Mr. King is prohibited from testify about **<u>post</u>**-January 2013 matters.

Because Biosuccess is the sole holder of attorney-client privilege, the Court should likewise prohibit Mr. King from testifying about **<u>pre</u>**-January 2013 matters.

Finally, the argument by Plaintiff (and King) that Biosuccess has somehow misled the Court by producing "carefully redacted emails" is baseless.  Defendant Biosuccess is ready and willing to submit for *in camera* inspection the two *complete, unredacted* attorney-client privileged February 2013 and May 2013 emails between Jeff King and Biosuccess, so long as such this is understood to not be a waiver of attorney-client privilege.

## I.   Plaintiff Does Not Meet the Standard For Reconsideration Of The Court's May 2 Order

Together with Jeff King, Plaintiff essentially attempts to re-argue his previous motion to compel regarding Jeff King's post-January 2013 documents and communications with Biosuccess.  However, Plaintiff does not even try to meet the standards for reconsideration.

Under Local Rule 7-18, a motion for reconsideration may be made on the grounds of a ***material difference*** in fact or law from that presented to the Court, only when the exercise of ***reasonable diligence*** would not have

1    uncovered such information to the moving party at the time of the Court's

2    decision. *See* L.R. 7-18. Plaintiff does not meet this standard.

3        **First**, Plaintiff failed to file a motion for reconsideration under L.R. 7-

4    18. Instead, Plaintiff improperly raises reconsideration in Plaintiff's

5    opposition to Biosuccess's motion *in limine* by asking the Court to reconsider

6    its May 2, 2014 decision based on "new" evidence. Plaintiff should have

7    followed the proper procedure and filed a noticed motion for reconsideration,

8    which would allow Biosuccess to properly oppose. Because he failed to do

9    so, all of Plaintiff's arguments for reconsideration, and all of the allegedly

10   new evidence presented on that basis, should be disregarded.

11       **Second**, Plaintiff fails to meet the standard for reconsideration because

12   there is no ***material difference*** in fact or law from what was originally

13   presented to the Court. Instead, as has become almost commonplace in this

14   litigation, Mr. King has again conveniently filed a statement to allege "new"

15   information in support of Plaintiff's position. But this new declaration is

16   nothing more than recitations of essentially the same arguments and

17   information already presented. Information that this Court has ruled is

18   protected by attorney-client privilege and was ***improperly*** disclosed by Mr.

19   King the first time around. [*See* Liang Decl., ¶ 3, Exh. A at 7:3-5 ("I believe

20   there's been disclosure of confidential attorney/client communications by Mr.

21   King.")].].

22       **Finally**, Plaintiff fails to meet the ***reasonable diligence*** requirement

23   for reconsideration. Mr. King is and has been apparently at Plaintiff's

24   disposal and has been able and willing to make (unethical) statements and/or

25   declarations in support of Plaintiff. Plaintiff cannot argue that, in the

26   exercise of reasonable diligence, there is no way he could have uncovered

27   this allegedly "new" information from Mr. King.

28

1    Plaintiff's assertion that he is "still unaware of the true facts" is
2    unpersuasive. [Dkt No. 168 at 3:8]. Plaintiff produced documents showing
3    that Mr. King has been providing legal advice **to Plaintiff himself**, while Mr.
4    King intentionally concealing this fact from Biosuccess. Specifically, Susan
5    Wanger, a paralegal who works for Mr. King, sent an August 2013 email to
6    Ben Chang with draft assignment documents for Plaintiff to assign the '814
7    Patent and other patent rights at issue in this case to Richard L. Chang
8    Holdings LLC. [*See* Suppl. Liang Decl., ¶ 3, Exh. S (Email from Susan
9    Wanger, who works for Jeff King, to Ben Chang for Richard Chang's
10   assignment to Richard Chang Holdings); ¶ 4, Exh. T (Email chain from
11   Susan Wanger to Biosuccess counsel – showing Susan Wanger works for
12   Jeff King)]. Mr. King caused these documents to be sent **before** he was
13   terminated by Biosuccess in September or October 2013. Hence, it
14   is **Biosuccess** and not Plaintiff who has been and continues to be in the dark
15   about the ongoing unethical relationship between Plaintiff and King.

16   Because Plaintiff failed to file a proper motion for reconsideration and
17   likewise does not meet the standard for reconsideration under the Local
18   Rules, all arguments set forth in support of reconsideration, and all allegedly
19   new evidence, must be disregarded.

20

21   ## II.   Matters **Prior** to January 2013 Are Also Privileged As to
22   **Biosuccess**

23   The Court held that Biosuccess is the **sole** holder of attorney-client
24   privilege with Mr. King [*See* Dkt No. 144 at 17], and that the common
25   interest exception does **not** apply [*Id*]. Following this determination, the
26   Court prohibited Mr. King from testifying about **post**-January 2013 matters.
27   [*Id*. at 19]. Because Biosuccess is the sole holder of attorney-client privilege,

28

1   the Court should likewise prohibit Mr. King from testifying about **pre**-
2   January 2013 matters.

