LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
  enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
  heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
  lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone:  (213) 612-8900
Facsimile:  (213) 612-3773
*Attorneys for Defendant
Biosuccess Biotech Co., Ltd. and Purported Defendant
Zheng Tao Han*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| RICHARD L. CHANG,<br><br>Plaintiff,<br><br>v.<br><br>BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10,<br><br>Defendants.<br><hr>BIOSUCCESS BIOTECH CO., LTD.,<br><br>Counterclaimants,<br><br>v.<br><br>RICHARD L. CHANG and DOES 1–10,<br><br>Counter-Defendants. | Case No. CV13-01340 JAK (ANx)<br><br>**DEFENDANT BIOSUCCESS BIOTECH CO., LTD.'S REPLY ISO MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT RELATED TO BIOSUCCESS'S ALLEGED MISMANAGEMENT OF THE PATENT ESTATE**<br><br>[SUPPL. LIANG DECL. FILED CONCURRENTLY HEREWITH]<br><br>Judge:  Hon. John A. Kronstadt<br>Place:  Courtroom 750<br>Date:   June 2, 2014<br>Time:  3:00 p.m.<br><br>Trial:   June 17, 2014 |

# TABLE OF CONTENTS

Introduction ..............................................................................................................1

Argument .................................................................................................................1

    I.   Evidence of Purported Patent Mismanagement Is Irrelevant. .................1

    II.  Plaintiff's Purported Evidence of Patent Mismanagement Is Incomplete and Inaccurate ......................................................................3

    III. Remedying Plaintiff's Incomplete and Inaccurate Evidence Would Entail a Wasteful "Mini Trial"........................................................3

    IV. Should This Evidence Be Introduced At Trial, An Expert Witness Is Necessary ..................................................................................4

Conclusion................................................................................................................6

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff argues that his purported evidence of patent portfolio mismanagement is relevant because it substantiates Biosuccess's alleged breach of contract and the covenant of good faith and fair dealing. Even if Plaintiff amends to allege such a breach, the issue is completely irrelevant to this action, and to counter will require a costly and inefficient "mini trial" regarding technical aspects of patent law and practice that otherwise have no bearing on this case.

## ARGUMENT

### I. Evidence of Purported Patent Mismanagement Is Irrelevant.

Plaintiff relies on Section 7.2 of the Agreement to argue that Biosuccess was required to file further patent applications and that a failure to do so constitutes breach of contract for failure to maintain the patent portfolio and violates the covenant of good faith and fair dealing. [Dkt No. 169 at 1:8-21 (Plaintiff's Opposition to Biosuccess's MIL No. 2)]. Not so.

**First,** Plaintiff has not alleged either a breach of the Agreement itself or a breach of the covenant of good faith and fair dealing. The only current cause of action is for declaratory relief.[1] Thus, Plaintiff's arguments about the relevance of this evidence fall flat.

**Second**, even if Plaintiff amends his Complaint to add his conditional counterclaims, evidence of purported mismanagement remains irrelevant. Under either Agreement, the language of Section 7.2 is clear that the decision

---

[1] Today, Plaintiff filed an *ex parte* motion for leave to amend his Complaint to include conditional counterclaims for breach of contract. [Dkt. No. 180]. Defendant Biosuccess and purported Defendant Han filed Oppositions. [Dkt. Nos. 181 and 182, respectively].

1  to file any further patent applications was within the sole discretion of
2  Biosuccess.  Section 7.2 does not provide for any decision making by the
3  "Assignor" (*i.e.* Plaintiff and Han) but states "[w]henever it is possible and
4  there is a reasonable prospect of success, ASSIGNEE [*i.e.* Biosuccess] shall
5  apply for extension of Patent Rights…" [Suppl. Liang Decl., ¶ 5, Exh. U
6  (Assignment Agreements)].  In his Opposition, Plaintiff fails to provide any
7  evidence that Biosuccess failed to file an application where there was a
8  "reasonable prospect of success."

