1  LEE TRAN & LIANG LLP
   Enoch H. Liang (Bar No. 212324)
2     enoch.liang@ltlattorneys.com
   Heather F. Auyang (Bar No. 191776)
3     heather.auyang@ltlattorneys.com
   Lisa J. Chin (Bar No. 259793)
4     lisa.chin@ltlattorneys.com
   601 South Figueroa St., Ste. 3900
5  Los Angeles, California 90017
   Telephone:  (213) 612-8900
6  Facsimile:   (213) 612-3773
   *Attorneys for Defendant*
7  *Biosuccess Biotech Co., Ltd. and Purported Defendant*
   *Zheng Tao Han*

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11 | RICHARD L. CHANG, | Case No. CV13-01340 JAK (ANx) |
12 | Plaintiff, | |
   | | DEFENDANT BIOSUCCESS |
13 | v. | BIOTECH CO., LTD.'S REPLY |
   | | ISO MOTION IN LIMINE **NO. 3** |
14 | BIOSUCCESS BIOTECH CO., | TO EXCLUDE EVIDENCE OR |
   | LTD., and DOES 1–10, | ARGUMENT REGARDING |
15 | Defendants. | FRED WU'S CONVICTION IN |
   | | TAIWAN PROCEEDING |
16 | | |
17 | BIOSUCCESS BIOTECH CO., | [SUPPL. LIANG DECL. FILED |
   | LTD., | CONCURRENTLY HEREWITH] |
18 | | |
19 | Counterclaimants, | Judge:    Hon. John A. Kronstadt |
   | | Place:    Courtroom 750 |
20 | v. | Date:     June 2, 2014 |
   | | Time:     3:00 p.m. |
21 | RICHARD L. CHANG and DOES | |
   | 1–10, | Trial:     June 17, 2014 |
22 | | |
23 | Counter-Defendants. | |

24

25

26

27

28

# TABLE OF CONTENTS

Introduction ...................................................................................................1

Argument .......................................................................................................1

    I.   Mr. Wu's Conviction Is Not Admissible As Character Evidence
        Under FRE 404(b).........................................................................1

    II.  In Any Event, This Evidence Is Unfairly Prejudicial ...........................4

Conclusion......................................................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff admits that there has been no forgery in this case, and that the signatures on the relevant documents are genuine.  The probative value of Mr. Wu's prior conviction to the issues in this case is therefore extremely low. However, there is a great risk of unfair prejudice, confusion of the issues, and waste of time. Consequently, evidence of the conviction should be excluded.

### ARGUMENT

**I.    Mr. Wu's Conviction Is Not Admissible As Character Evidence Under FRE 404(b)**

Evidence of a conviction is not admissible to prove a person's character or that they acted in conformity with such character.  Fed. R. Evid. 404(b)(1). While such evidence may be admissible for another purpose (such as to prove motive, opportunity, or intent), no such exceptions apply in this case because they do not relate to the issues in this case.

"[W]hen evidence is offered to prove identity, *modus operandi*, or absence of mistake or accident, the prior criminal conduct is relevant only if it is *similar to the offense charged*."  *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992) (emphasis added); *see also United States v. Marashi*, 913 F.2d 724, 735 (9th Cir. 1990).  Moreover, the Ninth Circuit requires that, to be admissible, prior bad act evidence must be admitted only to *prove an element of the charged offense* that is a *material issue*.  *See United States v. King*, 200 F.3d 1207, 1214 (9th Cir. 1999); *Marashi,* 913 F.2d at 735; *United States v. Brown*, 880 F.2d 1012, 1014 (9th Cir. 1989) (holding that prior act evidence is only admissible to show *motive* where motive is relevant to establish an element that is a material issue).

<u>First</u>, Mr. Wu's prior conviction and the conduct associated therewith are not at all similar to, and have no bearing on, the actions alleged against

1   Biosuccess or Mr. Wu in *this* case.  The main dispute in this case is which of
2   two different versions of an Assignment Agreement controls.   Plaintiff
3   alleges that Mr. Wu is lying about the date on which one of those agreements
4   was signed.  Based on this allegation, Plaintiff now claims that evidence of
5   Mr. Wu's prior conviction for forgery is relevant to *this* action.  Not so.

6       In order to admit evidence of prior acts to show *modus operandi*, Mr.
7   Wu's prior acts would have to be similar enough to the acts alleged in the
8   current case to show that Mr. Wu has a "mode of operating" which he
9   employed in **both** the Taiwanese matter and the current matter.   In the
10  Taiwanese matter, Mr. Wu was accused of forging shareholders signatures
11  and conspiring to illegally transfer one shareholder's shares to another
12  shareholder.[1]

13      However, in this case, Plaintiff has clearly ***not*** alleged forgery, or any
14  act similar to forgery.  In fact, to the contrary, <u>Plaintiff himself admits in his</u>
15  <u>deposition testimony that there has been **no forgery** and that his signatures on</u>
16  <u>the relevant agreements are genuine.</u>  [*See* Liang Decl., ¶ 16, Exh. O at 7-14
17  (Transcript of March 7, 2014 Deposition of Richard Chang); ¶ 17, Exh. P at
18  40:4-6; 41:5-17; 42:13-17 (Transcript of March 3, 2014 Deposition of
19  Richard Chang)].

20      Thus, Plaintiff has failed to establish how Mr. Wu's prior acts are at all
21  similar to any of the acts alleged in *this* action.  Because Mr. Wu's prior acts
22  lack significant similarity to the acts Plaintiff alleges in *this* action, they are
23  not admissible as evidence of *modus operandi*.

