LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
*Attorneys for Defendant*
*Biosuccess Biotech Co., Ltd. and Purported Defendant*
*Zheng Tao Han*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

RICHARD L. CHANG,

Plaintiff,

v.

BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10,

Defendants.

BIOSUCCESS BIOTECH CO., LTD.,

Counterclaimants,

v.

RICHARD L. CHANG and DOES 1–10,

Counter-Defendants.

Case No. CV13-01340 JAK (ANx)

DEFENDANT BIOSUCCESS BIOTECH CO., LTD.'S REPLY ISO MOTION IN LIMINE **NO. 4** TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING INVENTORSHIP

[SUPPL. LIANG DECL. FILED CONCURRENTLY HEREWITH]

Judge: Hon. John A. Kronstadt
Place: Courtroom 750
Date: June 2, 2014
Time: 3:00 p.m.

Trial: June 17, 2014

# TABLE OF CONTENTS

Introduction ............................................................ 1

Argument ............................................................ 2

I. As This Court Already Held, Inventorship Of The Patent Applications Is Not Relevant To Any Remaining Issues Of Ownership, Which Stem Solely From Contractual Interpretation And Breach ............................................................ 2

II. Plaintiff Concedes The Unfair Prejudice To Dr. Han In The Separate Chang v. Han Matter Currently Pending In The Northern District ............................................................ 3

III. Testimony Of Inventorship On The Patent Applications Will Also Unfairly Prejudice Biosuccess ............................................................ 4

Conclusion ............................................................ 5

# REPLY

## INTRODUCTION

Plaintiff is a hypocrite. On the one hand, in his Opposition to Defendant's MIL No. 4, Plaintiff argues that he needs to be able to tell the jury that he is an inventor of the '814 Patent. On the other hand, in Plaintiff's own MIL No. 5, he seeks to exclude Dr. Han from testifying about his undisputed inventorship of the '814 Patent. Clearly, ***both*** Plaintiff and Dr. Han should be able to testify at trial ***about their joint inventorship*** of the '814 Patent.[1] Defendant believes that background is necessary for the fact-finder to understand why Plaintiff and Dr. Han ***jointly assigned*** the '814 Patent to Biosuccess starting in 2006.

However, there is a major difference between the '814 Patent (not the subject of Defendant's MIL No. 4) and the ***non-provisional patent applications*** ("Patent Applications"). The federal courts have jurisdiction to determine issues of inventorship regarding ***issued*** patents like the '814 Patent. This, however, is not the case with the ***Patent Applications***, where this Court lacks jurisdiction to determine inventorship. This Court already found on May 2, 2014 [Dkt No. 144] that the remaining claims for declaratory relief can be determined based on state contract law "and not on his claim of inventorship."

Hence, testimony about the inventorship of the Patent Applications themselves is irrelevant to the remaining issues in this case. Even if it was relevant, that testimony would be unfairly prejudicial to both Dr. Han and Biosuccess.

---

[1] In this case, Plaintiff does not seek a declaration that Dr. Han is ***not*** a co-inventor on the '814 Patent. That is the subject of a separate case pending before Judge Davila in the Northern District of California, Case No. 5:14-cv-00426-EJD.

## ARGUMENT

### I. As This Court Already Held, Inventorship Of The Patent Applications Is Not Relevant To Any Remaining Issues Of Ownership, Which Stem Solely From Contractual Interpretation And Breach

In his Opposition, Plaintiff continues to argue the very inventorship issues that this Court has already ruled are outside its jurisdiction. [*See* Liang Decl., ¶ 3, Exhibit A (April 21 Hearing Transcript) at 30:21-23, ("The USPTO is the place where people present disputes over who the inventor is."); Dkt. No. 144]. Despite this Court's clear ruling, Plaintiff repeatedly refers to Chang as the inventor of the Patent Applications and continues to argue that Biosuccess breached the parties' agreement by removing Chang from the Patent Applications.

For example, Plaintiff points to Section 7.2 of the October 2006 Assignment, claiming that Section 7.2 shows that Biosuccess breached the Assignment by removing Plaintiff as an inventor on the Patent Applications. [Dkt. No. 171 at 2:9-23]. Not so. That section ***only references*** the ASSIGNEE (i.e., Biosuccess), and not the ASSIGNOR (i.e., Plaintiff). In other words, it is up to Biosuccess, at Biosuccess's cost, as to whether it wishes to apply for additional patents or not. Section 7.2 contains no reference to whether Biosuccess had or has an obligation to name Plaintiff as an inventor (or not). Accordingly, whether Plaintiff is an inventor of the Patent Applications or not is totally irrelevant to whether Biosuccess breached Section 7.2.

