LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
  enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
  heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
  lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone:  (213) 612-8900
Facsimile:  (213) 612-3773

*Attorneys for Defendant
Biosuccess Biotech Co., Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD L. CHANG, <br><br> Plaintiff, <br><br> v. <br><br> BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10, <br><br> Defendants. <br><br> BIOSUCCESS BIOTECH CO., LTD., <br><br> Counterclaimants, <br><br> v. <br><br> RICHARD L. CHANG and DOES 1–10, <br><br> Counter-Defendants. | Case No. CV13-01340 JAK (ANx) <br><br> DEFENDANT BIOSUCCESS BIOTECH CO., LTD.'S NOTICE OF MOTION AND MOTION TO STRIKE (1) THE DECLARATION OF JEFFREY KING AND (2) OBJECTIONS TO SUBPOENA OF RICHARD CHANG <br><br> [Declaration of Heather Auyang concurrently filed] <br><br> Judge:  Hon. John A. Kronstadt <br> Place:  Courtroom 750 <br> Date:   June 2, 2014 <br> Time:   3:00 p.m. <br><br> Trial:   June 17, 2014 |

1  TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF
2  RECORD:

3      PLEASE TAKE NOTICE that on June 2, 2014, at 3:00 p.m., or as
4  soon thereafter as this matter can be heard before the Honorable John A.
5  Kronstadt, located at Courtroom 750 – 7th Floor, United States District Court,
6  Central District of California (Western Division), 255 East Temple Street,
7  Los Angeles, California 90012, Defendant Biosuccess Biotech Co., Ltd.
8  ("Biosuccess") will and hereby does move the Court for an Order striking (1)
9  the Declaration of Jeffrey King In Opposition to Defendant's Motion in
10 Limine No. 1 [Dkt No. 168]; and (2) Jeffrey King's Objections to the
11 Subpoena of Richard Chang.  [Auyang Decl., ¶ 4, Exh. B].

12     This Motion is brought pursuant to Federal Rules of Evidence 403 and
13 501, and the Court's inherent authority to regulate proceedings.

14     This Motion is based upon this Notice of Motion and Motion; the
15 supporting Memorandum of Points and Authorities; the Declaration of
16 Heather Auyang and exhibits thereto; the pleadings, records and papers in
17 this action; all matters of which the Court may take judicial notice; and such
18 other and further evidence as may be presented at or before the hearing on
19 this Motion.

20

21 Dated:  May 19, 2014                     LEE TRAN & LIANG LLP
22                                         By: */s/ Enoch H. Liang*
23                                             Enoch H. Liang
                                                Attorneys for Defendant
24                                             Biosuccess Biotech Co., Ltd.
25
26
27
28

**TABLE OF CONTENTS**

Introduction ...........................................................................................................1

Argument ...............................................................................................................1

    I.   All Communications Between Biosuccess and Mr. King Are Protected by Attorney-Client Privilege.......................................................1

    II.  Biosuccess Did Not Waive Its Attorney-Client Privilege.......................2

    III. The King Statements Violate Biosuccess's Attorney-Client Privilege ...................................................................................................4

Conclusion..............................................................................................................5

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Biosuccess respectfully requests that the Court strike the Declaration of Jeffrey King In Opposition to Defendant's Motion in Limine No. 1, [Dkt No. 168], as well as King's Objections to the Subpoena of Richard Chang [Auyang Decl., ¶ 4, Exh. B] (collectively, "King Statements").

Plaintiff and King were already warned by this Court that King had disclosed privileged information in his Objections to the Subpoena of Richard Chang. [Auyang Decl., ¶ 3, Exh. A at 7:3-5 ("I believe there's been disclosure of confidential attorney/client communications by Mr. King."); ¶ X, Exh. (King Objections to Subpoena of Richard Chang)]. Yet, Plaintiff and King now, *again*, disclose confidential communications, protected by Biosuccess's attorney-client privilege, in opposition to Biosuccess's Motion in Limine No. 1. [*See* Dkt. No. 168-1)].

## ARGUMENT

### I. All Communications Between Biosuccess and Mr. King Are Protected by Attorney-Client Privilege

Federal Rule of Evidence 501 provides that "the privilege of a witness . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961). Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. *Upjohn*, 449 U.S. at 389. The attorney-client privilege protects confidential disclosures

made by a client to an attorney in order to obtain legal advice. *U.S. v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997).

**First**, as set forth in Biosuccess's opposition to Plaintiff's motion to compel, there is no dispute that Mr. King acted as Biosuccess's patent attorney and that Biosuccess maintained its attorney-client privilege. (Dkt. No. 109-1). Mr. King himself stated so in an email to Fred Wu, wherein he stated "We represent only one concern, which is Biosuccess, the owner of the patents we have spent years managing and prosecuting." [*See* Liang Decl. ¶ 4, Exh. B (Feb. 8 2013 email from King to Wu)] [Dkt No. 149].

**Second**, no exception to the attorney-client privilege exists in this case, as the Court found in its May 2 Order. [*See* Dkt No. 144 at 15-17].

