1  LEE TRAN & LIANG LLP
2  Enoch H. Liang (Bar No. 212324)
    enoch.liang@ltlattorneys.com
3  Heather F. Auyang (Bar No. 191776)
    heather.auyang@ltlattorneys.com
4
5  Lisa J. Chin (Bar No. 259793)
    lisa.chin@ltlattorneys.com
6  601 South Figueroa St., Ste. 3900
7  Los Angeles, California 90017
8  Telephone:  (213) 612-8900
    Facsimile:   (213) 612-3773
9
10  *Attorneys for Defendant*
    *Biosuccess Biotech Co., Ltd.*

11              UNITED STATES DISTRICT COURT
12            CENTRAL DISTRICT OF CALIFORNIA
13                   WESTERN DIVISION
14

| | |
|---|---|
| RICHARD L. CHANG, | Case No. CV13-01340 JAK (ANx) |
| Plaintiff, | |
| v. | DEFENDANT BIOSUCCESS BIOTECH CO., LTD.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF JEFFREY KING IN CONNECTION WITH BIOSUCCESS'S MOTION IN LIMINE **NO. 1** |
| BIOSUCCESS BIOTECH CO., LTD., and DOES 1–10, | |
| Defendants. | |
| BIOSUCCESS BIOTECH CO., LTD., | |
| Counterclaimants, | Judge:  Hon. John A. Kronstadt |
| v. | Place:  Courtroom 750 |
| RICHARD L. CHANG and DOES 1–10, | Date:   June 2, 2014 |
| | Time:   3:00 p.m. |
| Counter-Defendants. | Trial:   June 17, 2014 |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

It is Biosuccess's position that the entire Declaration of Jeff King should be stricken for violation of attorney-client privilege and unethical attorney conduct.  However, in the event the Court does not strike the entire Declaration, Biosuccess submits the following evidentiary objections to the Declaration of Jeffrey King In Opposition to Biosuccess's Motion in Limine No. 1.

| Proffered Evidence | Evidentiary Objections | Ruling |
|---|---|---|
| **Par. 3**: "I am informed and believe that Richard Chang spent much of this life developing and perfecting the science behind the use and application of TPA (12-O-tetradecanoyl-phorbol-13-acetate).  After decades of this continuing research, conducted through various companies and academic institutions, Professor Chang originally submitted his ideas for patenting…" | Lacks personal knowledge. Fed. R. Evid. 602. | |
| **Par. 5:** "I respectfully urge the Court to reconsider this limitation as potentially inconsistent with Professor Chang's rights, with the interests of Professor Chang and other shareholders of Biosuccess, with the paramount interests of | Lack of foundation and personal knowledge.  Fed. R. Evid. 602

Irrelevant.  Fed. R. Evid. 401 and 402.

Improper lay opinion.  Fed. R. Evid. 701. | |

| | | |
|---|---|---|
| protecting and preserving the underlying intellectual property assets at issue in this case, and with controlling law governing confidentiality, duty of disclosure and candor before the US Patent Office, and attorney-client privilege.  I have consulted with four outside ethics professionals on these complex issues, most recently with a former supervisor of mine and a national leading authority on ethics in intellectual property law, Paul Vapnek." | Unsupported statement regarding correspondence with outside ethics professionals.  Fed. R. Evid. 403.  Hearsay.  Fed. R. Evid. 802. | |
| **Par. 6:** "The redactions of these communications are an inaccurate, non-representative selection of the true nature and scope of our communications with Biosuccess following the abrupt and unexplained termination of Professor Chang from our communications in January 2013." | Violates attorney-client privilege as to circumstances surrounding the termination of Richard Chang.  Fed. R. Evid. 501.  Lack of foundation and personal knowledge.  Fed. R. Evid. 602. | |
| **Par. 6:** "These objections reflect a tormenting conflict imposed upon us through misconduct by Mr. Wu, which we believe (and Mr. Vapnek concurs) presents critical matters of immediate importance for assessment by the Court." | Violates attorney-client privilege as to Mr. Wu's conduct.  Fed. R. Evid. 501.  Lack of foundation and personal knowledge.  Fed. R. Evid. 602.  Unfair prejudice as to | |

| | | | |
|---|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | | "tormenting conflict" imposed by Mr. Wu and unsupported statements by Mr. Vapnek.  Fed. R. Evid. 403.<br><br>Hearsay.  Fed. R. Evid. 802. | |
| 7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19 | **Par. 6:** "These matters concern immediate problems with control and ownership of the principal IP assets of interest here, and even more paramount concerns relating to the devaluation, destruction, and even abandonment of these assets – as detailed in our actual statements to Mr. Wu/Biosuccess. Remaining silent on this information is likely contrary to our duty of disclosure and candor to the USPTO, and will therefore likely also be called to the USPTO's attention in due course." | Lack of foundation, lack of personal knowledge and speculation.  Fed. R. Evid. 602.<br><br>Unsupported and speculative statements as to the future state of the IP assets.  Fed. R. Evid. 403.<br><br>Hearsay.  Fed. R. Evid. 802. | |
| 20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | **Par. 7:** "[A]dequate redress and remedy is *not* to be immediately or practically found at the USPTO governing these concerns…the PTO simply has no available process for intervening at this point, and in fact not for a projected period of two years or longer . . . but these are only | Lack of foundation, lack of personal knowledge, speculation.  Fed. R. Evid. 602.<br><br>Unsupported and speculative statements.  Fed. R. Evid. 403.<br><br>Violation of attorney-client privilege.  Fed. R. Evid. 501. | |

Evidentiary Objections to Declaration of Jeffrey King

| | | |
|---|---|---|
| determinable years down the road, and may well be preceded by complete destruction of the assets (if current actions instigated by Mr. Wu/Biosuccess, apparent from public records at the PTO, are left unchecked." | | |
| **Par. 8:** "We sought to communicate our emerging conflicts to Mr. Wu, and did so in no uncertain detail." | Violation of attorney-client privilege.  Fed. R. Evid. 501. | |
| **Par. 9:** "Here again, however, any remedial action in the USPTO will be limited, and untimely with regard to our immediate concerns of harm to Professor Chang (arguably our first, and continuing client, certainly with respect to all of his non-assigned patent instruments that have now been appropriated under different supposed inventorship and control by Mr. Wu – also per public USPTO records), and to the company Biosuccess, its shareholders (including Professor Chang), and the subject IP assets that continue to be the primary focus of our advocacy." | Lack of foundation, lack of personal knowledge and speculation .  Fed. R. Evid. 602.  Unsupported and speculative statements.  Fed. R. Evid. 403.  Statement of a legal conclusion not a fact regarding alleged misappropriation of patent instruments.  Fed. R. Evid. 403. | |
| **Par. 10:** "We are deeply concerned about the manner and nature of this | Irrelevant.  Fed. R. Evid. 401 and 402. | |

4                                CV13-01340 JAK (ANx)

Evidentiary Objections to Declaration of Jeffrey King

| | | |
|---|---|---|
| process and believe the actions taken by Mr. Wu/Biosuccess, as reflected in these public records, are highly probative . . ."<br><br>"This emerging misconduct is, in our opinion, important information for the Court, and by its nature arguably waives all privilege and confidence in our intermediary communications . . ." | Lack of foundation and personal knowledge.  Fed. R. Evid. 602.<br><br>Unsupported and speculative statements.  Fed. R. Evid. 403. | |

Dated:  May 19, 2014

LEE TRAN & LIANG LLP

By: */s/ Enoch H. Liang*
     Enoch H. Liang
     Attorneys for Defendant
     Biosuccess Biotech Co., Ltd.