Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Richard L. Chang,**<br><br>　　　　Plaintiff;<br><br>　v.<br><br>**Biosuccess Biotech Co. Ltd., et al.**<br><br>　　　　Defendants.<br><br>**Biosuccess Biotech, Co. Ltd.,**<br><br>　　　　Counterclaimant;<br><br>　v.<br><br>**Richard L. Chang et al.,**<br><br>　　　　Counterclaim Defendants. | Case No. 2:13-cv-01340-JAK-AN<br><br>**PLAINTIFF RICHARD L. CHANG'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* NO. 2**<br><br>Pretrial Conference Date: June 2, 2014<br><br>Trial Date: June 17, 2014<br><br>Hon. Judge John A. Kronstadt |

## INTRODUCTION

Before any other issue can be resolved without confusion and substantial waste of time, a decision should be made regarding which agreement controls between the parties. Defendants' attempt to circumvent the key issues in this motion regarding a hearing under Rule 104 of the Federal Rules of Evidence to determine which agreement controls and how these issues should be presented to the jury to avoid confusion should be rejected. The Court should exercise its power to control this proceeding to ensure an efficient resolution that does not confuse the jury by excluding unnecessary parol evidence and making a preliminary determination under Rule 104 regarding any remaining issues.

### I. THE RELEVANCY OF BIOSUCCESS' PURPORTED EVIDENCE IS CONDITIONAL, REQUIRING A HEARING UNDER FEDERAL RULE 104.

The standard for finding that evidence of a fact is relevant for trial is different from the standard for finding a dispute of material fact on summary judgment. This Motion *in Limine* should be resolved under the correct standard for such motions and not the summary judgment standard Defendants incorrectly assert.

An argument about conditional relevancy is evaluated under FED. R. EVID. 104(b). Under this Rule, the Court acts as gatekeeper on the preliminary questions regarding the admissibility of evidence. American Exp. Travel Related Servs. v. Vinhnee (In re Vinhnee), 336 B.R. 437, 443 (9th Cir. 2005) *citing* FED. R. EVID. 104. When the relevance of evidence is conditioned on the establishment of a fact—in this case, when the August Agreement was signed in 2006 as appears on the face of the document or in 2011 as argued by Defendants—the offering party needs to submit evidence sufficient to allow a reasonable jury to find the conditional fact by a preponderance of the evidence to establish that the evidence is relevant. See 21 C. Wright & K. Graham, Federal Practice and Procedure § 5054, p. 269 (1977).

Defendants do not and cannot dispute that the August 2006 Agreement bears the date "August 30, 2006." Nor can Defendant dispute that there exists a later-dated agreement (the October 2006 Agreement) containing an integration clause that explicitly supersedes all earlier dated agreements. Defendants therefore intend to submit evidence that the August 2006 Agreement was not signed on the date that appears on its final page. The relevance of Defendants' evidence hinges entirely on the establishment of their contention that the August Agreement was signed in 2011. It is the Court's role and duty to hold a hearing to weigh Defendants' evidence against the overwhelming documentary and testamentary evidence, as well as common sense, to the contrary before allowing parol evidence to unjustly prejudice a jury.

Based on its submissions to the Court and on the documentary evidence produced in discovery, Biosuccess cannot meet even the low "reasonable jury" standard. For instance, when asked at his deposition why a version of an agreement, purportedly from 2011, contained the words "exclusive license" instead of the word "assignment" as in the October 2006 Agreement, Fred Wu, after sitting in shock for some time, could only answer "anyone can overlook."[1]

When relevance depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. FED. R. EVID. 104(b). Hence the provision and established precedent for a preliminary hearing on the proof supporting a party's admissibility contentions. The relevance of Biosuccess' purported evidence hinges on whether Biosuccess' proof can support such a finding to meet the applicable bar. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter **properly provable** in the case." Huddleston v. United States, 485 U.S.

---

[1] Deposition of Fred Wu 153:4–154:7 attached to the Declaration of Christopher Sargent in Support of Plaintiff's Reply in Support of Motion *in Limine* No. 2, Exhibit 1.

Entrepreneur Law Group LLP

681, 689; 108 S. Ct. 1496, 1501 *citing* Advisory Committee's Notes on FED. R. EVID. 401, 28 U.S.C. App., p. 688 (emphasis added).

Any evidence suggesting an earlier dated agreement was later signed should be excluded. The unambiguous terms of an integrated contract must be construed in accordance with their plain meaning. The parol evidence rule is clear on these points. At minimum, the Court should review these questions under the applicable Rule 104 standard, hearing whatever evidence it deems necessary to decide this gating issue.

