Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Richard L. Chang,**<br><br>　　　　Plaintiff;<br><br>　　v.<br><br>**Biosuccess Biotech Co. Ltd., et al.**<br><br>　　　　Defendants.<br><br>**Biosuccess Biotech, Co. Ltd.,**<br><br>　　　　Counterclaimant;<br><br>　　v.<br><br>**Richard L. Chang et al.,**<br><br>　　　　Counterclaim Defendants. | Case No. 2:13-cv-01340-JAK-AN<br><br>**PLAINTIFF RICHARD L. CHANG'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* NO. 3**<br><br>Pretrial Conference Date: June 2, 2014<br><br>Trial Date: June 17, 2014<br><br>Hon. Judge John A. Kronstadt |

## INTRODUCTION

Any and all evidence offered by Defendants relating to the existence of two cases currently pending before the United States District Court for the Northern District of California, as well as any discussion of testimony or documents indicating the existence of those cases, should be excluded from the trial, as there is no reason whatsoever to bring them up, and any mention will confuse or prejudice the jury.

Biosuccess' opposition to Plaintiff's Motion *in Limine* No. 3 to preclude evidence that Chang has filed claims in pursuit of his California Labor Law rights negligently misconstrues the relief requested in Plaintiff's Motion. Motion *in Limine* No. 3 only seeks to preclude evidence of the filing or "existence" of the two cases—not of the underlying facts that give rise to the causes of action being pursued in those cases (referred to as the "California Labor Law Cases").

### I. BIOSUCCESS HAS INTENTIONALLY MISCONSTRUED THE EVIDENCE THAT CHANG SEEKS TO PRECLUDE IN MOTION IN LIMINE NO. 3.

Because Biosuccess cannot succeed on the merits in opposing Plaintiff's Motion *in Limine* No. 3, Biosuccess has purposefully overstated the breadth of the evidence which Plaintiff seeks to preclude. Plaintiff's Motion *in Limine* No. 3 simply seeks to preclude the introduction of any evidence that the California Labor Law Cases have been filed and that they exist. The Motion, on its face, does not seek to preclude any evidence of the facts of the unfair actions and behavior of Biosuccess. Nor does Plaintiff seek to preclude any evidence concerning any of the facts underlying the pleadings in the California Labor Law Cases.

The preclusion of any evidence that any other lawsuits have been filed or are being pursued between these parties is necessary to prevent Biosuccess from improperly attempting to mislead the jury in this action to believe that Plaintiff's injuries suffered at the hands of Biosuccess can be remedied elsewhere.

//

Entrepreneur Law Group LLP

## II. BIOSUCCESS' ARGUMENTS DIRECTED TO ANY RELATIONSHIP BETWEEN THE LABOR LAW CASES AND THE PRESENT ACTION ARE IRRELEVANT.

Biosuccess' attempt to avoid the limited preclusion requested in Motion *in Limine* No. 3 by arguing that the California Labor Law Cases are related to the instant action is without merit. Whether or not Plaintiff agrees that the underlying facts are related, Motion *in Limine* No. 3 **does not seek** to preclude evidence of the underlying facts, and thus, any relationship is not relevant.

Biosuccess attempts to bolster its straw man argument by maintaining that even the Plaintiff contends that the cases are related. This effort is misguided as shown by the very exhibits submitted in its Opposition to Motion *in Limine* No. 3. In the Notice of Related Case, Exhibit A to the Auyang Declaration (Dkt. 166), Plaintiff did not simply check a box in response to item (h)—"Relationship of this case to the case referenced above"—but provided the explanation, "involves some of the same parties and arises from a related underlying relationship." Again, as Plaintiff is not seeking to preclude evidence of these underlying facts, any relationship between the facts underlying the present action and the California Labor Law Cases is not relevant to the determination of potential prejudice which would arise if the jury in the present action is aware that the California Labor Law Cases have been filed.

## III. BIOSUCCESS' OFFER TO STIPULATE TO PRECLUDE EVIDENCE SHOULD BE LIMITED TO THE EVIDENCE THAT IS THE SUBJECT OF PLAINTIFF'S MOTION TO PRECLUDE.

As the only evidence that Plaintiff seeks to preclude as prejudicial is any evidence pertaining to the fact that separate lawsuits have been filed by both Richard Chang and Ben Chang to pursue each Plaintiff's California Labor Law causes of action, any stipulation as to precluded evidence should be limited to facts pertaining to the filing and existence of those cases.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion *in Limine* No. 3 should be GRANTED.

Dated: May 19, 2014

ENTREPRENEUR LAW GROUP LLP

By: /s/ Jack Russo
Jack Russo
Christopher Sargent

Attorneys for
PLAINTIFF RICHARD L. CHANG