Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Richard L. Chang**,<br><br>        Plaintiff;<br><br>    v.<br><br>**Biosuccess Biotech Co. Ltd.**, et al.,<br><br>        Defendants.<br><hr>**Biosuccess Biotech, Co. Ltd.**,<br><br>        Counterclaimant,<br><br>    v.<br><br>**Richard L. Chang**, et al.<br><br>        Counterdefendant. | **Case No. CV13-01340 JAK (ANx)**<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 5**<br><br>Judge:      Hon. John A. Kronstadt<br>Courtroom: 750<br>Date:        June 2, 2014, 3:00 P.M. |

## INTRODUCTION

The issues in dispute in this case do not involve the assignment, interest, or right of Defendant Zheng Tao Han in U.S. Patent No. 6,063,814 (the "<u>814 Patent</u>"). Therefore, evidence or reference to Han's purported status as a co-inventor of the '814 Patent has no bearing on the claims in this case, and should be excluded.

The gating issue in this case is which of two agreements that conditionally assign certain rights in the '814 Patent to Biosuccess was executed first. Defendants contend that the earlier signed, earlier dated August 2006 agreement was actually signed in 2011 and subsequently back-dated to August 2006, but such a contention does not comport with the documentary evidence, deposition testimony, or common sense. In reality, the October Agreement controls as a matter of law. Regardless of which agreement controls, the conditional assignment of certain rights in the '814 Patent, and total lack of consideration paid for it, the legitimacy of Han's right to assign interest to the '814 Patent is not relevant to the disputed issues **in this case**. Han being a named inventor on the '814 Patent has no bearing on Plaintiff's status as an owner of the Non-Provisional Applications, Plaintiff's purported assignment of interest in the Non-Provisional Applications or Biosuccess' purported ownership interest in the Non-Provisional Applications. Accordingly, this Motion should be granted.

### I. HAN'S STATUS AS A NAMED CO-INVENTOR OF THE '814 PATENT IS NOT RELEVANT TO THE ISSUES AT-HAND.

Plaintiff neither argues that Han improperly licensed the '814 Patent to Biosuccess, nor does Plaintiff claim that Han should be removed from the patent. The inclusion of evidence or reference to Han's inventorship therefore has no bearing on the *actual* claims in this case. Ownership and inventorship of a patent are fundamentally distinct issues. <u>Beech Aircraft Corp. v. Edo Corp.</u>, 990 F.2d 1237 (Fed. Cir. 1993).

Defendants should therefore be precluded from entering confusing irrelevant evidence about an individual's purported inventorship whose rights are in no way in dispute, as they presumably[1] still lie with Biosuccess.

### A. Defendants Apply An Incorrect Standard of Evidence.

Defendants incorrectly apply the standard of admissibility of evidence. See Dkt. 155-7. Rule 403 of the Federal Rules of Evidence dictates that "evidence is relevant if the fact is of consequence in determining the action." Here, Han's inventorship status is of no consequence in determining which agreement is the controlling version. And although Daubert sets a liberal standard for determining the relevancy of evidence, it still establishes that relevant evidence may only be admissible if it supports facts that would be more or less probable through inclusion of the evidence. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); see also FED. R. EVID. 401. Inclusion of evidence or reference to Han's named inventorship on the face of the '814 Patent cannot make such a fact bearing on this case more or less probable. This is an issue that is not in contention, does not affect Han's ability to testify regarding **actual,** relevant material at trial, and is therefore irrelevant.

### B. Han's Purported Inventorship Does Not Add Legitimacy to Defendants' Claims.

Further, listing a person as a co-inventor of a patent does not necessarily establish the legitimacy of such a title. The Director of the USPTO holds the ability to remove a person's name from a patent if that person was erroneously named as an inventor of the patent. 35 U.S.C. § 256. The mere fact that Han is listed as an inventor of the '814 Patent neither proves his legitimacy as an inventor nor ensures he will remain a named inventor of the '814 Patent. Defendants cannot, therefore,

---

[1] Due to Biosuccess' documented failure on several occasions to properly maintain and disclose records of patent right and assignment, Plaintiff is without knowledge of the current status of Han's assignment of the '814 Patent.

stand on inventorship to demonstrate relevance of Han's expected testimony. Further, Plaintiff's claims for relief in this case do not include a declaration that Han be removed as a named inventor of the '814 Patent, because **this is not a case of inventorship as the Court has clearly ruled**, but a case involving ownership, and Han's is not the ownership being disputed.

## II. HAN'S CREDIBILITY (OR LACK THEREOF) CAN BE ESTABLISHED WITHOUT REFERENCING HIS INVENTORSHIP STATUS.

Han's ability to demonstrate that he has personal knowledge of the facts surrounding this case does not rest on his ability to present himself as a named co-inventor of the '814 Patent. Defendants argue in their opposition to this Motion *in Limine* (Dkt. 157-7) that Han's credibility as a witness relies on demonstrating his contribution to the '814 patent, but this is not the case. The background of Han's role in and knowledge of the events leading up to this case can be established without detailing Han's involvement in the '814 Patent's development. His experiences as a scientist both abroad and in the United States, relationship with Plaintiff, involvement in constructing the agreements at hand, and status as an officer of Biosuccess are more than sufficient to demonstrate Han's intimate knowledge of the facts of the case. Defendants have even said in their own briefs on the record, and, indeed, in opposition to other Motions *in Limine,* that at the center of this case is the issue of which agreement is controlling, and **Plaintiff's** patent rights.

The gatekeeping "controlling agreement" issue stands as the preliminary consideration in this case. Zheng Tao Han is more than capable, presumably, of testifying as to his recollection of which agreements were signed, where, when, and by whom, without testimony as to his purported research and inventorship at trial or at a hearing pursuant to Federal Rule of Evidence 104. Any mention of Han's title of co-inventor would be irrelevant to the actual claims of this case as, once again, the purpose of this trial is not to determine who is a rightfully named

inventor on the '814 patent, but rather when the two agreements were signed and whether Biosuccess has breached the controlling agreement.

## CONCLUSION

For reasons of the foregoing Plaintiff's Motion *in Limine* No. 5 should be granted, and all reference, evidence, and testimony relating to Han's inventorship status or contributions to the '814 Patent and related portfolio should be excluded.

Dated:  May 19, 2014

ENTREPRENEUR LAW GROUP LLP

By: /s/ Jack Russo
Jack Russo
Christopher Sargent

Attorneys for Plaintiff
RICHARD L. CHANG