Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Plaintiff
RICHARD L. CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Richard L. Chang**, <br> Plaintiff; <br> v. <br> **Biosuccess Biotech Co. Ltd.**, <br> Defendants. <br><br> **Biosuccess Biotech, Co. Ltd.**, <br> Counterclaimant, <br> v. <br> **Richard L. Chang**, <br> Counterclaim Defendants. | **Case No. CV13-01340 JAK (ANx)** <br><br> **PLAINTIFF AND COUNTERCLAIM DEFENDANTS' REPLY RE: MOTION *IN LIMINE* NO. 7** <br><br> Pretrial Conference Date: June 2, 2014 <br><br> Trial Date: June 17, 2014 <br><br> Hon. Judge John A. Kronstadt |

# INTRODUCTION

The irrelevant and prejudicial testimony of Steven Burgess should be excluded, and Defendants' obfuscations of the point of Plaintiff's Motion cannot make it admissible. Plaintiff is seeking to exclude only the testimony of Steven Burgess, who is a computer forensics expert, about an individual email from 2011 (the "2011 Email"). Plaintiff is not seeking to exclude the 2011 Email itself. The Court must separate the two issues: the relevance of Mr. Burgess's testimony may not simply be implied by whatever relevance the 2011 Email has.

## I. MR. BURGESS'S COMPUTER FORENSICS EXPERT TESTIMONY HAS NO RELEVANCE.

There is **no showing** by Defendant that any forensic analysis of the 2011 Email is necessary at all—because it is not. The dispute over the 2011 Email is not about its existence. The dispute is about its **meaning and legal effect**—which are questions for the jury and Court to decide, and that require no computer forensics expert testimony. Plaintiff has not stated or argued that the 2011 Email was digitally faked or otherwise falsely created. If such testimony comes into evidence, Mr. Burgess can testify in rebuttal on those points, but at this time, that is not an argument Plaintiff has made.

Because there is no dispute over the forensic details of the 2011 Email, Mr. Burgess's testimony has **no probative value** and should be excluded from the trial of this matter. FED. R. EVID. Rule 401.

## II. MR. BURGESS'S TESTIMONY WOULD UNFAIRLY PREJUDICE PLAINTIFF, AND WOULD BE A WASTE OF TIME.

What Mr. Burgess's testimony does promise, however, is **unfair prejudice** to Plaintiff. It is likely that the jury would give undue weight to Defendants' contentions about the 2011 Email if it were subject to elaborate testimony from a computer forensics expert, confusing the jury about whether that one email is somehow more important or more authentic than any other email presented. Of course that email is not more important or authentic than any other email, and its

Entrepreneur Law Group LLP
www.computerlaw.com℠

weight in the jury's consideration should be based on its contents and not the drama of the testimony of an unnecessary computer forensics expert.

Because the subject on which Mr. Burgess is competent to testify—computer forensics—is not in dispute, his testimony will only serve to **confuse the issues** that actually are in dispute, as well as **waste time** during what promises to be a complex trial. Both are sufficient reasons to grant the Motion and exclude Mr. Burgess' testimony. FED. R. EVID. Rule 403.

### III.    DEFENDANTS' EVIDENCE SUPPRESSION ARGUMENT IS A RED HERRING.

Defendant improperly characterizes Plaintiff's Motion as an attempt to suppress evidence. It is not. If granted, the Motion would exclude Mr. Burgess's irrelevant and prejudicial expert testimony. It would not exclude the 2011 Email itself. To imply otherwise is a red herring, and the Court should not be confused by it.

### CONCLUSION

For these reasons, the Court should grant Plaintiff's Motion *in Limine* No. 7, and exclude all testimony by Steven Burgess or about his work as having no probative value and irrelevant under Rule 401, and as unfairly prejudicial and a waste of time under Rule 403 of the Federal Rules of Evidence.

Dated: May 19, 2014					ENTREPRENEUR LAW GROUP LLP

							By: /s/ Jack Russo
							       Jack Russo

							Attorneys for Plaintiff
							RICHARD L. CHANG