Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for
RICH PHARMACEUTICALS, INC.,
IMAGIC, LLC, RICHARD L. CHANG
HOLDINGS, LLC, and BEN CHANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Biosuccess Biotech, Co. Ltd.**, <br><br> Plaintiff; <br><br> v. <br><br> **Rich Pharmaceuticals, Inc.,** a Nevada Corporation formerly known as Nepia, Inc., **Imagic, LLC**, a California LLC, **Richard L. Chang Holdings, LLC**, a New Jersey LLC, **Ben Chang**, an individual**, and Does 1** through **10**, inclusive, <br><br> Counterdefendants. | **Case No. 2:13-cv-01340 JAK (ANx)** <br><br> **COUNTERDEFENDANTS RICH PHARMACEUTICALS INC.'S, IMAGIC LLC'S, RICHARD L. CHANG HOLDINGS LLC'S, AND BEN CHANG'S MOTION TO DISMISS BIOSUCCESS' COMPLAINT FROM CONSOLIDATED CASE NO. 2:13-CV-00310 JAK UNDER RULE 12(B)(6); OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT UNDER RULE 56** <br><br> Date: September 8, 2014 <br> Time: 8:30 a.m. <br> Courtroom: 750 – 7th Floor <br> Before: The Hon. John A. Kronstadt |

Entrepreneur Law Group LLP

# TABLE OF CONTENTS

Table of Contents ........................................................................................... i

Table of Authorities ...................................................................................... ii

Notice of Motion and Motion to Dismiss ..................................................... 1

Introduction .................................................................................................... 1

Legal Standard ............................................................................................... 2

Argument ........................................................................................................ 4

I.    Biosuccess's Allegations of Patent Infringement Are Conclusory and
No Facts Supporting Infringement Were or Can Be Alleged. ....................... 4

    A.    Substantively, Biosuccess' Claims Are All Barred Because It Is
Clear That The Patent Act Contans an Explicit Exemption For
Experimental Compounds Prepared for Submission to the FDA ........ 4

    B.    Procedurally, Biosuccess' Patent
Claims Are Barred For at Least Three Reasons ................................... 7

        1.    Without Direct Infringement,
There Can Be No Inducement by Any Counterdefenant ................... 7

        2.    Without Inducement, There Are
No Other Bases Against Any CounterDefendant ................................ 7

        3.    Regardless, Biosuccess' Infringement Claims are Indequate .............. 8

II.    Biosuccess's Common Law Claims
Based on Misappropriation are All Preempted ............................................. 9

    A.    The Same Dismissed Claims Now Re-Worded As Based On
"Confidential and Proprietary Information" Remain Preempted ........ 9

    B.    Regardless of Biosuccess' Clear and Repeated Re-Wording
Malfeasance, the CUTSA Legal Preemption Still Extends
To "Confidential Information" And Therefore Still Applies ............. 13

    C.    This Court Should Not Allow Bad Faith Pleadings .......................... 15

Entrepreneur Law Group LLP

III.     In The Alternative, This Court Should Grant Counterdefendants'
         Request for Summary Judgment and/or Partial Summary Judgment ..........15

Conclusion   ........................................................................................................18

Entrepreneur Law Group LLP

## TABLE OF AUTHORITIES

**CASES**

AccuImage Diagnostics Corp. v. TeraRecon, Inc.,
    260 F. Supp. 2d 941 (N.D. Cal. 2003) ............................................................13

Advanced Cardiovascular Sys. v. Medtronic Vascular, Inc.,
    579 F. Supp. 2d 554, 560 (D. Del. 2008) ........................................................16

Anderson v. Liberty Lobby, Inc.
    447 U.S. 242, 106 S. Ct. 2505 (1986) ...........................................................16

Amgen, Inc. v. Hoechst Marion Roussel, Inc.,
    3 F. Supp 2d 104 (D. Mass. 1998) ...................................................................5

Aro Mfg. Co. v. Convertible Top Replacement Co.,
    365 U.S. 341, 81 S. Ct. 599 (7) .......................................................................7

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ....................................................3, 3, 7

Balistreri v. Pacifica Police Dep't,
    901 F.2d 696 (9th Cir. 1990) ...........................................................................2

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 127 S. Ct. 1955 (2007) .............................................................3

Consolidated Data Terminals v. Applied Digital Data Sys.,
    708 F.2d 385 (9th Cir. 1983) ...........................................................................6

Convolve, Inc. v. Compaq Comp. Corp.,
    2006 U.S. Dist. LEXIS 13848 (S.D.N.Y. Mar. 31, 2006) .............................13

Diamond Power Int'l v. Davidson,
    540 F. Supp. 2d 1322 (N.D. Cal. 2007) ...................................................12, 13

Digital Envoy, Inc. v. Google, Inc.,
    370 F. Supp. 2d 1025 (N.D. Cal. 2005) .........................................................13

Dowell v. Biosense Webster, Inc.,
    179 Cal.App.4th 564 (2009) ...........................................................................7

Entrepreneur Law Group LLP

Entrepreneur Law Group LLP

eBay Inc. v. MercExchange, L.L.C.,
  547 U.S. 388 (2006)...................................................................16

Elan Transdermal, Ltd. v. Cygnus Therapeutic Sys.,
  992 U.S. Dist. LEXIS 20004 (U.S. June 23, 1992).........................6

