LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
  enoch.liang@ltlattorneys.com
Kevin Bringuel (SBN 196279)
  kevin.bringuel@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
  heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
  lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

*Attorneys for Biosuccess Parties*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Richard L Chang | Lead Case No. LA CV13-01340 JAK (ANx) |
| Richard Chang<br><br>          v.<br><br>Zheng Tao Han, Chi-Ming Wu a/k/a Fred Wu, Biosuccess Biotech Co., Ltd. (Cayman), and Biosuccess Biotech Co., Ltd. (Nevada) | Consolidated Case No. LA CV14-04511 JAK (ANx)<br><br>**BIOSUCCESS PARTIES' OPPOSITION TO RICHARD CHANG'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS**<br><br>Judge:     Hon. John A. Kronstadt<br>Date:      Sept. 15, 2014<br>Time:      8:15 AM<br>Courtroom: 750-7th Floor |

LEE TRAN & LIANG LLP
Enoch H. Liang (Bar No. 212324)
  enoch.liang@ltlattorneys.com
Heather F. Auyang (Bar No. 191776)
  heather.auyang@ltlattorneys.com
Lisa J. Chin (Bar No. 259793)
  lisa.chin@ltlattorneys.com
601 South Figueroa St., Ste. 3900
Los Angeles, California 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773

*Attorneys for Defendants*

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHANG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZHENG TAO HAN, an individual; CHI-MING WU a/k/a FRED WU, an individual; BIOSUCCESS BIOTECH CO., LTD., a Cayman Islands corporation; and BIOSUCCESS BIOTECH CO., LTD., a Nevada corporation,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION | Case No. 2:14-cv-004511 JAK (ANx)<br><br>DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS FIRST AMENDED COUNTERCLAIMS<br><br>Judge: Hon. John A. Kronstadt<br>Location: Courtroom 750, 7th Floor<br>Date: August 4, 2014<br>Time: 10:00 a.m. |

# TABLE OF CONTENTS

Table of Authorities ........................................................................... 1

Introduction ...................................................................................... 1

Legal Standards ............................................................................... 2

Argument .......................................................................................... 3

    I.   Defendants Are Not Estopped from Asserting a Claim to Correct
        Inventorship. ....................................................................... 3

    II.  Biosuccess's Claims Are Not Preempted. ............................... 4

        A.  Biosuccess's second counterclaim is based on CUTSA and
            therefore cannot be preempted by it. ...................... 5

        B.  The other challenged claims are not "based upon"
            misappropriation of a trade secret. ......................... 5

        C.  It is premature for the Court to dismiss any claims on the basis of
            preemption. .......................................................... 8

        D.  Biosuccess may plead inconsistent claims. ................... 9

        E.  Chang's preemption argument contradicts their argument that the
            trade secret claim is insufficient. ........................... 9

    III. Defendants' Counterclaims Should Not Be Dismissed as Duplicative
        of Claims in Another Case. ................................................. 10

    IV. Defendants' Other Counterclaims Are Properly Pled. ........... 12

        A.  Biosuccess has sufficiently pled a claim for trade secret
            misappropriation. .................................................. 12

        B.  Defendants' other claims are sufficiently pled. ............ 13

        C.  Dr. Han's fraud counterclaim is pled with sufficient specificity. 15

    V.  Leave to Amend Should Be Granted If Necessary. ............. 16

Conclusion ........................................................................................ 16

# TABLE OF AUTHORITIES

**Federal Cases**

*Adams v. California Dep't of Health Servs.*, 487 F.3d 684 (9th Cir. 2007) ...................................................................................10

*Amron Int'l Diving Supply, Inc. v. Hyrdolinx Diving Commc'n, Inc.*, 2011 WL 5025178 (S.D. Cal. Oct. 21, 2011) .......................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................... 2, 3, 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................2

*Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003) ................................2

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F3d 1047 (9th Cir. 2011) ..............................................................14

*Erickson v. Pardus*, 551 U.S. 89 (2007) ...........................................2

*First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929 (N.D. Cal. 2008) ...........................................6

