UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd., et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) RULING RE MOTIONS SUBMITTED BY CHANG AND BIOSUCCESS PARTIES:**

**(1) MOTION TO DISMISS COMPLAINT FROM CONSOLIDATED CASE CV13-00310 JAK; OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND/OR PARTIAL SUMMARY JUDGMENT (Dkt. 205);**

**(2) MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS (Dkt. 240);**

**(3) MOTION TO DISMISS DEFENDANTS' FIRST AMENDED COUNTERCLAIMS (Dkt. 234);**

**(4) MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO TERMINATION (Dkt. 248);**

**(5) MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFFS RICHARD CHANG AND BEN CHANG'S LABOR CODE CLAIMS (Dkt. 249);**

**(6) MOTION TO DISMISS RICHARD L. CHANG'S DECLARATORY RELIEF CLAIM IN HIS COMPLAINT RE INVENTORSHIP OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (Dkt. 250);**

**(7) MOTION FOR SUMMARY JUDGMENT ON UNPAID MONIES DUE AND OWING (Dkt. 251)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd., et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

**(8) MOTION FOR SUMMARY JUDGMENT ON UNPAID WAGES (Dkt. 252);**

**(9) MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO BISOUCCESS'S FIRST CAUSE OF ACTION FOR PATENT INFRINGEMENT (Dkt. 253);**

**(10) MOTION TO STRIKE UNAUTHENTICATED LETTER (Dkt. 279)**

I.  <u>Introduction</u>

Four separate actions are pending involving some or all of the following parties: Biosuccess Biotech, Co., Ltd., a Cayman Islands corporation, Biosuccess Biotech, Co., Ltd., a Nevada Corporation (collectively "Biosuccess"); Zheng Tao Han ("Han"); and Chi-Ming Wu aka Fred Wu ("Wu"); Rich Pharmaceuticals, Inc. ("RPI"); Imagic, LLC ("Imagic"); Richard L. Chang Holdings LLC ("RLC Holdings"); Ben; and Richard. The claims in each action arise from the same business relationships, disputes and intellectual property. The adverse parties in these proceedings are former business partners who have now established competing businesses based on the same intellectual property.

On May 21, 2014, the Court consolidated two of the pending matters. Dkt. 198. On July 24, 2014, the Court consolidated the two others. Dkt. 213. The Court ordered the parties to re-file in the lead case as to consolidated proceedings, all motions that were pending at that time in any of the four actions. All of the motions were then set for hearing on September 15, 2014. *Id.* The parties complied and also brought other motions to be heard at that hearing.

At the September 15, 2014 hearing, the Court concluded that the more efficient means of addressing the numerous matters at issue was to issue a tentative, written order for review by the parties. On October 15, 2014, the Court issued its tentative order. Dkt. 372. On October 27, 2014, the Court conducted a hearing with respect to the tentative order, and heard arguments by counsel for the parties. Dkt. 378. The matter was taken under submission. By this Order, final rulings are made with respect to all of the matters at issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

## II.   Factual Background

### A.   The '814 Patent and Assignment to Biosuccess

Richard Chang ("Richard")[1]  and Zheng Tao Han ("Han") are co-inventors of U.S. Patent No. 6,063,814 (the "'814 Patent"), which was issued on May 16, 2000. Dkt. 116-3 at 3; Dkt. 278-3 ¶ 2. The '814 Patent concerns the use of phorbol esters, specifically, 12-O-tetradecanoylphorbol-13-acetate ("TPA"), which are used to treat diseases. Dkt. 116-3 at 3; Dkt. 278-3 ¶ 2. Richard alleges that he advanced all of the patent and processing fees needed to obtain the '814 Patent. Dkt. 278-3 ¶ 3. Richard also alleges that Han agreed orally that Richard would control the development of commercial uses for the '814 Patent. *Id.*

Richard, Han, and Wu formed Biosuccess in 2006. Dkt. 116-3 at 3. Richard and Han began discussing the assignment of the '814 Patent to Biosuccess in August 2006. Dkt. 116-4 at 4. The two signed an agreement with Biosuccess in October 2006 assigning their respective rights and interests in the '814 Patent to Biosuccess (the "October 2006 Agreement"). Dkt. 278-3, Ex. 2. The October 2006 Agreement provided that, at the outset, $1 Million would be paid to Richard and Han as reimbursement for their efforts in connection with the research and development of TPA. That Agreement also provided for another payment of $1 Million to them by February 28, 2007. Dkt. 278-3, Ex. 2 § 3.1. Further, the October 2006 Agreement provided that the two would collectively receive an annual payment of $250,000 in "consulting fees." Dkt. 253-4 at 2. Richard alleges that $250,000 was paid to him under the October 2006 Agreement. Dkt. 278-3 ¶ 6.

### B.   Biosuccess as a Company

Richard held the title of Chief Science Officer of Biosuccess and, beginning in 2006, became a member of its Board of Directors. Dkt. 280-1, Ex. A & B. Wu has been the CEO and Chairmen of the Board of Biosuccess since 2006. Dkt. 270-3 ¶ 2. Han has been a director and officer of Biosuccess since 2006. Dkt. 270-2 ¶ 4. Ben Chang ("Ben"), who is Richard's son, began working with Biosuccess in 2006. He served in various roles, including President and Chief Operating Officer. Dkt. 277-2 ¶ 8. The parties dispute the amount of annual compensation promised to Ben when he began working for Biosuccess. Dkt. 281-2 at 1.

The business plan of Biosuccess is "to bring drugs based on TPA to market to treat various diseases,

---

[1]  The use of the first names of Richard and Ben in this Order is for ease of reference. No disrespect is intended by the use of this common convention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

starting with acute myelogenous leukemia ("AML") for patients who were refractory to standard therapy, and moving onwards to other diseases like HIV/AIDS and treating the side effects of stroke and other diseases." Dkt. 116-4 ¶ 4. Biosuccess alleges that it has "developed and compiled valuable research and business data considered trade secrets, as well as other confidential information" related to its research of TPA and AML. Dkt. 203 ¶ 17. Biosuccess alleges that its trade-secret information is contained in various documents and electronic files, and that it "takes great care to maintain the secrecy of its trade-secret and other confidential and proprietary information, and to prevent their disclosure to persons outside [Biosuccess], including requiring employees to sign a non-disclosure agreement and abide by the Employee Handbook." *Id.* ¶ 18. Both Richard and Ben allegedly had access to these trade secrets and confidential business information. *Id.*

Biosuccess has been involved with two clinical studies. Each involved the use of its trade secrets and other information involving TPA and the '814 Patent. *Id.* ¶ 19. Biosuccess has not yet obtained approval of the Food and Drug Administration ("FDA") for any medication related to the '814 Patent. Dkt. 205-2.

    C.    The Alleged Suspension of Biosuccess Operations

Among the disputed matters in these proceedings is whether, in mid-2007, the principals of Biosuccess, including Wu, Han, and Richard, agreed to forgo compensation on an interim basis due to the condition of the financial markets and litigation against the company that was pending in Taiwan. Dkt. 270-3 ¶ 5. Richard denies that he agreed to suspend his salary. Dkt. 277-4 ¶ 5. Biosuccess contends that the company was inactive between late 2007 until mid-2011. *Id.* ¶¶ 14-16. It is also alleged that, in November 2007, Biosuccess sent a letter to Ben stating that his salary would be reduced due to this inactivity. *Id.* Ex. K. It is also alleged that in June 2011, Biosuccess renewed its operations after receiving investments from certain third parties. Dkt. 249-1, Ex. I ¶¶ 15-16.

In September 2011, Biosuccess, Richard, and Han allegedly entered into a new assignment agreement with respect to the '814 Patent (the "September 2011 Agreement"). Dkt. 270-3 ¶ 6. It is also alleged that, in conjunction with that Agreement, Richard and Han agreed to forgo unpaid compensation in exchange for being able to retain what had been paid to them collectively pursuant to the October 2006 Agreement. *Id.*

There is a dispute as to whether the September 2011 Agreement was backdated to August 2006 at the time that it was signed by some or all of the parties. *Id.* The September 2011 Agreement provides for the payment of $250,000 in consulting fees "or market compatible compensation" to Han and Richard collectively. Dkt 278-3, Ex. 1 § 3.1. The parties now dispute whether the October 2006 Agreement or the September 2011 Agreement controls the assignment of the '814 Patent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

     D.      Termination of Ben and Richard by Biosuccess; Establishment of RPI

On January 10, 2013, Richard sent a letter to Wu in which he requested certain Biosuccess corporate records. Dkt. 252-4 ¶ 14. On January 18, 2013, Ben and Richard were terminated by Biosuccess. Dkt. 281-2 at 4; Dkt. 280-2 at 4. The parties dispute whether Biosuccess owed any wages to Ben or Richard at the time each was terminated.

Following his termination by Biosuccess, Ben founded RPI and became its CEO. Dkt. 245-3, ¶ 2. In June 2013, Richard assigned certain rights in the '814 Patent to RPI. Dkt. 64 ¶ 14. Ben alleges that the rights Richard assigned to RPI "are not conflicting with anything that Biosuccess is actually working on or that it has worked on." *Id.* RPI appointed Richard to its Medical Advisory Board in April 2014. *Id., Ex.* 13.

RPI states that it is a "biopharmeceutical company focused on the development of its lead product, TPA [], for the treatment of [] AML in refractory patients, and the reversal of physical disabilities resulting from stroke." Dkt. 270-4, Ex. 3. According to a statement on RPI's website, TPA is "protected by an issued 'use patent' that gives sole right to the Company to use intravenous administration of TPA for therapeutic purposes." *Id.*, Ex. 9.

RPI and Ben have entered an agreement with a contract research organization, Theragene dba Therinova Development ("Therinova"). That firm has agreed to provide RPI with support in connection with the regulatory process related to its business plans. This will include assistance in the submission of an Investigational New Drug ("IND") application to the FDA with respect to "PD-616," which is an RPI product. Dkt. 270-1 at 3. RPI also imports TPA produced by WuXi AppTec Co., Ltd., which is based in Taiwan. *Id.* RPI has not yet filed any IND applications with the FDA, nor does it have FDA approval to sell or market any new drug that has been developed by using the claims of the '814 Patent. *Id.* at 4. Ben suggests that he has filed patent applications in 16 foreign countries and in the United States. Dkt. 270-4, Ex. 14. In April 2014, RPI announced that it had received new financing and would use these funds to "commence manufacturing the drug" and to prepare for the filing of an IND with the FDA." Dkt. 270-4, Ex. 8.