3   Plaintiff attempts to circumvent the Court's ruling by analogizing this
4   case to a whistleblower action for retaliatory termination.[1]   However,
5   ***Plaintiff's claim in this litigation is not for retaliatory termination***—in fact,
6   the Opposition to MIL No. 1 is the first time Plaintiff (or his son) ever raised
7   such a claim for retaliatory termination.

8   In any event, Plaintiff's argument is unpersuasive for the following
9   reasons.  **First**, Plaintiff asserts that he made statements to Mr. King that
10  support a whistleblower action – "Plaintiff was fired for raising questions
11  about the financials and other missing records" [Dkt No. 168 at 3:17-19], and
12  that Plaintiff and Ben Chang were "the individuals communicating directly
13  with Attorney King" [Dkt No. 168 at 4:1-3].

14  Yet, Plaintiff then contradicts what he supposedly told Mr. King --
15  namely "facts" about patent prosecution, which makes sense since Mr. King
16  was hired as Biosuccess's patent attorney.  [Dkt No. 168 at 4:4-7 (Plaintiff
17  and Ben Chang "were communicating facts with Attorney King, and ***much of***
18  ***the results of those communications*** ended up in the public record before the
19  U.S. Patent and Trademark Office.") (emphasis added)].   Clearly, any
20  information related to the Changs' termination would not have ended up in
21  the USPTO filings or in their communications with King.

22  ────────────────

23  [1] The "facts" Plaintiff asserts regarding this whistleblower argument are
24  entirely unsupported and also in violation of the Local Rules.  "Factual
    contentions involved in any motion and opposition to motions shall be
25  presented, heard, and determined upon declarations and other written
26  evidence . . . alone."  L.R. 7-6.

27  Plaintiff submits <u>no declarations</u> from himself for his son, relying simply on
    rhetoric and inflammatory assertions, none of which are supported by a shred
28  of evidence, to support his arguments.  This cannot stand.

1    **Second**, Plaintiff's reliance on *Becker* to argue waiver of attorney-
2    client privilege is equally unpersuasive.  [Dkt No. 168 at 3-4].  *Becker*
3    involved a whistleblowing case where the plaintiff was allowed to testify as
4    to ***her own*** communications with corporate counsel.  *Becker v. Willamette*
5    *Cmty. Bank*, 2013 U.S. Dist. LEXIS 71529 at *4.  This does not support the
6    situation here, where Plaintiff is asserting that ***King*** should be allowed to
7    testify about his communications with Biosuccess.

8    In fact, *Becker* cites cases that support Biosuccess's position – namely
9    that confidential communications between a company client and its counsel
10   are privileged and ***cannot*** be disclosed to a third party litigant (including a
11   former employee).  *See Becker*, 2013 U.S. Dist. LEXIS 71529 at ** 6-7
12   (citing *Ross v. City of Memphis*, 423 F.3d 596, 604-05 (6th Cir. 2003)
13   (municipal employer could assert privilege to prevent disclosure of legal
14   advice given to defendant police officer by employer's attorneys));
15   *Fitzpatrick v. Am. Int'l Group, Inc.*, 272 F.R.D. 100, 102-103, 109, n.6
16   (S.D.N.Y 2010) (attorney-client privilege asserted by corporation barred
17   former officer and director's request for documents reflecting "any privileged
18   communications between [the corporation] and corporate counsel dating
19   from when [plaintiff] was President and Board member," including
20   documents "he once authored or received or otherwise viewed while serving
21   as President and Board member"); *Winans v. Starbucks Corp*, 2010 WL
22   5249100 at *2-3 (S.D.N.Y. Dec. 15, 2010) (attorney-client privilege
23   prohibited disclosure of communications between employees and corporate
24   counsel regarding the execution of employee declarations prepared for
25   litigation).

26   The communications between Biosuccess and King are privileged.
27   Biosuccess alone holds this privilege, which it never waived.  Despite
28   Plaintiff's far-reaching efforts to create an exception to the attorney client

privilege, none apply.  Biosuccess's communications with Mr. King, including those **prior** to January 2013—even if made thru the Changs—remain confidential.

## III.   A Rule 104 Hearing Is Unnecessary

A Rule 104 hearing is not only unnecessary, but a waste of the parties' time as well as the Court's time.  This Court has already been briefed on, heard oral argument on, and ruled on the identical issues that Plaintiff now seeks to rehash.  [*See* Dkt No. 144 (Court's May 2, 2014 Order)].  As shown above, Plaintiff has failed to meet the standard for reconsideration.  Moreover, even if Plaintiff could meet such a standard, King's new declaration raises no new issues that change the fact that his communications with Biosuccess are privileged, as this Court has already found.

## CONCLUSION

For the foregoing reasons, the Court should exclude testimony, documents, and any other evidence by or from Biosuccess's former patent counsel Jeffrey King, or which is derived from a violation of attorney-client privilege or other transgression of rule of professional conduct.

Dated:  May 19, 2014                    LEE TRAN & LIANG LLP

                                        By:  */s/ Enoch H. Liang*
                                             Enoch H. Liang
                                             Attorneys for Defendant
                                             Biosuccess Biotech Co., Ltd.