9  Ironically, any such claim would boomerang back to Plaintiff and his
10 son.  As Plaintiff repeatedly argued, prior to January 2013, Plaintiff and his
11 son Ben Chang were the *sole* representatives of Biosuccess communicating
12 with Jeff King, Biosuccess's patent prosecutor. [*See, e.g.* Dkt. No. 109-1 at
13 6:9-11 ("Richard Chang, at all relevant times had, given full express
14 authority to Ben Chang to manage the patent and patent portfolio, and to act
15 as his agent and on his behalf on all related matters"); 6:5-8; ("Ben Chang
16 was the sole point of contact with Mr. King")].  Therefore, any alleged
17 breach of Section 7.2 falls on the Changs.  Plaintiff cannot have it both ways
18 and now blame Biosuccess for alleged mismanagement of the patent estate to
19 which he claims he and his son had sole control before January 2013.  This is
20 a red herring.

21 In any event, the mere the fact that patent rights were not extended is
22 not, alone, evidence of mismanagement.  In fact, if anyone, it is Plaintiff who
23 cannot manage a patent portfolio – he was completely unable to convert the
24 subject matter of the '814 Patent to additional patent or patent applications –
25 he either failed to file further patent applications or *all* were abandoned
26 *before* he entered into any patent assignment agreement with Biosuccess.
27
28

## II. Plaintiff's Purported Evidence of Patent Mismanagement Is Incomplete and Inaccurate

Even if breach of contract and the covenant of good faith were an issue in the case, Plaintiff's purported evidence of mismanagement would be unfairly prejudicial because it is incomplete and because Plaintiff would be using it to pose an entirely inaccurate argument. Plaintiff has selected a handful of patent documents that he claims show mismanagement of the patent portfolio, but that evidence does not show ***actual*** mismanagement of the patent estate – a review of the USPTO filings shows that there has been ***no abandonment***, as Plaintiff claims. [*See* Dkt. No. 146 at 7:4-8:2 (Biosuccess's Motion in Limine No. 2)].

Moreover, while Plaintiff argues in his Opposition that abandonment and revival created harm to the estate, he cites absolutely no law or basis for his argument. [*See* Dkt. No. 169 at 2:19-25 (Plaintiff's Opposition to Biosuccess's MIL No. 2].

Plaintiff has thus failed to show how the patent portfolio has been damaged. In other words, there has been ***no*** egregious mismanagement of the patent portfolio.[2]

## III. Remedying Plaintiff's Incomplete and Inaccurate Evidence Would Entail a Wasteful "Mini Trial"

While Biosuccess could expend the time and resources to remedy such inaccuracies by introducing a complete picture of the USPTO filings to a

---

[2] Plaintiff further argues that Biosuccess mismanaged the patent portfolio by removing Plaintiff as an inventor. [Dkt. No. 169 at 2:24-25 (Plaintiff's Opposition to Biosuccess's MIL No. 2)]. The Court has already held that issues of inventorship are outside its jurisdiction and thus not at issue in the current case. [Dkt No. 144 at 7-8].

1  layperson, this would cause undue delay, waste of time, and confusion of the
2  issues. If Plaintiff is allowed to admit these cherry-picked documents and set
3  forth inaccurate testimony about the state of the patent portfolio based on
4  these documents, Biosuccess would be forced to remedy this testimony by
5  introducing pages and pages of the complete file history to walk the jury
6  through the complete facts. None of this evidence will lead anywhere, as
7  Plaintiff has failed to show any basis except unsubstantiated attorney
8  conjecture that there has been any patent mismanagement. Instead, the only
9  result is undue delay and a waste of the Court and jury's time.

There is no probative value to the evidence Plaintiff is attempting to admit, as discussed above, thus the danger of undue delay and waste of time cannot be substantially outweighed by the probative value of this evidence. This evidence should be excluded under Federal Rule of Evidence 403.