24      **<u>Second</u>**, even if Mr. Wu's prior acts were similar to the acts alleged in
25  this case, this evidence would still be inadmissible.   Plaintiff is not

26

27  ───────────────
    [1] Despite the Taiwanese Court's findings, Mr. Wu maintains that he did not
28  forge any documents.

attempting to admit evidence of Mr. Wu's conviction for the purpose of proving any element of the causes of action against Biosuccess, as is required by the Ninth Circuit.  In fact, this is not even a possibility because not a single one of the claims asserted against Biosuccess could be proven by the admittance of this improper character evidence.

In this action, Plaintiff has brought a single claim, for declaratory relief.  [Dkt. No. 1].  Specifically, Plaintiff claims that he has not assigned his interest in certain provisional patent applications and that Biosuccess has no ownership interest in such applications.  [*Id.*]  Not one of the elements of these causes of action could be proven by evidence of Mr. Wu's prior conviction for forgery and Plaintiff has not even alleged as much.

Today, Plaintiff filed an *ex parte* motion for leave to amend his Complaint to include conditional counterclaims.  [Dkt. No. 180].[2]  Even if the motion was granted, as with Plaintiff's original Complaint, none of Plaintiff's conditional counterclaims can be proven by evidence of Mr. Wu's prior conviction for forgery.  Plaintiff's conditional counterclaims are as follows:

**Count  1**: same as Plaintiff's claim for declaratory relief in his Complaint.  [Dkt. No. 180-1 at 10:1-11:6].

**Count 2**: breach of contract, specifically that: (1) Biosuccess failed to pay Plaintiff and issue equity as allegedly required under the parties' agreement; (2) Biosuccess failed to provide semi-annual reports and quarterly meetings; (3) Biosuccess failed to give an audit; and (4) Biosuccess diminished the value of the IP estate.  [Dkt. No. 180-1 at 11:7-15:16].

---

[2] Defendant Biosuccess and purported Defendant Han filed Oppositions. [Dkt. Nos. 181 and 182, respectively]

1       **Count 3**:  negligent mismanagement, specifically that Mr. Wu

2  mismanaged Biosuccess based on the same general allegations in Count 2.

3  [Dkt. No. 180-1 at 15:17-17:5].

4       Evidence of Mr. Wu's prior conviction is inadmissible and improper

5  character evidence.  Plaintiff has failed to show the similarity between Mr.

6  Wu's prior acts and the acts alleged in this case.  Further, Mr. Wu's prior acts

7  are insufficient, even if admitted, to prove any element of the claims in this

8  case.  Thus, evidence of Mr. Wu's prior acts is not admissible to show a

9  *modus operandi* or motive.

10  **II.   In Any Event, This Evidence Is Unfairly Prejudicial**

11       Even if the evidence were otherwise admissible, it would still be

12  necessary to exclude it under Rule 403 because its probative value remains

13  substantially outweighed by the risk of unfair prejudice, undue delay,

14  confusion of the issues and waste of time.

15       **First**, this evidence should be excluded because its probative value is

16  substantially outweighed by the risk of unfair prejudice.  Character evidence

17  is often very prejudicial, tending to distract the trier of fact and permit the

18  trier to make a decision based on character rather than evidence.  *See* Fed. R.

19  Evid. 404, Advisory Committee Notes. On the other hand, any link Plaintiff

20  has attempted to establish between Mr. Wu's prior acts and the facts of ***this***

21  case is so tenuous that it can hardly be deemed probative.  Yet there is a great

22  risk of unfair prejudice from the jury's exposure to such evidence.

23       **Second**, this evidence should be excluded because its probative value

24  is substantially outweighed by the danger of undue delay, confusion of the

25  issues, and waste of time.

26       Plaintiff himself was deeply involved in the acts alleged in the

27  Taiwanese matter.  <u>The entire incident was at Plaintiff's behest</u>, and <u>Plaintiff

28  testified on Mr. Wu's behalf</u>.  Plaintiff was one of the main shareholders of

1   Biosuccess Biotech Co., Ltd in the Cayman Islands ("Biotech Cayman"), the
2   company involved in the dispute.  <u>Plaintiff</u> asked Mr. Wu to temporarily
3   transfer shares to him and another shareholder, and Mr. Wu did as he
4   requested.  While Plaintiff was ultimately not convicted for his involvement
5   in the dispute, he has never denied his substantive involvement.

6      Due to Plaintiff's own involvement in the Taiwanese matter, and the
7   myriad of facts and allegations underlying the Taiwanese criminal
8   proceeding, the Court would have to engage in a mini-trial to properly
9   contextualize the Taiwanese proceedings and underlying facts.  This would
10   cause undue delay, confusion of the issues, and would waste both the Court
11   and the jury's time.  Thus, this evidence should be excluded under FRE 403.

12                              **CONCLUSION**

13      Any and all evidence, references to evidence, testimony or argument
14   relating to Fred Wu's prior misdemeanor conviction of forgery in a Taiwan
15   proceeding should be excluded.  This evidence constitutes improper character
16   evidence and is not admissible to show either *modus operandi* or motive.
17   Moreover, the admittance of this evidence will unfairly prejudice Biosuccess.

18
19   Dated:  May 19, 2014                    LEE TRAN & LIANG LLP
20                                      By:  /s/ Enoch H. Liang
21                                           Enoch H. Liang
22                                           Attorneys for Defendant
                                             Biosuccess Biotech Co., Ltd.
23
24
25
26
27
28