Indeed, ***this Court has already held in the May 2 ruling that*** a determination of the remaining prayers for relief[2] in this case can be made

---

[2] This Court has already determined that it does not have jurisdiction as to Plaintiff's First Prayer for Relief. [Dkt No. 144].

without reference to Chang as an inventor as to the Patent Applications. [*See* Dkt No. 144, at pp 8 and 9 of 19]. The only remaining issues are (1) whether Chang assigned the Patent Applications to Biosuccess; (2) whether Biosuccess has an ownership interest in the Patent Applications; and (3) whether Biosuccess has the right to exclude Plaintiff from participating in the prosecution of the Patent Applications. None of these issues requires evidence or testimony about inventorship.

As this Court found on May 2, the remaining determinations in Plaintiff's Prayer for Declaratory Relief can be determined by reference to "(i) the scope of the assignment to which the parties agreed; and (ii) the effect of any breach, if any, on that assignment. However, Plaintiff may base his claim for improper exclusion from the patent proceedings before the USPTO solely on his claimed contractual rights, and ***not on his claim of inventorship***." [*See* Dkt. 144, at 9]. Inventorship is irrelevant to the issues of assignment and ownership.

## II. Plaintiff Concedes The Unfair Prejudice To Dr. Han In The Separate Chang v. Han Matter Currently Pending In The Northern District

Plaintiff's Opposition concedes the fact that which person was the proper inventor on the '814 Patent and the Patent Applications is the subject of a separate lawsuit currently pending in the Northern District of California. [*See* Defendant's MIL No. 4, Dkt No. 148 at 2]. Nor does Plaintiff's Opposition dispute the fact that permitting testimony on inventorship in this trial "will unfairly prejudice Dr. Han and his defenses and positions in the separate *Chang v. Han* case, which is just beginning." [*Id.*, at 2-3].

Given that this unfair prejudice is conceded, even if relevant, the testimony should be excluded.

## III. Testimony Of Inventorship On The Patent Applications Will Also Unfairly Prejudice Biosuccess

Plaintiff has made clear that he intends to use this evidence just as Biosuccess expected – to unfairly prejudice Biosuccess. For example, in his Opposition Plaintiff argues the following:

- "After all, a patent's inventor is its owner absent assignment." [Dkt. No. 171 at 1:12-13].
- "Chang's role as the inventor of this technology and as the leading scientist in this field must be presented…" [*Id*. at 1:20-22]
- "[W]e would not be here if Professor Chang did not have a substantial role in this field." [*Id*. at 1:28-2:1].
- "The fact is that Professor Chang was named as an inventor on these patent applications (though Defendants appear to have had some success removing him after the fact)." [*Id*. at 2:9-11]

**First**, because this Court cannot decide issues of inventorship, any testimony that Chang is the "inventor" of the Patent Applications is misleading and irrelevant. This issue is in dispute and, without a resolution by the USPTO, should not be presented to the jury, especially where Plaintiff has already shown his intent to use this evidence to sway the fact finder. If Plaintiff wishes to challenge inventorship, he can do so before the USPTO.

**Second**, such evidence and testimony have an undue tendency to suggest a decision on an improper basis, namely an emotional one. By arguing that Plaintiff is the inventor of these patents, and was allegedly unfairly removed from the Patent Applications, Plaintiff will attempt to invoke an emotional response from the jury. Such evidence will encourage the jury to make a decision based on emotion, instead of on the evidence and legal standards set forth at trial. This is exactly what FRE 403 prohibits.

## CONCLUSION

This Court should extend the reasoning of its May 2, 2014 decision on Defendant's motion for judgment on the pleadings and exclude all evidence related to inventorship on the Patent Applications as being irrelevant, unfairly prejudicial, and confusing/misleading to the jury.

Dated: May 19, 2014

LEE TRAN & LIANG LLP

By: */s/ Enoch H. Liang*
Enoch H. Liang
Attorneys for Defendant
Biosuccess Biotech Co., Ltd.