## II.   Biosuccess Did Not Waive Its Attorney-Client Privilege

Biosuccess is the sole holder of its attorney-client privilege and, because Biosuccess has not waived that privilege, its communications with King remain privileged and confidential.

The client is the holder of attorney-client privilege and only the client may waive the privilege. *See, e.g. Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996); *Cunningham v. Connecticut Mut. Lif. Ins.*, 8445 F. Supp. 1403, 1411 (S.D. Cal. 1994). To terminate the privilege, the client must give its consent. *Cunningham*, 8445 F. Supp. at 1411. The failure to object to the use of privileged documents does <u>not</u> constitute a waiver of the privilege. *See Richmark Corp. v. Timber Falling Consultants, Inc.*, 125 F.R.D. 54 (D. Oregon 1989) (party did not waive attorney-client privilege by failing to object to opposing counsel's use of privileged document at depositions and during court hearing).

This Court already found that Biosuccess is the sole holder of the attorney-client privilege as to King. [*See* Dkt No. 144 at 17 (holding the common interest doctrine does not apply)]. To the extent Plaintiff attempts to argue that Biosuccess somehow waived its attorney-client privilege, this is not so.

**First**, Biosuccess did not object to Mr. King producing pre-January 2013 documents to the Changs, because the Changs already had those documents in their possession prior to January 2013. While they were employed by Biosuccess, Richard and Ben Chang coordinated with Mr. King on behalf of Biosuccess. [*See* Liang Decl., ¶ 3, Exh. A (April 21, 2014 Hearing Transcript), at 36:12-38:3] [Dkt No. 149]. As made clear at the April 21 hearing, Biosuccess never conceded that Mr. King represented Richard Chang prior to January 2013; nor did Biosuccess concede that it waived its attorney-client privilege prior to January 2013. [*Id*.]

**Second**, Mr. King's unilateral disclosures to the Court and to the Changs do not waive Biosuccess's attorney-client privilege. The Court found that Mr. King had *already* improperly disclosed attorney-client communications between himself and Biosuccess in the King Statement, stating "I believe there has been a disclosure of confidential attorney/client communications by Mr. King." *Id*. at 7:3-5. However, this does not waive the attorney-client privilege.

**Third**, to the extent that there were any inadvertent disclosures of attorney-client privilege, those are easily rectified under FRE 502 and Paragraph XI of the Protective Order in this case. [Dkt. No. 38]. Clearly, Biosuccess never intended to and did not waive any of its privileges vis-à-vis Mr. King.

### III. The King Statements Violate Biosuccess's Attorney-Client Privilege

As set forth above: (1) Biosuccess holds the attorney-client privilege with respect to its communications with King; (2) no exception to that privilege exists that would allow for disclosure of this information by King; and (3) Biosuccess is the sole holder of the privilege and has not waived that privilege.

King's Statements directly violate this attorney-client privilege by disclosing information provided to King by Biosuccess and its legal representatives, including the Changs, and by generally disclosing information learned in the course of King's representation of Biosuccess. [*See* Dkt No. 168 (King Declaration) and Auyang Decl., ¶ 4, Exh. B (King's Objections to Subpoena of Richard Chang)].

This Court already found that King's Objections to the Subpoena of Richard Chang violated attorney-client privilege. [*See* Dkt No. 144 at 7:3-5 ("I believe there has been a disclosure of confidential attorney/client communications by Mr. King.")].

In similar fashion, the King Declaration In Opposition to Biosuccess's Motion in Limine No. 1 includes privileged statements and information communicated by and from King and by and from Biosuccess in the course of his representation of Biosuccess. [*See, e.g.* Dkt No. 168 at Par. 6 ("These objections reflect a tormenting conflict imposed upon us through misconduct by Mr. Wu"); Par. 8 ("We sought to communicate our emerging conflicts with Mr. Wu, and did so in no uncertain detail."); Par. 9 ("non-assigned patent instruments that have now been appropriated under different supposed inventorship and control by Mr. Wu"); Par. 10 ("We . . . believe the actions taken by Mr. Wu/Biosuccess, as reflected in these public records, are highly

probative . . . . This emerging misconduct is, in our opinion, important information . . . ")].

Thus, King's Statements, which disclose sensitive attorney-client privileged information, must be stricken in their entirety.

## CONCLUSION

For the foregoing reasons, the Court should grant Biosuccess's Motion to Strike (1) the Declaration of Jeffrey King In Opposition to Defendant's Motion in Limine No. 1 [Dkt No. 168]; and (2) Jeffrey King's Objections to the Subpoena of Richard Chang [Auyang Decl., ¶ 4, Exh. B], as they violate Biosuccess's attorney-client privilege, which Biosuccess has not waived.

Dated:  May 19, 2014                         LEE TRAN & LIANG LLP

By: */s/ Enoch H. Liang*
Enoch H. Liang
Attorneys for Defendant
Biosuccess Biotech Co., Ltd.