## II. ANY PROBATIVE VALUE IS FAR OUTWEIGHED BY PREJUDICE AND CONFUSION.

Federal Rule of Evidence 403 was enacted to exclude evidence that causes the confusion—and such confusion is exactly what the parol evidence Defendants are seeking to present will do.

Even if such evidence were relevant (which it is not), evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, **confusion of the issues**, **misleading the jury**, or by considerations of **undue delay**, **waste of time**, **or needless presentation of cumulative evidence**. FED. R. EVID. 403 (emphasis added); see also United States v. Burch, 490 F.2d 1300, 1303 (8th Cir. 1974) *cert. denied* (1974) 416 S 990, 40 L Ed 2d 128, 98 S. Ct. 17 (the intent of Rule 403 is to provide overriding protection that probative value of inquiry not be outweighed by danger of unfair prejudice, confusion of issues, or misleading jury).

> The case law recognizes that certain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely **wasting time**, at the other extreme. Situations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission. Sough, Relevancy Unraveled, 5 Kan. L. Rev. 1, 12–15 (1956); Trautman, Logical or Legal Relevancy—A Conflict in Theory, 5 Va. L. Rev. 385, 392 (1952); McCormick § 152, pp. 319–321.

FED. R. EVID. 403 Advisory Committee Note (emphasis added). The Advisory Committee continued, "[e]xclusion for risk of unfair prejudice, **confusion of issues, misleading the jury, or waste of time**, all find ample support in the authorities. 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis…." Id. "A court measures the probative value of evidence by its tendency to make the existence of any fact that is of consequence…probable or less probable that it would be without the evidence. The court must consider the degree to which the fact is at issue." United States v. Johnson, 820 F.2d 1065, 1069 (9th Cir. 1987) (internal citations omitted).

In this case, submission of evidence that an agreement dated August 2006 was signed in 2011 only serves to increase the length of trial, present unnecessary and duplicative evidence, and unnecessarily conflate and multiply issues considered by the jury. Having to present a case that does not have an anchor in which agreement controls is confusing and exponentially increases the time spent on these issues. For example, how shall counsel and the Court refer to the agreement dated August 30, 2006 in oral argument and instruction? Defendant will clearly (and erroneously) refer to the August Agreement as the "September Agreement" as it has in its submitted papers; Plaintiff will refer to the same agreement as the "August Agreement" in line with the date on the document. These references alone create superfluous duplication, jury confusion, undue delay, and wasted time. Constantly oscillating between the upwards of six versions, redlines, corrected versions, and drafts of the agreements prepared to come into evidence, and then having to calculate their implications would significantly burden a jury as well.

For example, which versions say what? Which versions are redlines and when were they sent? Which clauses in which versions are operative and how do they apply? All of this is confusing and are highly likely to mislead a jury to make a decision on an improper basis creating undue prejudice to Plaintiff. The

likelihood of these concerns adversely affecting the time, efficiency, and prejudice to Plaintiff at trial far outweigh the probative value of Defendants' purported evidence given Defendants' submissions thus far and the law surrounding the inadmissibility of parol evidence.

For these additional reasons, the Court should grant Plaintiff's Motion *in Limine* and exclude any purported evidence referring to an agreement dated August 2006 as a controlling agreement between the parties over an agreement dated October 2006, or to any purported backdating of an agreement to August 2006.

## CONCLUSION

The Federal Rules have in place a procedure for examining tenuous evidence to determine admissibility. The Rules also militate against increasing the issues before the jury at trial in the interest of efficiency and avoidance of confusion. The two Agreements in this case are unambiguous as to the dates as they appear and they are both integrated contracts. Mr. Wu is a sophisticated businessman whose admitted decades spent dealing with contracts precludes any argument that a 'mistake' resulted in fumbled backdating or language. All evidence related to any purported "backdating" is a confusing waste of time under Rule 403 and is irrelevant under Rule 401. For all the reasons above, this evidence should be precluded from trial, or, at minimum, the Court should exercise its power and discretion as a gatekeeper to preside over a hearing under Rule 104 to examine evidence whose admissibility is in dispute before allowing that improper evidence to prejudice and confuse a jury.

Dated: May 19, 2014                ENTREPRENEUR LAW GROUP LLP

                                   By:   /s/ Jack Russo
                                         Jack Russo
                                         Christopher Sargent

                                         Attorneys for Plaintiff
                                         RICHARD L. CHANG