Erie R.R. Co. v. Tompkins,
  304 U.S. 64, S. Ct. 817 (1938) .....................................................3

Foman v. Davis,
  371 U.S. 178, 83 S. Ct. 227 (1962) ......................................4, 6, 15

Gauvin v. Trombatore,
  682 F. Supp. 1067, 1071 (N.D. Cal. 1988)....................................8

Hirel Connectors, Inc. v. United States,
  2004 U.S. Dist. LEXIS 31036 (C.D. Cal. Jan 23, 2004).............14

K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.,
  171 Cal. App. 4th 939 (2009) ..............................................12, 13

King v. Order of United Commercial Travelers,
  333 U.S. 153, 68 S. Ct. 488 (1948) ...............................................3

Lawrence v. Bank of Am.,
  163 Cal. App. 3d 431 (1985) .........................................................6

Limelight Networks, Inc. v. Akamai Techs, Inc.,
  2014 U.S. LEXIS 3817 (U.S. June 2, 2014) ...............................7, 8

Mendocino v. Centinela Hosp. Med. Ctr.,
  521 F. 3d 1097 (9th Cir. 2008)....................................................17

Merck KGaA v. Integra Lifesciences I, Ltd.,
  545 U.S. 193, 125 S. Ct. 2372 (2005) ...........................................5

Muniauction v. Thompson,
  532 F. 3d 1318 (2008)...................................................................7

N. Star Int'l v. Ariz. Corp. Comm'n,
  720 F.2d 578 (9th Cir. 1983).........................................................2

Entrepreneur Law Group LLP

Paice LLC v. Toyota Motor Corp.,

    504 F.3d 1293, (Fed. Cir. 2007)....................................................................16

RSPE Audio Solutions, Inc. v. Vintage King Solutions, Inc.,

    2013 U.S. Dist. LEXIS 2909 (C.D. Cal. Jan. 7, 2013)....................................9

Schonfeldt v. Cal.,

    61 Cal. App. 4th 1462 (1998) ........................................................................6

Schreiber Distrib. Co. v. Serv-Well Furniture Co.,

    806 F.2d 1393 (9th Cir. 1986)........................................................................4

Silvaco Data Systems v. Intel Corp.,

    184 Cal. App. 4th 210 (2010) ........................................................11, 12, 14

SunPower v. SolarCity Corp.,

    2012 U.S. Dist. LEXIS 176284 (N.D. Cal. Dec. 11, 2012).........................14

Telcordia Techs., Inc. v. Cisco Sys.,

    592 F. Supp. 2d 727 (D. Del. 2009) .............................................................16

Van Dyke Ford, Inc. v. Ford Motor Co.,

    399 F. Supp. 277 (E.D. Wis. 1975) ...............................................................8


**STATUTES**

35 U.S.C. § 271(b) .............................................................................................8

35 U.S.C. § 271(e) ..........................................................................................4, 5

35 U.S.C. § 271 (e)(3) ........................................................................................4

Cal. Civ. Code § 3426 ......................................................................................10

Cal. Civ. Code § 3426(d)(1)

Cal. Civ. Code § 3426.3 ...................................................................................13

FED. R. CIV. P., RULE 12 ADV. COMMITTEE NOTES (1946)......................................16

FED. R. CIV. P. 56(a)..........................................................................................16

FED. R. CIV. P. 56(e)(3).......................................................................................15

Federal Rule of Civil Procedure 8(a)................................................................16

Federal Rule of Civil Procedure 8(a)(2) ...............................................................2, 8

Federal Rule of Civil Procedure Rule 15 ...................................................................3

Entrepreneur Law Group LLP

Entrepreneur Law Group LLP

## Notice of Motion and Motion to Dismiss

To Biosuccess Biotech Co. Ltd. and its Counsel of Record:

Please take notice that Counterdefendants Rich Pharmaceuticals, Inc., Imagic, LLC, Richard L. Chang Holdings, LLC, and Ben Chang (collectively the "Counterdefendants") will and do move to dismiss Biosuccess's Complaint on the above-referenced date and time, in the above-referenced Court, or, in the alternative, Counterdefendants move for summary judgment. This Motion is based on Rules 12(b)(6) and 56[1] of the Federal Rules of Civil Procedure; this Notice and Memorandum; the Court's previous ruling on Counterdefendants' Motion to Dismiss (Dkt. 38 is now-consolidated Case No. 2:14-cv-00310 JAK (the "Consolidated Case")) and such other matters on file in the Consolidated Case or submitted in reply or at oral argument.[2]

## Introduction

When a Plaintiff knows that there has been no FDA approval, there is no product on the market, and none in existence that can possibly be infringing (and that the precise same fact drove this same plaintiff to withdraw its then pending preliminary injunction motion[3]), can there possibly be any question that this suit is, at best, premature and, at worst, filed in bad faith and therefore justifies dismissal? Can a Plaintiff bring a claim for patent infringement when the Patent Act itself and

---

[1] All references to "Rules" or "Federal Rules" are to the Federal Rules of Civil Procedure.