*Hernandez-Cuevas v. Taylor*, 723 F3d 91 (1st Cir. 2013) ...............14

*In Terarecon, Inc. v. Fovia, Inc.*, 2006 WL 1867734 (N.D. Cal. July 6, 2006) ....................................................................................9

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)................................16

*MB Financial Group, Inc. v. United States Postal Service*, 545 F.3d 814 (9th Cir. 2008)................................................................9

*McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007)......2

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355 (Fed. Cir. 2006).....................................................................2

*Phoenix Techs. Ltd. v. DeviceVM*, 2009 WL 4723400 (N.D. Cal. Dec. 8, 2009) .................................................................................8

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F3d 1035 (9th Cir. 2010).......................................................................... 13, 14

Defendants' Opp. to Mtn. to Dismiss First Amended Counterclaims

*SunPower Corp. v. SolarCity Corp.*, 2010 WL 6160472 (N.D. Cal. Dec. 11, 2012 ...........................................................6

*Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 902337 (N.D. Cal. Apr. 1, 2009) ........................................ 8, 9, 10

*Union Paving Co. v. Downer Corp.*, 276 F.2d 468 (9th Cir. 1960) ...............................................................................11

*Yamamoto v. Omiya*, 564 F.2d 1319 (9th Cir. 1977).........................................4

**State Cases**

*Diodes, Inc. v. Franzen,* 260 Cal. App. 2d 244, 67 Cal. Rptr. 19 (1968).............................................................................12

*K.C. Multimedia Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal App. 4th 939, 90 Cal. Rptr. 3d 247 (2009) ..............................5, 8

**State Statutes**

Cal. Civ. Code § 3426.1 ......................................................6, 12

Cal. Civ. Code § 3426.2 .............................................................6

Cal. Civ. Code § 3426.3 .............................................................6

Cal. Civ. Code § 3426.7 .............................................................5

Cal. Code Civ. Proc. § 2019.20 ............................................13

**Rules**

Fed. R. Civ. P. 8 .............................................................. 2, 4, 9

Fed. R. Civ. P. 12 ..............................................................2, 4

Fed. R. Civ. P. 13 ..........................................................11, 12

Fed. R. Civ. P. 19 ...................................................................12

Fed. R. Civ. P. 20 ...................................................................12

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The facts and circumstances of the instant case have spawned several different actions. There is currently pending a consolidated, "lead" action before this Court. Defendants believe the instant matter should be consolidated with that one, since the facts and parties overlap considerably and in many aspects are identical.

Plaintiff Richard Chang originally filed this action in Santa Clara Superior Court in January 2014. It has taken considerable time and effort by Defendants to get the case removed to federal court and now transferred to the Central District with the aim of having it consolidated with the lead case, which Chang filed against Biosuccess in February 2013 (nearly a year before filing this case in Santa Clara Superior Court). In that lead action, this Court has already ruled on a Motion to Dismiss that contains similar arguments regarding similar issues. (Case 2:14-cv-00310-JAK-AN, Dkt. 38.)

Defendants believe it is wasteful for this Court to duplicate much of the effort and analysis already expended and developed this Court in the lead case. In part, Chang here argues that the duplicative nature of the two actions is reason to dismiss Defendants' counterclaims (because they are similar to their counterclaims in the lead case). To the contrary, while Defendants' counterclaims are procedurally permissible, it is the multiplicity of Plaintiff's lawsuits that should not be further tolerated.

Chang's other arguments for dismissal are equally meritless. As detailed below, none of Defendants' claims are preempted by trade-secret law, and each of them is pled with far more factual detail and support than is minimally required in order to give Chang fair notice of the claims against him.

Consequently, this case should be consolidated with the lead action pending before this Court, and Chang's motion should be denied in its entirety.

# LEGAL STANDARDS

A pleading should set forth a "short and plain statement" of the claim asserted. Fed. R. Civ. P. 8; *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (noting that Federal Rules replaced a system in which the issues had to be conclusively defined at the outset of litigation through the pleadings with a system that relied on discovery and pretrial hearings to gradually identify the precise issues in dispute as more information became available); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007) (holding that the Supreme Court's decision in *Twombly* did not change the pleading requirements of Federal Rule of Civil Procedure 8 in actions for patent infringement).