**III.**    <u>**Procedural Background**</u>

     A.      The Four Separate Actions

          1.      <u>CV 13-1340 – Richard v. Biosuccess</u>

On February 22, 2013, Richard brought an action against Biosuccess seeking declaratory relief in connection with non-provisional patent applications. Dkt. 1. Biosuccess answered the complaint and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

brought several counterclaims: (i) declaratory relief; (ii) breach of contract for failure to fulfill duties; (iii) breach of contract for misrepresentations in connection with certain international patent applications; (iv) fraud; (v) negligent misrepresentation; (vi) unjust enrichment; and (vii) breach of fiduciary duty. Dkt. 30.

On February 20, 2014, Biosuccess filed a motion for judgment on the pleadings as to Richard's claim for declaratory relief. The Court granted that motion in part and denied it in part. Dkt. 144. On March 24, 2014, Richard filed a motion for summary judgment seeking a declaration that the October 2006 Agreement assigning the '814 Patent was controlling. That motion was denied. Dkt. 144.

####        2.        CV 14-0310 – Biosuccess v. Ben, RPI, Imagic, RLC Holdings

On January 1, 2014, Biosuccess brought an action against Ben, RPI, Imagic, and RLC Holdings. Its complaint presented 13 causes of action: (i) patent infringement; (ii) copyright infringement; (iii) misappropriation of trade secrets; (iv) breach of fiduciary duty; (v) statutory unfair competition; (vi) common law unfair competition; (vii) violation of Cal. Penal Code Section 502; (viii) trespass to chattels; (ix) inducing breach of contract; (x) inducing breach of fiduciary duty; (xi) conversion; (xii) conspiracy; and (xiii) aiding and abetting. Dkt. 203.

On April 2, 2014, the defendants in the action brought a motion to dismiss all of the claims. CV 14-0310, Dkt. 30. On May 16, 2014, the Court denied the motion to dismiss except as to the claim for patent infringement. CV 14-310, Dkt. 38. The dismissal was with leave to amend with "specific allegations as to the claimed infringement to make [Biosuccess's] indirect infringement claims plausible." *Id.* at 5.

####        3.        CV 14-4511 – Richard v. Biosuccess, Han, Wu

On January 3, 2014, Richard brought an action against Biosuccess, Han, and Wu in the Santa Clara County Superior Court. It presented six causes of action: (i) interference with prospective economic advantage; (ii) securities fraud under California Corporations Code 25400(D); (iii) violation of the California Labor Code; (iv) breach of contract; (v) quantum meruit and (vi) declaratory relief. CV 14-4511, Dkt. 1. On January 28, 2014, the defendants in the action removed the case to the Northern District of California based on diversity jurisdiction. CV 14-4511, Dkt. 1.

Biosuccess and Han brought separate counterclaims against Richard. The first amended counterclaim of Biosuccess included the following causes of action: (i) correction of inventorship; (ii) misappropriation of trade secrets; (iii) breach of fiduciary duty; (iv) unfair competition pursuant to California Business and professions Code section 17200; (v) common law unfair competition; (vi) conversion; and (vii) breach of contract based on an alleged failure to maintain confidentiality. Dkt. 232. Five of these are almost

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx)<br>Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al.<br>*(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

identical to the counterclaims brought in the consolidated case CV 14-0310.

Han's first amended counterclaim asserts the following causes of action: (i) correction of inventorship; (ii) negligent mismanagement; (iii) fraud; and (iv) negligent misrepresentation. Dkt. 233.

On May 7, 2014, the defendants brought a motion to transfer the action to this District. CV 14-4511, Dkt. 33. On May 8, 2014, Richard brought a motion to dismiss the counterclaims because they duplicated the claims brought by the same parties in the action pending here. CV 14-4511, Dkt. 35. On June 4, 2014, the District Court in the Northern District granted the defendant's motion to transfer. CV 14-4511, Dkt. 54.

        4.      <u>CV 14-4446 – Ben v. Biosuccess, Han, Wu</u>

On January 3, 2014, Ben brought an action in the Santa Clara Superior Court against Biosuccess, Han, and Wu. There, he asserted the following claims: (i) violations of the California Labor Code; (ii) breach of contract; and (iii) quantum merit. Dkt. 259. Biosuccess brought a cross-complaint for: (i) misappropriation of trade secrets; (ii) breach of fiduciary duty; (iii) unfair competition pursuant to California Business and Professions Code Section 17200; (iv) common law unfair competition; (v) violation of Cal. Pen. Code § 502; (vi) trespass to chattels; and (vii) conversion. CV 14-4446, Dkt. 1. On January 28, 2014, the defendants in the action removed it to the Northern District of California based on diversity jurisdiction. CV 14-4446, Dkt. 1.

On May 7, 2014, the defendants moved to transfer the action to the Central District. CV 14-4446, Dkt. 24. On May 8, 2014, Ben moved to dismiss the counterclaims because that they duplicated the claims previously brought in this District. CV 14-4446, Dkt. 27. On May 30, 2014, the motion to transfer was granted. CV 14-4446, Dkt. 43.

        B.      Consolidation of Cases and the Bifurcation of Trial

On May 21, 2014, the Court consolidated the actions designated as CV 13-1340 and CV 14-0310, with CV 13-1340 designated as the lead case. Dkt. 198 at 3. The Court set a trial date of September 30, 2014. *Id.*

On July 24, 2014, the Court added the actions designated CV 14-4511 and CV 14-4446 to the consolidated proceeding. Dkt. 213. With the consent of the parties, the Court reset the September 30, 2014 trial as a bench trial as to the following issues: (i) which of the two patent assignment agreements is operative (the "Applicable Agreement"); and once that determination is made; (ii) (a) whether Richard can unilaterally cancel, rescind or otherwise terminate the Applicable Agreement without the consent of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

Han, and (b) whether the transfer of patent rights under section 5.1 of the Applicable Agreement in dependent on the tender of all consideration set forth in section 3.1 (together, "Phase One"). *Id.*

After the decision by the Court in Phase One, the parties have agreed that they will engage in good faith settlement discussions. *Id.* The parties were also ordered to file, by October 17, 2014, a joint statement setting forth the schedule for the remaining issues in dispute ("Phase Two"). *Id.* Except for issues decided in Phase One, after the decision in Phase One is issued, "fact and expert discovery shall re-open as to the claims and counterclaims asserted by all Parties against each other in the Second Phase." *Id.* If the parties do not settle the matters following the decision in Phase One, a bench trial of the remaining issues will proceed on February 17, 2015. *Id.*

The Phase One trial was continued to January 20, 2015. Dkt. 376.

      C.     Motions Addressed in this Order

The following motions, all of which were originally set for hearing on September 15, 2014, are addressed in this Order:

     (1) The Motion of RPI, Imagic, RLC Holdings, and Ben "to Dismiss Complaint from Consolidated Case CV13-00310 JAK; or in the Alternative, for Summary Judgment and/or Partial Summary Judgment." Dkt. 205. The motion was opposed (Dkt. 271) and a reply was submitted (Dkt. 303). This motion is addressed in Sections IV and VIII.

     (2) "Plaintiff's Motion to Dismiss Defendants' Counterclaims," which initially brought in case CV14-4446. Dkt. 240. The motion was opposed (Dkt. 273). This motion is addressed in Section VII.

     (3) The Motion to Dismiss Defendants' First Amended Counterclaims, which was originally filed in case CV 14-4511. Dkt. 234. The motion was opposed (Dkt. 272) and a reply was submitted (Dkt. 321). This motion is addressed in Section VI.

     (4) The Motion for Partial Summary Judgment seeking a declaration that Richard could not unilaterally terminate the assignment of the '814 Patent. Dkt. 248. The motion was opposed (Dkt. 278) and a reply was submitted (Dkt. 304). This motion is addressed in Section IX.

     (5) The a Motion for Partial Summary Judgment on Ben and Richard's Labor Claims. Dkt. 249. The motion was opposed (Dkt. 277) and a reply was submitted (Dkt. 306). This motion is addressed in Section X.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

(6) The Motion to Dismiss Richard's Declaratory Relief Claim as to Inventorship or, in the Alternative, Motion for Summary Judgment. Dkt. 250. The motion was opposed (Dkt. 276) and a reply was submitted (Dkt. 305). This motion is addressed in Section VIII.

(7) The Motion for Summary Judgment on Unpaid Monies Due and Owing. Dkt. 251. The motion was opposed (Dkt. 280) and a reply was submitted (Dkt. 301). This motion is addressed in Section X.

(8) The Motion for Summary Judgment on Unpaid Wages. Dkt. 252. The motion was opposed (Dkt. 281) and a reply was submitted (Dkt. 300). This motion is addressed in Section X.

(9) The Motion for Partial Summary Judgment as to the First Cause of Action for Patent Infringement. Dkt. 253. Richard joined in this motion. Dkt. 254. The motion was opposed (Dkt. 254) and a reply was submitted (Dkt. 321). This motion is addressed in Section V.

(10) The Motion to Strike Unauthenticated Letter (Dkt. 279), which the Court deemed as a request (Dkt. 283). The motion was opposed. Dkt. 307. This motion is addressed in Section VIII.

## IV.   Legal Standards

   A.      Motion to Dismiss

Pursuant to Fed. R. Civ. P. 8(a), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." A party may move to dismiss a claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

In considering a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), the court must assume that allegations in the challenged complaint are true and construe the complaint in the light most favorable to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases: LA CV14-00310 JAK (ANx) LA CV14-04511 JAK (ANx) LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). However, the court need not accept as true allegations that contradict matters properly subject to judicial notice or presented in an exhibit or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.* 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001)).

      B.      Motion for Summary Judgment

A motion for summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are material if they affect the outcome of the suit under the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A party seeking summary judgment bears the initial burden of identifying those portions of the record that it contends demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the party meets that burden, the non-moving party must present evidence or otherwise rebut the evidence proffered by the moving party in a manner sufficient to show a triable issue of fact.