## IV. Should This Evidence Be Introduced At Trial, Biosuccess would Require an Expert Witness

Contrary to Plaintiff's contention, the technical nature of the patent portfolio and USPTO filings and meanings cannot be cured by jury instructions. [*See* Dkt. No. 169, at 4:14-16 (Plaintiff's Opposition to Biosuccess's MIL No. 2)]. While the Court can provide the jury with the legal definition of abandonment, an expert is required to explain to the jury which documents and filings actually show whether a patent application is or is not abandoned. In order to understand the state of the patent portfolio, one must review the USPTO filings with an understanding of patent law and procedure.

No jurors will have this expertise and, even with the Court's instruction, cannot be expected to look at a biomedical patent filing and ascertain its meaning and effect on the patent portfolio as a whole. An expert

1 is required to guide them through this process and ensure that the effect of
2 each filing is understood.

3 In support of his argument that an expert is <u>not</u> required to explain the
4 patent portfolio and issues of patent procedure, Plaintiff cites two completely
5 inapplicable cases – *Aguilar v. International Longshoremen's Union Local*
6 *#10* and *Markman v. Westview Instruments*. [*See* Dkt No. 169 at 5:9-24
7 (Plaintiff's Opposition to Biosuccess's MIL No. 2)]. In *Aguilar*, the court
8 held that an expert was not necessary to provide legal conclusions to the
9 court regarding whether a party's reliance on a contractual promise was
10 reasonable and foreseeable. *Aguilar v. International Longshoremen's Union*
11 *Local #10*, 966 F.2d 443, 447 (9th Cir. 1992). *Aguilar* did not involve an
12 explanation of the complex nature of patent law.

13 And, *Markman* is the seminal case concerning the proper method of
14 patent claim construction that is a question of law "the court must
15 undertake," and not subject to expert opinion. *Markman v. Westview*
16 *Instruments, Inc*., 52 F.3d 967, 983 (Fed. Cir. 1995) (emphasis added). At
17 this point, this case does not involve claim construction either.

18 Here, Chang wants to present evidence to the jury about alleged
19 mismanagement of the patent portfolio. Therefore, introduction of USPTO
20 filings and procedures, and the effect of such filings on the patent portfolio as
21 a whole, require explanation by an expert versed in patent law and procedure.
22 This was not the case in either *Aguilar* or *Markman*.

23 While Plaintiff states he is willing to provide King or Vapnek to testify
24 as to the patent portfolio, this cannot stand. **<u>First</u>**, the time for expert witness
25 designations and disclosure is long past. As to both Vapnek and King,
26 Plaintiff expressly withdrew Vapnek as an expert. [*See* Dkt No. 144 at 19
27 ("Because Vapnek will be withdrawn as an expert witness given the denial of
28 the Motion to Compel, the Motion to Preclude is MOOT.")]. **<u>Second</u>**, this

Court already ruled that King is not permitted to testify at trial regarding **post**-January 2013 given his now serious ethical conflicts and breaches.³

**Third**, to the extent the Court rules that expert testimony is necessary and admissible on this issue, this is yet another reason to continue the trial. Biosuccess would have a right to designate a rebuttal expert. And there is simply no way the parties could complete expert reports, declarations, and depositions on such a complex issue between the June 2 Final Pretrial Conference and the June 17 trial.

## CONCLUSION

As the above demonstrates, any evidence or argument relating to Biosuccess's alleged mismanagement of the patent estate should be excluded as irrelevant and unfairly prejudicial.

Dated: May 19, 2014                    LEE TRAN & LIANG LLP

                                       By: */s/ Enoch H. Liang*
                                           Enoch H. Liang
                                           Attorneys for Defendant
                                           Biosuccess Biotech Co., Ltd.

---

³ King's testimony at trial regarding **pre**-January 2013 communications is the subject of Biosuccess's Motion in Limine No.1.