[2] In violation of the Court's May 21, 2014 Order consolidating cases 2:14-cv-00310 and 2:13-cv-03140, Biosuccess filed its First Amended Complaint in the Consolidated Case on May 30, 2014 which has triggered deadlines for Consolidated Case Defendants Rich Pharmaceuticals, Inc., Imagic LLC, Richard L. Chang Holdings LLC, and Ben Chang (collectively for purposes of this Motion, "Defendants") to file a response. Defendants file this Motion to Dismiss to preserve their rights pending the Court's decision on the question of consolidated pleadings and consolidation of further cases between the parties, issues on which the parties have met and conferred at length and regarding which they filed a joint report on June 12, 2014.

[3] See Dkt. 70, 105, and 106.

1  Plaintiff's own allegations themselves bar such a claim? Can all the other claims

2  based on non-existent "information and belief" allegations, lacking any evidence,

3  possibly support the continuation of these claims? Of course not, but it is now

4  abundantly clear that this "strike suit"—brought in response to Professor Chang's

5  declaratory relief action regarding his ownership of the '814 Patent—in being

6  continued with a First Amended Complaint following a Court Order instructing

7  Plaintiff to correct the critical flaws in its pleading.

8       Once again, the conclusory, impossibly vague, and unsupportable allegations

9  made on "information and belief" in the amended pleadings do not meet applicable

10  federal pleading standards required by this Court in its May 16, 2014 Order. Not

11  only are Biosuccess Biotech Co. Ltd.'s ("Biosuccess") claims still factually barren,

12  but they make multiple incorrect "assumptions" and are based on multiple factually

13  incorrect premises—all designed to keep litigation going, with no real notice as

14  required by Federal Rule of Civil Procedure Rule 8 and no real substance as

15  required by Rules 11, 12(b), and 56.

16       Further, regardless of Biosuccess' transparent attempt to refashion its trade

17  secret allegations as concerning "confidential information," virtually all of the tort

18  claims alleged are still derivative of the trade secret claim, and therefore preempted

19  under applicable California law—and all such claims should be dismissed (this

20  time without leave to amend).

21                    **L**EGAL **S**TANDARD

22  **Rule 12(b)(6) Motions to Dismiss and the Twombly/Iqbal Pleading Standard**

23       The purpose of a motion to dismiss pursuant to Federal Rule of Civil

24  Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v.

25  Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based

26  on the lack of a cognizable legal theory or the absence of sufficient facts alleged

27  under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

28

*Entrepreneur Law Group LLP*

699 (9th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief"; however, a Plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 674, 129 S. Ct. 1937, 1949 (2009) (*quoting* Twombly, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are [also] not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

Additionally, Federal Courts adhere to state court decisions on substantive law when deciding state claims. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, S. Ct. 817, 822 (1938); King v. Order of United Commercial Travelers, 333 U.S. 153, 157–58, 68 S. Ct. 488, 491 (1948). Where a Defendant challenges a Plaintiff's complaint as failing to articulate a state law cause of action, a federal court looks to the substantive law of the state for the required elements, but applies federal procedural law on the question of the sufficiency of the allegations in the pleading in supplying the necessary elements.  In other words, the Court must apply post-Twombly/Iqbal pleading standards of Rule 8 to the element-by-element requirements of substantive California law.

On issues claiming Federal subject matter jurisdiction, however, such as Patent Infringement claims, the Court clearly must apply federal law and dismiss a claim when a statute plainly removes any remedy or basis for bringing a claim.

## Standard for Dismissal Without Leave to Amend

Rule 15(a) states that leave to amend a complaint "shall be freely given when justice so requires."  However, our Supreme Court has identified four (4) factors relevant to whether a motion for leave to amend should be denied: undue

Entrepreneur Law Group LLP

delay, bad faith or dilatory motive, futility of amendment and prejudice to the opposing party. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); <u>see also</u> <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986) (ruling that "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

## ARGUMENT

### I. BIOSUCCESS'S ALLEGATIONS OF PATENT INFRINGEMENT ARE CONCLUSORY AND NO FACTS SUPPORTING INFRINGEMENT WERE OR CAN BE ALLEGED.

#### A. Substantively, Biosuccess' Claims Are All Barred Because The Patent Act Contains an Explicit Exemption For Experimental Compounds Prepared for Submission to the FDA.

Biosuccess's allegation that, under 35 U.S.C. § 271, the Counterdefendants infringed and continue to infringe the methods claimed by U.S. Patent No. 6,063,814, by making, using, selling, offering to sell, or importing in the United States, without the authority of Biosuccess, is baseless and fails according to that very same statute as well as Biosuccess' own amended pleadings. Biosuccess's claim of patent infringement is frivolous given the express exemptive provisions of the Patent Act and related case law; there is simply no support for a non-frivolous or even colorable argument for extending, modifying, or reversing existing law or for establishing new law in this area. Rule 11(b)(2); Rule 12(b)(6); and Rule 56.

The Patent Act, codified at 35 U.S.C. 101 *et seq.,* specifically permits the use of patented inventions in the course of developing information to submit to federal agencies regulating the manufacture, use, or sale of drugs. 35 U.S.C. § 271(e). This application of Section 271(e) is further supported in case law:

> It is apparent from the statutory text that § 271(e)(1)'s exemption from infringement extends to all uses of patented inventions that are reasonably related to the development and submission of *any* information under the [Federal Food, Drug, and Cosmetic Act]…This necessarily includes

Entrepreneur Law Group LLP

preclinical studies of patented compounds that are appropriate for submission to the FDA in the regulatory process.