Since the crux of Rule 8 is to provide a party fair notice of the claim against which it must defend, excessive detail is not required to properly state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a claim is well-pled so long as the complainant has provided the defendant "*fair notice of what the . . . claim is and the grounds upon which it rests.*" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted) (emphasis added); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("[s]pecific facts are not necessary . . . ."); *Iqbal*, 556 U.S. at 680 (stating that factual allegations need only move a claim "across the line from conceivable to plausible.").

A cause of action may be dismissed pursuant to Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief can be granted. Rule 12(b)(6) motions are viewed with disfavor. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (citing *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997)). "To survive a motion to dismiss, a complaint must contain a sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570) (internal quotation marks omitted).

Plausibility is shown by pleadings that contain factual elements that allow the court to draw a reasonable inference that the alleged misconduct occurred. *Iqbal*, 556 U.S. at 678–79. When a court considers a motion to dismiss, the court should first separate the "recitals of the elements of [an] action" from the factual allegations. *Id*. The court should then assume the factual allegations are true, and ignore the legal conclusions. *Id*. After eliminating the bare legal conclusions from the complaint, the court should review the factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id*.

## ARGUMENT

## I. Defendants Are Not Estopped from Asserting a Claim to Correct Inventorship.

Chang argues that Defendants should be estopped from asserting a "rescission" claim. (Pltf's Consol. Mtn. to Dismiss First Amended Counterclaims, Dkt. 62, at 4–5 ["Mtn."].) However, Defendants have asserted no such claim. Chang's argument references the changing of inventors, so presumably he intends to reference Count I of Defendants' First Amended Counterclaims, which seeks Correction of Inventorship. (*See* Biosuccess's First Amended Counterclaims, Dkt. 51, at 14 ["Biosuccess Counterclaims"]; Han's First Amended Counterclaims, Dkt. 52, at 14 ["Han Counterclaims"].) Chang urges that Defendants should be estopped from asserting this counterclaim because they allowed too much time to elapse prior to bringing the claim. (Mtn. at 4.)

Chang offers ***no law whatsoever*** in support of the notion that a defendant may be estopped from asserting a counterclaim by means of a 12(b)(6) motion to dismiss, or by any other motion. Such is not the case. It appears that Chang is referencing the equitable doctrine of laches, which is to be asserted as an *affirmative defense*. (*See* Fed. R. Civ. P. 8(c)(1) [listing laches

1  among affirmative defenses waived if not plead in the Answer].) A motion to

2  dismiss under Rule 12(b)(6) tests only the legal sufficiency of the claim as pled.

3  *Iqbal*, 556 U.S. at 678–79.

4  Even if Chang's argument were interpreted as urging the Court to strike

5  the counterclaim, it would still fail. First, Chang did not give notice of or bring

6  a motion to strike under Rule 12(f). Second, even if he had, such a motion is

7  neither a proper nor authorized way to attempt to procure the dismissal of all

8  or part of a claim. *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977).

9  In any case, Chang's argument makes no sense as he has likewise sought

10  declaratory relief that Dr. Han is not an inventor and thus his own "estoppel"

11  argument should equally apply. Specifically, in his Sixth Cause of Action,

12  Chang seeks declaratory relief that "Defendant Han was not a co-inventor"

13  (Dkt. 1-1, Compl. ¶83 at p. 13:18-23 [filed in Santa Clara Sup. Ct. 1/3/2014]),

14  and that Chang is "the sole inventor" (*id*. at Prayer for Relief at p. 14:13-14).

15  Chang makes no argument that Defendants' Count I is insufficiently

16  pled. Therefore, it should not be dismissed.

17  **II.    Biosuccess's Claims Are Not Preempted.**

18  Chang argues that several of Biosuccess's claims are preempted by the

19  California Uniform Trade Secrets Act ("CUTSA"). (Mtn. at 5–6, referencing

20  Biosuccess Counterclaims Two [trade secret misappropriation], Three [breach

21  of fiduciary duty], Four [statutory unfair competition]; Five [common law

22  unfair competition]; Six [conversion]; Seven [breach of contract].)