Where the moving party will have the burden of proof on an issue at trial, that party must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *See Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). On an issue as to which the nonmoving party will have the burden of proof, the movant can prevail if there is an absence of evidence to support the nonmoving party's claims. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

Evidence presented by the parties at the summary judgment stage must be admissible. *See* Fed. R. Civ. P. 56(c)(2). In reviewing the record, a court does not make credibility determinations or weigh conflicting evidence. *Anderson*, 477 U.S. at 255. Rather, it draws all inferences in the light most favorable to the nonmoving party. *Id.*; *see also T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

"If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact -- including an item of damages or other relief -- that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

## V.     Patent Infringement Claim of Biosuccess in CV 14-0310 and CV 14-4511

A.      The Motion by the Chang Parties for Partial Summary Judgment as to Patent Infringement (Dkt. 253)

RPI, Imagic, RLC Holdings, Ben and Richard (collectively in this section, the "Chang Parties"), brought a motion for partial summary judgment in consolidated case CV 14-0310 (in this section, the "Motion"). The Motion addresses the patent infringement claim brought by Biosuccess. Dkt. 253, 254. Biosuccess contends that RPI's use of TPA constitutes infringement of the '814 Patent.

1.      The Challenged Actions

Under 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Although the Chang Parties have not made, sold, offered to sell or imported into the United States any invention claimed by the '814 Patent, there is evidence sufficient to raise a triable issue of fact as to whether they have used or imported TPA in a manner that constitutes infringement.

Richard claims to have assigned certain rights under the '814 Patent to RPI. Such an assignment would not itself provide a basis for the claimed infringement. However, RPI's website, which states that RPI is "protected by an issued 'use patent' that gives it sole right to the Company to use the intravenous administration of TPA for therapeutic purposes" presents evidence sufficient to create a triable issue of fact as to the claimed infringement. *See* Auyang Decl., Dkt. 270-4 ¶ 10, Ex. 9.

The claimed infringement of the '814 Patent by the Chang Parties turns on whether their use of TPA falls within the safe harbor exemption of 35 U.S.C. § 271(e)(1) (the "Safe Harbor Exemption").[2]  The Safe

---

[2]  35 U.S.C. § 271(e) provides:

> It shall not be an act of infringement to make, use, offer to sell, or sell within the United States or import into the United States a patented invention (other than a new animal drug or veterinary biological product (as those terms are used in the Federal Food, Drug, and Cosmetic Act and the Act of March 4, 1913) which is primarily manufactured using recombinant DNA, recombinant RNA, hybridoma technology, or other processes involving site specific genetic manipulation techniques) solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

Harbor Exemption "extends to all uses of patented inventions that are reasonably related to the development and submission of *any* information under the FDCA [Federal Food, Drug, and Cosmetic Act]." *Merck KGaA v. Integra Lifesciences I, Ltd.*, 545 U.S. 193, 202 (2005) (emphasis in original). "This necessarily includes preclinical studies of patented compounds that are appropriate for submission to the FDA in the regulatory process" *Id.*

The present record shows that there is a genuine issue of material fact with respect to whether the use of TPA by the Chang Parties falls within the Safe Harbor Exemption. The First Amended Complaint (in this section, the "FAC") (Dkt. 203), ¶¶ 38-40, alleges that RPI's agreement with Therinova to develop the "US FDA IND Submission Package for Rich Pharmaceutical's product PD-616" is directly related to submitting information to the FDA. The evidence presented provides support for the claim that this occurred. If so, this conduct appears to be within the Safe Harbor Exemption for patent infringement. However, the FAC also claims that RPI imported TPA into the United States through WuXiu and that this conduct is not protected, *i.e.,* falls outside of the Safe Harbor Exemption. FAC ¶¶ 47-49. The Chang Parties have not presented evidence sufficient to establish that this importation of TPA was for the sole purpose of developing information to submit to the FDA.[3]

Whether a "use" falls within the Safe Harbor Exemption is a fact-based issue. Dkt. 270 at 12. *See Integra Lifesciences, Ltd. v. Merck KGaA*, 496 F.3d 1334, 1347 (Fed. Cir. 2007) ("The variety of experimental activity that may apply to any specific biologic or physiologic investigation reinforces the fact-dependency of the inquiry [under the Safe Harbor Exemption]"). Courts have found that, although a party was undertaking work as part of an effort to obtain FDA approval, some of its activities were not sufficiently or exclusively related to that effort to warrant an application of the Exemption to all of them. For example, in *Scripps Clinic and Research Foundation v. Genetech, Inc.*, 666 F. Supp. 2d 1379 (N.D.

---

[3] Biosuccess also argues that the activities of the Chang Parties do not fall within what Congress intended when it adopted the Safe Harbor Exemption. Dkt. 270 at 15. Thus, they argue that the Exemption was designed to permit generic drug manufacturers to commence the lengthy FDA approval process before the expiration of the patent of the branded drug so that they could timely offer their competing products once the patent expired. *Id*; *see Classen Immunotherapies, Inc. v. Biogen IDEC*, 659 F.3d 1057, 1071 (Fed. Cir. 2011). Because Biosuccess does not presently have a branded product, and RPI does not have a generic counterpart, Biosuccess contends that the Exemption does not apply. *Id.* However, the Supreme Court has concluded that the Safe Harbor Exemption is not limited to FDA approval of generic drugs. *See Merck KGaA v. Integra Lifesciences I, Ltd.*, 545 U.S. 193, 206, 125 S. Ct. 2372, 2383, 162 L. Ed. 2d 160 (2005) ("Congress did not limit § 271(e)(1)'s safe harbor to the development of information for inclusion in a submission to the FDA; nor did it create an exemption applicable only to the research relevant to filing an ANDA for approval of a generic drug. Rather, it exempted from infringement *all* uses of patented compounds "reasonably related" to the process of developing information for submission under *any* federal law regulating the manufacture, use, or distribution of drugs.") (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

Cal. 1987), the defendants' alleged infringing "uses" of a patent were deemed to relate to their seeking FDA approval as well as to an application for a foreign patent and plans for manufacturing on a commercial scale. As a result, the court concluded that all of the conduct did not fall within the Safe Harbor Exemption. *Id.* at 1396, *aff'd in part, rev'd in part*, 927 F.2d 1565 (Fed. Cir. 1991)), *overruled on other grounds Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282 (Fed. Cir. 2009). Similarly, in *Isis Pharm., Inc. v. Santaris Pharma A/S Corp.*, 2014 WL 794811 (S.D. Cal. Feb. 27, 2014), the court concluded that there was a triable issue of fact as to whether it was "objectively reasonable" for an alleged infringer to "believe that there was a decent prospect that the accused [infringing] activities would contribute, relatively directly, to the generation of the kinds of information that are likely to be relevant in the processes by which the FDA would decide whether to approve the product in question." *Id.* at *13. The court found that the defendant was not entitled to a judgment of non-infringement as a matter of law because the determination of what was "reasonable" involved questions of fact. *Id.*

This case is similar. Biosuccess has presented evidence that supports a claim that RPI has imported and used pharmaceutical TPA for reasons that go beyond seeking FDA approval. RPI's 10-K states that "the Company intends to expand its patents through the addition of indications for use and adding protection in appropriate countries." *Id.* ¶ 13, Ex. 12. An email written by Ben states that he has filed patent applications in 16 countries and the United States. *Id.* ¶ 16, Ex. 15. The Chang Parties respond that activities outside of the United States cannot constitute patent infringement and cite *Pellegrini v. Analog Devices, Inc.*, 375 F.3d 1113 (Fed. Cir. 2004). This position is unpersuasive. *Pellegrini* held that components that are manufactured outside the United States and never shipped to or from the United States cannot be "supplie[d] or cause[d] to be supplied in or from the United States" within the meaning of 35 U.S.C. § 271(f)(1). This is so even if those components are designed within the United States and the instructions for their manufacture and use are transmitted from within the United States. *Id.* at 1117-18. Thus, because the defendant did import, supply, make, use, sell, or offer to sell the allegedly infringing product in the United States, there was no patent infringement. *Id.* at 1117-18. Here, in contrast, Biosuccess has presented evidence that the infringing material has been shipped to the United States, and that manufacturing is being completed in the United States. Therefore, even if this activity were in support of foreign patent applications, it would still meet the necessary statutory requirement of conducting activity in the United States. Moreover, *Scripps Clinic* found that "preparation of [defendant]'s application for a European patent" would not fall within the Safe Harbor Exemption and could constitute infringement. 666 F. Supp. at 1396.

Biosuccess has also presented evidence that the Chang Parties have begun the manufacturing of a drug in San Diego. This includes press releases of RPI as well as certain presentations that have been made on behalf of the Chang Parties. *Id.;* Auyang Decl., ¶¶ 8, 16, Ex. 7,15. Although this manufacturing could relate to seeking FDA approval, the present record shows that there is a triable issue of fact as to that issue. For example, one RPI press release appears to distinguish its manufacturing efforts in San

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases: <br> LA CV14-00310 JAK (ANx) <br> LA CV14-04511 JAK (ANx) <br> LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

Diego and its work related to the filing of an IND. *See* Dkt. 270-4, Ex. 8 ("The proceeds from the financing will be used by the Company to commence manufacturing the drug, to engage a Contract Research Organization (CRO) to assist the Company with the preparation and filing of an IND (investigation new drug) submission to the Food and Drug Administration (FDA). . ."). A presentation by RPI includes the statement that among its goals for 2013 was to "manufacture [the] drug in San Diego, USA." *Id.,* Ex.15.

For all of these reasons, factual issues remain as to whether the conduct of the Chang Parties in their use of the '814 Patent falls within the Safe Harbor Exemption.[4]

      2.    The Inducement Claims

"Liability for inducement must be predicated on direct infringement." *Limelight Networks, Inc. v. Akamai Technologies, Inc.*, 134 S. Ct. 2111, 2114 (2014). Because there are factual issues with respect to the claims of direct infringement of the '814 Patent by the Chang Parties, a fortiori, such issues are presented as to the inducement claims.

      3.    The Remedies Sought by Biosuccess

Both damages and injunctive relief are available as remedies against a party that has infringed a patent. 35 U.S.C. §§ 283-84. Factual issues are presented with respect to whether Biosuccess has a basis to seek such relief if it were shown that the Chang Parties infringed the '814 Patent.

      a)    Damages

The Chang Parties argue that, as a matter of law, Biosuccess cannot recover lost profits because it is not currently selling, and has never sold, any product that incorporates the '814 Patent. This argument is based on a misstatement of the applicable law. Thus, the Chang Parties contend that damages for infringement are limited to lost profits from sales of a patented product. The rule is otherwise. And, Biosuccess does not argue that it is entitled to lost profits. Dkt. 270, Dkt. 203. Instead, Biosuccess may seek to recover damages in the form of a lump sum licensing amount if it can establish infringement of the '814 Patent by the Chang Parties. "When actual damages, e.g., lost profits, cannot be proved, the patent owner is entitled to a reasonable royalty." *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1157 (6th Cir. 1978).