Merck KGaA v. Integra Lifesciences I, Ltd., 545 U.S. 193, 202, 125 S. Ct. 2372, 2381 (2005) (holding that the use of patented drugs during preclinical studies were within Food and Drug Administration ("FDA") exemption and did not constitute infringement under 35 USC § 271). See also Amgen, Inc. v. Hoechst Marion Roussel, Inc., 3 F. Supp. 2d 104, 107 (D. Mass. 1998) (holding that "Section 271(e) permits research and development activities that would otherwise constitute patent infringement if they are conducted solely for uses reasonably related to the development and submission of information to the FDA.")

The exemption statute denies all (and each) of the remedies Biosuccess seeks in its infringement and related claims: "In any action for patent infringement brought under this section, no injunctive or other relief may be granted which would prohibit the making, using, offering to sell, or selling within the United States or importing into the United States of a patented invention under paragraph (1)." 35 U.S.C. 271(e)(3).

Biosuccess admits in its First Amended Complaint that Counterdefendants' use, if any, of TPA and/or PD-616 is precisely the type of use protected by Section 271(e). For instance, Biosuccess alleges that Counterdefendants engaged with a contract research organization Therinova to "provide 'regulatory support to include the development of the US FDA IND Submission Package for [counterdefendant] Rich Pharmaceuticals's product PD-616'" (Dkt. 43 ¶38) and that Therinova's scope of work was based upon "all Data pertaining to the pre-clinical and clinical development of PD-616…[and] all additional information needed directly for the US FDA IND Submission" (Dkt. 43 ¶ 40). There can be no doubt that Biosuccess was on notice that Counterdefendants' use of any product, method, or formulation relating to the '814 Patent was developed for the specific goal of FDA submission.

As Biosuccess was on notice that any potential use Defendant's use of TPA/PD-616 was for the purpose of FDA submission, makes no allegation of fact to the contrary, and given that there is no controversy over the fact that TPA/PD-616 or derivative products would be used to pursue FDA approvals, Biosuccess's claim of Patent infringement must fail as a matter of law. There is clear case law supporting the dismissal of such claims without leave to amend:

> Because the Sachs study was clearly … reasonably related to obtaining FDA approval…the exemption provided in **§ 271(e)(1)** applies. Because the facts are beyond dispute … and the question is solely one of law, summary judgment is appropriate here…[and] Count II of Elan's complaint is dismissed **with prejudice**."

<u>Elan Transdermal, Ltd. v. Cygnus Therapeutic Sys.</u>, 1992 U.S. Dist. LEXIS 20004 at *23–25 (June 23, 1992) (emphasis added); <u>see also</u> <u>Lawrence v. Bank of Am.</u>, 163 Cal. App. 3d 431, 436 (1985) (finding "[l]eave to amend *should be denied* where the facts are not in dispute and the nature of the claim is clear, but no liability exists under substantive law") (emphasis added); <u>Schonfeldt v. Cal.</u>, 61 Cal. App. 4th 1462, 1465 (1998) (holding that if there is no liability as a matter of law, leave to amend should not be granted). This failure as a matter of law must meet the <u>Foman</u> "futility of amendment" element. <u>See</u> <u>Foman</u>, 371 U.S. at 182. A reasonable inquiry into the Patent Act—or the very statute Biosuccess cites in its Amended Complaint—would have alerted Biosuccess and its counsel that such use is protected. Biosuccess has brought claims for patent infringement in bad faith for the singular, improper, and retaliatory purpose to harass, and needlessly delay and increase the cost of litigation with no hope of recovering under that claim. For these additional reasons, Biosuccess' claim for patent infringement must be dismissed with prejudice and without leave to amend, or in the alternative, summary judgment should be granted based on the allegations in the First Amended Complaint.

Entrepreneur Law Group LLP

**B.     Procedurally, All of Biosuccess' Patent
         Claims Are Barred For at Least Three Reasons.**

    **1.     Without Direct Infringement,
         There Can Be No Inducement By Counterdefendants.**

In a ruling just this month, the United States Supreme Court ruled that "liability for inducement **must be predicated on direct infringement**. This is for good reason, as our case law leaves no doubt that inducement liability may arise 'if, but only if, [there is] … direct infringement.'" <u>Limelight Networks, Inc. v. Akamai Techs, Inc.</u>, 2014 U.S. LEXIS 3817 at *9 (U.S. June 2, 2014) *citing* <u>Aro Mfg. Co. v. Convertible Top Replacement Co.</u>, 365 U.S. 341, 81 S. Ct. 599 (1961) (emphasis added).

    The <u>Limelight</u> Court's reasoning is binding here. Biosuccess' first claim for inducing patent infringement is against all Counterdefendants, alleging, in relevant part, that "[u]pon information and belief, Defendants Rich Pharmaceuticals and Ben Chang have committed and continue to commit acts of contributory  infringement of at least claim 1…of the '814 Patent…by selling, offering to sell, and/or importing materials for use". Dkt. 43 ¶63.  The <u>Limelight</u> Court continued that "a method's steps have not all been performed unless attributable to **the same defendant**, either because the defendant actually performed those steps or because he directed or controlled others who performed them. <u>Limelight</u>, 2014 U.S. LEXIS 3817 at *11 *referencing* <u>Muniauction v. Thompson</u>, 532 F.3d 1318, 1329–30 (2008) (emphasis added).