23  Chang is wrong. These claims are not preempted because they relate to

24  proprietary and confidential information that does not qualify as a "trade secret"

25  under CUTSA.

26

27

28

### A. Biosuccess's second counterclaim is based on CUTSA and therefore cannot be preempted by it.

Chang refers to Biosuccess's Second Counterclaim as being a "common law tort claim." (Mtn. at 7:3–4.) This is incorrect. The claim is based on CUTSA—the statute is cited in the title as well as the body of the claim. (Biosuccess Counterclaims at 14:23, 15:9–10.) It is axiomatic that a CUTSA claim cannot be preempted by CUTSA.

### B. The other challenged claims are not "based upon" misappropriation of a trade secret.

Chang bases his preemption claim on *K.C. Multimedia Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal App. 4th 939, 954, 90 Cal. Rptr. 3d 247 (2009). (Mtn. at 5–6.) But as that case makes clear, the CUTSA does not preempt "other civil remedies *that are not based upon misappropriation of a trade secret*." *Id*. at 954, 90 Cal. Rptr. at 260 (quoting Cal. Civ. Code § 3426.7) (emphasis added).

Preemption under CUTSA only occurs where the legal basis of the claim is a violation of CUTSA *and* the factual basis is "the same conduct" that gives rise to the trade secrets claim. *K.C. Multimedia,* 171 Cal. App. 4th at 962. In *K.C. Multimedia,* the court elaborated on what it meant in stating that preemption requires the factual basis of the two claims to be "the same conduct." The court looked to whether the cause of action in question "hinges upon the factual allegation" that the defendants misappropriated the plaintiff's trade secrets. *Id.* at 959.

Here, the challenged claims do not "hinge upon" the trade-secrets claim. It is important to note that throughout its counterclaims, Biosuccess's counterclaims allege not only misappropriation of trade secrets but also other proprietary and confidential information. Notable examples include:

- "Biosuccess has developed and compiled valuable research and business data considered trade secrets, *as well as other confidential and proprietary information*." (¶ 25);

- "Biosuccess takes great care to maintain the secrecy of its trade-secret *and other confidential and proprietary information*." (¶ 26);

- Biosuccess has been involved in two clinical studies based on its "trade secrets *and other confidential and proprietary information*" (¶ 27);

- Chang engaged in the "misappropriation of trade secrets *and the unauthorized disclosure and use of other confidential and proprietary business information*." (¶ 54)

- Chang "misappropriated Biosuccess's trade-secret information *and transferred and took its other confidential and proprietary information*" (¶ 59);

- Chang conspired "to steal Biosuccess's most sensitive trade secrets *and other confidential and proprietary information*" (¶ 60)

Biosuccess's allegations are thus substantially based on confidential and proprietary business information that does *not* qualify as a "trade secret" as specifically defined under CUTSA. *See* Cal. Civ. Code § 3426.1(d). Therefore, Biosuccess's common law claims should not be dismissed. *See First Advantage Background Servs. Corp. v. Private Eyes, Inc.*, 569 F. Supp. 2d 929, 942 (N.D. Cal. 2008) (CUTSA does not preempt where the "confidential information at the foundation of the claim is not a trade secret, as that term is defined in CUTSA" because "[b]y its own terms, . . . CUTSA only provides remedies for misappropriation of *trade secrets,* not of any confidential information, and defines that term specifically. *See* Cal. Civ. Code §§ 3426.1(b), (d), 3426.2, 3426.3."); *c.f. SunPower Corp. v. SolarCity Corp.*,

2010 WL 6160472 (N.D. Cal. Dec. 11, 2012) (noting disagreement among courts).

Regardless, although the misappropriation of trade secrets and confidential information form part of the facts here, Chang has engaged in several separate and independent wrongful acts. None of the claims at issue here are based on the same facts or theories of recovery as misappropriation:

**Counterclaim 3—Breach of Fiduciary Duty:** This counterclaim is not based on, and does not even reference, trade secrets. (*See* ¶¶ 104–109.) It alleges that Plaintiff breached his fiduciary duties of loyalty and confidentiality as an officer of Biosuccess by undertaking a number of bad acts, including: spreading untrue and misleading statements to employees of Biosuccess's U.S. subsidiary (¶ 55); attempting to induce Dr. Han to leave Biosuccess (¶ 56); misappropriating company funds for personal use and falsifying documents (¶ 57); setting up a competing business by exploiting Biosuccess's intellectual property (¶ 64). This claim is clearly not based upon misappropriation of a trade secret.