---

[4] In light of this conclusion, Biosuccess's request for relief under Fed. R. Civ. P. 56(d) to conduct additional discovery is moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | | Date | December 29, 2014 |
|---|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | | |

There are several recognized methods for calculating a reasonable royalty. One "focuses on the infringer's projections of profit for the infringing product." *Lucent Technologies, Inc. v. Gateway, Inc.,* 580 F.3d 1301, 1324 (Fed. Cir. 2009). Another, a "more common approach, called the hypothetical negotiation or the 'willing licensor-willing license' approach, attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began." *Id.* That Biosuccess has not stated a precise amount of damages that it may seek does not change this analysis for purposes of the Motion.

    b)   Injunctive Relief

   "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

*eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006).

Biosuccess is not required to have manufactured or sold products based on the '814 Patent to demonstrate irreparable harm as a result of the alleged conduct of the Chang Parties. This is only one factor to be considered in determining whether such relief is appropriate. *See Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1303 (Fed. Cir. 2007) (denying permanent injunction in part because there was no threat that plaintiff would lose name recognition or market share because it did not actually manufacture any goods). Further, "'traditional equitable principles do not permit such broad classifications' as presuming that a patentee cannot establish irreparable harm based on a patentee's "willingness to license its patents" or 'its lack of commercial activity in practicing the patents.'" *eBay*, 547 U.S. at 393. *Accord Presidio Components, Inc. v. Am. Technical Ceramics Corp.,* 702 F.3d 1351, 1363 (Fed. Cir. 2012) ("Even without practicing the claimed invention, the patentee can suffer irreparable injury. Direct competition in the same market is certainly one factor suggesting strongly the potential for irreparable harm without enforcement of the right to exclude.") ("The district court correctly found [the Patentee's] unwillingness to license favored finding irreparable injury"); *Broadcom Corp. v. Qualcomm Inc.,* 543 F.3d 683, 703 (Fed. Cir. 2008) ("Broadcom provided evidence of irreparable harm, despite the fact that it does not currently practice the claimed inventions").

For all of the foregoing reasons, notwithstanding the absence of evidence of sales by Biosuccess, a factual issue is presented with respect to whether the Chang Parties and Biosuccess are in direct competition to develop products. In this setting, that Biosuccess is unwilling to license the '814 Patent in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

this setting is sufficient to show that there is a triable issue with respect to the potential for irreparable harm and the potential for obtaining injunctive relief.

B.     The Motion to Dismiss Biosuccess's Patent Infringement Claim in CV 14-0310 (Dkt. 205)

The Chang Parties have moved to dismiss portions of the patent infringement claim brought by Biosucces in the FAC. The arguments presented in support of this motion overlap significantly with those they presented in support of their Motion for Partial Summary Judgment re Patent Infringement Claim. That motion has been denied. Accordingly, the present motion has been largely resolved.

The Chang Parties contend that the allegations by Biosuccess do not meet the *Twombly/Iqbal* pleading standards. Their position is not persuasive. Biosuccess makes specific allegations that RPI and Ben have provided TPA to third parties, including Dr. Roger Stair, for use in clinical studies. It has also alleged that this conduct infringed claim 1 of the '814 Patent. FAC, Dkt. 203 ¶¶ 64-65. The FAC also identifies those whom Biosuccess contends have been induced by the Chang Parties to infringe the '814 Patent. It then makes clear that the claims of inducement claims are being advanced as to both RPI and Ben. *See id.*

For all the foregoing reasons, the Motion to Dismiss is DENIED (Dkt. 205) to the extent it is premised on the patent infringement claim brought by Biosuccess.

**VI.     Richard's Motion to Dismiss the First Amended Counterclaims in Consolidated Case CV 14-4511 (Dkt. 234) -- Correction of Inventorship Claims and Miscellaneous Claims**

Biosuccess and Han (collectively in this section, the "Biosuccess Parties") brought separate counterclaims against Richard in the action designated as CV 14-4511. The first amended complaint of (in this section, the "Biosuccess FAC") asserts the following causes of action: (i) correction of inventorship; (ii) misappropriation of trade secrets; (iii) breach of fiduciary duty; (iv) unfair competition under Cal. Bus. and Prof. Code § 17200; (v) unfair competition under California common law; (vi) conversion; and (vii) breach of contract for failing to preserve the confidentiality of certain information. Biosuccess FAC, Dkt. 232. Five of the seven counterclaims in the Biosuccess FAC overlap with the counterclaims brought in CV 14-0310. In an effort to address these duplicative claims efficiently, they are considered together with counterclaims (ii)-(iv) in consolidated case CV 14-0310. Therefore, the Court GRANTS Richard's Motion to Dismiss (Dkt. 234) claims (ii)-(iv) of the Biosuccess FAC, with leave to amend the present complaint in consolidated case CV 14-0310 to include the relevant allegations against Richard and to add him as a party. This means that the arguments made in Richard's Motion to Dismiss as to these five counterclaims are addressed in Section IX, *infra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

Han's first amended counterclaims (the "Han FAC") (Dkt. 233) include "General Allegations" that are largely identical to those presented in the Biosuccess FAC. The Han FAC asserts the following causes of action: (i) correction of inventorship; (ii) negligent mismanagement; (iii) fraud; and (iv) negligent misrepresentation. Dkt. 233. Both Han and Richard agree that claims (ii)-(iv) of the Han FAC are substantially similar to the counterclaims brought by Biosuccess in CV 13-1340. Dkt. 234 at 8-9; Dkt. 272 at 10-11; *see* Dkt. 26. In an effort to address these duplicative claims efficiently, the Court GRANTS Richard's motion to dismiss (Dkt. 234) with regard to claims (ii)-(iv) of the Han FAC, with leave to amend the complaint in CV 13-1340 to add Han as a party and update the relevant claims.

The Biosuccess FAC and the Han FAC seek to remove Richard as an inventor of the '814 Patent and designate Han as its sole inventor. Dkt. 234 ¶¶ 83-89; Dkt. 233 ¶¶ 83-89. Richard argues that it would be inequitable to allow Biosuccess to seek a correction 14 years after the application was made. Dkt. 234 at 4-5. This position is unpersuasive. Richard cites no supporting authority. Moreover, Richard seeks similar declaratory relief in his sixth cause of action. It seeks a declaration that Han was not a co-inventor of the '814 Patent. *Id.* 35 U.S.C. § 256 does provide any time limit for issuing a certificate correcting a named inventor error. Therefore, Richard's Motion to Dismiss Count I of the Biosuccess FAC and Count I of the Han FAC (Dkt. 234) is DENIED.[5]

## VII.  Ben's Motion to Dismiss Biosuccess's Counterclaims in CV 14-4446 (Dkt. 240)

Han, Wu, and the Biosuccess entities (collectively in this section, "the Biosuccess Parties") brought counterclaims against Ben in CV 14-4446. Dkt. 263. Both parties agree that these counterclaims duplicate those brought in CV 14-0310, in which Ben is a party. Dkt. 240 at 3-6; Dkt. 273 at 1. Therefore, Ben's motion to dismiss the counterclaims of the Biosuccess Parties (Dkt. 240) is GRANTED, without prejudice to their being pursued in CV 14-0310.

---

[5]  The Biosuccess Parties brought a separate motion to dismiss Richard's declaratory relief claim in response to Plaintiff's motion to dismiss Biosuccess's correction of inventorship claim. Dkt. 250. Biosuccess argued that

> If [Biosuccess's and Han's] counterclaims to remove Chang as an inventor of the '814 Patent are dismissed for the reasons set forth in Chang's motion to dismiss Biosuccess/Han's counterclaims re inventorship, then Chang's claims to remove Han as an inventor on the '814 Patent should be likewise be dismissed under Rule 12(b)(6) or in the alternative Rule 56. If, however, the Court refuses to dismiss Biosuccess and Han's counterclaims to remove Chang as an inventor on the '814 Patent . . . then Biosuccess and Han are ready and willing to litigate the inventorship issue in Phase 2 of this case."

Because Richard's motion to dismiss has been denied, the motion to dismiss Richards declaratory relief claim (Dkt. 250) is moot. Richard also brought a motion to strike appendix A of Biosuccess's motion to dismiss Richard's declaratory relief claim (Dkt. 250). Dkt. 279. That motion is also moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

**VIII.    The Motion to Dismiss, or in the Alternative for Summary Judgment, as to the Biosuccess Complaint in Consolidated Case CV 14-0310 (Dkt. 205)**

RPI, Imagic, RLC Holdings, and Ben (collectively in this section the "Chang Parties") brought this motion (in this section, the "Motion") with respect to the First Amended Complaint of Biosuccess (in this section the "FAC") (Dkt. 203) in consolidated case CV 14-0310.[6] Dkt. 205. The Chang Parties contend that claims 4-6 and 9-13 (the "Common Law Claims") are preempted by the California Uniform Trade Secrets Act ("CUTSA"). *Id.* at 9.

The basis for the Common Law Claims is the confidential and proprietary information that the Chang Parties allegedly misappropriated and used to compete with Biosuccess. The allegations in the FAC related to this alleged use include that the Chang Parties took documents from Biosuccess and gave them to a competitor, deleted information from Biosuccess computers without authorization, attempted to induce Han to leave Biosuccess and sought to establish a competing business by exploiting the intellectual property that had been taken. Dkt. 203.

"CUTSA provides the exclusive civil remedy for conduct falling within its terms, so as to supersede other civil remedies 'based upon misappropriation of a trade secret.'" *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010) (citing (§ 3426.7(a)-(b)). "CUTSA includes a specific provision concerning preemption" set forth in Cal. Civ. Code § 346.7. *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.,* 171 Cal. App. 4th 939, 954 (2009). Section 3426.7 provides:

> (a) Except as otherwise expressly provided, this title does not supersede any statute relating to misappropriation of a trade secret, or any statute otherwise regulating trade secrets. (b) This title does not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret.