    **2.     Without Inducement, There Are
         No Other Bases Against Any CounterDefendant.**

The Supreme Court has rejected the notion that conduct which would be infringing in altered circumstances can form the bases for contributory infringement, and "we see no reason to apply a different rule to inducement." <u>Limelight</u>, 2014 U.S. LEXIS 3817 at *13. "The nature of the rights created by the

Entrepreneur Law Group LLP

1   Patent Act defeats the notion that Congress could have intended to permit

2   inducement liability where this is no underlying direct infringement." Id. at *17.

3        Yet another reason Biosuccess' patent infringement claim must be dismissed

4   with prejudice is that there is simply no product for anyone to directly infringe or

5   for any Defendant to induce anyone to infringe; there are no facts stated or

6   provable to the contrary. Rule 12(b)(6); Rule 56; Declaration of Ben Chang ¶3.

### 3.   Regardless, Each of Biosuccess' Infringement Claims Fail As a Matter of Law.

9        Biosuccess's basic allegations, against all the Defendants as a singular

10  group, do not meet the pleading standards of the Federal Courts and should be

11  dismissed under Rule 12(b)(6). Under Twombly/Iqbal, unsupported, conclusory

12  statements meant to satisfy the elements of a patent infringement claim for relief

13  are not entitled to the assumption of truth. Iqbal, 129 S. Ct. at 1949.

14       Federal District Courts have held multiple times that claims for relief do not

15  meet the pleading requirements of Federal Rule of Civil Procedure Rule 8 when

16  allegations against defendants are "lumped together in a single, broad allegation."

17  Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).  Such lump-sum

18  claims do not "satisfy Federal Rule of Civil Procedure Rule 8(a)(2), which requires

19  a short and plain statement of the claim to put defendants on sufficient notice of the

20  allegations against them." Id.; accord Van Dyke Ford, Inc. v. Ford Motor Co., 399

21  F. Supp. 277, 284 (E.D. Wis. 1975) (finding that "specific identification of the

22  parties to the activities alleged by the plaintiffs is required in this action to enable

23  the defendant to plead intelligently.").

24       Here, Biosuccess merely alleges "upon information and belief" that

25  "Defendants Rich Pharmaceuticals and Ben Chang have committed and continue

26  to commit acts of contributory infringement" (Amended Complaint ¶64) and "upon

27  information and belief, Defendants Rich Pharmaceuticals and Ben Chang have

28  induced and continue to induce others to infringe the '814 Patent under 35 U.S.C. §

Entrepreneur Law Group LLP

271(b) by, among other things, and with specific intent, actively and knowingly aiding and abetting **others** to infringe, including, but not limited to, those who use products or perform the methods claimed in the '814 Patent that constitutes direct infringement…". Amended Complaint, ¶65. Who are the "others"? How do they directly infringe? Is the infringement literal or by equivalents? As to what products? And how can that be when Biosuccess knows there are no products on the market because there are no FDA approvals? Biosuccess does not even attempt to answer these questions, even after this Courts granted of Counterdefendants' first Motion to Dismiss.

Put simply, the barest of allegations, which Biosuccess will not even allege fully (except "on information and belief" which cannot suffice here given the volume of litigation that has already occurred and the evidence before this Court) simply do not and cannot meet the pleading standards required by the post-Twombly/Iqbal regime in Federal Courts. Accordingly, Biosuccess's first "cause of action" for patent infringement should be dismissed for failure to state a claim upon which relief can be granted.

## II. BIOSUCCESS'S COMMON LAW CLAIMS BASED ON MISAPPROPRIATION ARE ALL PREEMPTED.

### A. The Same Dismissed Claims Now Re-Worded As Based on "Confidential and Proprietary Information" Remain Preempted.

Biosuccess' gamesmanship is obvious; it has simply substituted the phrase "confidential and proprietary information" for the words "trade secret" rather than comply in good faith with the Court's Order and removing the claims preempted by California trade secret law under clear precedent. This failure to comply with the Court's Order and Biosuccess' obvious misconduct proves that these torts are preempted and should be dismissed with prejudice in their entirety.

In Biosuccess's original Complaint, each common law tort claims was based on the same set of operative facts as the claim based on the California Uniform

Entrepreneur Law Group LLP

Trade Secrets Act ("CUTSA")—namely, the conclusory, purported use of undefined trade secrets. In its May 16, 2014 Order, this Court held that "[t]o the extent [Biosuccess's 4th–6th, and 9th–13th] claims are based on specific allegations of trade secret misappropriation as detailed above, they are preempted by the CUTSA…these claims need to be re-pleaded to the extent that Plaintiff can in good faith allege that the claimed wrongful conduct was significant and independent of the alleged misappropriation of trade secrets." Dkt. 38 at p. 8.

Biosuccess has failed to make any of the required amendments outside of attempting to "recast" and really "rehash" their so-called "trade secrets" now as "confidential and proprietary information" and illogically treat them as somehow beyond dismissal. See Dkt 43 (Amended Complaint) ¶¶22, 47, 94, 95, 98, 120, 122, 127, 129, 134–137, 140, 142, and 146–148. But word games do not suffice under the applicable pleading standards set forth by applicable law; substance is required but there is none to be found. See Chang Decl. ¶¶3–10.

In one particularly brazen instance, Biosuccess simply replaces "trade secrets" with "non-trade-secret confidential and proprietary information" **in an otherwise unchanged paragraph in the Amended Complaint**. Compare Dkt. 3 (Complaint) ¶86 with Dkt. 43 (Amended Complaint) ¶101.