**Counterclaims 4 and 5—Unfair Competition:** To the extent these counterclaims relate to misappropriation, they are expressly based on misappropriation of "non-trade-secret confidential and proprietary information." (¶ 112, Biosuccess Counterclaims at 17:27.)

**Counterclaim 6—Conversion:** This counterclaim is expressly based on Chang's conversion of Biosuccess's "confidential and proprietary information," not its trade secrets. (¶ 121, Biosuccess Counterclaims at 19:1–2.)

**Counterclaim 7—Breach of Contract:** This counterclaim expressly alleges that Chang breached the agreement by failing "to maintain the confidentiality of Biosuccess's confidential and proprietary information," not its trade secrets. (¶ 128, Biosuccess Counterclaims at 19:22–24.)

In sum, the facts critical to Biosuccess's common law claims are not the same as the facts necessary to prove its trade secret misappropriation claim. Should the Court decide otherwise, Biosuccess respectfully requests leave to amend to separately set forth additional allegations supporting these claims.

## C. It is premature for the Court to dismiss any claims on the basis of preemption.

Some courts have held that it is premature to dismiss claims before first resolving the factual question of whether the information at issue qualifies as a trade secret under CUTSA. *See, e.g., Amron Int'l Diving Supply, Inc. v. Hyrdolinx Diving Commc'n, Inc.*, 2011 WL 5025178, *9-10 (S.D. Cal. Oct. 21, 2011) ("Defendants' motion to dismiss based on preemption cannot be addressed until it is determined whether the allegedly misappropriated information constitutes a trade secret. At this point in the case, the status of the information is merely a matter of allegation and until the distinction is made between [plaintiff's] allegedly misappropriated trade secret information and its confidential or non-confidential proprietary non-trade secret information, the question of preemption should not be addressed."); *Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, 2009 WL 902337, *3 (N.D. Cal. Apr. 1, 2009) (granting motion for leave to file amended complaint, holding that "[t]he Court finds no authority holding that CUTSA preempts common law claims even if the confidential information is a protectible [sic] interest other than a trade secret"); *Phoenix Techs. Ltd. v. DeviceVM*, 2009 WL 4723400, *5 (N.D. Cal. Dec. 8, 2009) (ruling on motion to dismiss, distinguishing *K.C. Multimedia*, and finding that because common law claims "are based on Defendants' diversion and/or wrongful use of Plaintiff's 'Proprietary Information,' as defined in the Agreement, these claims are not limited to trade secrets and, thus, are not preempted").

### D.  Biosuccess may plead inconsistent claims.

Although Biosuccess's common law claims do not rely upon the same facts as its trade secret claim as discussed above, the Federal Rules of Civil Procedure also permit a party to plead alternative theories of relief and inconsistent claims. Fed. R. Civ. P. 8(d)(3). Courts have agreed, refusing to dismiss inconsistent theories of liability. *MB Financial Group, Inc. v. United States Postal Service*, 545 F.3d 814, 819 (9th Cir. 2008) (noting that both contract and tort claims could go forward since "a plaintiff is generally entitled to plead alternative or multiple theories of recovery on the basis of the same conduct on the part of the defendant.").

Therefore, to the extent the Court finds that any of Biosuccess's common law claims are preempted by its claim for trade secret misappropriation under the CUTSA, such claims should stand as alternative theories of relief to Biosuccess's trade secret claim and therefore, are not preempted. *See e.g.*, *In Terarecon, Inc. v. Fovia, Inc.*, 2006 WL 1867734, *10 (N.D. Cal. July 6, 2006) (finding conversion claim was alternative theory to CUTSA claim). Biosuccess should therefore be permitted to pursue alternative theories of liability pursuant to Rule 8(d).