"Section 3426.7 thus expressly allows contractual and criminal remedies, whether or not based on trade secret misappropriation. At the same time, § 3426.7 implicitly preempts alternative civil remedies based on trade secret misappropriation." *K.C. Multimedia Inc.*, 171 Cal. App at 954. Common law claims are preempted by CUTSA if they are "based on the same nucleus of facts as the misappropriation of trade secrets' claim for relief." *Digital Envoy, Inc. v. Google, Inc.,* 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005). "If there is no 'material distinction' between the wrongdoing alleged in a [C]UTSA claim and that alleged

---

[6] To the extent the Motion raises issues with respect to the patent infringement claim brought by Biosuccess, they were addressed in Section V, *supra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

in a different claim, the [C]UTSA preempts the other claim." *Convolve, Inc. v. Compaq Computer Corp.,* 2006 WL 839022, at *6 (S.D.N.Y. Mar. 31, 2006) (applying California law).

In support of its Common Law Claims, Biosuccess has failed to allege wrongdoing that is distinct from the alleged improper use of trade secrets. Thus, it has alleged that the Chang Parties misappropriated documents from Biosuccess and provided them to a competitor (FAC ¶¶ 41-42), deleted information from Biosuccess computers without authorization (FAC ¶ 22), attempted to induce Han to leave Biosuccess (FAC ¶ 26), and took steps to establish a competing business by exploiting its intellectual property. FAC ¶ 38. Dkt. 203. *See Digital Envoy,* 370 F. Supp. 2d at 1035 (common law claims preempted by CUTSA where they "were based on the identical facts alleged in its claim for misappropriation of trade secrets"). Although the FAC does not refer to "trade secrets" within its allegations in support of the Common Law Claims, Biosuccess does not sufficiently distinguish the references to "trade secrets" and "confidential and proprietary business information" in the FAC. *Id.* It is unclear from the FAC how the "confidential and proprietary business information" is distinct from the alleged "trade secrets" that were taken. Thus, Biosuccess has failed to comply with the ruling on the prior motion to dismiss (*See* CV 14-0310, Dkt. 38) because it has not made allegations showing that its Common Law claims are based on facts that are distinct from those alleged in support of its CUTSA claim.

The Chang Parties rely on *Silvaco Data Systems v. Intel Corp.,* 184 Cal. App. 4th 210 (2010) to argue that Biosuccess's pleadings are inadequate. There, the plaintiff sued Intel Corporation for trade secret misappropriation under CUTSA and brought other common law claims including conversion, conspiracy, and violations of unfair competition laws. *Id.* at 216. The court found that the plaintiff's common law causes of action were preempted by CUTSA because "it was clear on the face of the complaint that all but one of the non-CUTSA claims depended on the misappropriation of a trade secret, and were therefore superseded." *Id.* at 240. The only property interest described in the complaint was Intel's use of software, "which use—according to [the plaintiff]—constituted a misappropriation of trade secrets." *Id.* at 236. The plaintiff's claims were either "based upon misappropriation of a trade secret" or they were "based upon no legally significant events at all." *Id.*

The court then explained:

> No interest in "property" was identified other than one arising under trade secrets law, because the only property described in the complaint is "the stolen property that belongs to [the plaintiff]" that was "contained" in "the CSI Software" used by Intel, and the only property interest that [the plaintiff] could have in that software under the facts alleged in the pleadings is a trade secret. Nor was any "conduct" identified that did not depend for its supposed wrongfulness on the use of trade secrets. Without the claimed theft of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | | Date | December 29, 2014 |
|---|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | | |

trade secret, the complaint would set forth no foundation for any of these claims. Since none of them sounds in contract, they are all superseded by CUTSA, and none of them states a cause of action independent of that act.

*Id.*

Here, the conduct alleged in the FAC in support of the Common Law Claims fails to plead a property interest that is other than a trade secret. The alleged interest pleaded includes tangible documents and a computer that the Chang Parties allegedly misappropriated and provided to a competitor of Biosuccess. However, Biosuccess fails to plead how these tangible documents and computer contained information that is different from the trade secrets alleged elsewhere.

The FAC alleges that there was a wrongful attempt to induce Han to leave Biosuccess for a competing business. This is not the basis for a cognizable claim. The Chang Parties failed to induce Han to leave Biosuccess. In addition, the "gravamen" of the alleged wrongful conduct in support of its Common Law claims is based on the taking of what Biosuccess now refers to as "confidential and proprietary business information." However, once again, Biosuccess has failed to plead how this "confidential and proprietary business information" is distinct from its "trade secrets."

The Chang Parties also rely on *Davidson Power Int'l v. Davidson*, 540 F. Supp. 2d 1322 (N.D. Ga. 1997). *Davidson* applied the Georgia Trade Secrets Acts, which does not have the same savings clause as the one in the CUTSA. The CUTSA clause permits "other civil remedies that are not based upon misappropriation of a trade secret." *See* Cal. Civ. Code § 3426.7(b)(2). Further, the plaintiff in *Davidson* sought recovery under its conversion claim "for precisely the same conduct and resulting injury as [the plaintiff] alleged was caused by the misappropriation of its trade secrets: the taking of supposedly proprietary information." *Id.* at 1346 The court determined that "if a claim seeks to remedy an injury caused not by the misappropriation of proprietary information, but by separate conduct-such as the misappropriation of *physical* property or the improper interference with contractual relationships respecting something other than proprietary information-such a claim cannot be said to be "in conflict" with the GTSA." *Id.* (emphasis in original). As noted, Biosuccess has alleged that the Chang Parties misappropriated documents, *i.e.,* took physical property, and provided them to a competitor. FAC, Dkt. 203 ¶¶ 41-42. However, as noted above, Biosuccess fails to plead how these documents contain any value apart from the trade secrets contained within them.

CUTSA preemption can extend to "confidential information" other than trade secrets. *See SunPower Corp. v. SolarCity Corp.*, 2012 WL 6160472, at *6 (N.D. Cal. Dec. 11, 2012) ("CUTSA supersedes claims based on the misappropriation of information, regardless of whether such information ultimately satisfies the definition of trade secret"). In *Sunpower,* the court concluded that,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

in order to state a claim based on the taking of information, a plaintiff must show that he
has some property right in such information (*i.e.* that the information is proprietary). If the
basis of the alleged property right is in essence that the information is that it is "not ...
generally known to the public," (Cal. Civ. Code § 3426.1(d)(1)), then the claim is
sufficiently close to a trade secret claim that it should be superseded notwithstanding the
fact that the information fails to meet the definition of a trade secret. To permit otherwise
would allow plaintiffs to avoid the preclusive effect of CUTSA (and thereby plead
potentially more favorable common-law claims) by simply failing to allege one of the
elements necessary for information to qualify as a trade secret.

*Id.* at *5 (internal citations omitted).

*SunPower* specifically noted that the plaintiff's common law claims would not be preempted by CUTSA if
the plaintiff could allege facts showing that "the [non-trade secret proprietary] information ... was made
property by some provision of positive law,… on grounds that are qualitatively different from the grounds
upon which trade secrets are considered property," or that "it can otherwise be concluded that [the
plaintiff's] Non–Trade Secret Claims allege wrongdoing that is 'material[ly] distinct[ ] [from] the
wrongdoing alleged in a [C]UTSA claim . . .'" 2012 WL 6160472 at *9.

Here, the claims of the Biosuccess Parties are premised upon a claimed right to information that was not
generally known to the public. Biosuccess has failed to plead how the physical property taken, *i.e.*,
documents and computer, have any value other than through the trade secrets contained within them.
Although Biosuccess alleges that there was an attempt to interfere with contractual relations, this is
peripheral to the alleged misappropriation of confidential and proprietary business information.
Biosuccess fails to demonstrate how this information is distinct from trade secrets or contains a separate
property right such that it is not preempted by CUTSA. Accordingly, the Motion is GRANTED with
respect to the Common Law Claims. Biosuccess is granted leave to amend to the extent it can in good
faith allege facts demonstrating a property right on grounds "qualitatively different from the grounds upon
which trade secrets are considered property." *See SunPower*, 2012 WL 6160472 at *9.

In the alternative, the Chang Parties seek summary judgment as to these same claims. The Chang
Parties rely on Fed. R. Civ. P. 12(d), which provides that,

> [i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented
> to and not excluded by the court, the motion must be treated as one for summary
> judgment under Rule 56. All parties must be given a reasonable opportunity to present all
> the material that is pertinent to the motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

The Chang Parties do not specify those claims as to which they seek summary judgment. The Statement of Uncontroverted Facts and Conclusions of Law cites only to information regarding the patent infringement claim. It does not mention the Common Law Claims. Therefore, it does not "identify each claim for relief on which the moving party seeks summary judgment and the legal grounds for summary judgment" as required by the Court's Standing Orders.

For these reasons, the Chang Parties have not met the requirements of a motion for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.").[7]  For these reasons, the motion for summary judgment is DENIED as to the Common Law Claims.

## IX.    The Motion for Partial Summary Judgment as to Richard's Declaratory Relief Claims (Dkt. 248)

Biosuccess and Han (collectively in this section, the "Biosuccess Parties") brought a motion (in this section, the "Motion") for partial summary judgment. They argue that there is no genuine issue of material fact with respect to whether Richard can unilaterally terminate the operative assignment of the '814 Patent to Biosuccess, i.e., without the consent of Han. Dkt. 248 at 1. Biosuccess and Han contend that he cannot. If the Motion is granted, the assignment to Biosuccess of all rights, title, and interest in the '814 Patent would remain in place. *Id.* This determination would affect claims in three cases: Richard's claim for declaratory relief in the lead case, CV 13-1340; Richard's claim for declaratory relief in consolidated case CV 14-4511; and the claim for patent infringement asserted by Biosuccess in consolidated case CV 14-0310. The effect of the Motion on the Biosuccess claim is a determination of its standing to advance patent infringement claims arising from the '814 Patent.

As noted, there are two versions of the agreement pursuant to which Richard and Han assigned their respective rights to the '814 Patent to Biosuccess. Dkt. 248 at 4. is the October 2006 Agreement and the other is the September 2011 Agreement. Among the issues in these actions is a determination of which of these agreements is operative. *Id.*; *see* Dkt. 144 at 10-14.[8]

---

[7]  To the extent that the Chang Parties are seeking summary judgment as to the patent infringement claim, their request is superseded by their later-filed motion for summary judgment on the same claim. Dkt. 253.