Biosuccess alleges no wrongdoing independent of the alleged misappropriation of said "confidential and proprietary information," as this Court required in its Order granting dismissal. Biosuccess does not identify what "non-trade secret" confidential information is or any reason they hold property rights to this information other than the fact that is confidential. By brazenly simply removing and replacing the term "trade secret," Biosuccess makes a transparent end-around attempt to evade preemption by the CUTSA without including any new substantive allegation. The Court cannot allow this because it turns applicable

Entrepreneur Law Group LLP

preemption law on its head and makes a mockery of this Court's Order. Dkt. 38 in Case No. 2:14-cv-00310-JAK-AN.

In Silvaco Data Systems v. Intel Corp., 184 Cal. App. 4th 210 (2010), Plaintiff software company Silvaco Data Systems, Inc. sued Intel Corp. for trade secret misappropriation under the CUTSA, *Cal. Civ. Code* § 3426 *et seq*., and alleged several non-CUTSA causes of action including conversion, conspiracy, and violations of the unfair competition law (Bus. & Prof. Code § 17200). Compare with Dkt. 43 (Amended Complaint) claims 3, 5, 11, and 12. The Superior Court disposed of the non-CUTSA causes of action on general demurrer, finding that all of the dependent causes of action were superseded by the CUTSA claim, which was then affirmed on appeal. In its decision, the Silvaco Court opined that:

> Intel's main argument on demurrer is simply stated: (1) CUTSA, by its terms, preempts any other statutory or common law claim predicated on the theft of a trade secret, (2) each of Silvaco's non-CUTSA claims is predicated on the theft of a trade secret, (3) therefore none of the non-CUTSA counts states a separable cause of action…this argument is sound.

Silvaco, 184 Cal. App. 4th at 232. The Court goes on to state that "a legislative intent to supersede other grounds of civil liability does flow from statutory implication, context, legislative history, and general principles of statutory supersession." Id.

In its counterargument, Silvaco argued precisely what Biosuccess does here, that somehow legal preemption violates its right to plead alternative legal theories in separate counts. The California Court disagreed, firmly holding instead that "the right to plead *inconsistent* theories is not a right to plead facially *deficient* theories. A plaintiff cannot avoid dismissal of one deficient claim by wedding it to another deficient claim—or for that matter, to a sufficient claim." Silvaco, 184 Cal. App. 4th at 238 (emphasis in original).

The Silvaco Court continued:

Entrepreneur Law Group LLP

Entrepreneur Law Group LLP

In a typical circumlocution, counsel writes that Silvaco's [tort claims] 'were neither predicated nor dependent upon a finding that *the Silvaco property acquired and used by Intel* constituted trade secrets or that their acquisition and use constituted a 'misappropriation' under the [C]UTSA.' But no attempt is made to identify any 'Silvaco Property" other than the trade secrets supposedly used to create [the competing product]. **The non-CUTSA claims therefore do not genuinely allege 'alternative legal theories' but are a transparent attempt to evade the strictures of CUTSA by restating a trade secrets claim as something else**.

Silvaco, 184 Cal. App. at 240 (italics in original). This is exactly the case here.

Similarly, in Diamond Power Int'l v. Davidson, 540 F. Supp. 2d 1322, 1345 (N.D. Cal. 2007) the Federal District Court for the Northern District of California found that allowing civil plaintiffs to proceed with such claims on the basis of the theft of even confidential information that doesn't meet the statutory definition of a trade secret undermines the California Court of Appeal by "alternatively plead[ing] claims with less burdensome requirements of proof".

This Court should not tolerate these "word games": It is clear that Biosuccess' copy-and-paste replacements in the non-CUTSA claims mirror Silvaco's attempt to plead alternative legal theories in a conscious and transparent attempt to try to circumvent California trade secret law, attempt to deceive this Court, and clearly disobey this Court's Order, and it must not be allowed. All of Biosuccess' claims 4–5, and 9–12 contain the replaced "confidential and proprietary" language, and claim 6 for unfair competition states simply that "[t]he above-described conduct of the Defendants constitutes unfair competition under the common law of the state of California," explicitly tying it to the other superseded tort claims.

Because California statutory preemption law is well-settled and the BioSuccess claims in this case are on all fours with if not identical to those within the express holdings of Silvaco, and the law should be applied the same way,

1  namely that Biosuccess' non-CUTSA claims must be dismissed with prejudice

2  because they are all preempted by CUTSA.

3  **B. Regardless of Biosuccess' Clear and Repeated Re-Wording**
   **Malfeasance, the CUTSA Legal Preemption Extends**

4  **To "Confidential Information," And Therefore Still Applies.**

5  Biosuccess' Fourth, (breach of fiduciary duty), Fifth (unfair competition

6  under section 17200), Sixth (common law unfair competition), Ninth (inducing

7  breach of contract), Tenth (inducing breach of fiduciary duty), Eleventh

8  (conversion), Twelfth (conspiracy), and Thirteenth (aiding and abetting) Causes of

9  Action are preempted by the California Uniform Trade Secrets Act ("CUTSA")

10  and fail as a matter of law.

11  The CUTSA provides for the civil recovery of actual loss or other injury

12  caused by the misappropriation of trade secrets. CAL. CIV. CODE § 3426.3.