### E.  Chang's preemption argument contradicts their argument that the trade secret claim is insufficient.

Chang's argument that Biosuccess's common-law claims are preempted by its trade-secret claim contradicts his argument that Biosuccess has not sufficiently stated a claim for trade secret misappropriation under the CUTSA. Under similar circumstances, one court has refused to find preemption at the pleading stage, holding that the defendants' argument that trade secret allegations are preempted by CUTSA contradicted their primary defense that the plaintiff's information did not constitute trade secrets. *Think Village-Kiwi*, 2009 WL 902337, *2 (N.D. Cal. Apr. 1, 2009) (citing *Callaway Golf Co. v.*

*Dunlop Slazenger Group Americas, Inc.*, 295 F.Supp.2d 430, 437 (D. Del. 2003)). As the court there concluded, "Defendants cannot have it both ways." *Id.*

### III.   Defendants' Counterclaims Should Not Be Dismissed as Duplicative of Claims in Another Case.

Chang urges that Defendants' counterclaims must be dismissed because they are duplicative of claims in another action. (Mtn. at 7–9.) Crucially, Chang argues that, "the most important criterion in determining whether two actions are the 'same' is 'whether the two suits arise out of the same transactional nucleus of facts.'" (Mtn. at 8:12–15, quoting *Mireskandari v. Mayne*, 2013 WL 2041013, *6 (C.D. Cal. May 14, 2013); *see also Adams v. California Dep't of Health Servs.,* 487 F.3d 684, 688–89 (9th Cir. 2007).)

Defendants do not deny that this case is closely related to the consolidated, lead case pending before this Court (*Richard L Chang v. Biosuccess Biotech Co. Ltd. et al*, Case No. CV13-01340 JAK (ANx) [consolidated with *Biosuccess v. Rich Pharmaceuticals, Imagic LLC, Richard L. Chang Holdings, and Ben Chang*, Case No. CV14-00310 JAK (ANx)]).

Indeed, Defendants filed a Notice of Related Cases urging that this matter be consolidated with the lead case for the very reason that:

> [T]he matters are closely interrelated, including involving the same or a closely related transactions, happenings or events, calling for the determination of the same or substantially related or similar questions of law and fact, and would entail substantial duplication of labor if heard by different judges.

(Notice of Related Cases, Dkt. 61, at 1:11–14.) Defendants maintain that this matter should be consolidated with the lead case, and that failure to do so will result in substantial duplication of labor.

***Chang*** is the one who improperly brought separate, overlapping and duplicative actions. Defendants have been trying to get the cases consolidated, which to date has involved a lengthy process of removal and transfer. Through his argument, Chang, too, now concedes that the two suits "arise out of the same transactional nucleus of facts" and are thus "the same" for purposes of determining whether they are duplicative. The import of Chang's argument is that this matter should be consolidated with the lead case, not that any counterclaims should be dismissed.

Regardless, Chang does not dispute—and indeed appears to concede—that the counterclaims arise out of the transaction or occurrence that is the subject matter of Chang's underlying Complaint. The counterclaims are therefore entirely appropriate, either as compulsory or permissive counterclaims. They are compulsory if they are not the subject of a pending action, and they are permissive if they are the subject of a pending action. Fed. R. Civ. P. 13(a), (b). As the Ninth Circuit has observed, "under Rule 13(b) pending litigation on the same cause of action has no effect on the ability to plead a permissive counterclaim." *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 471 (9th Cir. 1960).

The case law that Chang cites pertains to restricting the multiplicity of separate actions, not counterclaims. Chang fails to explain how it is possible that Defendants' counterclaims arise from the same transactional nucleus of facts as the lead case before this Court, but the allegations in his Complaint do not. Chang is the party who brought multiple actions regarding the same nucleus of facts. Defendants' counterclaims are permissive and entirely appropriate. Regardless, Chang concedes that they are, in fact, not identical to those in the lead case. (Mtn. at 8:23–25 ["in large part a mere rewording … in some cases making new allegations against Ben Chang …."]