[8]  A full discussion of the dispute over these two agreements is set out in the Court's prior order ruling on Richard 's previous motion for summary judgment (in this section, the "Prior Order") and is incorporated by this reference. Dkt. 144 at 9-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

The October 2006 Agreement provides for a payment of $1 Million to Richard and Han when the Agreement is signed, with an additional $1 Million payment to them by February 28, 2007. As to the second payment, the October 2006 Agreement provides, "50% of which is for the patent right described in Article 1.3," and the other "50% of which is for the patent application right as described in Article 1.4." Dkt. 144 at 10-11.

The September 2011 Agreement provides for a $1 Million payment to Richard and Han "when the clinical trial phase II for leukemia is completed in the US," and an additional $1 Million payment to them "when the FDA approves the [new drug application] for leukemia . . ." *Id.* at 1. In the Prior Order, the Court determined that there was a genuine issue of material fact as to whether the October 2006 Agreement or the September 2011 Agreement controls. *Id.* at 14. That Order stated that "because it cannot be determined as a matter of law that the October 2006 Agreement is the operative one, it cannot be determined on the present motion whether that agreement was breached." *Id.* Thus, there remained a factual issue with respect to Richard's claim that, "because Biosuccess paid [Richard] none of the money which was consideration for his assignment of these IP rights . . . the assignment terminates and all rights revert to [Richard] for failure of consideration and condition precedent to the assignment of rights." *Id.* at 10, 14.

There are also factual issues with respect to the present Motion. There is evidence that Richard and Han agreed to act jointly under both agreements. Both state that Richard and Han will be "jointly referred to as ASSIGNOR" throughout the agreement. Dkt 278-3, Ex. 1 & Ex. 2. Both refer to the "ASSIGNOR" in each section as a single entity. *See, e.g., id.* (§ 2.1 – ASSIGNOR represents and warrants that it is the owner of the Patent Rights and the Know-How . . ."). And, the termination language in both agreements provides:

> 5.3 In the event of a breach of, or default under, this Agreement by ASSIGNEE is not cured within sixty (60) days after the receipt of written notice thereof from ASSIGNOR, ASSIGNOR shall be entitled (without prejudice to any of its other rights) to terminate this Agreement by giving notice to take effect immediately.

*Id.*

In general, where two parties co-own a patent, each has the authority to license or use the patented technology without the consent of the other. 35 U.S.C.§ 262 ("In the absence of any agreement to the contrary, each of the joint owners of a patent may make, use, offer to sell, or sell the patented invention . . . without the consent of and without accounting to the other owners."). However, co-owners may agree to limit their respective, independent rights, including through a contract providing that they will only act

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases: LA CV14-00310 JAK (ANx) LA CV14-04511 JAK (ANx) LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

jointly with respect to their assignment. "Construction of patent assignment agreements is a matter of state contract law." *Mars, Inc. v. Coin Acceptors, Inc.,* 527 F.3d 1359, 1370 (Fed. Cir. 2008). Here, the law of New Jersey applies.[9]

Where an agreement is executed by more than one promisor, there is a "presumption at law of a joint obligation." *Heuer v. Rubin,* 1 N.J. 251, 255 (1949). Words of express joinder are not necessary . . .; but, on the other hand, there should be words of severance in order to create a several responsibility." *Alpaugh v. Wood*, 53 N.J.L. 638, 644 (1891). However, this presumption "is rebuttable and every contract must be interpreted in the light of the intent of the parties and the purpose which they sought to accomplish at the time the contract was made." *Heuer,* 1 N.J. at 255. Similarly, in determining whether a contract includes any implied terms, the intent of the contracting parties is central to the inquiry. *Onderdonk v. Presbyterian Homes of New Jersey*, 85 N.J. 171, 183-84 (1981). "Intent may be determined by examination of the contract and in particular the setting in which it was executed." *Id.* As that court explained:

> [E]vidence of the circumstances is always admissible in aid of the interpretation of an integrated agreement. This is so even when the contract on its face is free from ambiguity. The polestar of construction is the intention of the parties to the contract as revealed by the language used, taken as an entirety; and, in the quest for intention, the situation of the parties, the attendant circumstances, and the objects they were thereby striving to attain are necessarily to be regarded.

*Id.* (quoting *Atlantic Northern Airlines, Inc. v. Schwimmer*, 12 N.J. 293, 301 (1953)).

"[A]n agreement . . . must be accorded a rational meaning in keeping with the express general purpose." *J.L. Davis & Associates v. Heidler*, 263 N.J. Super. 264, 271 (App. Div. 1993). "Effect, if possible, will be given to all parts of the instrument and a construction which gives a reasonable meaning to all its provisions will be preferred to one which leaves a portion of the writing useless or inexplicable." *Id.*

The parties disagree as to the intent of Richard and Han at the time that they entered the October 2006 and November 2011 Agreements. The Biosuccess Parties contend that Richard and Han intended "jointly [to] assign[] to Biosuccess all the rights, title, and interests in the '814 Patent," and therefore unilateral termination was not contemplated. Dkt. 248 at 10; *see Denker v. Twentieth Century-Fox Film Corp.*, 10 N.Y.2d 339, 345, 179 N.E.2d 336 (1961) ("where several persons are arrayed on the same

---

[9]  Both assignment agreements are governed by the laws of New Jersey. *See* Dkt 278-3, Agmts § 13.1 ("This Agreement shall be construed and the rights of the parties governed in accordance with the laws of the state of New Jersey").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases: LA CV14-00310 JAK (ANx) LA CV14-04511 JAK (ANx) LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

side of a transaction -- as joint contractors, joint purchasers, or joint vendors . . . one of them alone cannot repudiate or terminate the contract, or obtain its rescission, without the consent or against the objections of the others."). To support this interpretation, the Biosuccess Parties cite sections in both agreements that vest rights in an Assignor, which is described in singular terms. Thus, the power to terminate each agreement is vested in an "Assignor" (§ 5.3), the assignment of rights is made by an "Assignor" (p.1), any notice or communication provided under the agreements is to be sent to "Richard L. Chang & Zheng Tao Han" for "Assignor" (§ 9.1); and (iv) unallocated amounts paid by Biosuccess under the agreements are to be paid to the "Assignor" rather than to Richard and/or Han (§ 3.1).

Richard contends that the intent of the parties in using the single assignor language in the agreements was only to make them easier to draft and understand, and that each party intended to maintain his individual rights, including the right to terminate the agreements. Dkt. 278 at 13. Richard also contends that there is a bad faith exception to the rule that co-owners cannot rescind a contract without joining all co-owners. *See Denker v. Twentieth Century-Fox Film Corp.*, 10 N.Y.2d 339, 346 (1961) ("The presence of fraud or bad faith may well enlarge the right of one of several co-parties to a contract to act alone and procure a rescission."). He also argues that, prior signing the October 2006 Agreement, he and Han entered a separate oral agreement through which Han gave Richard sole control over the exploitation and enforcement of the '814 Patent. Dkt. 278 at 3. The New Jersey Supreme Court follows an "expansive view" of the parol evidence rule, that "[a]ntecedent and surrounding factors that throw light upon . . . [the meaning of the contract] may be proved by any kind of relevant evidence." *Conway v. 287 Corporate Ctr. Associates*, 187 N.J. 259, 269 (2006). The court also stated that

> we permit a broad use of extrinsic evidence to achieve the ultimate goal of discovering the intent of the parties. Extrinsic evidence may be used to uncover the true meaning of contractual terms. It is only after the meaning of the contract is discerned that the parol evidence rule comes into play to prohibit the introduction of extrinsic evidence to vary the terms of the contract.

*Id.*

The Biosuccess parties argue that Richard's claim as to an oral agreement must be disregarded because it conflicts with his prior deposition testimony. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("A party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"). Richard testified that he and Han had "no official agreement. No official. Before I promise him half and half, 50/50, but when I (inaudible) of American, you know, for the patent, I pay all hundred percent of patent. . . Everything I paid." Dkt. 304 at 5; Liang Decl., Ex. 3. When asked to describe the unofficial agreement, Richard responded, "he deserve [sic] nothing, because I pay [sic] all the things." *Id.* He later added, "so I told you for this 50/50 spread it's not fair. I have to negotiate with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | | Date | December 29, 2014 |
|----------|------------------------|---|------|-------------------|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | | |

him. He probably get two percent. I get 98 percent. I do all other things." *Id.* Later in his testimony, Richard stated:

> So I told Zhen Tao, "You can keep that hundred -- hundred $30,000 American dollars. You do what you want, but you give the report to me." That time is before I signed the contract with Biosuccess. So you tell me that I use this opportunity to tell you, the 50/50 verbal agreement is no affect now, because I did all the paid for everything. Before I sold my house, he bought a new house. He has two house. I don't have any house. You think this kind of thing is fair. We developed something we should equal money.

*Id.*

Richard also testified that he did not discuss the October 2006 Agreement with Han: "I'm his teacher, but I don't have to tell this thing – tell him to sign. Sometime I repeat, like, tell him to sign. Not -- not for this contract. If he can't – if he can't handle with this contract, he better quit." *Id.*

This testimony does not necessarily conflict with Richard's present claim about an oral agreement. Some of it is ambiguous; some is confusing. The testimony could be interpreted to mean that, before Richard and Han entered the October 2006 Agreement with Biosuccess, they ended their oral agreement to share profits equally. Thus, the statements "I have to negotiate with him. He probably get two percent. I get 98 percent. I do all other things" may refer to a prior "unofficial" agreement between Han and Richard. The testimony that Richard would "do all other things" related to the interests in the '814 Patent, could refer to an oral agreement pursuant to which Han would be a co-owner without operational responsibilities.

The interpretation of the October 2006 and November 2011 Agreements raises certain factual issues. They include the intent of the parties based on their communications. Another material issue of fact exists with respect to whether there was an effective assignment of patent rights to Biosuccess. This issue arises with respect to the consideration, if any, that was provided.