13  California state and federal courts agree that "common law remedies based on

14  misappropriation of trade secrets are superseded" by the CUTSA because the

15  CUTSA "occupies the field in California." AccuImage Diagnostics Corp. v.

16  Terarecon, Inc., 260 F. Supp. 2d 941, 953–54 (N.D. Cal. 2003); see also K.C.

17  Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc., 171 Cal. App. 4th 939,

18  954 (2009) (finding that the CUTSA "preempts alternative civil remedies based on

19  trade secret misappropriation"); Digital Envoy, Inc. v. Google, Inc., 370 F. Supp.

20  2d 1025, 1035 (N.D. Cal. 2005) (holding that the CUTSA preempts common law

21  claims that are "based on the same nucleus of facts as the misappropriation of trade

22  secrets").

23  The relevant preemption inquiry "focuses on whether 'other claims are not

24  more than a restatement of the same operative facts' supporting trade secret

25  misappropriation." Convolve, Inc. v. Compaq Comp. Corp., 2006 U.S. Dist.

26  LEXIS 13848, *23–24 (S.D.N.Y. Mar. 31, 2006) (applying California law). "If

27  there is no 'material distinction' between the wrongdoing alleged in a [C]UTSA

28

Entrepreneur Law Group LLP

1  claim and that alleged in a different claim, the [C]UTSA claim preempts the other

2  claim." Id. The weight of authority finds CUTSA preemption where the

3  "gravamen" of the wrongful conduct alleged in the common law claim is the same

4  as the conduct alleged regarding the CUTSA claim. K.C. Multimedia, 171 Cal.

5  App. 4th at 958–61.

6      California Courts all agree that the CUTSA preemption extends to

7  confidential information that does not strictly meet the definition of trade secret.

8  "**If the basis of the alleged property right is in essence that the information is**

9  **that it is 'not … generally known to the public,' (Cal. Civ. Code § 3426.1(d)**

10 **(1)) then the claim is sufficiently close to a trade secret claim that it should be**

11 **superseded notwithstanding the fact that the information fails to meet the**

12 **definition a trade secret.**" SunPower v. SolarCity Corp., 2012 U.S. Dist. LEXIS

13 176284, at *40 (N.D. Cal. Dec. 11, 2012) (emphasis added). See also Silvaco Data

14 Systems v. Intel Corp., 184 Cal. App. 4th at 239 (2010) ("If the plaintiff identifies

15 no property right outside of trade secrets law, then he has no remedy outside that

16 law, and there is nothing unsound or unjust about holding other theories

17 superseded."); Diamond, 540 F. Supp. 2d at 1345.

18     This Court has previously held that preemption by the CUTSA is sufficient

19 for dismissal of claim with prejudice and without leave to amend. See Hirel

20 Connectors, Inc. v. United States, 2004 U.S. Dist. LEXIS 31036, at *80 (C.D. Cal.

21 Jan. 23, 2004) (holding that "[i]n accord with the purpose of the [C]UTSA...that a

22 common law claim of misappropriation is preempted by the [C]UTSA, this Court

23 now finds that Plaintiff's claim for conversion is preempted by the [C]UTSA.

24 Accordingly, this Court **grants** all Moving Defendants' Motions to Dismiss the

25 Third Cause of Action **with prejudice and without leave to amend**") (emphasis

26 added). This Court's ruling in Hirel Connectors provides guiding precedent to

27

28

Entrepreneur Law Group LLP

1  dismiss Biosuccess's claims 4–6, and 9–13 with prejudice and without leave to

2  amend.

3         **C.**    **This Court Should Not Allow Bad Faith Pleadings.**

4  The claims in Biosuccess's Amended Complaint should also be dismissed without

5  leave to amend because its amendments were very clearly made in bad faith and

6  without regard to facts as required by this Court's Order on May 22. As stated

7  above, while leave to amend is generally freely given, any bad faith or dilatory

8  motive is grounds for dismissal with prejudice. See <u>Foman</u>, 371 U.S. at 182.

9         Biosuccess received clear instructions from this Court on the need to state

10  facts (not more conclusions) to amend their claims to attempt to avoid CUTSA

11  preemption, and Biosuccess has ignored that direction and made no attempt at any

12  additional substantive factual allegations. Instead, Biosuccess attempted to subvert

13  the CUTSA by claiming misappropriation of unspecified "non-trade secret"

14  "confidential and proprietary information."

15         It is clear from these changes that Biosuccess does not wish to allege any

16  wrongdoing that is either materially different or independent from their CUTSA

17  claim, and are using the guise of "non-trade secret confidential information" as a

18  way to plead the same trade secret claims under a less burdensome standard of

19  proof. Biosuccess's actions are clear evidence of bad faith and its tort claims in the

20  First Amended Complaint should be dismissed with prejudice.

21  **III.**   **IN THE ALTERNATIVE, THIS COURT**
      **SHOULD ORDER DISMISSAL BY GRANTING**

22        **COUNTERDEFENDANTS' REQUEST FOR SUMMARY JUDGMENT.**

23         In the alternative, Defendant incorporates all the foregoing into this motion

24  under Rule 56 for summary judgment and/or partial summary judgment;[4]

25  —————————————

26  [4] At minimum, this Court should grant partial summary judgment given the facts
presented that there is no competing product or any product at all on the market