Chang complains that the counterclaims reference Ben Chang, who is not a party, but he cites no law for why this would serve as a basis to dismiss the counterclaims. If anything, it may serve as the basis to join Ben Chang as a party. *See* Fed. R. Civ. P. 13(h), 19, 20. Of course, this would only cause further overlap with the lead case; consolidation is a more efficient means of dealing with the issue.

## IV.   Defendants' Other Counterclaims Are Properly Pled.

### A. Biosuccess has sufficiently pled a claim for trade secret misappropriation.

In order to state a claim for trade secret misappropriation, Biosuccess must allege: (1) the existence of a trade secret and (2) misappropriation of a trade secret. Cal. Civ. Code § 3426.1(b). Biosuccess has more than met these requirements.

Chang's reliance on case law requiring that the subject of the trade secret be described with "sufficient particularity" is misplaced, as that case concerned the sufficiency of identification of trade secrets on summary judgment, *not* a motion to dismiss. (Mtn. at 10:12–20, citing *Mattel, Inc. v. MGA Entm't Inc.*, 782 F. Supp. 2d 911, 989 (C.D. Cal. 2011).)

One who seeks to protect his trade secrets from wrongful use or disclosure does not have to spell out the details of the trade secret to avoid a demurrer to a complaint. "To so require would mean that the complainant would have to destroy the very thing for which he sought protection by making public the secret itself." *Diodes, Inc. v. Franzen,* 260 Cal. App. 2d 244, 252, 67 Cal. Rptr. 19 (1968). To state a cause of action for misappropriation of trade secrets, a party is only required to "allege the ultimate facts showing the existence of a trade secret or other confidential data." *Id.* "In any action alleging the misappropriation of a trade secret under the [CUTSA]," it is only later in the proceedings, before commencing discovery, that the claimant is

1  required to describe the trade secret with "reasonable particularity." Cal. Code
2  Civ. Proc. § 2019.20.

3      Chang attempts to mislead the Court by conflating the distinct
4  requirements for the level of specificity required at the pleading and discovery
5  stages. At the pleading stage the plaintiff is only required to "allege the
6  ultimate facts showing the existence of a trade secret or other confidential data."
7  (*Diodes, supra,* 260 Cal. App. 2d at 252.)

8      Here, Biosuccess's Second Counterclaim (incorporating its general
9  allegations) is sufficiently specific to meet the requisite standard of showing
10 "the existence of a trade secret or other confidential data." Biosuccess has
11 sufficiently described the trade secrets in question. It alleges that Chang had
12 access to "all of Biosuccess's most sensitive trade secrets, ***including years of***
13 ***research data related to PD-616 and its proprietary formulations*****.**" (¶ 28,
14 Biosuccess Counterclaims at 4:25–27 [emphasis added]); *see also* ¶ 92,
15 Biosuccess Counterclaims at 15:3–5.)

16     Moreover, Biosuccess has adequately specified that Chang
17 misappropriated these trade secrets. *See, e.g.,* ¶ 59 (unauthorized access and
18 gathering of trade secrets); ¶¶ 91, 96 (acquired trade secrets for unauthorized
19 purposes and is using them without consent); ¶ 59 (misappropriated trade
20 secrets).

21     Because this claim is adequately pled, the Court should not dismiss it.

22     **B.  Defendants' other claims are sufficiently pled.**

23     Dismissal for failure to state a claim is "proper only where there is no
24 cognizable legal theory or an absence of sufficient facts alleged to support a
25 cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622
26 F.3d 1035, 1041 (9th Cir. 2010). Here, Chang does not even allege that such
27 is the case. In addition, to survive a motion to dismiss, a complaint must

28

1   contain sufficient factual matter to state a facially plausible claim to relief. *Id.*

2   at 1041, citing *Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009).

3        Here, Chang alleges that Defendants' counterclaims contain "bald,

4   conclusory statements" rather than specific factual allegations. (Mtn. at 11:20.)