The Prior Order concluded that there was a material issue of fact presented with respect to which of the two agreements is in place. A bench trial on that issue is scheduled. The Prior Order also concluded that, due to this fact issue, summary judgment was not appropriate with respect to whether there was a breach of the operative assignment agreement. If the October 2006 Agreement controls, then there would have been a failure by Biosuccess to comply with the terms of the agreement because it required an initial payment of $1 Million that Biosuccess, and only $250,000 was paid. *See* Dkt 278-3, Ex. 1 § 3.1.a.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

The Chang Parties contend that there is a material issue of fact with respect to whether payment under either agreement was a condition precedent to the full assignment of the patent rights. Section 5.1 of both agreements could be read to suggest that the assignment itself was conditioned upon a payment by Biosuccess. Dkt 278-3, Ex. 1 & Ex. 2, § 5.1 ("[t]he Agreement shall be considered to be completed in terms of assignment of patent right and right of patent application to the ASSIGNEE as soon as the fulfillment of Article 3.1.a and 3.1.b by the ASSIGNEE, unless terminated sooner pursuant to the provisions of this Agreement."). However, a condition precedent "must be expressed in clear language or it will be construed as a promise." *Liberty Mut. Ins. Co. v. President Container, Inc.*, 297 N.J. Super. 24, 34 (App. Div. 1997); *Marsa v. Metrobank for Sav., F.S.B.,* 825 F. Supp. 658, 664 (D.N.J. 1993), aff'd sub nom. *Marsa v. Metrobank Fin. Grp., Inc.,* 26 F.3d 122 (3d Cir. 1994).

The language of § 5.1 is not sufficiently clear to establish by itself that there was a condition precedent. Nor has it been shown that there is no factual issue as to whether the parties intended to impose a condition precedent. *See Old Colony Trust Co. v. City of Omaha*, 230 U.S. 100, 118 (1913) ("Generally speaking, the practical interpretation of a contract by the parties to it for any considerable period of time before it comes to be the subject of controversy is deemed of great, if not controlling, influence."). For example, the assignment of the '814 Patent to Biosuccess was recorded, and Biosuccess spent several million dollars to research and develop these patent rights; Richard knew of and participated in these undertakings. Dkt. 304 at 3. This type of conduct could demonstrate that, under the terms of either of the agreements, payment was not a condition precedent. This possibility arises from that fact that full payment was not made under either contract yet Biosuccess operated as if the assignment had already been made.

For the foregoing reasons, material issues of fact remain as to whether Richard can unilaterally terminate the operative '814 Patent assignment to Biosuccess, i.e., without the consent of Han. Accordingly, the Motion is DENIED.

### X. The Cross-Motions for Summary Judgment on Labor Code Claims in CV 14-4511 and CV 14-4446

Han, Wu, and Biosuccess (collectively in this section, "The Biosuccess Parties") brought a motion for summary judgment in CV 14-4511 and CV 14-4446 with respect to the claims brought by Ben and Richard pursuant to Sections 558 and 1174 of the California Labor Code. Dkt. 249. The Biosuccess Parties make two arguments: (i) Ben and Richard lack standing to bring these claims; and (ii) the claims are barred by the applicable one-year statute of limitations. The Biosuccess Parties also seek partial summary judgment on the wage-related labor code claims brought by Ben and Richard, arguing that they are barred, in part, by the controlling three-year statute of limitations. Ben (Dkt. 252) and Richard (Dkt. 251) each brought a motion for summary judgment for the wages "due and owing" to each of them

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx)<br>Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | Date | December 29, 2014 |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al.<br>*(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

under Sections 201 and 203 of the Labor Code. Ben and Richard each contends that he was promised payments under an employment contract, and that those amounts have not been paid in full.

      A.      The Claims Under Cal. Lab. Code. Sections 558 and 1174

Summary judgment is proper as to the claims brought by Ben and Richard pursuant to Sections 558 and 1174 of the Labor Code. They lack standing to bring them. Section 558(a) provides:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter [*i.e.,* §§ 500-558] or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty. . ..

Cal. Lab. Code § 558(a).

Section 558(b) authorizes the Labor Commissioner to issue a citation to an employer for violating any provision in Section 558 or for violating any Industrial Welfare Commission wage order regulating hours and days of work.

Section 1174 provides that

> Every person employing labor in this state shall:
> …
> (c) Keep a record showing the names and addresses of all employees employed and the ages of all minors.
>
> (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

The Private Attorney General Act ("PAGA") permits "an aggrieved employee to initiate a private civil action on behalf of himself or herself and other current or former employees to recover civil penalties if the Labor and Workforce Development Agency ("LWDA") does not do so." *Caliber Bodyworks, Inc. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd. et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

*Superior Ct.,* 134 Cal. App. 4th 365, 370 (2005); *see* Cal. Lab. Code § 2699(a). As a prerequisite to bringing a PAGA claim in a judicial proceeding for a violation of a provision of Section 2699.5, an employee must first exhaust certain administrative requirements. These are set forth in Section 2699.3 of the Labor Code. *Kemp v. Int'l Bus. Machines Corp.,* 2010 WL 4698490 (N.D. Cal. Nov. 8, 2010); *see Caliber,* 134 Cal. App. 4th at 370.

Section 2699.3 provides that employees must take the first step of giving "written notice by certified mail to the [LWDA] and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation." Before bringing a court proceeding, the employee must then wait until the earlier of notice from the LWDA that it will not investigate the grievance, or 33 calendar days. Claims brought under Section 1174(c) and (d) are among those to which these rules apply. Claims under Section 558 also now require the exhaustion of administrative remedies. *Caliber,* 134 Cal. App. at 375; *Kamar v. RadioShack Corp.,* 2008 WL 2229166, at *14 (C.D. Cal. May 15, 2008) ("Because section 558 authorizes recovery of civil penalties and provides for LWDA enforcement, the private right of action authorized in section 2699(a) reaches section 558."); *see Reynolds v. Bement,* 36 Cal. 4th 1075, 1089 (Cal. 2005) (*dicta*) (§ 2699(a) provides private right of action to recover section 558 civil penalties).

It is undisputed that the Changs failed to exhaust the required administrative remedies prior to commencing this action. *Id.* ¶ 14. Thus, there is no evidence that they gave the required notice or that the LWDA declined to pursue them or did not respond to them. Plaintiffs' contend that they were not required to exhaust the administrative processes, citing Section 218 of the Labor Code and *Dunlap v. Superior Court,* 142 Cal. App. 4th 330 (2006). This position is unpersuasive. Section 218 is part of Division 2, Part 1, Article 1 of the Labor Code. It provides that "[n]othing in this article shall limit the right of any wage claimant to sue directly or through an assignee for any wages or penalty due him under this article." However, Article 1 includes only Sections 200-244 of the Code. Therefore, it does not apply to Sections 558 and 1174. Similarly, *Dunlap* held that there is no requirement to exhaust administrative remedies with respect to claims that employees could pursue directly prior to the enactment of PAGA. 142 Cal. App. 4th at 340-43. Claims under Sections 558 and 1174 are not within this category. *See Caliber,* 134 Cal. App. 4th and 376; *Kamar,* 2008 WL 2229166, at *14; *Reynolds,* 36 Cal. 4th at 1089.

For these reasons, the Motion is GRANTED with respect to Plaintiffs' claims under Sections 558 and 1174.

  B.  Claims of Ben and Richard Under Sections 201(a) and 203 of the Labor Code

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

Section 201(a) of the Labor Code provides that, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Section § 203(a) provides that

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

      1.   <u>Ben's Claims</u>

Ben argues that his employment agreement (in this section, "Ben's Agreement") provides for the annual payment of $239,400 in salary and benefits. He claims that, during his employment between 2007 and 2012, the Biosuccess Parties failed to pay at least $419,233 of these amounts. Dkt. 252 at 5; Def. Statement of Genuine Issues of Material Fact, Dkt. 281-2 at 1. Ben contends that Wu never provided him with a duplicate or facsimile copy of Ben's Agreement, and that Ben lost the electronic copy of the Agreement due to a computer failure. *Id.*

Ben also contends that Wu assured him that he would be compensated for his work with Biosuccess. Dkt. 277-2 ¶ 10. The Biosuccess Parties contend that in 2006, Ben signed an agreement with Wu that provided for an annual salary of $216,000 (the "2006 Agreement"). Dkt. 270 ¶ 4, Ex. B. The Biosuccess Parties contend that, as of November 2007, Ben's salary was reduced. This change was memorialized in a letter sent by Wu to Ben in November 2007. Dkt. 281 at 12; Dkt. 281-2 at 2. The letter stated that Biosuccess would "no longer be able to pay [Ben] as much as mutually agreed in 2006 . . . " and that "the company will try all efforts to pay [him] at least 1/3 of the compensation previously agreed upon until further notice . . ." Dkt. 281-1 Ex. F ¶ 5, Ex. A. The Biosuccess Parties argue that this decrease in salary was the result of the suspension of the operations of Biosuccess from mid-2007 until mid-2011. Dkt. 281 at 10-12; Dkt. 281-1, Ex. G; Dkt. 270, Ex. A.

Ben disputes that the terms of his employment were modified by the letter. Statement of Genuine Disputes, Dkt. 277-4 ¶ 7. He contends that, although he received sporadic payments of portions of his salary, he never received the promised payments. Dkt. 281-2 at 4. Ben contends that he was paid $148,717 in 2007, $183,871 in 2008, $167,094 in 2009, $154,159 in 2010, $182,609 in 2011 and $148,317 in 2012. Dkt. 281-1, Ex. M. The Biosuccess parties contend that Ben was paid in accordance with the terms of Ben's Agreement as modified by the November 2007 letter. *Id.* The Biosuccess Parties contend that Ben was actually overpaid in 2011 and 2012. Dkt. 281 at 14; *see* Dkt. 281-1, Ex. M; Ex. F at ¶¶ 9, 10, Ex. D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

The foregoing shows that there are genuine issues of material facts with respect to whether Ben received the amounts due to him under Ben's Agreement. These include the effect, if any, of the November 2007 letter, as well as the amounts paid to Ben. Therefore, Ben's Motion for Summary Judgment on Unpaid Wages (Dkt. 252) is DENIED.

>    2.    Richard's Claims

The result is the same with respect to Richard's motion for summary judgment as to his claims for unpaid wages. Richard contends that the October 2006 Agreement provided that Biosuccess would pay him an annual salary of $125,000.[10] Dkt. 251 at 5; Dkt. 251-4, ¶ 13, Ex. 4. As noted, the Biosuccess Parties contend that Biosuccess was inactive from between mid-2007 until mid-201. Dkt. 280 at 3; Liang Decl., Dkt. 281-1, Ex. G; Dkt. 270, Ex. A. They contend that all principals of Biosuccess, including Richard, agreed to forgo compensation starting in 2007. Dkt. 280 at 3; Dkt. 281-1 ¶ 5-6, Ex. D ¶ 14. The Biosuccess Parties contend that in 2011 Biosuccess renewed operations, and negotiated a new agreement in September 2011 to replace the October 2006 Agreement (the "September 2011 Agreement"). Dkt. 280 at 4; Dkt. 281-1 ¶ 12, Ex. K. The September 2011 Agreement provides that Richard will receive an annual salary of $125,000 "or market compatible compensation to be paid." *Id.*[11]

The Court previously determined that a genuine issue of material fact is presented with respect to whether the October 2006 Agreement or the September 2011 Agreement controls. CV 13-1340. *See* Dkt. 144 at 9-15. Consequently, whether payments are owed to Richard and their amount is a matter as to which their remains a factual dispute. As a result, Richard's Motion for Summary Judgment on Unpaid Monies (Dkt. 251) is DENIED.