27  from Counterdefendants or even from Biosuccess, and that there simply cannot be

28  any form of injunctive relief as a matter of law as Biosuccess is simply a "patent

Entrepreneur Law Group LLP

Counterdefendants seek summary judgment on all of the Biosuccess causes of action because they can be neither legally (see pp.3–14, *supra*) nor factually supported. See generally Request for Judicial Notice and declarations submitted herewith. The Amended Complaint fails to properly address the causes of action with the required specificity. Failing to properly support or address a fact, or an assertion of fact is grounds for issuing summary judgment. FED. R. CIV. P. Rule 56(e)(3). The basic standard for granting summary judgment is a finding that there is "no *genuine dispute* as to any *material fact* and that the movant is entitled to judgment *as a matter of law."* FED. R. CIV. P. 56(a) (emphasis added). "The judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–255, 106 S. Ct. 2505, 2511 (1986).

---

troll" seeking to stop a real company that is trying to serve the public interest by engaging in important medical research with unfounded threats of injunction.  For this reason, at minimum, the Court should strike and dismiss Biosuccess's prayer seeking any form of injunctive relief in this case. Even if a successful infringement case could be pleaded (which it cannot) or could be proven (which it cannot), Plaintiff would be remitted to at most a reasonable royalty. Under eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006), questions of injunctive relief are determined by the standard, four-factor equitable test. Subsequent decisions have found that entities like Biosuccess that are not practicing the invention cannot show the necessary irreparable injury. Paice LLC v. Toyota Motor Corp., 504 F.3d 1293, 1303 (Fed. Cir. 2007) (finding "since Paice does not actually manufacture any goods, the court concluded that there was no threat that Paice would lose name recognition or market share without an injunction."); see also Advanced Cardiovascular Sys. v. Medtronic Vascular, Inc., 579 F. Supp. 2d 554, 560 (D. Del. 2008) (holding, "Courts awarding permanent injunctions typically do so under circumstances where plaintiff practices its invention and is a direct market competitor" and noting numerous cases where injunctive relief required head to head competition); Telcordia Techs., Inc. v. Cisco Sys., 592 F. Supp. 2d 727, 748 (D. Del. 2009) (Noting, "Telcordia's analysis of its irreparable harm is nothing more than attorney argument.").

Biosuccess' Amended Complaint presents proper grounds for dismissal or complete summary judgment in favor of Counterdefendants. A pleading which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief may be granted. FED R. CIV. P. 12(b)(6). In addition, "dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory"—both are absent in Biosuccess' most recent attempt. Mendocino v. Centinela Hosp. Med. Ctr., 521 F. 3d 1097, 1104 (9th Cir. 2008). As explained at length above, the Amended Complaint falls far short of the Iqbal/Twombly standard.

Federal Rule of Civil Procedure 12(d) states that "[i]f, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Additionally, the 1946 Advisory Committee Notes on Rule 12 give the following guiding intention of the legislature:

> [P]ermitting a motion to dismiss for failure of the Complaint to state a claim on which relief can be granted, is substantially the same as the old demurrer for failure of a pleading to state a cause of action. Some courts have held that as the rule by its terms refers to statements in the complaint, extraneous matter on affidavits, depositions or otherwise, may not be introduced in support of the motion, or to resist it. On the other hand, in many cases, the district courts have permitted the introduction of such material.

For these reasons, the Court should receive and consider the declaration of Ben Chang (and the other declarations filed in support of this motion) to determine that no triable issues exist and therefore that summary judgment is justified based on the evidence and admission of record in this case. Nothing in the deposition testimony of either Wu or Han—Biosuccess's two principal witnesses—raise a factual issue. See Declaration of Jack Russo. The other evidence of record demonstrates that: "RPI does not compete with Defendant Biosuccess as the

Entrepreneur Law Group LLP

medical indications that RPI is using different production configuration and combination, and to my knowledge neither RPI nor Biosuccess has reached any customers with a product." Declaration of Ben Chang ("Chang Decl.") ¶3. "At this time, RPI does not make, use, sell, offer to sell within the United States, or import into the United States, any invention described by the '814 Patent." Chang Decl. ¶5. Counterdefendants' Motion must, therefore, be granted.

### CONCLUSION

The First Amended Complaint's amendments – all lacking good faith factual foundations -- demonstrate that, under all and each of the applicable Federal Rules 11, 12, and 56, is simply incapable of alleging these claims and that Biosuccess knows that there is no actual infringing product on the market, that none is even near FDA approval, and all would be justified and within 35 U.S.C. 271(e) express Patent Law exemption even if a product was. Therefore, *a fortiorari* and that this suit was brought for an improper purpose to simply "keep litigation going" and to try to put additional litigation pressure on the same parties who are set to try the Patent Assignment Agreement dispute before this Court later this year. See Dkt. 198. For all the foregoing reasons, this Court should grant Counterdefendants' Motion and dismiss these claims with prejudice.

Dated: July 1, 2014

Respectfully submitted,
ENTREPRENEUR LAW GROUP LLP

By:   /s/ Jack Russo
Jack Russo
Christopher Sargent
Attorneys for CounterDefendants
RICH PHARMACEUTICALS, INC.,
IMAGIC, LLC, RICHARD L. CHANG
HOLDINGS, LLC, and BEN CHANG

Entrepreneur Law Group LLP