5   Specifically, Chang claims that several of Defendants' counterclaims are

6   "facially incomplete" because, after incorporating allegations in prior

7   paragraphs, they reference facts "as set forth above." (Mtn. at 11:9–10, 11:11–

8   12:10.)

9        Chang offers ***no*** case law standing for the proposition that constructing

10   a claim in such a way renders it fatally vague or conclusive. There is no

11   precedent for such a conclusion. To determine whether a claim is plausible,

12   the court considers the factual allegations, "together with all reasonable

13   inferences" from those allegations. *Cafasso, U.S. ex rel. v. General Dynamics*

14   *C4 Systems, Inc.,* 637 F.3d 1047, 1054 (9th Cir. 2011). Additionally, the

15   "complaint should be read as a whole, not parsed piece by piece to determine

16   whether each allegation, in isolation, is plausible." *Hernandez-Cuevas v.*

17   *Taylor*, 723 F.3d 91, 103 (1st Cir. 2013) (internal quotes omitted).

18        Here, the use of references to previously-detailed facts "stated above"

19   does not render the claims conclusory rather than factual. Indeed, in his own

20   Complaint, Chang utilizes the same structure. In his Second Cause of Action,

21   for instance, he first incorporates by reference certain prior allegations, and

22   then makes allegations such as:

23        By the misrepresentations and material omissions ***as described***

24        ***above***, Defendants violated the California Securities Law which

25        gives rise to damages . . . .

26   (Dkt. 1-1, Compl. ¶ 63 at p. 11:7–8 [filed in Santa Clara Sup. Ct. 1/3/2014]

27   (emphasis added); *see also* ¶ 60, at p. 10:16 ["Here, as described above, there

28   was a transaction …".)

1   The challenged counterclaims set forth specific factual allegations
2   establishing legally cognizable and plausible claims for relief. As such, they
3   should not be dismissed as conclusory.

4       **C.  Dr. Han's fraud counterclaim is pled with sufficient specificity.**

5       Chang argues that Dr. Han's Third Counterclaim (Fraud) is not pled
6   with sufficient specificity. (Mtn. at 12–13.) To the contrary, the claim is
7   extremely specific regarding Chang's deliberate concealment of material facts.

8       In addition to several other detailed allegations, the counterclaim
9   contains a paragraph that provides a summary of Chang's fraud:

10          101. Plaintiff Chang and his son Ben Chang, acting as
11      Plaintiff's agent, knowingly misrepresented and concealed the
12      true status of the International Patent Applications from Dr. Han,
13      including during negotiations of the October 2006 Agreement,
14      and continued to conceal the true status of the International
15      Patent Applications after execution of the October 2006
16      Agreement. Specifically, Plaintiff Chang and Ben Chang
17      concealed the fact that no further patent applications could be
18      filed claiming priority to the International Patent Applications,
19      and no patents would have ever issued from the International
20      Patent Applications because the International Patent
21      Applications had expired, lapsed or been abandoned and could
22      not be reinstated.

23  (Han Counterclaims ¶ 101, at p. 16:4–11.)

24      This informs plaintiff specifically ***who*** committed the fraud (he and his
25  son Ben Chang); exactly ***what*** the fraud was (concealment of the facts that: (1)
26  no further patent applications could be filed claiming priority; and (2) that no
27  patents would ever issue from the applications because they had expired,

28

lapsed, or been abandoned and could not be reinstated; and *where* and *when* the fraud occurred (during the October 2006 negotiations and thereafter).

Chang's claim that the fraud is not stated with particularity is simply unfathomable and should be rejected accordingly.

## V.   Leave to Amend Should Be Granted If Necessary.

The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleadings is made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

Biosuccess requests leave to amend its claims to the extent necessary to address any deficiencies identified by the Court.

## CONCLUSION

For the foregoing reasons, the Court should consolidate this case with the lead action pending before this Court and deny Chang's motion in its entirety.

Dated: July 21, 2014                          LEE TRAN & LIANG LLP

By: /s/ Enoch H. Liang
    Enoch H. Liang
    Attorneys for Defendant
    Biosuccess Biotech Co., Ltd.