>    3.    Whether the Claims for Wages are Barred by the Applicable Statute of Limitations

>        a.    The Legal Standards

A cause of action for unpaid wages *accrues* when the wages first become legally due, i.e., on the regular payday for the pay period in which the employee performed the work;

---

[10]  The October 2006 Agreement provides for the payment of $250,000 in consulting fees, which are to be allocated between Richard and Han.
[11]  The September 2011 Agreement also provides for the payment of $250,000 in consulting fees, which are to be allocated between Richard and Han.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

when the work is continuing and the employee is therefore paid periodically (e.g., weekly or monthly) a separate and distinct cause of action accrues on each payday, triggering on each occasion the running of a new period of limitations. And for statute of limitations purposes an action for unpaid wages is deemed to have *commenced*, like all civil actions, on the date on which the employee files the complaint. It follows that such an action is timely as to all paydays falling within the relevant limitations period. For the same reason, in calculating the amount of unpaid wages due in such an action the court will count back from the filing of the complaint to the beginning of the limitations period-e.g., for three years on a statutory liability-and will award all unpaid wages earned during that period.

*Cuadra v. Millan*, 17 Cal. 4th 855, 859 (1998) *disapproved of on other grounds, Samuels v. Mix*, 22 Cal. 4th 1 (1999) (emphasis in original). "Actions for final wages not paid as required by [Cal. Lab. Code] sections 201 and 202 are governed by [California Code of Civil Procedure ("CCP")] section 338, subdivision (a), which provides that a three-year statute of limitations applies to "[a]n action upon a liability created by statute, other than a penalty or forfeiture." *Pineda v. Bank of Am., N.A.,* 50 Cal. 4th 1389, 1395 (2010). "[Cal. Lab. Code] section 203(b) contains a single, three-year limitations period governing all actions for section 203 penalties irrespective of whether an employee's claim for penalties is accompanied by a claim for unpaid final wages. *Pineda v. Bank of Am., N.A.,* 50 Cal. 4th 1389, 1398, 241 P.3d 870, 876 (2010).

       b.   Application

Certain of Plaintiffs' claims under Sections 201, 203, 218.5, and 226 were first made after the three-year limitations period. Plaintiffs contend that the amounts due to them between 2007 and 2011 should be treated as past due amounts rather than as unpaid salary. However, Plaintiffs have cited neither statutory nor case law support for this novel position. Nor do they present evidence to support the theory that the promised salary was to compensate Plaintiffs for something other than the work that they performed for Biosuccess.

Also unpersuasive is Plaintiffs' claim that the operative limitations period should be tolled:

    The equitable tolling of statutes of limitations is a judicially created, non-statutory doctrine. It is designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied. Where applicable, the doctrine will "suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
|  | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) |  |  |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. |  |  |
|  | (Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al) |  |  |

*McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 (2008) (internal citations omitted). "[T]he doctrine applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." *Id.* at 100 (internal quotations omitted). Thus, "it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." *Id.* Equitable tolling is applied generally "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (applying equitable tolling principles in the context of habeas corpus petitions).

In support of their equitable *tolling* argument, Plaintiffs rely on case law with respect to equitable *estoppel*. However,

> [e]quitable tolling and equitable estoppel are distinct doctrines. Tolling, strictly speaking, is concerned with the point at which the limitations period begins to run and with the circumstances in which the running of the limitations period may be suspended. Equitable estoppel, however, comes into play only after the limitations period has run and addresses the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period. Equitable estoppel is wholly independent of the limitations period itself and takes its life ... from the equitable principle that no man may profit from his own wrongdoing in a court of justice.

*Lantzy v. Centex Homes*, 31 Cal. 4th 363, 383, 73 P.3d 517, 532 (2003), *as modified* (Aug. 27, 2003) (internal quotations omitted).

There is no evidence that Plaintiffs were pursuing other legal or administrative remedies diligently during the limitations period and that this justified their failure timely to file certain of their present claims. However, equitable estoppel is derived "from the equitable principle that no man [may] profit from his own wrongdoing in a court of justice." *Id.* Thus, a person

> cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought. . . . [A]n estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. To create an equitable estoppel, it is enough if the party has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

himself from loss. Where the delay in commencing action is induced by the conduct of the defendant it cannot be availed of by him as a defense."

*Id.* (internal quotations omitted).

There are factual disputes with respect to whether the Biosuccess Parties made repeated assurances to Plaintiffs that they would be paid for their work. Dkt. 277 at 5; Dkt. 277-2 ¶10; Dkt. 251-4, ¶ 16; Dkt. 280 at 10; *see* Dkt. 280-1, Ex. D ¶ 14. The Biosuccess Parties respond that the suspension of the operations of Biosuccess and the November 2007 Letter demonstrate that Plaintiffs were not assured that payment would be forthcoming.

Richard's declaration describes assurances he claims to have received from Biosuccess *See* Dkt. 251-4, ¶ 16 ("Mr. Wu personally assured me that I would be compensated for my work at Biosuccess. I had further assurance of payment from Defendants and each of them as signatories to both the First Agreement in August 2006 and the Final Agreement in October 2006. . . ."). No similar evidence about claimed assurances was included in Ben's initial declaration submitted in support of his motion for summary judgment. Dkt. 251-4. However, in his later declaration, which accompanied Plaintiffs' opposition to the present motion for summary judgment on the labor claims, Ben added the following:

> Of [sic] the course of several years, I did not quit my job at Biosuccess and demand immediate full payment because of this ongoing failure in reliance upon Mr. Wu's repeated promises and assurances that all such payments would be forthcoming when Biosuccess received greater funding that what Mr. Wu has been able to procure to that time. I never waived or released or otherwise agreed that such payments did not need to be made, I merely agreed to delay the payment for the good of the company and in reliance on the promises and assurances of Mr. Wu.

Dkt. 277-2 ¶ 10.

To the extent that the failure to include this evidence in the prior motion raises credibility issues, it is appropriate to address them at trial, rather than through the present motion. Thus, there is not a sufficient showing that they should be disregarded or stricken, in part because they parallel the timely-filed statements by Richard. For these reasons, triable issues of fact are presented as to whether the untimely filing of certain claims should be excused under the doctrine of equitable estoppel.

\*                              \*                              \*

For the foregoing reasons, the Motion for Summary Judgment of the Biosuccess Parties on Labor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-01340 JAK (ANx) | | Date | December 29, 2014 |
|---|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | | |

Claims (Dkt. 249) with respect to the claims of Ben and Richard under sections 201, 203, 218.5, and 226 is GRANTED IN PART and DENIED IN PART.

## XI.    Conclusion

(1) Counter-defendants' Motion to Dismiss, or in the Alternative, Summary Judgment (Dkt. 205) is GRANTED IN PART and DENIED IN PART. See Sections IV and VIII.

(2) Plaintiff's Motion to Dismiss the Biosuccess Parties' counterclaims (Dkt. 240) is GRANTED, without prejudice, claims that are substantively the same will be addressed in 14CV-0310. See Section VII.

(3) Plaintiff's Motion to Dismiss (Dkt. 234) is GRANTED IN PART and DENIED IN PART. Plaintiff's motion to dismiss is GRANTED with respect to claims (ii)-(iv) of Han's counterclaims, with leave to amend the complaint in the lead case CV 13-1340 to add Han as a party and thereby update the relevant claims. Plaintiff's motion to dismiss is GRANTED with respect to claims (ii)-(iv)of Biosuccess's counterclaims, with leave to amend the consolidated case CV 14-0310 FAC to include the relevant allegations against Richard and to add Richard as a party to the consolidated case CV 14-0310. Plaintiff's motion to dismiss is DENIED with respect to claim (i) of Biosuccess's counterclaims and claim (i) of Han's counterclaims. See Section VI.

(4) The motion for partial summary judgment of the Biosuccess Parties, which seeks a declaration that Richard could not unilaterally terminate the agreement assigning the '814 Patent under either assignment agreement, is DENIED ( Dkt. 248). See Section IX.

(5) The Motion for Partial Summary Judgment of the Biosuccess Parties with respect to the Labor Claims of Ben and Richard (Dkt. 249) is GRANTED to the extent they are premised upon sections 558 and 1174, and is DENIED to the extent they are premised on sections 201, 203, 218.5, and 226. See Section X.

(6) The Motion to Dismiss Richard's Declaratory Relief Claim in his Complaint re Inventorship or, in the Alternative, Motion for Summary Judgment (Dkt. 250) is MOOT. See Section VIII.

(7) Richard's Motion for Summary Judgment on Unpaid Monies (Dkt. 251) is DENIED. See Section X.

(8) Ben's Motion for Summary Judgment on Unpaid Wages (Dkt. 252) is DENIED. See Section X.

(9) The request of Biosuccess for relief under Fed. R. Civ. P. 56(d) is DENIED, and Counter-defendants' Motion for Partial Summary Judgment re Patent Infringement Claim (Dkt. 253) is DENIED without

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | LA CV13-01340 JAK (ANx) | Date | December 29, 2014 |
|---|---|---|---|
| | Consolidated Cases:<br>LA CV14-00310 JAK (ANx)<br>LA CV14-04511 JAK (ANx)<br>LA CV14-04446 JAK (ANx) | | |
| Title | Richard L. Chang v. Biosuccess Biotech Co., Ltd, et al. | | |
| | *(Biosuccess Biotech Co. Ltd v. Rich Pharmaceuticals Inc. et al; Richard Chang v. Zheng Tao Han et al; Ben Chang v. Biosuccess Biotech, Co. Ltd. et al)* | | |

prejudice. See Section V.

(10) The Request to Strike Unauthenticated Letter (Dkt. 279) is MOOT. See Section VIII.

**IT IS SO ORDERED.**

_____   :   _____

Initials of Preparer    ak

_____